CLOSED, DISCMAG, JURY, PATENT

## U.S. District Court [LIVE]
## Eastern District of TEXAS LIVE (Marshall)
## CIVIL DOCKET FOR CASE #: 2:06-cv-00224-TJW-CE

Rembrandt Technologies, LP v. Time Warner Cable
Inc.,
Assigned to: Judge T. John Ward
Referred to: Magistrate Judge Charles Everingham
Cause: 35:271 Patent Infringement

Date Filed: 06/01/2006
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

## Plaintiff

**Rembrandt Technologies, LP**　　　　represented by **Samuel Franklin Baxter**
McKool Smith - Marshall
P O Box O
Marshall, TX 75671
US
903/927-2111
Fax: 903/927-2622
Email: sbaxter@mckoolsmith.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Wesley Spangler**
Brown McCarroll - Longview
1127 Judson Rd - Ste 220
PO Box 3999
Longview, TX 75606-3999
903-236-9800
Fax: 19032368787
Email: aspangler@mailbmc.com
*ATTORNEY TO BE NOTICED*

**Bradley Wayne Caldwell**
McKool Smith
300 Crescent Court
Suite 1500
Dallas, TX 75201
214/978-4000
Fax: 2149784044
Email:
bcaldwell@mckoolsmith.com
*ATTORNEY TO BE NOTICED*

**Charles Ainsworth**
Parker Bunt & Ainsworth
100 E Ferguson
Suite 1114
Tyler, TX 75702
US
903/531-3535
Fax: 903/533-9687
Email: charley@pbatyler.com
*ATTORNEY TO BE NOTICED*

**Collin Michael Maloney**
Ireland Carroll & Kelley
6101 S Broadway
Suite 500
Tyler, TX 75703
903/561-1600
Fax: 9035811071
Email: fedserv@icklaw.com
*ATTORNEY TO BE NOTICED*

**Elizabeth L DeRieux**
Brown McCarroll
1127 Judson Rd - Ste 220
PO Box 3999
Longview, TX 75606-3999
903/236-9800
Fax: 9032368787
Email: ederieux@mailbmc.com
*ATTORNEY TO BE NOTICED*

**Franklin Jones, Jr**
Jones & Jones - Marshall
201 W Houston St
PO Drawer 1249
Marshall, TX 75670
903/938-4395
Fax: 9039383360
Email: maizieh@millerfirm.com
*ATTORNEY TO BE NOTICED*

**James Patrick Kelley**
Ireland Carroll & Kelley
6101 S Broadway

Suite 500
Tyler, TX 75703
903/561-1600
Fax: 9035811071
Email: patkelley@icklaw.com
*ATTORNEY TO BE NOTICED*

**Jeffrey A Carter**
McKool Smith - Dallas
300 Crescent Court
Suite 1200
Dallas, TX 75201
214/978-4006
Fax: 12149784044
Email: jcarter@mckoolsmith.com
*ATTORNEY TO BE NOTICED*

**John Franklin Garvish, II**
McKool Smith - Austin
300 W 6th St
Ste 1700
Austin, TX 78701
512/692-8731
Fax: 512/692-8744
Email: jgarvish@mckoolsmith.com
*ATTORNEY TO BE NOTICED*

**Otis W Carroll, Jr**
Ireland Carroll & Kelley
6101 S Broadway
Suite 500
Tyler, TX 75703
903/561-1600
Fax: 9035811071
Email: Fedserv@icklaw.com
*ATTORNEY TO BE NOTICED*

**Robert Christopher Bunt**
Parker, Bunt & Ainsworth, P.C.
100 East Ferguson, Ste. 1114
Tyler, TX 75702
903/531-3535
Fax: 903/533-9687
Email: rcbunt@pbatyler.com
*ATTORNEY TO BE NOTICED*

**Robert M Parker**
Parker, Bunt & Ainsworth, P.C.
100 E Ferguson
Suite 1114
Tyler, TX 75702
903/531-3535
Fax: 9035339687
Email: rmparker@pbatyler.com
*ATTORNEY TO BE NOTICED*

**Sidney Calvin Capshaw, III**
Brown McCarroll - Longview
1127 Judson Rd - Ste 220
PO Box 3999
Longview, TX 75606-3999
903/236-9800
Fax: 19032368787
Email: ccapshaw@mailbmc.com
*ATTORNEY TO BE NOTICED*

**Thomas Guy Fasone, III**
McKool Smith
300 Crescent Court
Suite 1500
Dallas, TX 75201
214/978-4000
Email: tfasone@mckoolsmith.com
*ATTORNEY TO BE NOTICED*

**Travis Gordon White**
McKool Smith
300 W 6th St
Ste 1700
Austin, TX 78701
512/692-8701
Email: gwhite@mckoolsmith.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Time Warner Cable Inc.,**          represented by **Michael Edwin Jones**
Potter Minton PC
110 N College

Suite 500
PO Box 359
Tyler, TX 75710-0359
903/597/8311
Fax: 9035930846
Email:
mikejones@potterminton.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Allen Franklin Gardner**
Potter Minton PC
110 N College
Suite 500
PO Box 359
Tyler, TX 75710-0359
903/597-8311
Email:
allengardner@potterminton.com
*ATTORNEY TO BE NOTICED*

**Daniel Reisner**
Kaye Scholer - New York
425 Park Avenue
New York, NY 10022
212/836-8132
Fax: 212/836-6432
Email: dreisner@kayescholer.com
*ATTORNEY TO BE NOTICED*

**David S Benyacar**
Kaye Scholer - New York
425 Park Avenue
New York, NY 10022
212/836-8000
Fax: 212/836-8689
Email: dbenyacar@kayescholer.com

*ATTORNEY TO BE NOTICED*

**Diane DeVasto**
Potter Minton
110 N. College Street, Suite 500
Tyler, Tx 75702
US

903-597-8311
Fax: 903-593-0846
Email:
dianedevasto@potterminton.com
*ATTORNEY TO BE NOTICED*

**Michael A Rogoff**
Kaye Scholer - New York
425 Park Avenue
New York, NY 10022
212/836-8000
Fax: 212/836-8689
Email: mrogoff@kayescholer.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Time Warner Cable LLC**                 represented by **Daniel Reisner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Time Warner Entertainment**             represented by **Daniel Reisner**
**Company, L.P.**                         (See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Time Warner Entertainment-**            represented by **Daniel Reisner**
**Advance/Newhouse Partnership**          (See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Time Warner New York Cable**            represented by **Daniel Reisner**
**LLC**                                   (See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Coxcom, Inc.,**

**Movant**

**Comcast Cable Communications,**
**LLC**

**Movant**

**Comcast Corporation**

**Movant**

**Comcast of Plano, LP**

**Counter Claimant**

| | | |
|---|---|---|
| **Time Warner Cable Inc.,** | represented by | **Daniel Reisner**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

V.

**Counter Defendant**

**Rembrandt Technologies, LP**

**Counter Claimant**

| | | |
|---|---|---|
| **Time Warner Cable LLC** | represented by | **Allen Franklin Gardner**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Daniel Reisner**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Counter Claimant**

| | | |
|---|---|---|
| **Time Warner Entertainment Company, L.P.** | represented by | **Allen Franklin Gardner**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Daniel Reisner**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Counter Claimant**

| | | |
|---|---|---|
| **Time Warner Entertainment-Advance/Newhouse Partnership** | represented by | **Allen Franklin Gardner**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Daniel Reisner**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Counter Claimant**

| | | |
|---|---|---|
| **Time Warner New York Cable LLC** | represented by | **Allen Franklin Gardner**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Daniel Reisner** |

(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Time Warner Cable Inc.,**                represented by **Daniel Reisner**
                                            (See above for address)
                                            *ATTORNEY TO BE NOTICED*


V.

**Counter Defendant**

**Rembrandt Technologies, LP**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/01/2006 | 1 | COMPLAINT against Time Warner Cable Inc., (Filing fee $ 350.) , filed by Rembrandt Technologies, LP. (Attachments: # 1 Civil Cover Sheet # 2)(ehs, ) (Entered: 06/02/2006) |
| 06/01/2006 |  | DEMAND for Trial by Jury by Rembrandt Technologies, LP. (ehs, ) (Entered: 06/02/2006) |
| 06/01/2006 |  | Filing fee: $ 350.00, receipt number 6-1-5390 (ehs, ) (Entered: 06/02/2006) |
| 06/01/2006 | 2 | Form mailed to Commissioner of Patents and Trademarks. (ehs, ) (Entered: 06/02/2006) |
| 06/28/2006 |  | Summons Issued as to Time Warner Cable Inc. (ehs, ) (Entered: 07/13/2006) |
| 07/06/2006 | 3 | NOTICE of Attorney Appearance by Otis W Carroll, Jr on behalf of Rembrandt Technologies, LP (Carroll, Otis) (Entered: 07/06/2006) |
| 07/07/2006 | 4 | E-GOV SEALED SUMMONS Returned Executed Certified mail by Rembrandt Technologies, LP. Time Warner Cable Inc., served on 7/3/2006, answer due 7/24/2006. (ch, ) (Entered: 07/12/2006) |
| 07/14/2006 | 5 | NOTICE of Attorney Appearance by Sidney Calvin Capshaw, III on behalf of Rembrandt Technologies, LP (Capshaw, Sidney) (Entered: 07/14/2006) |
| 07/14/2006 | 6 | NOTICE of Attorney Appearance by Elizabeth L DeRieux on behalf of Rembrandt Technologies, LP (DeRieux, Elizabeth) (Entered: 07/14/2006) |
| 07/19/2006 | 7 | NOTICE of Designation of Attorney in Charge to Samuel Franklin Baxter on behalf of Rembrandt Technologies, LP (Baxter, Samuel) |

| | | |
|---|---|---|
| . | | (Entered: 07/19/2006) |
| 07/19/2006 | 8 | NOTICE of Attorney Appearance by Bradley Wayne Caldwell on behalf of Rembrandt Technologies, LP (Caldwell, Bradley) (Entered: 07/19/2006) |
| 07/19/2006 | 9 | NOTICE of Attorney Appearance by Jeffrey A Carter on behalf of Rembrandt Technologies, LP (Carter, Jeffrey) (Entered: 07/19/2006) |
| 07/19/2006 | 10 | NOTICE of Attorney Appearance by Travis Gordon White on behalf of Rembrandt Technologies, LP (White, Travis) (Entered: 07/19/2006) |
| 07/19/2006 | 11 | NOTICE of Attorney Appearance by John Franklin Garvish, II on behalf of Rembrandt Technologies, LP (Garvish, John) (Entered: 07/19/2006) |
| 07/21/2006 | 12 | NOTICE of Attorney Appearance by Collin Michael Maloney on behalf of Rembrandt Technologies, LP (Maloney, Collin) (Entered: 07/21/2006) |
| 07/25/2006 | 13 | NOTICE of Attorney Appearance by James Patrick Kelley on behalf of Rembrandt Technologies, LP (Kelley, James) (Entered: 07/25/2006) |
| 07/27/2006 | 14 | MOTION for Extension of Time to File Answer re 1 Complaint *[Unopposed]* by Time Warner Cable Inc.,. (Attachments: # 1 Text of Proposed Order)(Jones, Michael) (Entered: 07/27/2006) |
| 07/28/2006 | 15 | ORDER granting 14 Motion for Extension of Time to Answer or otherwise respond. The deadline for Warner Cable Inc to answer or otherwise respond to pla's complaint is extended and including 8/23/06 . Signed by Judge Leonard Davis on 7/28/06. (djh, ) (Entered: 07/31/2006) |
| 08/21/2006 | 16 | NOTICE of Attorney Appearance by Andrew Wesley Spangler on behalf of Rembrandt Technologies, LP (Spangler, Andrew) (Entered: 08/21/2006) |
| 08/23/2006 | 17 | ANSWER to Complaint *and*, COUNTERCLAIM against Rembrandt Technologies, LP by Time Warner Cable Inc.,.(Jones, Michael) (Entered: 08/23/2006) |
| 08/23/2006 | 18 | CORPORATE DISCLOSURE STATEMENT filed by Time Warner Cable Inc., identifying Adelphia Communications Corporation and Time Warner Inc. as Corporate Parent. (Jones, Michael) (Entered: 08/23/2006) |
| 09/01/2006 | 19 | Notice of Scheduling Conference, Proposed Discovery Order and Proposed Dates for Docket Control Order Scheduling Conference set |

| | | for 9/20/2006 10:30 AM in (Tyler) before Judge Leonard Davis.. Signed by Judge Leonard Davis on 9/1/06. (ch, ) (Entered: 09/01/2006) |
|---|---|---|
| 09/06/2006 | 20 | MOTION to Continue *Rule 26(f) Conference (Agreed)* by Rembrandt Technologies, LP, Time Warner Cable Inc.,. (Attachments: # 1 Text of Proposed Order)(DeVasto, Diane) (Entered: 09/06/2006) |
| 09/07/2006 | 21 | ORDER granting 20 Agreed Motion to Continue Rule 26(f) Conference by plaintiff & defendant. ORDER that the Rule 26(f) Conference is hereby rescheduled to September 14, 2006. Signed by Judge Leonard Davis on 9/7/06. (poa, ) Modified on 9/7/2006 (poa, ). (Entered: 09/07/2006) |
| 09/08/2006 | 22 | CORPORATE DISCLOSURE STATEMENT filed by Rembrandt Technologies, LP (Baxter, Samuel) (Entered: 09/08/2006) |
| 09/11/2006 | 23 | ANSWER to Counterclaim by Rembrandt Technologies, LP.(Baxter, Samuel) (Entered: 09/11/2006) |
| 09/15/2006 | 24 | ***WITHDRAWN PER ORDER # 36**** MOTION to Consolidate Cases *pursuant to FRCP 42 and CV 42*, MOTION to Continue *September 20, 2006 Scheduling Conference* by Time Warner Cable Inc.,. (Attachments: # 1 Text of Proposed Order) (DeVasto, Diane) Modified on 9/26/2006 (ch, ). (Entered: 09/15/2006) |
| 09/15/2006 | 25 | NOTICE by Rembrandt Technologies, LP *JOINT NOTICE OF CONFERENCE REGARDING PROPOSED DISCOVERY ORDER* (Attachments: # 1 Text of Proposed Order)(Baxter, Samuel) (Entered: 09/15/2006) |
| 09/15/2006 | 26 | NOTICE by Rembrandt Technologies, LP *JOINT NOTICE OF CONFERENCE REGARDING PROPOSED DOCKET CONTROL ORDER* (Attachments: # 1 Text of Proposed Order)(Baxter, Samuel) (Entered: 09/15/2006) |
| 09/18/2006 | 27 | ***ORDER VACATED PER ORDER 32***ORDER - The court orders Rembrandt Technologies to respond to Time Warner Cable Inc's Motion to Consolidate with 2:06-cv-223 24 by 5 p.m. Friday, 9/22/06. Time Warner may file a reply no later than noon on Tuesday, 9/26/06. The court will hear this motion at 9 a.m. 9/27/06. The court also Reschedules the scheduling conference for that time. Signed by Judge Leonard Davis on 9/18/06. (ch, ) Modified on 9/22/2006 (ch, ). (Entered: 09/18/2006) |
| 09/18/2006 | | Set Deadlines/Hearings: Scheduling Conference set for 9/27/2006 9:00 AM before Judge Leonard Davis. (ch, ) (Entered: 09/18/2006) |

| 09/20/2006 . | 28 | ORDER - the court transfers this case to the Honorable T. John Ward. Signed by Judge Leonard Davis on 9/20/06. (ch, ) (Entered: 09/20/2006) |
|---|---|---|
| 09/20/2006 | 33 | APPLICATION to Appear Pro Hac Vice by Attorney Michael A Rogoff for Time Warner Cable Inc.. (ch, ) (Entered: 09/25/2006) |
| 09/20/2006 | | Pro Hac Vice Filing fee paid by Rogoff; Fee: $25, receipt number: 2-1-1886 (ch, ) (Entered: 09/25/2006) |
| 09/20/2006 | 34 | APPLICATION to Appear Pro Hac Vice by Attorney David S Benyacar for Time Warner Cable Inc.. (ch, ) (Entered: 09/25/2006) |
| 09/20/2006 | | Pro Hac Vice Filing fee paid by Benyacar; Fee: $25, receipt number: 2-1-1886 (ch, ) (Entered: 09/25/2006) |
| 09/21/2006 | 29 | NOTICE of Attorney Appearance by Robert Christopher Bunt on behalf of Rembrandt Technologies, LP (Bunt, Robert) (Entered: 09/21/2006) |
| 09/21/2006 | 30 | NOTICE of Attorney Appearance by Charles Ainsworth on behalf of Rembrandt Technologies, LP (Ainsworth, Charles) (Entered: 09/21/2006) |
| 09/21/2006 | 31 | Consent MOTION to Vacate 19 Order, Set Deadlines/Hearings *UNOPPOSED MOTION TO VACATE ORDER SETTING SCHEDULING CONFERENCE AND EXPEDITED BRIEFING ON MOTION TO CONSOLIDATE* by Rembrandt Technologies, LP. (Attachments: # 1 Text of Proposed Order)(Baxter, Samuel) (Entered: 09/21/2006) |
| 09/22/2006 | 32 | ORDER - the court vacates Judge Davis 9/18/06 order 27, as a result of the transfer of case to Judge Ward. The hearing set for 9/27/06 on Time Warner Cable Inc Motion to consolidate and the scheduling conference is hereby canceled. The response to Time Warner Cable, Inc. motion to consolidate 24 will be due in accordance with the local rules. Signed by Judge T. John Ward on 9/22/06. (ch, ) (Entered: 09/22/2006) |
| 09/25/2006 | 35 | MOTION to Withdraw 24 MOTION to Consolidate Cases *pursuant to FRCP 42 and CV 42* MOTION to Continue *September 20, 2006 Scheduling Conference (Unopposed)* by Time Warner Cable Inc.,. (Attachments: # 1 Text of Proposed Order)(DeVasto, Diane) (Entered: 09/25/2006) |
| 09/26/2006 | 36 | ORDER granting 35 Time Warner Cable Inc. Unopposed Motion to Withdrawn its motion to Consolidate this action with No. 2:06-cv-223 Pursuant to FRCP 42 and CV 42 and Motion to Continue the September 20, 2006 Scheduling Conference . Signed by Judge T. |

| | | John Ward on 9/26/06. (ch, ) (Entered: 09/26/2006) |
|---|---|---|
| 09/29/2006 | 37 | NOTICE of Attorney Appearance by Franklin Jones, Jr on behalf of Rembrandt Technologies, LP (Jones, Franklin) (Entered: 09/29/2006) |
| 02/23/2007 | 38 | MOTION to Amend/Correct 1 Complaint by Rembrandt Technologies, LP. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Text of Proposed Order)(Baxter, Samuel) (Entered: 02/23/2007) |
| 03/02/2007 | 39 | MOTION to Consolidate Cases by Time Warner Cable Inc.,. (Attachments: # 1 Text of Proposed Order)(DeVasto, Diane) (Entered: 03/02/2007) |
| 03/08/2007 | 40 | NOTICE of Hearing: Scheduling Conference set for 4/3/2007 at 2:30 PM in Ctrm 106 (Marshall) before Judge T. John Ward. (shd, ) (Entered: 03/08/2007) |
| 03/09/2007 | 41 | NOTICE by Coxcom, Inc., *of Filing Motion for Transfer and Consolidation of Rembrandt Technologies, LP Patent Litigation Pursuant to 28 U.S.C. 1407* (Attachments: # 1 MDL Motion for Transfer and Consolidation# 2 Motion Exhibit A# 3 Motion Ex. B# 4 MDL Memorandum# 5 MDL Exhibit List# 6 MDL Notice of Appearance# 7 MDL Corporate Disclosure# 8 MDL Certificate of Service)(Stockwell, Mitchell) (Entered: 03/09/2007) |
| 03/09/2007 | 42 | Additional Attachments to Main Document: 41 Notice (Other), Notice (Other).. (Attachments: # 1 MDL Ex. 1# 2 MDL Ex. 2# 3 MDL Ex. 3# 4 MDL Ex. 4# 5 MDL Ex. 5# 6 MDL Ex. 6# 7 MDL Ex. 7# 8 MDL Ex. 8# 9 MDL Ex. 9# 10 MDl Ex. 10# 11 MDL Ex. 11# 12 MDL Ex. 12# 13 MDL Ex. 13# 14 MDL Ex. 14# 15 MDL Ex. 15# 16 MDL Ex. 16# 17 MDL Ex. 17# 18 MDl Ex. 18# 19 MDL Ex. 19# 20 MDL Ex. 20# 21 MDL EX. 21# 22 MDL Ex. 22# 23 MDL Ex. 23# 24 MDL EX. 24# 25 MDl Ex. 25# 26 MDL Ex. 26# 27 MDL Ex. 27# 28 MDL Ex. 28# 29 MDL Ex. 29# 30 MDL Ex. 30# 31 MDL Ex. 31# 32 MDL Ex. 32# 33 MDL Ex. 33# 34 MDL Ex. 34# 35 MDL Ex. 35# 36 MDL Ex. 36# 37 MDL Ex. 37# 38 MDL Ex. 38# 39 MDL Ex. 38# 40 MDL Ex. 40# 41 MDL Ex. 41# 42 MDL. Ex. 42# 43 MDL Ex. 43)(Stockwell, Mitchell) (Entered: 03/09/2007) |
| 03/12/2007 | 43 | NOTICE OF NON-OPPOSITION by Time Warner Cable Inc., re 38 MOTION to Amend/Correct 1 Complaint (DeVasto, Diane) Modified on 3/12/2007 (sm, ). (Entered: 03/12/2007) |
| 03/14/2007 | 44 | ORDER granting 38 Motion for leave to Amend Original Complaint.. Signed by Judge T. John Ward on 3/14/07. (poa, ) (Entered: 03/14/2007) |

| 03/14/2007 | 45 | NOTICE of scheduling conference, proposed deadlines for docket control order and discovery order. Scheduling Conference set for 4/3/2007 02:30 PM before Judge T. John Ward in Marshall, Tx. (djh, ) (Entered: 03/14/2007) |
| 03/14/2007 | 46 | AMENDED COMPLAINT against Time Warner Cable LLC, Time Warner Entertainment Company, L.P., Time Warner Entertainment-Advance/Newhouse Partnership, Time Warner New York Cable LLC, Time Warner Cable Inc.,, filed by Rembrandt Technologies, LP.(Baxter, Samuel) (Entered: 03/14/2007) |
| 03/19/2007 | 47 | RESPONSE in Opposition re 39 MOTION to Consolidate Cases *filed by Rembrandt Technologies, LP*. (Baxter, Samuel) (Entered: 03/19/2007) |
| 03/19/2007 | | E-GOV SEALED SUMMONS Issued as to Time Warner Cable LLC, Time Warner Entertainment Company, L.P., Time Warner Entertainment-Advance/Newhouse Partnership, Time Warner New York Cable LLC. (ehs, ) (Entered: 03/20/2007) |
| 03/26/2007 | 48 | Consent MOTION for Leave to File Excess Pages by Time Warner Cable Inc.,. (Attachments: # 1 Text of Proposed Order # 2 Exhibit 1) (DeVasto, Diane) (Entered: 03/26/2007) |
| 03/28/2007 | 49 | ORDER granting 48 Unopposed Motion for leave to exceed page limit concerning Dft's Reply Memorandum in Support of Motion to Consolidate Cases for Pretrial Proceedings . Signed by Judge T. John Ward on 3/28/07. (ch, ) (Entered: 03/28/2007) |
| 03/28/2007 | 50 | REPLY to Response to Motion re 39 MOTION to Consolidate Cases *filed by Time Warner Cable Inc.,*. (DeVasto, Diane) (Entered: 03/28/2007) |
| 03/29/2007 | 51 | NOTICE by Time Warner Cable Inc., *of Developments in Related Cases* (Attachments: # 1 Order Staying Civil Actions)(Jones, Michael) (Entered: 03/29/2007) |
| 03/30/2007 | 52 | NOTICE by Rembrandt Technologies, LP *Joint Notice of Conference Regarding Proposed Discovery Order and Docket Control Order* (Attachments: # 1 Text of Proposed Order Discovery Order and Docket Control Order)(Carter, Jeffrey) (Entered: 03/30/2007) |
| 04/02/2007 | 53 | Consent MOTION for Extension of Time to File Answer re 46 Amended Complaint, *or Otherwise Respond* by Time Warner Cable Inc.,. (Attachments: # 1 Text of Proposed Order)(DeVasto, Diane) (Entered: 04/02/2007) |
| 04/02/2007 | 54 | ORDER REFERRING CASE to Magistrate Judge Charles |

| | | |
|---|---|---|
| | | Everingham to conduct pre-trial proceedings pursuant to 28 USC 636. Signed by Judge T. John Ward on 4/2/07. (djh, ) (Entered: 04/03/2007) |
| 04/03/2007 | 55 | ORDER granting 53 Motion for Extension of Time to Answer. Deadline for Time Warner Cable Inc. is 4/9/07 . Signed by Judge T. John Ward on 4/3/07. (ch, ) (Entered: 04/03/2007) |
| 04/03/2007 | | Answer Due Deadline Updated for Time Warner Cable Inc., to 4/9/2007. (ch, ) (Entered: 04/03/2007) |
| 04/03/2007 | 56 | E-GOV SEALED SUMMONS Returned Executed by Rembrandt Technologies, LP. Time Warner Entertainment-Advance/Newhouse Partnership served by Process Server on 3/21/2007, answer due 4/10/2007. (ch, ) (Entered: 04/04/2007) |
| 04/03/2007 | 57 | E-GOV SEALED SUMMONS Returned Executed by Rembrandt Technologies, LP. Time Warner New York Cable LLC served by Process Server on 3/21/2007, answer due 4/10/2007. (ch, ) (Entered: 04/04/2007) |
| 04/03/2007 | 58 | E-GOV SEALED SUMMONS Returned Executed by Rembrandt Technologies, LP. Time Warner Entertainment Company, L.P. served by Process Server on 3/21/2007, answer due 4/10/2007. (ch, ) (Entered: 04/04/2007) |
| 04/03/2007 | 59 | E-GOV SEALED SUMMONS Returned Executed by Rembrandt Technologies, LP. Time Warner Cable Inc., served by Process Server on 3/21/2007, answer due 4/10/2007. (ch, ) (Entered: 04/04/2007) |
| 04/05/2007 | 60 | NOTICE by Rembrandt Technologies, LP *NOTICE OF FILING OPPOSITION TO COXCOM'S MOTION FOR TRANSFER AND CONSOLIDATION OF REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION* (Attachments: # 1 Reasons Why Oral Argument Should be Heard in Opposition to CoxCom's Motion for Transfer and Consolidation# 2 Response to CoxCom's Motion to Transfer and Consolidation# 3 Rembrandt's Brief in Opposition to CoxCom's Motion for Transfer and Consolidation# 4 Exhibit List# 5 Exhibit 1# 6 Exhibit 2# 7 Exhibit 3# 8 Exhibit 4# 9 Exhibit 5# 10 Exhibit 6# 11 Exhibit 7# 12 Exhibit 8# 13 Exhibit 9# 14 Exhibit 10# 15 Exhibit 11# 16 Exhibit 12# 17 Exhibit 13# 18 Proof of Service) (Baxter, Samuel) (Entered: 04/05/2007) |
| 04/06/2007 | 61 | MOTION for Extension of Time to File Answer *Time Warner Cable Defendants' Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's First Amended Complaint* by Time Warner Cable LLC, Time Warner Entertainment Company, L.P., Time Warner Entertainment-Advance/Newhouse Partnership, Time Warner New York Cable LLC, Time Warner Cable Inc.,, Time |

| | | |
|---|---|---|
| • | | Warner Cable Inc.,. (Attachments: # 1 Text of Proposed Order) (Gardner, Allen) (Entered: 04/06/2007) |
| 04/09/2007 | 62 | ***FILED IN ERROR. WRONG DOCUMENT ATTACHED. PLEASE IGNORE***<br><br>Consent MOTION for Extension of Time to File Response/Reply as to 39 MOTION to Consolidate Cases by Rembrandt Technologies, LP. (Attachments: # 1 Text of Proposed Order)(Baxter, Samuel) Modified on 4/9/2007 (ch, ). (Entered: 04/09/2007) |
| 04/09/2007 | 63 | Consent MOTION for Extension of Time to File Response/Reply as to 39 MOTION to Consolidate Cases by Rembrandt Technologies, LP. (Attachments: # 1 Text of Proposed Order)(Baxter, Samuel) (Entered: 04/09/2007) |
| 04/10/2007 | 64 | NOTICE of Attorney Appearance by Allen Franklin Gardner on behalf of Time Warner Cable Inc., (Gardner, Allen) (Entered: 04/10/2007) |
| 04/12/2007 | 65 | RESPONSE to 41 Notice (Other), Notice (Other) *Response to the Motion to Consolidate Cases* by Comcast Cable Communications, LLC, Comcast Corporation, Comcast of Plano, LP. (Doan, Jennifer) Amended Certificate of Service added on 4/13/2007 (mpv, ). Modified on 4/13/2007 (mpv, ). (Entered: 04/12/2007) |
| 04/12/2007 | 66 | SUR-REPLY to Reply to Response to Motion re 39 MOTION to Consolidate Cases *filed by Rembrandt Technologies, LP*. (Baxter, Samuel) (Entered: 04/12/2007) |
| 04/18/2007 | 67 | NOTICE by Coxcom, Inc.,, Time Warner Cable Inc., *Notice of Development* (Attachments: # 1 Notice of Hearing)(Gardner, Allen) (Entered: 04/18/2007) |
| 04/19/2007 | 68 | ORDER - REGARDING THE PROTECTIVE ORDER AND DOCUMENT PRODUCTION. Signed by Judge Charles Everingham on 4/19/07. (ch, ) (Entered: 04/19/2007) |
| 04/19/2007 | 69 | DOCKET CONTROL ORDER Respond to Amended Pleadings 11/30/07. Amended Pleadings due by 11/16/2007. Discovery due by 5/14/2008. Joinder of Parties due by 5/3/2007. Claims Construction Hearing set for 2/13/2008 - 2/14/08 9:00 AM before Judge T. John Ward. Motions in limine due by 7/21/2008. Proposed Pretrial Order due by 7/21/2008. Jury Selection set for 8/4/2008 9:00AM before Judge T. John Ward. Pretrial Conference set for 7/24/2008 9:30 AM before Judge T. John Ward. Privilege Logs to be exchanged by parties 6/4/07. All other deadlines are set forth herein. Signed by Judge Charles Everingham on 4/19/07. (ch, ) (Entered: 04/19/2007) |

| 04/24/2007 | 70 | NOTICE by Rembrandt Technologies, LP *NOTICE REGARDING THE PROTECTIVE ORDER* (Attachments: # 1 Attachment A) (Baxter, Samuel) CORRECTED PROPOSED PROTECTIVE ORDER added on 4/25/2007 (mpv, ). Modified on 4/25/2007 (mpv, ). (Entered: 04/24/2007) |
| :--- | :--- | :--- |
| 04/24/2007 | 71 | NOTICE by Rembrandt Technologies, LP *NOTICE REGARDING ELECTRONIC PRODUCTION* (Baxter, Samuel) (Entered: 04/24/2007) |
| 04/25/2007 | | NOTICE re 70 Notice (Other) CORRECTED PROPOSED PROTECTIVE ORDER NOW ATTACHED BY CLERK (mpv, ) (Entered: 04/25/2007) |
| 04/30/2007 | 72 | Minute Entry for proceedings held before Judge Charles Everingham : Scheduling Conference held on 4/30/2007. (Court Reporter Debbie Latham.)(delat, ) (Entered: 04/30/2007) |
| 05/03/2007 | 74 | NOTICE by Rembrandt Technologies, LP *PLAINTIFF REMBRANDT TECHNOLOGIES, LP'S NOTICE OF COMPLIANCE WITH PATENT RULES 3-1 AND 3-2* (Baxter, Samuel) (Entered: 05/03/2007) |
| 05/03/2007 | | TRANSCRIPT of Proceedings held on 4/3/07 before Judge Chad Everingham. Court Reporter: Transcriber/Susan Simmons. (lss) (Entered: 05/03/2007) |
| 05/03/2007 | 75 | NOTICE by Time Warner Cable LLC, Time Warner Entertainment Company, L.P., Time Warner Entertainment-Advance/Newhouse Partnership, Time Warner New York Cable LLC, Time Warner Cable Inc., *of Initial Disclosures* (Gardner, Allen) (Entered: 05/03/2007) |
| 05/04/2007 | 76 | NOTICE of Disclosure by Rembrandt Technologies, LP (Baxter, Samuel) (Entered: 05/04/2007) |
| 05/04/2007 | 77 | PROTECTIVE ORDER. Signed by Judge Charles Everingham on 5/4/07. (ehs, ) (Entered: 05/04/2007) |
| 05/16/2007 | 78 | *TWC's* ANSWER to Amended Complaint *and*, COUNTERCLAIM against Rembrandt Technologies, LP by Time Warner Cable LLC, Time Warner Entertainment Company, L.P., Time Warner Entertainment-Advance/Newhouse Partnership, Time Warner New York Cable LLC, Time Warner Cable Inc.,.(Gardner, Allen) (Entered: 05/16/2007) |
| 05/16/2007 | 79 | CORPORATE DISCLOSURE STATEMENT filed by Time Warner Cable LLC, Time Warner Entertainment Company, L.P., Time Warner Entertainment-Advance/Newhouse Partnership, Time |

| | | Warner New York Cable LLC, Time Warner Cable Inc., identifying Time Warner Cable Inc. and Time Warner Inc. as Corporate Parent. (Gardner, Allen) (Entered: 05/16/2007) |
|---|---|---|
| 05/18/2007 | 80 | NOTICE of Disclosure by Rembrandt Technologies, LP (Baxter, Samuel) (Entered: 05/18/2007) |
| 06/04/2007 | 81 | Joint MOTION to Amend/Correct *the Docket Control Order to Move the Date for Exchanging Privilege Logs* by Rembrandt Technologies, LP. (Attachments: # 1 Text of Proposed Order)(Carter, Jeffrey) (Entered: 06/04/2007) |
| 06/06/2007 | 82 | ORDER granting 81 Motion to Amend/Correct. Docket Control Order is amended to move date for parties to exchange privilege logs to 7/10/07. Signed by Judge Charles Everingham on 6/5/07. (ch, ) (Entered: 06/06/2007) |
| 06/08/2007 | 83 | NOTICE of Attorney Appearance by Thomas Guy Fasone, III on behalf of Rembrandt Technologies, LP (Fasone, Thomas) (Entered: 06/08/2007) |
| 06/08/2007 | 84 | ANSWER to Counterclaim by Rembrandt Technologies, LP.(Baxter, Samuel) (Entered: 06/08/2007) |
| 06/12/2007 | 85 | NOTICE of Disclosure by Rembrandt Technologies, LP (Baxter, Samuel) (Entered: 06/12/2007) |
| 06/14/2007 | 86 | NOTICE of Disclosure by Time Warner Cable LLC, Time Warner Entertainment Company, L.P., Time Warner Entertainment-Advance/Newhouse Partnership, Time Warner New York Cable LLC, Time Warner Cable Inc., (Attachments: # 1 Exhibit A) (Gardner, Allen) (Entered: 06/14/2007) |
| 06/15/2007 | 87 | APPLICATION to Appear Pro Hac Vice by Attorney Daniel Reisner for Time Warner Entertainment-Advance/Newhouse Partnership, Time Warner New York Cable LLC, Time Warner Cable LLC, Time Warner Entertainment Company, L.P., Time Warner Cable Inc.,. (FEE PAID) 6-1-10082 (ehs, ) (Entered: 06/15/2007) |
| 06/21/2007 | 88 | NOTICE by Time Warner Cable Inc., *of Multi-District Litigation Developments Pursuant to Local Rule CV-42* (Attachments: # 1 Exhibit A)(Gardner, Allen) (Entered: 06/21/2007) |
| 06/25/2007 | 89 | Interdistrict transfer to the District of Delaware, Wilmington, DE. Pursuant to letter Elizabeth Dinan was notified. Certified copy of Docket Sheet, Complaint, Transfer Order and letter were mailed to the Federal Blding, Lockbox 18, 844 N. King Street Wilmington, DE (ch, ) Additional attachment(s) added on 6/28/2007 (ch, ). Modified on 6/28/2007 (ch, ). (Entered: 06/27/2007) |

FILED CLERK
U.S. DISTRICT COURT

2006 JUN -1 PM 4:43

TEXAS EASTERN

BY_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

REMBRANDT TECHNOLOGIES, LP

      Plaintiff,

  v.

TIME WARNER CABLE INC.,

      Defendant.

Case No. 2:06cv224

**JURY TRIAL REQUESTED**

### COMPLAINT

Rembrandt Technologies, LP ("Rembrandt") files this complaint for infringement of United States Patent Nos. 5,243,627; 5,852,631; 5,719,858; and 4,937,819 under 35 U.S.C. § 271, and in support thereof would respectfully show the Court the following:

### THE PARTIES

1.    Plaintiff Rembrandt is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 815, Bala Cynwyd, PA 19004.

2.    Defendant Time Warner Cable Inc. ("TWC") is a corporation organized under the laws of the state of Delaware with its principal place of business at 7910 Crescent Executive Drive, Suite 56, Charlotte, North Carolina 28217. TWC's registered agent for service of process in Texas is CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201. TWC regularly conducts and transacts business in Texas and within this judicial district itself (both as Time Warner Cable and/or Road Runner) and through one or more subsidiaries, affiliates, partners, or other related parties, and as set forth in Paragraphs 6-29 below, has committed, and

continues to commit tortious acts of patent infringement within and outside of Texas and within this judicial district.

## JURISDICTION AND VENUE

3.     This is an action for patent infringement, arising under the patent laws of the United States, Tile 35, United States Code. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

4.     This Court has personal jurisdiction over Defendant TWC. TWC has conducted and does conduct business with the State of Texas. TWC, directly or through subsidiaries or intermediaries, offers for sale, sells, advertises, and markets products and services that infringe the patents-in-suit as described more specifically below. Therefore, because TWC has committed acts of patent infringement in this district, or is otherwise present or doing business in this district, this Court has personal jurisdiction over TWC.

5.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,243,627

6.     Rembrandt refers to and incorporates herein the allegations of Paragraphs 1-5 above.

7.     Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 5,243,627, entitled "Signal Point Interleaving Technique" ("the '627 patent.")

8.    The '627 patent was duly and legally issued by the United States Patent and Trademark Office on September 7, 1993, after full and fair examination.

9.    Defendant TWC is the operator of cable television systems throughout the United States.

10.    Defendant has directly or indirectly infringed, and is continuing to directly or indirectly infringe, the '627 patent by practicing or causing others to practice (by inducement and contributorily) the inventions claimed in the '627 patent, in this district or otherwise within the United States. For example, Defendant has infringed and continues to infringe the '627 patent by their receipt and retransmission over their cable television systems of digital terrestrial broadcast signals that comply with the ATSC Digital Television Standard.

11.    Upon information and belief, Defendant will continue to infringe the '627 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 5,852,631

12.    Rembrandt refers to and incorporates herein the allegations of Paragraphs 1-11 above.

13.    Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 5,852,631, entitled "System and Method for Establishing Link Layer Parameters Based on Physical Layer Modulation" ("the '631 patent.")

3

14. The '631 patent was duly and legally issued by the United States Patent and Trademark Office on December 22, 1998, after full and fair examination.

15. Defendant TWC is the operator of cable systems and provider of Internet service throughout the United States.

16. Defendant has directly or indirectly infringed, and is continuing to directly or indirectly infringe, the '631 patent by practicing or causing others to practice (by inducement and contributorily) the inventions claimed in the '631 patent, in this district or otherwise within the United States. For example, Defendant has infringed and continues to infringe the '631 patent by providing high speed internet service to subscribers.

17. Upon information and belief, Defendant will continue to infringe the '631 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 5,719,858

18. Rembrandt refers to and incorporates herein the allegations of Paragraphs 1-17 above.

19. Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 5,719,858, entitled "Time-Division Multiple-Access Method for Packet Transmission on Shared Synchronous Serial Busses" ("the '858 patent.")

20.     The '858 patent was duly and legally issued by the United States Patent and Trademark Office on February 17, 1998, after full and fair examination.

21.     Defendant TWC is the operator of cable systems and provider of Internet service throughout the United States.

22.     Defendant has directly or indirectly infringed, and is continuing to directly or indirectly infringe, the '858 patent by practicing or causing others to practice (by inducement and contributorily) the inventions claimed in the '858 patent, in this district or otherwise within the United States.  For example, Defendant has infringed and continues to infringe the '858 patent by its provision of high speed internet services, including such services as Voice over IP (VoIP) to subscribers.

23.     Upon information and belief, Defendant will continue to infringe the '858 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 4,937,819

24.     Rembrandt refers to and incorporates herein the allegations of Paragraphs 1-23 above.

25.     Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 4,937,819, entitled "Time Orthogonal Multiple Virtual DCE for Use in Analog and Digital Networks" ("the '819 patent.")

26.     The '819 patent was duly and legally issued by the United States Patent and Trademark Office on June 26, 1990, after full and fair examination.

27.     Defendant TWC is the operator of cable systems and provider of Internet service throughout the United States.

28.     Defendant is directly or indirectly infringed, and is continuing to directly or indirectly infringe, the '819 patent by practicing or causing others to practice (by inducement and contributorily) the inventions claimed in the '819 patent, in this district or otherwise within the United States.  For example, Defendant has infringed and continues to infringe the '819 patent by its provision of high speed internet services, such as Voice over IP (VoIP) services, to cable television subscribers.

29.     Upon information and belief, Defendant will continue to infringe the '819 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## PRAYER FOR RELIEF

WHEREFORE, Rembrandt prays that it have judgment against Defendant TWC for the following:

(1)     An order that TWC has infringed the patents-in-suit;

(2)     A permanent injunction enjoining and restraining TWC and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association therewith, from making, using, offering to sell, selling, and importing into the United States any product, or using, offering to sell, or selling any service, which falls within the scope of any claim of the patents-in-suit;

6

(3)     An award of damages;

(4)     An award of increased damages pursuant to 35 U.S.C. § 284;

(5)     An award of all costs of this action, including attorneys' fees and interest; and

(6)     Such other and further relief, at law or in equity, to which Rembrandt is justly

entitled.

## JURY DEMAND

Rembrandt hereby demands a jury trial on all issues appropriately triable by a jury.

DATED:  June 1, 2006                          Respectfully submitted,

                                              *Robert M. Parker* by permission
                                              _____  Camille Sh...
                                              Robert M. Parker
                                              State Bar No. 15498000
                                              Robert Christopher Bunt
                                              State Bar No.  00787165
                                              **PARKER & BUNT, P.C.**
                                              100 E. Ferguson, Suite 1114
                                              Tyler, Texas 75702
                                              903/531-3535
                                              903/533-9687 - Facsimile
                                              E-mail:  cbunt@cox-internet.com
                                              E-mail: rmparker@cox-internet.com

                                              **ATTORNEYS FOR PLAINTIFF
                                              REMBRANDT TECHNOLOGIES, LP**

JS 44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Rembrandt Technologies, LP | Time Warner Cable, Inc |

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Robert M. Parker 100 E. Ferguson
Parker + Bunt, P.C.   Ste 1114   Tyler, TX 75702

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an X in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
35 U.S.C. § 271

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE Ward   DOCKET NUMBER 2:05CV443

DATE 6-1-06

SIGNATURE OF ATTORNEY OF RECORD
Robert M. Parker by permission

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# CASE OPENING FORM
## Tyler Division

CASE NUMBER _2:06 cv 224_

JUDGE/MAGISTRATE_____
(Draw Magistrate Judge on all Pro Se Cases)

FILING FEE: (Paid) Waived Ifp None (Govt or 2255)

RECEIPT NUMBER _6-1-5390_

DATE SUMMONS ISSUED_____
(Make Docket Entry if Summons Issued)

Do not issue summons on any PRO SE case until order entered directing clerk to issue summons (if pro se pla provides prepared summons, place in file until order entered)

DATE PRO SE PACKET GIVEN TO PLAINTIFF_____
(Make Docket Entry When Opening Case)

MAGISTRATE CONSENT FORM MAILED TO PLAINTIFF_____
(Make Docket Entry When Opening Case)

CASE TRANSFERRED FROM_____

REMARKS _Related Case 2:05CV443 TJW_

INTAKE CLERK _McaneY_

Date Received From Pro Se Clerk_____

cc: JKG

AO 120 (Rev. 3/04)

| TO: Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court _____Marshall, Texas_____ on the following ☑ Patents or ☐ Trademarks:

| DOCKET NO.<br>2:06cv224 | DATE FILED<br>6/1/2006 | U.S. DISTRICT COURT<br>Marshall, Texas |
|---|---|---|
| PLAINTIFF<br><br>Rembrandt Technologies, LP | | DEFENDANT<br><br>Time Warner Cable Inc |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY |   |   |   |
|---|---|---|---|---|
| | ☐ Amendment | ☐ Answer | ☐ Cross Bill | ☐ Other Pleading |
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | | |
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

In the above—entitled case the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1—Upon initiation of action, mail this copy to Director     Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director     Copy 4—Case file copy

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| VS. | § | Case No. 2:06-CV-224 LED |
| | § | |
| TIME WARNER CABLE INC. | § | |

**NOTICE OF APPEARANCE**

Notice is hereby given that the undersigned attorney, Otis Carroll, enters his appearance in

this matter for Plaintiff, Rembrandt Technologies, LP, for purposes of receiving notices and orders

from the Court.

DATED this 6th day of July, 2006.

                          Respectfully submitted,

                          BY: /s/ Otis Carroll
                          Otis Carroll
                          State Bar No. 03895700
                          IRELAND, CARROLL & KELLEY, P.C.
                          6101 S. Broadway, Suite 500
                          Tyler, Texas 75703
                          Tel: (903) 561-1600
                          Fax: (903) 581-1071
                          Email: Fedserv@icklaw.com


                          ATTORNEYS FOR PLAINTIFF
                          REMBRANDT TECHNOLOGIES, LP

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by facsimile transmission and/or first class mail this 6th  day of July, 2006.


/s/ Otis Carroll
Otis Carroll

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 2:06-CV-224 (LED) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| Defendants. | § | |

## **NOTICE OF APPEARANCE**

Notice is hereby given that the undersigned attorney, S. Calvin Capshaw, enters his appearance in this matter as counsel for Plaintiff, Rembrandt Technologies, LP for the purpose of receiving notices and orders from the Court.

DATED this 14th day of July, 2006.

Respectfully submitted,

By: /s/ S. Calvin Capshaw
S. Calvin Capshaw
State Bar No. 03783900
BROWN McCARROLL  LLP
1127 Judson Road, Suite 220,
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
E-mail: ccapshaw@mailbmc.com
ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP

## CERTIFICATE OF SERVICE

I hereby certify that the following counsel of record who are deemed to have consented to electronic service are being served this 14th day of July, 2006, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by, electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ S. Calvin Capshaw
S. Calvin Capshaw

LON:161119.1
52670.2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **REMBRANDT TECHNOLOGIES, LP** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **Civil Action No. 2:06-CV-224 (LED)** |
| | § | |
| | § | |
| **TIME WARNER CABLE, INC.** | § | |
| | § | |
| **Defendants.** | § | |

## NOTICE OF APPEARANCE

Notice is hereby given that the undersigned attorney, Elizabeth L. DeRieux, enters her

appearance in this matter as counsel for Plaintiff, Rembrandt Technologies, LP, for the purpose

of receiving notices and orders from the Court.

DATED this 14th day of July, 2006.

Respectfully submitted,

By: /s/ Elizabeth L. DeRieux
Elizabeth L. DeRieux
State Bar No. 05770585
BROWN McCARROLL  LLP
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
E-mail: ederieux@mailbmc.com

ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP

**CERTIFICATE OF SERVICE**

I hereby certify that the following counsel of record who are deemed to have consented to electronic service are being served this 14th day of July, 2006, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by, electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Elizabeth L. DeRieux
Elizabeth L. DeRieux

LON:161118.1
52670.2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **REMBRANDT TECHNOLOGIES, LP** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Case No. 2:06-CV-224 LED** |
| | § | |
| **TIME WARNER CABLE, INC.** | § | **JURY TRIAL REQUESTED** |
| | § | |
| **Defendant.** | § | |

## NOTICE OF APPEARANCE OF LEAD COUNSEL

COMES NOW, Plaintiff, Rembrandt Technologies, LP, in the above-referenced matter, and gives notice to the Court and all Parties that the following counsel is appearing as lead counsel for Rembrandt Technologies, LP:

> Sam Baxter
> State Bar No. 01938000
> **McKOOL SMITH P.C.**
> 505 E. Travis, Suite 105
> Marshall, Texas  75670
> Telephone:  (903) 927-2111
> Telecopier:  (903) 927-2622
> sbaxter@mckoolsmith.com

Dated this 19th day of July, 2006.

Respectfully submitted,

McKOOL SMITH, P.C.

    /s/ Sam Baxter
Sam Baxter
State Bar No. 01938000
**McKOOL SMITH P.C.**
505 E. Travis, Suite 105
Marshall, Texas  75670
Telephone:  (903) 927-2111
Telecopier:  (903) 927-2622
sbaxter@mckoolsmith.com

Austin 30119v1

Jeffrey A. Carter
State Bar No. 03919400
**McKOOL SMITH P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4006
Telecopier: (214) 978-4044
jcarter@mckoolsmith.com

Travis Gordon White
State Bar No. 21333000
**McKOOL SMITH P.C.**
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744
gwhite@mckoolsmith.com

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687
cbunt@cox-internet.com
rmparker@cox-internet.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Case No. 2:06-CV-224 LED** |
| | § | |
| TIME WARNER CABLE, INC. | § | **JURY TRIAL REQUESTED** |
| | § | |
| **Defendant.** | § | |

## <u>NOTICE OF APPEARANCE</u>

Notice is hereby given that the undersigned attorney, Bradley W. Caldwell, Texas State

Bar No. 24040630, enters his appearance in this matter for Plaintiff, Rembrandt Technologies,

LP, for the purpose of representing Plaintiff and receiving notices and orders from the Court.

DATED this 19th day of July, 2006.

Respectfully submitted,

McKOOL SMITH, P.C.

   /s/ Sam Baxter                
Sam Baxter
State Bar No. 01938000
**McKOOL SMITH P.C.**
505 E. Travis, Suite 105
Marshall, Texas  75670
Telephone:  (903) 927-2111
Telecopier:  (903) 927-2622
sbaxter@mckoolsmith.com

Jeffrey A. Carter
State Bar No. 03919400
**McKOOL SMITH P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas  75201
Telephone:  (214) 978-4006
Telecopier:  (214) 978-4044
jcarter@mckoolsmith.com

Travis Gordon White
State Bar No. 21333000
**McKOOL SMITH P.C.**
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744
gwhite@mckoolsmith.com

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687
cbunt@cox-internet.com
rmparker@cox-internet.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case No. 2:06-CV-224 LED |
| | § | |
| TIME WARNER CABLE, INC. | § | JURY TRIAL REQUESTED |
| | § | |
| Defendant. | § | |

## <u>NOTICE OF APPEARANCE</u>

Notice is hereby given that the undersigned attorney, Jeffrey A. Carter, Texas State Bar No. 03919400, enters his appearance in this matter for Plaintiff, Rembrandt Technologies, LP, for the purpose of representing Plaintiff and receiving notices and orders from the Court.

DATED this 19th day of July, 2006.

Respectfully submitted,

McKOOL SMITH, P.C.

   /s/ Sam Baxter
Sam Baxter
State Bar No. 01938000
**McKOOL SMITH P.C.**
505 E. Travis, Suite 105
Marshall, Texas 75670
Telephone: (903) 927-2111
Telecopier: (903) 927-2622
sbaxter@mckoolsmith.com

Jeffrey A. Carter
State Bar No. 03919400
**McKOOL SMITH P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4006
Telecopier: (214) 978-4044
jcarter@mckoolsmith.com

Travis Gordon White
State Bar No. 21333000
**McKOOL SMITH P.C.**
300 W. 6th Street, Suite 1700
Austin, Texas  78701
Telephone:  (512) 692-8700
Telecopier:  (512) 692-8744
gwhite@mckoolsmith.com

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas  75702
Telephone:  (903) 531-3535
Telecopier:  (903) 533-9687
cbunt@cox-internet.com
rmparker@cox-internet.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **REMBRANDT TECHNOLOGIES, LP** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Case No. 2:06-CV-224 LED** |
| | § | |
| **TIME WARNER CABLE, INC.** | § | **JURY TRIAL REQUESTED** |
| | § | |
| **Defendant.** | § | |

## <u>NOTICE OF APPEARANCE</u>

Notice is hereby given that the undersigned attorney, Travis Gordon White, Texas State

Bar No. 21333000, enters his appearance in this matter for Plaintiff, Rembrandt Technologies,

LP, for the purpose of representing Plaintiff and receiving notices and orders from the Court.

DATED this 19th day of July, 2006.

Respectfully submitted,

McKOOL SMITH, P.C.

___/s/ Sam Baxter_____
Sam Baxter
State Bar No. 01938000
**McKOOL SMITH P.C.**
505 E. Travis, Suite 105
Marshall, Texas  75670
Telephone:  (903) 927-2111
Telecopier:  (903) 927-2622
sbaxter@mckoolsmith.com

Jeffrey A. Carter
State Bar No. 03919400
**McKOOL SMITH P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas  75201
Telephone:  (214) 978-4006
Telecopier:  (214) 978-4044
jcarter@mckoolsmith.com

Travis Gordon White
State Bar No. 21333000
**McKOOL SMITH P.C.**
300 W. 6th Street, Suite 1700
Austin, Texas  78701
Telephone:  (512) 692-8700
Telecopier:  (512) 692-8744
gwhite@mckoolsmith.com

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas  75702
Telephone:  (903) 531-3535
Telecopier:  (903) 533-9687
cbunt@cox-internet.com
rmparker@cox-internet.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case No. 2:06-CV-224 LED |
| | § | |
| TIME WARNER CABLE, INC. | § | **JURY TRIAL REQUESTED** |
| | § | |
| Defendant. | § | |

## NOTICE OF APPEARANCE

Notice is hereby given that the undersigned attorney, John Garvish, Texas State Bar No. 24043681, enters his appearance in this matter for Plaintiff, Rembrandt Technologies, LP, for the purpose of representing Plaintiff and receiving notices and orders from the Court.

DATED this 19th day of July, 2006.

Respectfully submitted,

McKOOL SMITH, P.C.

    /s/ Sam Baxter
Sam Baxter
State Bar No. 01938000
**McKOOL SMITH P.C.**
505 E. Travis, Suite 105
Marshall, Texas  75670
Telephone:  (903) 927-2111
Telecopier:  (903) 927-2622
sbaxter@mckoolsmith.com

Jeffrey A. Carter
State Bar No. 03919400
**McKOOL SMITH P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas  75201
Telephone:  (214) 978-4006
Telecopier:  (214) 978-4044
jcarter@mckoolsmith.com

Travis Gordon White
State Bar No. 21333000
**McKOOL SMITH P.C.**
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744
gwhite@mckoolsmith.com

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687
cbunt@cox-internet.com
rmparker@cox-internet.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| VS. | § | Case No. 2:06-CV-224 LED |
| | § | |
| TIME WARNER CABLE INC. | § | |

## NOTICE OF APPEARANCE

Notice is hereby given that the undersigned attorney, Collin Maloney, enters his

appearance in this matter for Plaintiff, Rembrandt Technologies, LP, for purposes of

receiving notices and orders from the Court.

Dated this 21st day July, 2006.

Respectfully submitted,


/s/ Collin Maloney_____
Collin Maloney
State Bar No. 00794219
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Tel: (903) 561-1600
Fax; (903) 581-1071
Email: Fedserv@icklaw.com

ATTORNEY FOR PLAINTIFF
REMRBANDT TECHNOLGIES, LP

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that all counsel of record are being served with a copy of this document via electronic delivery or United States mail this 21st day of July, 2006.

/s/ Collin Maloney_____
Collin Maloney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| VS. | § | Case No. 2:06-CV-224 LED |
| | § | |
| TIME WARNER CABLE INC. | § | |

## NOTICE OF APPEARANCE

Notice is hereby given that the undersigned attorney, Patrick Kelley, enters his appearance in this matter for Plaintiff, Rembrandt Technologies, LP, for purposes of receiving notices and orders from the Court.

DATED this 25th day of July, 2006.

Respectfully submitted,

BY: /s/ Patrick Kelley
Patrick Kelley
State Bar No. 11202500
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Tel: (903) 561-1600
Fax: (903) 581-1071
Email: Fedserv@icklaw.com

ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by facsimile transmission and/or first class mail this 25th day of July, 2006.

                                     /s/ Patrick Kelley          
                                     Patrick Kelley

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF TEXAS
MARSHALL DIVISION

REMBRANDT TECHNOLOGIES, LP      §
                                §
v.                              §        CASE NO. 2:06-cv-224 [LED]
                                §        JURY DEMANDED
TIME WARNER CABLE INC.          §

## TIME WARNER CABLE INC.'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND

TIME WARNER CABLE INC. ("TIME WARNER"), moves the Court for an extension of time to answer or otherwise respond to Plaintiff REMBRANDT TECHNOLOGIES, LP'S Complaint, and would show the Court as follows:

1.    Plaintiff, REMBRANDT TECHNOLOGIES, LP ("REMBRANDT"), filed its complaint against TIME WARNER on or about June 1, 2006 [Dkt. 1].

2.    The issues involved in this case are such that TIME WARNER requires additional time to prepare a response.

3.    TIME WARNER respectfully requests a thirty (30) day extension of time to answer or otherwise respond in any manner whatsoever to Plaintiff's complaint up to and including August 23, 2006.

4.    Plaintiff, REMBRANDT, is not opposed to this Motion for extension of time to answer or otherwise respond.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court grant this Motion for Extension of Time by extending the time period for TIME WARNER to answer or otherwise respond to Plaintiff's Complaint until on or before August 23, 2006.

Dated: July 27, 2006

Respectfully submitted,

By:/s/ Michael E. Jones
        MICHAEL E. JONES
        State Bar No. 10929400

POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, Texas  75710
(903) 597 8311
(903) 593 0846 (Facsimile)
mikejones@potterminton.com


ATTORNEYS FOR TIME WARNER
CABLE INC.


## CERTIFICATE OF CONFERENCE

I certify that Mike Jones, counsel for TIME WARNER CABLE INC, has conferred with Chris Bunt, counsel for REMBRANDT TECHNOLOGIES, LP and that Mr. Bunt is not opposed to the relief sought in this motion.

/s/ Michael E. Jones


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 27, 2006.  Any other counsel of record will be served by facsimile transmission and first class mail.

/s/ Michael E. Jones

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF TEXAS
MARSHALL DIVISION

REMBRANDT TECHNOLOGIES, LP      §
                                     §
v.                                      §         CASE NO. 2:06-cv-224 [LED]
                                     §         JURY DEMANDED
TIME WARNER CABLE INC.          §

### ORDER GRANTING TIME WARNER CABLE INC.'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND

ON THIS DAY, came on to be heard Defendant TIME WARNER CABLE INC.'S

Unopposed  Motion for Extension of Time to Answer or Otherwise Respond to the Complaint of

Plaintiff, REMBRANDT TECHNOLOGIES, LP in the above-styled and numbered cause.  After

considering said Motion, and the entire record in this cause, it is hereby ORDERED that said

Motion shall be in all things GRANTED; and it is FURTHER ORDERED that the deadline for

Defendant TIME WARNER CABLE INC. to Answer or otherwise respond to Plaintiff's Complaint

is extended to, and including August 23, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CASE NO. 2:06-cv-224 [LED] |
| | § | JURY DEMANDED |
| TIME WARNER CABLE INC. | § | |

## ORDER GRANTING TIME WARNER CABLE INC.'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND

ON THIS DAY, came on to be heard Defendant TIME WARNER CABLE INC.'S Unopposed Motion for Extension of Time to Answer or Otherwise Respond to the Complaint of Plaintiff, REMBRANDT TECHNOLOGIES, LP in the above-styled and numbered cause. After considering said Motion, and the entire record in this cause, it is hereby ORDERED that said Motion shall be in all things GRANTED; and it is FURTHER ORDERED that the deadline for Defendant TIME WARNER CABLE INC. to Answer or otherwise respond to Plaintiff's Complaint is extended to, and including August 23, 2006.

**So ORDERED and SIGNED this 28th day of July, 2006.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:06-CV-224 (LED) |
| | § | |
| TIME WARNER CABLE, INC. | § | (JURY) |
| | § | |
| Defendant | § | |

## NOTICE OF APPEARANCE

Notice is hereby given that the undersigned attorney, Andrew W. Spangler, enters his appearance in this matter as counsel for Plaintiff, Rembrandt Technologies, LP, for the purpose of receiving notices and orders from the Court.

DATED this 21st day of August, 2006.

Respectfully submitted,

By: /s/ Andrew W. Spangler
Andrew W. Spangler
State Bar No. 24041960
BROWN McCARROLL  LLP
1127 Judson Road, Suite 220
Longview, TX 75601-5157
P.O. Box 3999
Longview, Texas 75606-3999
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
E-mail: aspangler@mailbmc.com
ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES LP

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that the following counsel of record who are deemed to have consented to electronic service are being served this 21st day of August, 2006, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by, electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Andrew W. Spangler         
Andrew W. Spangler

LON:162632.1
52670.2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CASE NO. 2:06-cv-224 [LED] |
| | § | JURY DEMANDED |
| TIME WARNER CABLE INC. | § | |

## TIME WARNER CABLE INC.'S ANSWER AND COUNTERCLAIMS

Defendant Time Warner Cable Inc. ("TWC"), by its undersigned counsel, responds to the allegations asserted in the Complaint of Rembrandt Technologies, LP ("Rembrandt") as follows:

1. TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 1 of the Complaint, and on that basis denies those allegations.

2. TWC admits the allegations of paragraph 2 of the Complaint that it is a Delaware corporation, that its "registered agent for service of process in Texas is CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201," and that it conducts business in Texas and within this judicial district. TWC denies the remaining allegations made in paragraph 2 of the Complaint. TWC is not infringing, and has not in the past infringed, any of the patents identified in the Complaint.

3. Paragraph 3 of the Complaint sets forth legal conclusions for which no response is required. To the extent paragraph 3 contains factual allegations to which a response is required, those allegations are denied.

4.   TWC admits the allegations of paragraph 4 of the Complaint that this Court has personal jurisdiction over it, and that "TWC has conducted and does conduct business within the State of Texas."  TWC denies the remaining allegations of paragraph 4 of the Complaint. TWC is not infringing, and has not in the past infringed, any of the patents identified in the Complaint.

5.   Paragraph 5 of the Complaint sets forth legal conclusions for which no response is required.  To the extent paragraph 5 contains factual allegations to which a response is required, those allegations are denied.

### COUNT I

6.   TWC restates and realleges its responses to paragraphs 1-5 of the Complaint and incorporates them herein by reference.

7.   TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 7 of the Complaint, and on that basis denies those allegations.

8.   TWC admits that U.S. Patent No. 5,243,627 (the "'627 patent") was issued by the United States Patent and Trademark Office ("the PTO") on September 7, 1993.  TWC denies the remaining allegations made in paragraph 8 of the Complaint.

9.   TWC admits that it operates cable television systems in the United States. TWC denies the remaining allegations of paragraph 9 of the Complaint.

10. TWC denies the allegations of paragraph 10 of the Complaint.

11. TWC denies the allegations of paragraph 11 of the Complaint.

### COUNT II

2

12. TWC restates and realleges its responses to paragraphs 1-11 of the Complaint and incorporates them herein by reference.

13. TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 13 of the Complaint, and on that basis denies those allegations.

14. TWC admits that U.S. Patent No. 5,852,631 (the "'631 patent") was issued by the PTO on December 22, 1998. TWC denies the remaining allegations made in paragraph 14 of the Complaint.

15. TWC admits that it operates cable television systems and is an Internet service provider in the United States. TWC denies the remaining allegations of paragraph 15 of the Complaint.

16. TWC denies the allegations of paragraph 16 of the Complaint.

17. TWC denies the allegations of paragraph 17 of the Complaint.

## COUNT III

18. TWC restates and realleges its responses to paragraphs 1-17 of the Complaint and incorporates them herein by reference.

19. TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 19 of the Complaint, and on that basis denies those allegations.

20. TWC admits that U.S. Patent No. 5,719,858 (the "'858 patent") was issued by the PTO on February 17, 1998. TWC denies the remaining allegations made in paragraph 20 of the Complaint.

3

21. TWC admits that it operates cable television systems and is an Internet service provider in the United States. TWC denies the remaining allegations of paragraph 21 of the Complaint.

22. TWC denies the allegations of paragraph 22 of the Complaint.

23. TWC denies the allegations of paragraph 23 of the Complaint.

## COUNT IV

24. TWC restates and realleges its responses to paragraphs 1-23 of the Complaint and incorporates them herein by reference.

25. TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 25 of the Complaint, and on that basis denies those allegations.

26. TWC admits that U.S. Patent No. 4,937,819 (the "'819 patent") was issued by the PTO on June 26, 1990. TWC denies the remaining allegations made in paragraph 26 of the Complaint.

27. TWC admits that it operates cable television systems and is an Internet service provider in the United States. TWC denies the remaining allegations of paragraph 27 of the Complaint.

28. TWC denies the allegations of paragraph 28 of the Complaint.

29. TWC denies the allegations of paragraph 29 of the Complaint.

## PRAYER FOR RELIEF

TWC denies that Plaintiff is entitled to the relief requested in its prayer, and to the extent that such prayer contains factual allegations, such allegations are denied.

## AFFIRMATIVE AND OTHER DEFENSES

TWC sets forth the following affirmative and other defenses. TWC does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff Rembrandt bears the burden.

### FIRST DEFENSE

30. Each of the claims of the '627, '631, '858 and '819 patents is invalid for failure to satisfy the provisions of one or more of sections 101, 102, 103, and/or 112 of Title 35 of the United States Code.

### SECOND DEFENSE

31. TWC does not manufacture, use, offer for sale, sell, or import into the United States any product or method that infringes any claim of the '627, '631, '858 or '819 patents and it has not done so in the past. TWC also does not contribute to or induce infringement of the '627, '631, '858 or '819 patents and it has not done so in the past. TWC does not infringe, and has not in the past infringed, either directly or indirectly, the '627, '631, '858 or '819 patents.

### THIRD DEFENSE

32. The Complaint's claims are barred by the doctrine of estoppel.

### FOURTH DEFENSE

**33.** The Complaint's claims are barred by the doctrine of laches.

### COUNTERCLAIMS

### PARTIES

1. Counterclaimant Time Warner Cable Inc. ("TWC") is a Delaware corporation having its corporate headquarters at 290 Harbor Drive, Stamford, CT 06902.

2. Counterclaim defendant Rembrandt Technologies, LP ("Rembrandt") purports to be a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 815, Bala Cynwyd, PA 19004.

## JURISDICTION AND VENUE

3. These counterclaims seek a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

5. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400.

6. A justiciable controversy exists between Counterclaimant TWC and Rembrandt with respect to the invalidity and noninfringement of the claims of U.S. Patent Nos. 5,243,627 (the "'627 patent"), 5,852,631 (the "'631 patent"), 5,719,858 (the "'858 patent"), and 4,937,819 (the "'819 patent").

## FIRST COUNTERCLAIM

7. TWC hereby repeats and reiterates the allegations made in paragraphs 1-6 of these Counterclaims as if fully set forth herein.

8. Each of the claims of the '627, '631, '858 and '819 patents is invalid for failure to satisfy the provisions of one or more of sections 101, 102, 103, and/or 112 of Title 35 of the United States Code.

## SECOND COUNTERCLAIM

9. TWC hereby repeats and reiterates the allegations made in paragraphs 1-8 of these Counterclaims as if fully set forth herein.

10. TWC does not manufacture, use, offer for sale, sell, or import into the United States any product or method that infringes any claim of the '627, '631, '858 or '819 patents and it has not done so in the past. TWC also does not contribute to or induce infringement of the '627, '631, '858 or '819 patents and it has not done so in the past. TWC does not infringe, and has not in the past infringed, either directly or indirectly, the '627, '631, '858 or '819 patents.

### PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaimant TWC prays that:

a) The Court dismiss all of Rembrandt's claims against TWC with prejudice;

b) The Court declare invalid each of the claims of the '627, '631, '858 and '819 patents;

c) The Court declare that TWC does not manufacture, use, offer for sale, sell, or import into the United States any product or method that infringes any of the claims of the '627, '631, '858 or '819 patents and has not done so in the past, and that TWC therefore and otherwise does not directly infringe the '627, '631, '858 or '819 patents and has not done so in the past;

a. The Court declare that TWC does not contribute to or induce infringement of the '627, '631, '858 or '819 patents and it has not done so in the past, and that TWC therefore and otherwise does not indirectly infringe the '627, '631, '858 or '819 patents and has not done so in the past;

b. TWC be awarded its costs in this action;

c. TWC be awarded its attorneys fees pursuant to 35 U.S.C. § 285; and

TWC be awarded such other and further relief as this Court deems is just and proper.

Date: August 23, 2006         Respectfully submitted,

POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
P.O. Box 359
Tyler, Texas 75710
(903) 597-8311
(903) 593-0846 (facsimile)

By: */s/ Michael E. Jones*
      MICHAEL E. JONES
      State Bar No. 10929400
      mikejones@potterminton.com

*ATTORNEYS FOR TIME WARNER CABLE INC.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 23rd day of August, 2006. Any other counsel of record will be served by first class U.S. mail on this same date.

*/s/ Michael E. Jones*

8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CASE NO. 2:06-cv-224 [LED] |
| | § | JURY DEMANDED |
| TIME WARNER CABLE INC. | § | |

## RULE 7.1 DISCLOSURE STATEMENT OF TIME WARNER CABLE INC.

Pursuant to FRCP Rule 7.1, defendant Time Warner Cable Inc. states that it is a Delaware corporation which is owned by Adelphia Communications Corporation and, through indirect subsidiaries, by Time Warner Inc.  Time Warner Inc. and Adelphia Communications Corporation are publicly held companies.


Date: August 23, 2006                    Respectfully submitted,

                                         POTTER MINTON
                                         A Professional Corporation
                                         110 N. College, Suite 500 (75702)
                                         P.O. Box 359
                                         Tyler, Texas 75710
                                         (903) 597-8311
                                         (903) 593-0846 (facsimile)


                                         By:  */s/ Michael E. Jones*
                                                MICHAEL E. JONES
                                                State Bar No. 10929400
                                                mikejones@potterminton.com

                                         ATTORNEYS FOR TIME WARNER CABLE INC.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 23rd day of August, 2006.  Any other counsel of record will be served by first class U.S. mail on this same date.


                                         */s/ Michael E. Jones*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **REMBRANDT TECHNOLOGIES, LP** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **CASE NO.  2:06 CV 224** |
| | § | **PATENT CASE** |
| **TIME WARNER CABLE INC.** | § | |
| | § | |
| **Defendant** | § | |
| | § | |

**NOTICE OF SCHEDULING CONFERENCE, PROPOSED DISCOVERY ORDER,
AND PROPOSED DATES FOR DOCKET CONTROL ORDER**

The Court, *sua sponte*, issues this Notice of Scheduling Conference, Proposed Dates for Docket Control Order and Proposed Discovery Order.

**NOTICE OF SCHEDULING CONFERENCE**

Pursuant to Fed. R. Civ. P. 16 and Local Rule CV-16, the Scheduling Conference in this case is set for **September 20, 2006 at 10:30 am** at the United States Courthouse, 211 West Ferguson, 3rd Floor, Judge Leonard Davis's Court, Tyler, Texas.  The parties are directed to meet and confer in accordance with Fed. R. Civ. P. 26(f) and P.R. § 2-1 no later than fourteen (14) days before the conference.  The parties are excused from the requirement of filing a written proposed discovery plan in this case.

**Stipulation of the Parties with Notice of Agreement - No Court Appearance Required**

The Court does not require the parties to attend the Scheduling Conference if the parties agree to the following and file a Notice of Agreement containing this information at least seven days before the conference date.  **IF THE PARTIES FAIL TO FILE AN AGREEMENT NOTICE WITH THE COURT SEVEN (7) DAYS BEFORE THE CONFERENCE DATE, THE**

**PARTIES MUST ATTEND THE SCHEDULING CONFERENCE ON THE DATE SET
FORTH ABOVE.** Upon receipt of the Notice of Agreement, the Court will issue a Docket Control
Order, Discovery Order, and Mediation Order without the necessity of the parties' appearance. The
Notice of Agreement is to contain the following information:

a.   The guidelines contained in the Discovery Order as outlined in Appendix A;
b.   The proposed dates for the Docket Control Order as outlined in Appendix B;
c.   A mediator (name, address and phone number);
d.   Deadline by which to complete mediation; and
e.   Length of trial.

### PROPOSED DISCOVERY ORDER

If the parties do <u>not</u> file a Notice of Agreement with the Court seven days before the
Scheduling Conference date, the proposed Discovery Order set forth in the attached Appendix A will
be discussed at the conference. The parties should also be prepared to discuss whether the Court
should authorize the filing under seal of any documents containing confidential information.

### PROPOSED DATES FOR DOCKET CONTROL ORDER

If the parties do <u>not</u> file a **Notice of Agreement** with the Court **seven days** before the
Scheduling Conference date, the proposed dates for the Docket Control Order set forth in the
attached Appendix B will be discussed at the Scheduling Conference. The Court sits in Marshall
only during the months of February, April, August, and November. The Court sits in Tyler the
remaining eight months of the year. Because the Court is in Marshall only four months each year,
the Court can often offer the parties an earlier trial date if the parties agree to try the case in Tyler.
The proposed Docket Control Order reflects the Court's available trial dates in both Marshall and
Tyler. Prior to the Scheduling Conference, the parties are to confer as to whether they would like
to try the case in Tyler or Marshall. If the parties cannot agree, the trial will be in Marshall since that

is where the complaint was filed.  The parties are to then fill in the remaining dates of the Docket

Control Order according to the descriptions given in the form.  The parties may modify these dates,

but only to the extent the modifications do not affect the *Markman* hearing, dispositive motion, or

trial dates.  The parties are to file their joint proposed Docket Control Order with the Court no fewer

than **three (3) days before the Scheduling Conference**.  The parties' proposed Docket Control

Order will be discussed at the Scheduling Conference.

**So ORDERED and SIGNED this 1st day of September, 2006.**

 

 

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

# APPENDIX A

## PROPOSED DISCOVERY ORDER
## TO BE DISCUSSED AT THE SCHEDULING CONFERENCE

After review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, the Court enters the following Discovery Order:

1. **Disclosures.**  Within thirty (30) days after the Scheduling Conference, and without awaiting a discovery request, each party shall disclose to every other party the following information:

   A.    the correct names of the parties to the lawsuit;
   B     the name, address, and telephone number of any potential parties;
   C.    the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);
   D.    the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;
   E.    any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;
   F.    any settlement agreements relevant to the subject matter of this action;
   G.    any statement of any party to the litigation;

2. **Additional Disclosures.**  Each party shall provide to every other party the following information:

   A.    the disclosures required by the Court's Patent Rules in accordance with the deadlines set forth in said rules and the Court's Docket Control Order;
   B.    to the extent that any party pleads a claim for relief or defensive matter other than those addressed in the Patent Rules[1], within forty-five (45) days after the Scheduling Conference and without awaiting a discovery request, a copy of all documents, data compilations and tangible things in the possession, custody, or control of the party that are relevant to those additionally pleaded claims or defenses involved in this action.  By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies.  For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the

---

[1]  The Patent Rules are Appendix M to the Local Rules which are available on the Court's website at www.txed.uscourts.gov.

disclosure materials; and

C. within forty-five (45) days after the Scheduling Conference a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying (See Local Rule CV-34), the documents or other evidentiary materials on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and those documents and authorizations described in Local Rule CV-34.

3. **Testifying Experts.** By the date provided in the Docket Control Order, each party shall disclose to the other party or parties:

A. the expert's name, address, and telephone number;
B. the subject matter on which the expert will testify;
C. the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the disclosing party, documents reflecting such information;
D. if the expert is retained by, employed by, or otherwise subject to the control of the disclosing party;

   (1) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and
   (2) the expert's current resume and bibliography.

4. **Discovery Limitations.** Discovery is limited in this cause to the disclosures described in Paragraphs 1 - 3 together with 60 interrogatories, 60 requests for admissions, the depositions of the parties, depositions on written questions of custodians of business records for third parties, depositions of two expert witnesses per side or the parties may agree on a number of hours of depositions. "Side" means a party or a group of parties with a common interest.

5. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference. By the date provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, with enable the other parties to assess the applicability of the privilege or protection. A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall file a notice so stating by the date provided in the Docket Control Order.

6. **Pre-trial Disclosures.** By the date provided in the Docket Control Order, each party shall provide to every other party the following disclosures regarding the evidence that the disclosing party intends to present at trial:

    A. The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

    B. The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

    C. An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

By the date provided in the Docket Control Order, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph "B." above; and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph "C." above. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7. **Signature.** The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

8. **Exchange of Disclosures.** If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5.

9. **Notification of the Court.** The parties shall promptly file a notice with the Court that the disclosures required under this order have taken place.

10. **Duty to Supplement.** After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

11. **Protective Orders.** A copy of the Court's standard protective order is available on the Court's website at www.txed.uscourts.gov entitled "Judge Davis Standard Protective Order." A party may request that the Court issue the Protective Order. However, a party may propose the issuance of or move to modify the terms of the Protective Order for good cause.

12. **Rules of Practice.** The Court's rules of practice for patent cases are on the Court's website at www.txed.uscourts.gov.

13.   **Discovery Disputes.**  Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(f).  If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(f).

14.   **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.  Parties asserting the defense of qualified immunity may submit a motion to limit disclosure to those materials necessary to decide the issue of qualified immunity.

15.   **E-Filing.**  Except for good cause shown or as provided in the Local Rules, all documents (with exception of those documents referenced in the local rules) in cases pending in this Court shall be filed electronically.  This includes notices of disclosure, notices of no privilege issues, proposed orders, and mediator's reports.  The file in each case is maintained electronically.  Neither the clerks office nor the Court will maintain a paper file except as provided in the local rules.

When filing electronically, the Court prefers:

   (i)    that documents be published to PDF and then filed with the Court rather than filing scanned documents;
   (ii)   proposed orders be included as attachments to motions filed rather than incorporated within the body of the filed motion;
   (iii)  proposed orders should NOT contain an "it is so ordered" designation, signature line, or date line since this information is contained in the Judge's electronic signature stamp and
   (iv)   proposed orders should NOT contain the word "Proposed" in the title of the document.

16.   **Courtesy Paper Copies.**  In cases pending before this Court, the parties are exempt from complying with Local Rule CV-5 which requires that paper copies be provided to the presiding judge's chambers if a document exceeds five pages in length.  Paper copies will not be accepted by this Court unless specifically requested or as provided below.

17.   **Hearing Notebooks.**  Within ten days following the filing of responses to dispositive or Daubert motions, the movant is to provide the Court with an original and one copy of a hearing notebook containing the motion, any response, any reply and any surreply with the corresponding docket numbers on each and all pleadings and exhibits appropriately tabbed.

18.   **Wireless Internet Access.**  Wireless internet access is now available in the Tyler Courthouse.  To access the wireless network, users will need a login ID and password, which

are changed weekly.  The current login ID and password will be available at the security desk in the lobby, through Chambers, or through the Clerk's office.

19. **Requests for Production.**  Because documents relevant to any claim or defense are to be produced pursuant to the Patent Rules and paragraphs one and two of this Order, requests for production are unnecessary.  However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter.  The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

20. **Sealed Documents.**  In cases pending before this Court, the parties are notified that, unless a motion requesting otherwise is received from one or both of the parties within ten (10) days from the date of this notice, the Court will issue an order directing the Clerk's office to docket the "title" of all sealed documents (this does not include the substance of the document) on the Court's case management system.

**APPENDIX B**

**PROPOSED DEADLINES FOR DOCKET CONTROL ORDER TO BE DISCUSSED AT THE SCHEDULING CONFERENCE**

| | |
|---|---|
| **February 11, 2008**<br><br>Court designated date – not flexible without good cause - Motion Required | **9:00 a.m. JURY TRIAL as reached at the United States District Court, Visiting Judge/Magistrate Courtroom, 100 East Houston, Marshall, Texas.** |
| *Day of Trial* | EXHIBITS & EXHIBIT LISTS: Each party is requested to provide the Court with an original and two courtesy copies of exhibits and exhibit lists. The Court's preferred format for Exhibit Lists is available on the Court's website at www.txed.uscourts.gov under "Judges' Orders & Information."<br><br>If exhibits are voluminous, provide only specific pages that pertain to the issues on the two courtesy copies. The original exhibits that are agreed upon by the parties, should be ready to be tendered to the Clerk of the Court at the beginning of trial. Other exhibits that are admitted during trial should be tendered to the Clerk of the Court immediately after admission.<br><br>The parties are further requested to have all exhibits labeled with the following information on each label: Designation of Plaintiff's or Defendant's Exhibit Number and Case Number. For example:<br><br><table><tr><td>**Plaintiff's Exhibit**<br><br>Exhibit No. _____<br><br>Case No. _____</td><td>**Defendant's Exhibit**<br><br>Exhibit No. _____<br><br>Case No. _____</td></tr></table> |
| **February 5, 2008**<br><br>Court designated date – not flexible without good cause - Motion Required | **9:00 a.m. JURY SELECTION at the United States District Court, Visiting Judge/Magistrate Courtroom, 100 East Houston Street, Marshall, Texas.** |
| **January 24, 2008**<br><br>Court designated date – not flexible without good cause - Motion Required | **9:00 a.m. PRETRIAL CONFERENCE at the United States District Court, 211 W. Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas. (Tyler trial)** |

| 2 days before pretrial | Parties to file estimates of the amount of time they request at jury selection and trial for (1) voir dire, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments. |
|---|---|
| 3 days before pretrial | Motions in Limine due. The parties are directed to confer and advise the Court on or before 3:00 o'clock p.m. the day before the pre-trial conference which paragraphs are agreed to and those that need to be addressed at the pre-trial conference. |
| 5 days before pretrial | Pretrial Objections due. |
| 20 days before pretrial | Objections to Rebuttal Deposition Testimony due. |
| 25 days before pretrial | Rebuttal Designations and Objections to Deposition Testimony due. Cross examination line and page numbers to be included. In video depositions, each party is responsible for preparation of the final edited video in accordance with their parties' designations and the Court's rulings on objections. |
| 35 days before pretrial | Pretrial Disclosures due.<br>Video and Stenographic Deposition Designation due. Each party who proposes to offer deposition testimony shall file a disclosure identifying the line and page numbers to be offered. |
| 55 days before pretrial | **Joint Pretrial Order, Joint Proposed Jury Instructions with citation to authority and Form of the Verdict for jury trials due.** Proposed Findings of Fact and Conclusions of Law with citation to authority for bench trials.<br>Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings due. If a daily transcript or real time reporting of court proceedings is requested for trial or hearings, the party or parties making said request shall file a notice with the Court and email the Court Reporter, Shea Sloan, at shea_sloan@txed.uscourts.gov. |
| At least 15 days after dispositive motion date below | **Response to Dispositive Motions (including *Daubert* motions) due.** Responses to dispositive motions filed prior to the dispositive motion deadline, including Daubert motions, shall be due in accordance with Local Rule CV-7(e). |
| **August 20, 2007**<br><br>Court designated date – not flexible without good cause – Motion Required | **Dispositive Motions due from all parties and any other motions that may require a hearing (including *Daubert* motions)**; Motions for Summary Judgment shall comply with Local Rule CV-56 (Marshall trial). |
| 3 days before Dispositive Motions | Parties to Identify Rebuttal Trial Witnesses. |

| 14 days before Dispositive Motions | Parties to Identify Trial Witnesses; Amend Pleadings (after Markman Hearing). It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after the deadline. However, except as provided in Patent Rule 3-6, if the amendment would effect preliminary or final infringement contentions or preliminary or final invalidity contentions, a motion must be made pursuant to Patent Rule 3-7 irrespective of whether the amendment is made prior to this deadline. |
|---|---|
| 28 days before Dispositive Motions | **Discovery Deadline.** |
| 58 days before Dispositive Motions | Parties designate rebuttal expert witnesses (non-construction issues), Rebuttal expert witness reports due. Refer to Local Rules for required information. |
| 68 days before Dispositive Motions | Parties with burden of proof designate expert witnesses (non-construction issues). Expert witness reports due. Refer to Local Rules for required information. |
| 98 days before Dispositive Motions | Comply with P.R.3-8 - Furnishing documents and privilege logs pertaining to willful infringement. |
| **April 19, 2007** | **Markman Hearing at 9:00 a.m. at the United States District Court, 211 West Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas.** |
| 10 days before Markman Hearing | Parties shall jointly submit a claim construction chart on computer disk in WordPerfect format or in such other format as the Court may direct in accordance with P.R. 4-5(d). |
| 14 days before Markman Hearing | Parties to file a notice with the Court stating the estimated amount of time requested for the *Markman* Hearing. The Court will notify the parties if it is unable to accommodate this request.<br><br>**Comply with P.R. 4-5(c)** - Reply brief and supporting evidence due re response to claim construction. The moving party is to provide the Court with 2 binders containing their reply brief and exhibits appropriately tabbed. If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor. |

| *21 days before Markman Hearing* | **Comply with P.R. 4-5(b)** - Responsive brief and supporting evidence due to party claiming patent infringement. The moving party is to provide the Court with 2 binders containing their *Markman* brief and exhibits appropriately tabbed. If a technical advisor has been appointed the moving party is to provide their *Markman* brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor. |
|---|---|
| *35 days before Markman Hearing* | **Comply with P.R. 4-5(a)** - The party claiming patent infringement shall serve and file an opening brief and any evidence supporting its claim construction. The moving party is to provide the Court with 2 binders containing their *Markman* brief and exhibits appropriately tabbed. If a technical advisor has been appointed the moving party is to provide their *Markman* brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor. |
| *42 days before Markman Hearing* | Deadline for parties, if they desire, to provide Court with tutorials concerning technology involved in patent. If a technical advisor has been appointed, each party that provides a tutorial shall provide a copy to the advisor. |
| *49 days before Markman Hearing* | **Discovery Deadline - Claim Construction Issues.** |
| *63 days before Markman Hearing* | Respond to Amended Pleadings. |
| *70 days before Markman Hearing* | Parties to provide name, address, phone number, and curriculum vitae for three (3) agreed technical advisors and information regarding the nominees' availability for *Markman* hearing or a statement that they could not reach an agreement as to any potential technical advisor. |
| *77 days before Markman Hearing* | Amended Pleadings (pre-claim construction) due from all parties. It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after the deadline. However, if the amendment would affect preliminary infringement contentions or preliminary invalidity contentions, a motion must be made pursuant to Patent Rule 3-7 irrespective of whether the amendment is made prior to this deadline. |
| *80 days before Markman Hearing* | **Comply with P.R. 4-3 - Filing of Joint Claim Construction and Prehearing Statement.** |
| *110 days before Markman Hearing* | Comply with P.R. 4-2 - Exchange of Preliminary Claim Constructions and Extrinsic Evidence. Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents). |

| 65 days from Sched Conference | Comply with P.R. 4-1 - Exchange Proposed Terms and Claim Elements for Construction. |
|---|---|
| 55 days from Sched Conference | Comply with P.R. 3-3 - Preliminary Invalidity Contentions due. Thereafter, it is necessary to obtain leave of Court to add and/or amend invalidity contentions, pursuant to Patent Rule 3-7. Add any inequitable conduct allegations to pleadings. It is not necessary to file a motion for leave to add inequitable conduct allegations to pleadings prior to this date. Thereafter, it is necessary to obtain leave of Court to add inequitable conduct allegations to pleadings. |
| 10 days from Sched Conf | Comply with P.R. 3-1 and P.R. 3-2 - Disclosure of Asserted Claims and Preliminary Infringement Contentions due. Thereafter, it is necessary to obtain leave of Court to add and/or amend infringement contentions, pursuant to Patent Rule 3-7. Join Additional Parties. It is not necessary to file a motion to join additional parties prior to this date. Thereafter, it is necessary to obtain leave of Court to join additional parties. Add new patents and/or claims for patents-in-suit. It is not necessary to file a motion to add additional patents or claims prior to this date. Thereafter, it is necessary to obtain leave of Court to add patents or claims. |
| | Mediation. The Court refers most cases to mediation. The parties should discuss proposed mediators and timing of mediation prior to the Scheduling Conference and be prepared with a recommendation for the Court. |
| Deadline Date | **Mediation to be completed. (Name), (address), and (phone number)** is appointed as mediator in this cause. The mediator shall be deemed to have agreed to the terms of Court Ordered Mediation Plan of the United States District Court of the Eastern District of Texas by going forth with the mediation in accordance with this order. General Order 99-2. |
| No. of trial days | **EXPECTED LENGTH OF TRIAL** |

In the event that any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.

The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the Court will assume that the party has no opposition." Local Rule CV-7(e) provides that a party opposing a motion has 15 days in which to serve and file supporting documents and briefs after which the Court will consider the submitted motion for decision.

## OTHER LIMITATIONS

(a)     All depositions to be read into evidence as part of the parties' case-in-chief shall be EDITED so as to exclude all unnecessary, repetitious, and irrelevant testimony; ONLY those portions which are relevant to the issues in controversy shall be read into evidence.

(b)     The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter.  See Eastern District of Texas Local Rule CV-7(h).

(c)     The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

(i)      The fact that there are motions for summary judgment or motions to dismiss pending;

(ii)     The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

(iii)    The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | Civil Action No. 2:06cv224 [LED] |
| | § | JURY DEMANDED |
| TIME WARNER CABLE INC. | § | |

## <u>AGREED MOTION FOR CONTINUANCE OF RULE 26(f) CONFERENCE</u>

Plaintiff Rembrandt Technologies, LP ("Rembrandt") and Defendant Time Warner Cable

Inc. ("Time Warner") move jointly for a continuance of the Rule 26(f) Conference until September

14, 2006.

The parties request that this Motion be granted.

Dated: September 6, 2006                    Respectfully submitted,

                                            */s/ Diane V. DeVasto*
                                            Diane V. DeVasto
                                            State Bar No. 05784100
                                            dianedevasto@potterminton.com
                                            POTTER MINTON
                                            A Professional Corporation
                                            110 N. College, Suite 500
                                            Tyler, Texas 75702
                                            903/597-8311
                                            903/593-0846 Facsimile

                                            ATTORNEYS FOR
                                            TIME WARNER CABLE INC.

*/s/Jeffrey A. Carter (with permission by Diane V. DeVasto)*

Jeffrey A. Carter
State Bar No. 03919400
jcarter@mckoolsmith.com
McKool Smith P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
214/978-4006
214/978/4044 Facsimile

ATTORNEYS FOR
REMBRANDT TECHNOLOGIES, LP

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 6th of September 2006.  Any other counsel of record will be served by first class mail.

*/s/Diane V. DeVasto*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | Civil Action No. 2:06cv224 [LED] |
| | § | JURY DEMANDED |
| TIME WARNER CABLE INC. | § | |

## ORDER GRANTING AGREED MOTION FOR CONTINUANCE
## OF RULE 26(f) CONFERENCE

Plaintiff Rembrandt Technologies, LP ("Rembrandt") and Defendant Time Warner Cable

Inc. ("Time Warner") have requested that the Court reset the Rule 26(f) Conference.

Accordingly, it is ORDERED that the Rule 26(f) Conference is hereby rescheduled to

September 14, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | Civil Action No. 2:06cv224 [LED] |
| | § | JURY DEMANDED |
| TIME WARNER CABLE INC. | § | |

**ORDER GRANTING AGREED MOTION FOR CONTINUANCE
OF RULE 26(f) CONFERENCE**

Plaintiff Rembrandt Technologies, LP ("Rembrandt") and Defendant Time Warner Cable

Inc. ("Time Warner") have requested that the Court reset the Rule 26(f) Conference.

Accordingly, it is ORDERED that the Rule 26(f) Conference is hereby rescheduled to

September 14, 2006.

**So ORDERED and SIGNED this 7th day of September, 2006.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **REMBRANDT TECHNOLOGIES, LP,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CASE NO. 2:06-CV-224 [LED]** |
| | § | **JURY TRIAL REQUESTED** |
| **TIME WARNER CABLE  INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## REMBRANDT TECHNOLOGIES, LP'S CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Plaintiff Rembrandt Technologies, LP ("Rembrandt"), hereby advises the Court that Rembrandt, a New Jersey limited partnership, has no parent corporation, nor is there any publicly held corporation that has a 10% or more ownership interest in Rembrandt.

DATED:  September 8, 2006                    Respectfully submitted,

        /s/ Sam Baxter
Sam Baxter
State Bar No. 01938000
**McKOOL SMITH, P.C.**
505 E. Travis, Suite 105
Marshall, Texas  75670
Telephone:  (903) 927-2111
Telecopier:  (903) 927-2622
sbaxter@mckoolsmith.com

Jeffrey A. Carter
State Bar No. 03919400
**McKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas  75201
Telephone:  (214) 978-4006
Telecopier:  (214) 978-4044
jcarter@mckoolsmith.com

Travis Gordon White
State Bar No. 21333000
**McKOOL SMITH, P.C.**
300 W. 6th Street, Suite 1700
Austin, Texas  78701
Telephone:  (512) 692-8700
Telecopier:  (512) 692-8744
gwhite@mckoolsmith.com

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas  75702
Telephone:  (903) 531-3535
Telecopier:  (903) 533-9687
cbunt@cox-internet.com
rmparker@cox-internet.com

**REMBRANDT TECHNOLOGIES, LP'S CORPORATE**
**DISCLOSURE STATEMENT - PAGE 2**
Dallas 225061v1

Otis Carroll
State Bar No. 03895700
Patrick Kelley
State Bar No. 11202500
Collin Maloney
State Bar No. 00794219
**IRELAND, CARROLL & KELLEY, P.C.**
6101 S. Broadway, Suite 500
Tyler, Texas  75703
Telephone:  (903) 561-1600
Telecopier:  (903) 581-1071
Fedserv@icklaw.com

Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Andrew W. Spangler
State Bar No. 24041960
**BROWN McCARROLL LLP**
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas  75601-5157
Telephone:  (903) 236-9800
Telecopier:  (903) 236-8787
ccapshaw@mailbmc.com
ederieux@mailbmc.com
aspangler@mailbmc.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

# CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 8th day of September, 2006.


/s/ Sam Baxter_____
Sam Baxter

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | **CASE NO. 2:06-CV-224 [LED]** |
| | § | **JURY TRIAL REQUESTED** |
| TIME WARNER CABLE  INC. | § | |
| | § | |
| **Defendant.** | § | |

### PLAINTIFF'S REPLY TO DEFENDANT'S ANSWER AND COUNTERCLAIMS

Plaintiff Rembrandt Technologies, LP ("Rembrandt") respectfully submits this Reply to the Answer and Counterclaims of Defendant Time Warner Cable Inc. ("Time Warner") filed August 23, 2006:

### PARTIES

1.      Admitted.

2.      Admitted.

### JUSISDICTION AND VENUE

3.      Rembrandt admits that Time Warner purports through its counterclaims to seek a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and that this Court has jurisdiction over such claims, but denies that Time Warner is entitled to its requested relief.

4.      Admitted.

5.      Admitted.

6.      Admitted.

## FIRST COUNTERCLAIM

7.  Rembrandt repeats and re-alleges its response to paragraphs 1-6 of the Counterclaims, and further incorporates by reference its allegations in its Complaint filed June 1, 2006.

8.  Denied.

## SECOND COUNTERCLAIM

9.  Rembrandt repeats and re-alleges its response to paragraphs 1-8 of the Counterclaims, and further incorporates by reference its allegations in its Complaint filed June 1, 2006.

10.  Denied.

## PRAYER FOR RELIEF

WHEREFORE, Rembrandt prays that the Court deny in all respects Time Warner's prayer for relief, that the Court enter judgment against Time Warner on all claims alleged by Time Warner, and that the Court enter on behalf of Rembrandt:

(a)  a judgment that Time Warner has infringed the Rembrandt patents-in-suit directly and/or indirectly by way of inducing infringement and/or contributing to the infringement of those patents;

(b)  a permanent injunction enjoining and restraining Time Warner and its agents, servants, employees, affiliates, divisions and subsidiaries, and those in association therewith, from making, using, offering to sell, selling, and importing into the United States any product, or using, offering to sell, or selling any service, which falls within the scope of any claim of the patents-in-suit;

2

(c)        a judgment and order requiring Time Warner to pay Rembrandt damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of final judgment with an accounting as needed;

(d)        a judgment and order requiring Time Warner to pay Rembrandt pre-judgment and post-judgment interest on the damages awarded;

(e)        a judgment and order finding this to be an exceptional case and requiring Time Warner to pay the costs of this action (including all disbursements) and attorney's fees as provided by 35 U.S.C. § 285; and

(f)        such other and further relief as the Court deems just and equitable.

DATED: Sepbember 11, 2006        Respectfully submitted,


/s/ Sam Baxter           
Sam Baxter
State Bar No. 01938000
**McKOOL SMITH, P.C.**
505 E. Travis, Suite 105
Marshall, Texas  75670
Telephone:  (903) 927-2111
Telecopier:  (903) 927-2622
sbaxter@mckoolsmith.com

Jeffrey A. Carter
State Bar No. 03919400
**McKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas  75201
Telephone:  (214) 978-4006
Telecopier:  (214) 978-4044
jcarter@mckoolsmith.com

3

Travis Gordon White
State Bar No. 21333000
**McKOOL SMITH, P.C.**
300 W. 6th Street, Suite 1700
Austin, Texas  78701
Telephone:  (512) 692-8700
Telecopier:  (512) 692-8744
gwhite@mckoolsmith.com

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas  75702
Telephone:  (903) 531-3535
Telecopier:  (903) 533-9687
cbunt@cox-internet.com
rmparker@cox-internet.com

Otis Carroll
State Bar No. 03895700
Patrick Kelley
State Bar No. 11202500
Collin Maloney
State Bar No. 00794219
**IRELAND, CARROLL & KELLEY, P.C.**
6101 S. Broadway, Suite 500
Tyler, Texas  75703
Telephone:  (903) 561-1600
Telecopier:  (903) 581-1071
Fedserv@icklaw.com

4

Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Andrew W. Spangler
State Bar No. 24041960
**BROWN McCARROLL LLP**
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas  75601-5157
Telephone:  (903) 236-9800
Telecopier:  (903) 236-8787
ccapshaw@mailbmc.com
ederieux@mailbmc.com
aspangler@mailbmc.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 11th day of September,  2006.

/s/ Sam Baxter_____
Sam Baxter

5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CASE NO. 2:06-cv-224 [LED] |
| | § | JURY DEMANDED |
| | § | |
| TIME WARNER CABLE INC. | § | |

**TIME WARNER CABLE INC.'S MOTION TO CONSOLIDATE THIS ACTION WITH
NO. 2:06-CV-223 PURSUANT TO FRCP 42 and CV 42
AND
MOTION TO CONTINUE THE
SEPTEMBER 20, 2006 SCHEDULING CONFERENCE**

Pursuant to LOCAL RULE CV-42 and FED. R. CIV. P. 42, Time Warner Cable Inc. ("TWC") moves to consolidate this Action with an identical action – involving the same patents and allegations – filed five minutes before this action against other cable companies.

Additionally, in light of this request for consolidation and in light of TWC's national counsel's unavailability for the September 20, 2006 scheduling conference, TWC respectfully requests that the Court continue its currently scheduled September 20, 2006 Scheduling Conference.

In support thereof, TWC would respectfully show the Court the following:

**I.    Factual Background**

On June 1, 2006, Rembrandt filed two actions within five minutes of each other.

Rembrandt filed this action at 4:43 PM CST against TWC. The Plaintiff alleged that the TWC has infringed four patents:  No. 5,243,627, No. 5,852,631, No. 5,719,858, and No. 4,937,819.

Five minutes later, at 4:48 PM CST, Rembrandt filed Cause No. 2:06-cv-223 against Charter Communications entities, Cox Communication Entities, and Cablevision Systems Corporation. The Plaintiff alleged that the Defendants infringed the same four patents as in the instant action. In addition, the causes of action and allegations are identical in both cases.

Additionally, it should be noted that an action on this same patent was filed months earlier. This suit, styled Rembrandt v. Comcast, et al (2:05cv443), is set before U.S. District Judge John Ward. It is set for Markman Hearing on February 8, 2007 and trial on August 6, 2007.

The Court set this action for scheduling conference on September 20, 2006, but the '223 action has not yet been set for scheduling conference.

## II.   The Nature of Consolidation and the Requirements thereof: Local Rule CV-42 and FED. R. CIV. P. 42

LOCAL RULE CV-42 ("Local Rule CV-42") and FED. R. CIV. P. 42 ("Rule 42") govern the consolidation of actions pending before the Court. Rule 42(a) states that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

And Local Rule CV-42(b) is even more expansive, as it states that "[w]hen two or more actions are pending before a judge which involve either **(1)** a common question of law or fact; *or* **(2)** the same parties and issues; *or* **(3)** different or additional parties and issues all of which arise out of the same transaction or occurrence, that judge may order that all or part of the actions be consolidated."[1]

---

[1] Emphasis added.

Both are used to implement the ideals underlying the FEDERAL RULES OF CIVIL PROCEDURE – to secure the just, speedy, and inexpensive determination of every action.[2]

The purpose of consolidation is to enhance efficiency and to avoid the substantial danger of inconsistent adjudications.[3]  But consolidation does not merge separate lawsuits into a single action, change the rights of the parties, or make parties in one suit parties in another action.[4]

And in deciding whether or not to consolidate, the Court should balance the saving of time and effort versus inconvenience, delay, or expense to the parties as a result of consolidation.[5]  Consolidation is also improper if it would prejudice the rights of parties to an action,[6] but the Court may order consolidation despite opposition by *all* parties.[7]

In this District, "[m]eeting the standard for consolidation is quite easy."[8]  Not only is it easy to meet the standard in light of the relatively low burden in Rule 42(a) – a common question of law or fact - but it is also easy to meet the standard in light of the two additional grounds for

---

[2] *See* FED. R. CIV. P. 1.

[3] *Bristol-Myers Squibb Co. v. Safety Nat'l Casualty Corp.*, 43 F. Supp. 2d 734, 745 (E.D. Tex. 1999) (Opinion of U.S. Magistrate Judge Hines, adopted by Judge Heartfield).

[4] *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933); *Bristol-Myers,* 43 F. Supp. 2d at 745.

[5] *St. Bernard Gen. Hosp., Inc. v. Hosp. Svc. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983) ("Consolidating actions in a district court is proper when the cases involve common questions of law and fact, and the district judge finds that it would avoid unnecessary costs or delay."); *Bristol-Myers,* 43 F. Supp. 2d at 745.

[6] *See Dupont v. S. Pac. Co.*, 366 F.2d 193, 195 (5th Cir. 1966) ("However, in resorting to the use of Rule 42(a) the trial judge should be most cautious not to abuse his judicial discretion and to make sure that the rights of the parties are not prejudiced by the order of consolidation under the facts and circumstances of the particular case.  Where prejudice to rights of the parties obviously results from the order of consolidation, the action of the trial judge has been held reversible error."); *see also St. Bernard,* 712 F.2d at 989 ("Consolidation is improper if it would prejudice the rights of the parties.").

[7] *See St. Bernard,* 712 F.2d at 989 ("The district court may order consolidation despite the opposition of the parties.").

[8] *Santa Fe Int'l Corp. v. Transcontinental Gas Pipe Line Corp.*, 728 F. Supp. 435, 437 (E.D. Tex. 1989) (Cobb, J.) ("Meeting the standard for consolidation is quite easy – 'actions involving a common question of law or fact' – and is achieved in this case since the two actions involve identical parties and law and virtually identical contracts, facts, witnesses, pleadings, and defenses.").

consolidation found within Local Rule CV-42(b): when actions pending before the Court involve the same parties and issues *or* different or additional parties and issues all of which arise out of the same transaction or occurrence. And the Fifth Circuit has urged trial judges to make good use of Rule 42 where the standard is met in order to expedite trial and eliminate unnecessary repetition and confusion.[9]

Patent cases are especially amenable to consolidation. In *Rohm And Haas Company v. Mobil Oil Corporation*,[10] the court addressed a similar situation addressed by this Court – six patents underlying two separate actions – and the court consolidated both actions based, in part, upon the following analysis:

> It is undisputed that the two civil actions at issue involve common questions of law and fact. All of the six patents underlying the two suits are directed toward different Blazer compounds and the claims of several of these patents overlap. Moreover, Mobil's patents all can be traced to a common disclosure . . .
>
> \*      \*      \*
>
> Although the Court is well aware of the protracted nature of the 1978 action and is sensitive to Mobil's ostensible desire for expeditious resolution of this controversy, it believes that consolidation will appreciably serve the interests of judicial economy for several reasons. First, there is no indication that the 1978 action will soon be ready for trial. No discovery cut-off date has been set and at the time that the motion to consolidate was filed in July, 1981, Rohm & Haas had noticed at least eight additional depositions. Second, the questions to be decided in both suits are highly technical and closely intertwined. There is little logic in forcing the court to educate itself on the intricate factual details and complex legal issues common to both suits on two occasions, in preparation for two separate trials. Third, both cases will undoubtedly involve a large number of the same witnesses, and the same documentary evidence and exhibits, thus raising the specter of inefficient and wasteful duplication. . .[11]

---

[9] *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973); *Dupont,* 366 F.2d at 195.

[10] 525 F. Supp. 1298 (D. Del. 1981).

[11] *Rohm & Haas*, 525 F. Supp. at 1309-10 (internal citations omitted); *see also Smithkline Beecham Corp. v. Geneva Pharms., Inc.*, Civil Actions No. 99-CV-2926, *et al.*, 2001 U.S. Dist. LEXIS 17434, at \*19-\*21 (E.D. Pa. Sept. 28, 2001) (not designated for publication); *see also The Magnavox Co. v. APF Electronics, Inc.*, 496 F. Supp. 29, 32-33 (N.D. Ill. 1980) (one patent).

## III.    The Five-Minute Actions should be Consolidated

### A.    *Standard of Review*

The Court has discretion to consolidate, and an order consolidating these actions would not be disturbed on appeal except for an abuse thereof.[12]

### B.    *The Five-Minute Actions Involve the Same Party-Plaintiff*

These actions involve the same plaintiff.

| PARTY | THE '223 ACTION | THE '224 ACTION |
|---|---|---|
| PLAINTIFF | Rembrandt Technologies, L.P. | Rembrandt Technologies, L.P. |
| DEFENDANTS | Charter Communications, Inc.<br><br>Charter Communications Operating, LLC<br><br>Cox Communications, Inc.<br><br>CoxCom, Inc.<br><br>Cox Enterprises, Inc.<br><br>CSC Holdings, Inc.<br><br>Cablevision Systems Corporation | Time Warner Cable Inc. |

### C.    *The Five-Minute Actions Address Common Issues of Law and Fact*

And these actions, as a practical matter, also mirror one another in terms of the issues to be decided by the Court and the Trier of Fact.

---

[12] *See, e.g., Gentry,* 487 F.2d at 581 ("The stated purpose of Rule 42(a) is to 'avoid unnecessary costs or delay', and hence the decision to invoke the rule is entirely within the discretion of the district court as it seeks to promote the administration of justice.").

5

|  | **THE '223 ACTION** | **THE '224 ACTION** |
|---|---|---|
| **TYPE OF ACTION** | Action for Alleged Patent Infringement | Action for Alleged Patent Infringement |
| **PATENTS ALLEGED TO BE INFRINGED** | No. 5,243,627<br><br>No. 5,852,631<br><br>No. 5,719,858<br><br>No. 4,937,819 | No. 5,243,627<br><br>No. 5,852,631<br><br>No. 5,719,858<br><br>No. 4,937,819 |
| **NATURE OF THE TECHNOLOGY AT ISSUE ACCORDING TO REMBRANDT'S COMPLAINT** | Digital Terrestrial broadcast signals that comply with the ATSC Digital Television Standard (¶ 17);<br><br>High Speed Internet Service (¶ 23); and<br><br>Voice Over IP (VoIP) (¶ 35). | Digital Terrestrial broadcast signals that comply with the ATSC Digital Television Standard (¶ 10);<br><br>High Speed Internet Service (¶ 16); and<br><br>Voice Over IP (VoIP) (¶ 22). |
| **JURY TRIAL DEMANDED** | Yes. | Yes. |

The only difference between these two actions is that Rembrandt sued TWC separately from the other cable companies. Because the allegations in the cases are identical, however, Rembrandt believes that the issues of fact and the issues of law will be the same. But even the fact that there may be other questions which are *not* common to the two actions does not preclude consolidation.[13]

In actuality, however, the Plaintiff's complaints in both actions are almost mirror images of one another, the patents are the same, and the party-Plaintiff is the same, consolidation of the

---

[13] *Schreiber Trucking Co. v. Rail Trailer Co.*, 194 F. Supp. 164, 165 (E.D. Pa. 1961) ("Since there is a question of fact which is common to all the actions (the negligence in starting the fire) that is sufficient to make a consolidation possible. That there are other questions which are not common to all the actions does not remove the right to consolidate.").

actions is proper under Rule 42(a) ("common question of law or fact") and Local Rule CV-42(b)(1 & 2) ("a common question of law or fact" and "the same parties and issues.").

But if for any reason the Court were to conclude otherwise, Local Rule CV-42(b)(3) also provides an even more liberal standard for consolidation:  consolidation is proper when "different or additional parties and issues all of which arise out of the same transaction or occurrence."  This Court, interpreting the same standard under FED. R. CIV. P. 20, indicated in *MyMail, Ltd. v. America Online, Inc.*,[14] that "[t]ransactions or occurrences satisfy the series of transactions or occurrences requirement of Rule 20(a) if there is *some* connection or logical relationship between the various transactions or occurrences . . . [and] [a] logical relationship exists if there is *some* nucleus of operative facts or law."

The commonality of the nuclei in this case is of atomic proportions – practically every issue of fact and law would undeniably have *some* connection with every other issue of fact and law in this case.  Because the patents in suit in the two cases are identical and because Acacia's infringement allegations are directed to public communications standards which it alleges all cable companies follow, Rembrandt itself believes that the Markman hearings would almost be identical, the patent rule disclosures would almost be identical, the discovery would largely be duplicated, the admissible evidence offered in each case will be almost identical, the pre-trial issues will almost be identical – in short, the cases are twins – separated at birth by a five-minute span.

As such, under Rule 42(a), Local Rule CV-42(b) (1 & 2), and Local Rule CV-42(b)(3), consolidation of these actions is respectfully required.

---

[14] 223 F.R.D. 455, 456 (E.D. Tex. 2004) (Davis, J.) (emphasis added, internal citations omitted).

**D.** *There is No Unfair Prejudice, Delay, or Expense That Would Result from Consolidation of the Actions*

Any argument of unfair prejudice, delay, confusion, or expense resulting from consolidation will be unfounded; the cases are at an identical procedural location. No discovery has commenced, and no scheduling conference has yet occurred.

As such, balancing the interests, the Court should respectfully consolidate these actions.

## IV. Alternatively, The PreTrial Aspects of the Two Actions Should Be Consolidated

Alternatively, TWC would move the Court to at least consolidate the pretrial aspects of and proceedings related to the two actions, including discovery, the Markman Hearing, and any and all pretrial motions – dispositive or otherwise.

A court's decision to consolidate pre-trial proceedings is also within its discretion – stated another way, a court may consolidate the pretrial portions of two actions instead of consolidating them in their entirety.[15] And alternatively, in the event the Court does not consolidate the actions in their entirety, TWC respectfully urges the Court to at least consolidate the pretrial aspects of the two sister actions.

## V. Alternatively, TWC Respectfully Requests that the September 20, 2006 Scheduling Conference be Continued due to Kaye Scholer, LLP's Unavailability to Attend

Alternatively, TWC would move the Court to at least continue the September 20, 2006 scheduling conference due to the unavailability of TWC's lead attorney at Kaye Scholer LLP that day. Local counsel is available, but the lead attorneys in this action would appreciate the opportunity to meet and see the Court, in person, through such Scheduling Conference.

---

[15] *See, e.g., Katz v. Realty Equities Corp. of N.Y.*, 521 F.2d 1354, 1358-59 (2d Cir. 1975) (consolidated complaint); *see also MacAlister v. Guterma*, 263 F.2d 65, 68 (2d Cir. 1958); *see also Firemen's Ins. Co. of Newark, N.J. v. Keating*, 753 F. Supp. 1137, 1141 (S.D.N.Y. 1990); *see also The Magnavox Co. v. APF Electronics, Inc.*, 496 F. Supp. 29, 32 (N.D. Ill. 1980).

## VI.     Conclusion

The convenience, consistency, and judicial economy allowed by conducting one proceeding – instead of two mirror proceedings – cannot be overstated.  And for the foregoing reasons, TWC respectfully moves to consolidate the '223 and '224 actions together, or alternatively, to consolidate the pretrial matters of both actions; or alternatively, to continue the September 20, 2006 Scheduling Conference.

Dated: September 15, 2006                              Respectfully submitted,

                                                                          */s/ Diane V. DeVasto*
                                                                          Michael E. Jones
                                                                          State Bar No. 10929400
                                                                          mikejones@potterminton.com
                                                                          Diane V. DeVasto
                                                                          State Bar No. 05784100
                                                                          dianedevasto@potterminton.com
Michael A. Rogoff                                            POTTER MINTON, P.C.
David S. Benyacar                                          110 North College
KAYE SCHOLER LLP                                  500 Plaza Tower
425 Park Avenue                                           Tyler, Texas 75702
New York, New York 10022                       Telephone:  (903) 597-8311
Telephone:  (212) 836-8000                      Facsimile:   (903) 593-0846
Facsimile:   (212) 836-8689

                                                                          **ATTORNEYS FOR
                                                                          TIME WARNER CABLE INC.**

<u>**CERTIFICATE OF CONFERENCE**</u>

Counsel for TWC conferred with counsel for Rembrandt in a good faith attempt to resolve this matter without court intervention.  Parties were unable to reach an agreement, and thus, this motion is OPPOSED.

                                                                          */s/ Diane V. DeVasto*

9

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 15th day of September, 2006. Any other counsel of record will be served by first class mail.

*/s/ Diane V. DeVasto*

{A48\7477\0002\W0311750.5 }

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CASE NO. 2:06-cv-224 [LED] |
| | § | JURY DEMANDED |
| TIME WARNER CABLE INC. | § | |

**ORDER GRANTING TIME WARNER CABLE INC.'S MOTION TO CONSOLIDATE THIS ACTION WITH NO. 2:06-CV-223 PURSUANT TO FRCP 42 and CV 42**

Pursuant to LOCAL RULE CV-42 and FED. R. CIV. P. 42 Time Warner Cable, Inc. moved to consolidate this Action in Cause No. 2:06-cv-223 (LED) E.D. Tex.  Having considered the matter, the Court GRANTS the motion.

It is ORDERED that the action styled Rembrandt Technologies, LP v. Time Warner Cable, Inc., Cause No. 2:06-cv-224 (LED) E.D. Tex. is hereby consolidated in Rembrandt Technologies, LP v. Charter Communications, Inc., et al., Cause No. 2:06-cv-223 (LED) E.D. Tex. for all purposes.

It is also ORDERED that the parties meet and confer following the issuance of the Court's notice of scheduling conference, proposed discovery order, and proposed docket control order in the '223 action to facilitate the consolidation.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 2:06cv224 [LED]** |
| **v.** | § | **JURY DEMANDED** |
| | § | |
| TIME WARNER CABLE INC., | § | |
| | § | |
| **Defendant.** | § | |

## JOINT NOTICE OF CONFERENCE
## <u>REGARDING PROPOSED DISCOVERY ORDER</u>

Rembrandt Technologies, LP ("Rembrandt") and Time Warner Cable Inc. ("Time Warner") hereby file this Joint Notice of Conference Regarding Proposed Discovery Order to inform the Court of the results of the parties' conference under Federal Rule of Civil Procedure 26(f) and P.R. § 2-1.

**<u>Plaintiff's Submission</u>**

Rembrandt has proposed that Rembrandt and Time Warner agree to the proposed Discovery Order attached hereto as Exhibit A. It is Rembrandt's understanding that Time Warner does not agree to any terms in the proposed Discovery Order because Time Warner intends to file a motion for consolidation. Rembrandt opposes the motion for consolidation. It is also Rembrandt's understanding that Time Warner specifically opposes two provisions in the proposed Discovery Order. First, paragraph 2 (B) of Rembrandt's proposed Discovery Order states that each party's obligation to voluntarily produce relevant materials includes a voluntary production of "software, including source code and related materials," and Time Warner will not

**JOINT NOTICE OF CONFERENCE REGARDING**
**PROPOSED DISCOVERY ORDER - PAGE 1**

agree to such a voluntary production obligation.  Second, paragraph 4 (D) of Rembrandt's

proposed Discovery Order states, in pertinent part,

> . . . The parties will promptly serve each other with copies of any
> documents produced by third-parties pursuant to subpoena or
> otherwise.  The parties, however, must begin a rolling production
> of such documents no later than five (5) business days after receipt
> of such third-party documents, and the parties will be required to
> complete such production within the reasonable time required for
> copying.  The parties will produce all such documents no later than
> five (5) days before any deposition of the third-party from whom
> the documents were originally produced.

Time Warner has not agreed to the foregoing provision.

### Defendant's Submission

Time Warner Cable Inc. has filed a Motion to Consolidate Civil Action No. 2:06-cv-224

with Civil Action No. 2:06-cv-223 pursuant to FRCP 42 and CV 42 and included within said

motion, a Motion to Continue the September 20, 2006 Scheduling Conference.  In that motion,

Time Warner Cable Inc. shows why this matter should be consolidated with Cause No.

2:06-cv-223 and that a scheduling conference in this matter and appropriate docket control

orders and discovery orders should only occur after said consolidation and after defendants in

both of those cases are involved.  This motion is hereby fully incorporated and by reference into

this Joint Conference Report.  Due to the fact this matter should be consolidated with said other

action, Time Warner Cable Inc. does not agree to the proposed schedule and other discovery

matters set forth by Rembrandt Technologies, LP.

**JOINT NOTICE OF CONFERENCE REGARDING**
**PROPOSED DISCOVERY ORDER - PAGE 2**

Despite this lack of agreement, Time Warner Cable Inc. has discussed at the appropriate Rule 26(f) conference the proposals with regard to schedule and discovery matters set forth in Plaintiff's recommendations. Time Warner Cable Inc. respectfully disagrees with selected matters set forth in Rembrandt Technologies, LP's proposals.

DATED: September 15, 2006                    Respectfully submitted,


                                             _/s/ Sam Baxter_____
                                             Sam Baxter
                                             State Bar No. 01938000
                                             **McKOOL SMITH, P.C.**
                                             505 E. Travis, Suite 105
                                             Marshall, Texas  75670
                                             Telephone:  (903) 927-2111
                                             Telecopier:  (903) 927-2622
                                             sbaxter@mckoolsmith.com

                                             Jeffrey A. Carter
                                             State Bar No. 03919400
                                             **McKOOL SMITH, P.C.**
                                             300 Crescent Court, Suite 1500
                                             Dallas, Texas  75201
                                             Telephone:  (214) 978-4006
                                             Telecopier:  (214) 978-4044
                                             jcarter@mckoolsmith.com

                                             Travis Gordon White
                                             State Bar No. 21333000
                                             **McKOOL SMITH, P.C.**
                                             300 W. 6th Street, Suite 1700
                                             Austin, Texas  78701
                                             Telephone:  (512) 692-8700
                                             Telecopier:  (512) 692-8744
                                             gwhite@mckoolsmith.com

**JOINT NOTICE OF CONFERENCE REGARDING
PROPOSED DISCOVERY ORDER - PAGE 3**

Dallas 225603v1

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas  75702
Telephone:  (903) 531-3535
Telecopier:  (903) 533-9687
cbunt@cox-internet.com
rmparker@cox-internet.com

Otis Carroll
State Bar No. 03895700
Patrick Kelley
State Bar No. 11202500
**IRELAND, CARROLL & KELLEY, P.C.**
6101 S. Broadway, Suite 500
Tyler, Texas  75703
Telephone:  (903) 561-1600
Telecopier:  (903) 581-1071
Fedserv@icklaw.com

Calvin Capshaw
State Bar No. 03783900
Andrew W. Spangler
State Bar No. 24041960
**BROWN McCARROLL LLP**
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas  75601-5157
Telephone:  (903) 236-9800
Telecopier:  (903) 236-8787
ccapshaw@mailbmc.com
aspangler@mailbmc.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

**JOINT NOTICE OF CONFERENCE REGARDING
PROPOSED DISCOVERY ORDER - PAGE 4**

Dallas 225603v1

/s/ Michael E. Jones (w-perm CJH)
Michael E. Jones
State Bar No. 10929400
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, Texas 75710
Telephone: (903) 597-8311
Telecopier: (903) 593-0846
mikejones@potterminton.com

**ATTORNEYS FOR TIME WARNER
CABLE INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 15th day of September, 2006.

/s/ Sam Baxter
Jeffrey A. Carter

**JOINT NOTICE OF CONFERENCE REGARDING
PROPOSED DISCOVERY ORDER - PAGE 5**

Dallas 225603v1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **REMBRANDT TECHNOLOGIES, LP,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 2:06cv224 [LED]** |
| **v.** | § | **JURY DEMANDED** |
| | § | |
| **TIME WARNER CABLE INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**<u>DISCOVERY ORDER</u>**

        Based on the agreements of the parties, and in accordance with the Scheduling Conference held on September 20, 2006, and in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, the Court enters the following Discovery Order:

1.      **Disclosures.**  Within thirty (30) days after the Scheduling Conference, in lieu of the disclosures called for by Fed. R. Civ. P. 26(a) and without awaiting a discovery request, each party shall disclose to every other party the following information:

    A.      the correct names of the parties to the lawsuit;

    B.      the name, address, and telephone number of any potential parties;

    C.      the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    D.      the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;

    E.      any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    F.      any settlement agreements relevant to the subject matter of this action;

    G.      any statement of any party to the litigation;

2.      **Additional Disclosures.**  Each party shall provide to every other party the following information:

**DISCOVERY ORDER - PAGE 1**

    A.      the disclosures required by the Court's Patent Rules in accordance with the deadlines set forth in said rules and the Court's Docket Control Order;

    B.      to the extent that any party pleads a claim for relief or defensive matter other than those addressed in the Patent Rules[1], within forty-five (45) days after the Scheduling Conference and without awaiting a discovery request, a copy of all documents, data compilations, software, including source code and related materials, and tangible things in the possession, custody, or control of the party that are relevant to those additionally pleaded claims or defenses involved in this action. By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials; and

    C.      within forty-five (45) days after the Scheduling Conference a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying (See Local Rule CV-34), the documents or other evidentiary materials on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and those documents and authorizations described in Local Rule CV-34.

3.      **Testifying Experts.**  By the date provided in the Docket Control Order, each party shall disclose to the other party or parties:

    A.      the expert's name, address, and telephone number;

    B.      the subject matter on which the expert will testify;

    C.      the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the disclosing party, documents reflecting such information;

    D.      if the expert is retained by, employed by, or otherwise subject to the control of the disclosing party;

    E.      all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

    F.      the expert's current resume and bibliography.

4.      **Discovery Limitations.**  Discovery is limited in this cause to the disclosures described in Paragraphs 1 -3 together with the following discovery:

---

[1]The Patent Rules are Appendix M to the Local Rules which are available on the Court's website at www.txed.uscourts.gov.

**DISCOVERY ORDER - PAGE 2**

    **A.**     Interrogatories. Each party will have 60 interrogatories.

    **B.**     **Requests for Admissions.** Each party will have 60 substantive requests for admissions. Each party will have an unlimited number of requests for admissions for authentication and admissibility purposes.

    **C.**     **Party Depositions.** Each party may depose the other for up to 56 hours.

    **D.**     **Third Party Depositions.** Each party may depose each third party supplier, third party with prior art knowledge, inventor, or prosecuting attorney for up to seven hours. Each party also has an additional 42 hours to depose other third parties.

        The parties will serve each other with copies of any third party subpoenas or deposition notices on the same day the subpoena or notice is served on the third-party. The parties will promptly serve each other with copies of any documents produced by third-parties pursuant to subpoena or otherwise. The parties, however, must begin a rolling production of such documents no later than five (5) business days after receipt of such third-party documents, and the parties will be required to complete such production within the reasonable time required for copying. The parties will produce all such documents no later than five (5) days before any deposition of the third-party from whom the documents were originally produced.

    **E.**     **Experts.** Each party may have up to four experts.

    **F**.     **Expert Depositions.** Each party may depose the opposing party's experts up to seven hours for each "burden of proof" report and each "rebuttal" report submitted by each expert. For example, if an expert submits only a "burden of proof" report that expert would be subject to no more than seven hours of deposition time. If the expert submitted a "burden of proof" report and a "rebuttal report," that expert would be subject to no more than 14 hours of deposition time, seven hours per each report.

        Document discovery pertaining to the experts will be limited to the final expert report and materials relied on by the expert to reach his conclusions.

 "Side" means a party or a group of parties with a common interest.

5.    **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference. By the date provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. A party may move the Court for an order compelling the production

**DISCOVERY ORDER - PAGE 3**

Dallas 225233v1

of any privileged documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall file a notice so stating by the date provided in the Docket Control Order.

6. **Pre-trial Disclosures.** By the date provided in the Docket Control Order, each party shall provide to every other party the following disclosures regarding the evidence that the disclosing party intends to present at trial:

   A.   The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

   B.   The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

   C.   An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

   By the date provided in the Docket Control Order, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph "B." above; and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph "C." above. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7. **Signature.**  The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

8. **Exchange of Disclosures.** If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5.

9. **Notification of the Court.** The parties shall promptly file a notice with the Court that the disclosures required under this order have taken place.

10. **Duty to Supplement.** After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on

**DISCOVERY ORDER - PAGE 4**

Dallas 225233v1

the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

11.   **Protective Orders.**  The parties have 14 days from entry of this Discovery Order to either submit a joint proposed Protective Order or to move individually for entry of a Protective Order.

12.   **Rules of Practice.** The Court's rules of practice for patent cases are on the Court's website at www.txed.uscourts.gov.

13.   **Discovery Disputes.** Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(f). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(f).

14.   **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not filly completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue. Parties asserting the defense of qualified immunity may submit a motion to limit disclosure to those materials necessary to decide the issue of qualified immunity.

15.   **E-Filing.** Except for good cause shown or as provided in the Local Rules, all documents (with exception of those documents referenced in the local rules) in cases pending in this Court shall be filed electronically. This includes notices of disclosure, notices of no privilege issues, proposed orders, and mediator's reports. The file in each case is maintained electronically. Neither the clerks office nor the Court will maintain a paper file except as provided in the local rules.

When filing electronically, the Court prefers:

(i)    that documents be published to PDF and then filed with the Court rather than filing scanned documents;

(ii)   proposed orders be included as attachments to motions filed rather than incorporated within the body of the filed motion;

(iii)  proposed orders should NOT contain an "it is so ordered" designation, signature line, or date line since this information is contained in the Judge's electronic signature stamp and

**DISCOVERY ORDER - PAGE 5**

(iv)     proposed orders should NOT contain the word "Proposed" in the title of the document.

16.     **Courtesy Paper Copies.**  In cases pending before this Court, the parties are exempt from complying with Local Rule CV-5 which requires that paper copies be provided to the presiding judge's chambers if a document exceeds five pages in length. Paper copies will not be accepted by this Court unless specifically requested or as provided below.

17.     **Hearing Notebooks.**  Within ten days following the filing of responses to dispositive or Daubert motions, the movant is to provide the Court with an original and one copy of a hearing notebook containing the motion, any response, any reply and any surreply with the corresponding docket numbers on each and all pleadings and exhibits appropriately tabbed.

18.     **Wireless Internet Access.**   Wireless internet access is now available in the Tyler Courthouse. To access the wireless network, users will need a login ID and password, which are changed weekly. The current login ID and password will be available at the security desk in the lobby, through Chambers, or through the Clerk's office.

19.     **Requests for Production.**  Because documents relevant to any claim or defense are to be produced pursuant to the Patent Rules and paragraphs one and two of this Order, requests for production are unnecessary. However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter. The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

20.     **Sealed Documents.** In cases pending before this Court, the parties are notified that, unless a motion requesting otherwise is received from one or both of the parties within ten (10) days from the date of this notice, the Court will issue an order directing the Clerk's office to docket the "title" of all sealed documents (this does not include the substance of the document) on the Court's case management system.