CLOSED, DISCMAG, JURY, PATENT

## U.S. District Court [LIVE]
## Eastern District of TEXAS LIVE (Marshall)
## CIVIL DOCKET FOR CASE #: 2:06-cv-00224-TJW-CE

~ 0 7 - cv 4 0 1

Rembrandt Technologies, LP v. Time Warner Cable
Inc.,
Assigned to: Judge T. John Ward
Referred to: Magistrate Judge Charles Everingham
Cause: 35:271 Patent Infringement

Date Filed: 06/01/2006
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

## Plaintiff

**Rembrandt Technologies, LP**                represented by **Samuel Franklin Baxter**
McKool Smith - Marshall
P O Box O
Marshall, TX 75671
US
903/927-2111
Fax: 903/927-2622
Email: sbaxter@mckoolsmith.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Wesley Spangler**
Brown McCarroll - Longview
1127 Judson Rd - Ste 220
PO Box 3999
Longview, TX 75606-3999
903-236-9800
Fax: 19032368787
Email: aspangler@mailbmc.com
*ATTORNEY TO BE NOTICED*

**Bradley Wayne Caldwell**
McKool Smith
300 Crescent Court
Suite 1500
Dallas, TX 75201
214/978-4000
Fax: 2149784044
Email:
bcaldwell@mckoolsmith.com
*ATTORNEY TO BE NOTICED*

**Charles Ainsworth**
Parker Bunt & Ainsworth
100 E Ferguson
Suite 1114
Tyler, TX 75702
US
903/531-3535
Fax: 903/533-9687
Email: charley@pbatyler.com
*ATTORNEY TO BE NOTICED*

**Collin Michael Maloney**
Ireland Carroll & Kelley
6101 S Broadway
Suite 500
Tyler, TX 75703
903/561-1600
Fax: 9035811071
Email: fedserv@icklaw.com
*ATTORNEY TO BE NOTICED*

**Elizabeth L DeRieux**
Brown McCarroll
1127 Judson Rd - Ste 220
PO Box 3999
Longview, TX 75606-3999
903/236-9800
Fax: 9032368787
Email: ederieux@mailbmc.com
*ATTORNEY TO BE NOTICED*

**Franklin Jones, Jr**
Jones & Jones - Marshall
201 W Houston St
PO Drawer 1249
Marshall, TX 75670
903/938-4395
Fax: 9039383360
Email: maizieh@millerfirm.com
*ATTORNEY TO BE NOTICED*

**James Patrick Kelley**
Ireland Carroll & Kelley
6101 S Broadway

Suite 500
Tyler, TX 75703
903/561-1600
Fax: 9035811071
Email: patkelley@icklaw.com
*ATTORNEY TO BE NOTICED*

**Jeffrey A Carter**
McKool Smith - Dallas
300 Crescent Court
Suite 1200
Dallas, TX 75201
214/978-4006
Fax: 12149784044
Email: jcarter@mckoolsmith.com
*ATTORNEY TO BE NOTICED*

**John Franklin Garvish, II**
McKool Smith - Austin
300 W 6th St
Ste 1700
Austin, TX 78701
512/692-8731
Fax: 512/692-8744
Email: jgarvish@mckoolsmith.com
*ATTORNEY TO BE NOTICED*

**Otis W Carroll, Jr**
Ireland Carroll & Kelley
6101 S Broadway
Suite 500
Tyler, TX 75703
903/561-1600
Fax: 9035811071
Email: Fedserv@icklaw.com
*ATTORNEY TO BE NOTICED*

**Robert Christopher Bunt**
Parker, Bunt & Ainsworth, P.C.
100 East Ferguson, Ste. 1114
Tyler, TX 75702
903/531-3535
Fax: 903/533-9687
Email: rcbunt@pbatyler.com
*ATTORNEY TO BE NOTICED*

**Robert M Parker**
Parker, Bunt & Ainsworth, P.C.
100 E Ferguson
Suite 1114
Tyler, TX 75702
903/531-3535
Fax: 9035339687
Email: rmparker@pbatyler.com
*ATTORNEY TO BE NOTICED*

**Sidney Calvin Capshaw, III**
Brown McCarroll - Longview
1127 Judson Rd - Ste 220
PO Box 3999
Longview, TX 75606-3999
903/236-9800
Fax: 19032368787
Email: ccapshaw@mailbmc.com
*ATTORNEY TO BE NOTICED*

**Thomas Guy Fasone, III**
McKool Smith
300 Crescent Court
Suite 1500
Dallas, TX 75201
214/978-4000
Email: tfasone@mckoolsmith.com
*ATTORNEY TO BE NOTICED*

**Travis Gordon White**
McKool Smith
300 W 6th St
Ste 1700
Austin, TX 78701
512/692-8701
Email: gwhite@mckoolsmith.com
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**Time Warner Cable Inc.,**          represented by **Michael Edwin Jones**
Potter Minton PC
110 N College

Suite 500
PO Box 359
Tyler, TX 75710-0359
903/597/8311
Fax: 9035930846
Email:
mikejones@potterminton.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Allen Franklin Gardner

Potter Minton PC
110 N College
Suite 500
PO Box 359
Tyler, TX 75710-0359
903/597-8311
Email:
allengardner@potterminton.com
*ATTORNEY TO BE NOTICED*

### Daniel Reisner

Kaye Scholer - New York
425 Park Avenue
New York, NY 10022
212/836-8132
Fax: 212/836-6432
Email: dreisner@kayescholer.com
*ATTORNEY TO BE NOTICED*

### David S Benyacar

Kaye Scholer - New York
425 Park Avenue
New York, NY 10022
212/836-8000
Fax: 212/836-8689
Email: dbenyacar@kayescholer.com

*ATTORNEY TO BE NOTICED*

### Diane DeVasto

Potter Minton
110 N. College Street, Suite 500
Tyler, Tx 75702
US

.

.

903-597-8311
Fax: 903-593-0846
Email:
dianedevasto@potterminton.com
*ATTORNEY TO BE NOTICED*

**Michael A Rogoff**
Kaye Scholer - New York
425 Park Avenue
New York, NY 10022
212/836-8000
Fax: 212/836-8689
Email: mrogoff@kayescholer.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Time Warner Cable LLC**                    represented by **Daniel Reisner**
                                             (See above for address)
                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Time Warner Entertainment**                represented by **Daniel Reisner**
**Company, L.P.**                            (See above for address)
                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Time Warner Entertainment-**               represented by **Daniel Reisner**
**Advance/Newhouse Partnership**             (See above for address)
                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Time Warner New York Cable**               represented by **Daniel Reisner**
**LLC**                                      (See above for address)
                                             *ATTORNEY TO BE NOTICED*

**Movant**

**Coxcom, Inc.,**

**Movant**

**Comcast Cable Communications,**
**LLC**

**Movant**

**Comcast Corporation**

**Movant**

**Comcast of Plano, LP**

**Counter Claimant**

**Time Warner Cable Inc.,**                    represented by **Daniel Reisner**
                                               (See above for address)
                                               *ATTORNEY TO BE NOTICED*


V.

**Counter Defendant**

**Rembrandt Technologies, LP**

**Counter Claimant**

**Time Warner Cable LLC**                      represented by **Allen Franklin Gardner**
                                               (See above for address)
                                               *ATTORNEY TO BE NOTICED*

                                               **Daniel Reisner**
                                               (See above for address)
                                               *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Time Warner Entertainment**                  represented by **Allen Franklin Gardner**
**Company, L.P.**                              (See above for address)
                                               *ATTORNEY TO BE NOTICED*

                                               **Daniel Reisner**
                                               (See above for address)
                                               *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Time Warner Entertainment-**                 represented by **Allen Franklin Gardner**
**Advance/Newhouse Partnership**               (See above for address)
                                               *ATTORNEY TO BE NOTICED*

                                               **Daniel Reisner**
                                               (See above for address)
                                               *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Time Warner New York Cable**                 represented by **Allen Franklin Gardner**
**LLC**                                        (See above for address)
                                               *ATTORNEY TO BE NOTICED*

                                               **Daniel Reisner**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Time Warner Cable Inc.,**                    represented by **Daniel Reisner**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Rembrandt Technologies, LP**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/01/2006 | 1 | COMPLAINT against Time Warner Cable Inc., (Filing fee $ 350.) , filed by Rembrandt Technologies, LP. (Attachments: # 1 Civil Cover Sheet # 2)(ehs, ) (Entered: 06/02/2006) |
| 06/01/2006 | | DEMAND for Trial by Jury by Rembrandt Technologies, LP. (ehs, ) (Entered: 06/02/2006) |
| 06/01/2006 | | Filing fee: $ 350.00, receipt number 6-1-5390 (ehs, ) (Entered: 06/02/2006) |
| 06/01/2006 | 2 | Form mailed to Commissioner of Patents and Trademarks. (ehs, ) (Entered: 06/02/2006) |
| 06/28/2006 | | Summons Issued as to Time Warner Cable Inc. (ehs, ) (Entered: 07/13/2006) |
| 07/06/2006 | 3 | NOTICE of Attorney Appearance by Otis W Carroll, Jr on behalf of Rembrandt Technologies, LP (Carroll, Otis) (Entered: 07/06/2006) |
| 07/07/2006 | 4 | E-GOV SEALED SUMMONS Returned Executed Certified mail by Rembrandt Technologies, LP. Time Warner Cable Inc., served on 7/3/2006, answer due 7/24/2006. (ch, ) (Entered: 07/12/2006) |
| 07/14/2006 | 5 | NOTICE of Attorney Appearance by Sidney Calvin Capshaw, III on behalf of Rembrandt Technologies, LP (Capshaw, Sidney) (Entered: 07/14/2006) |
| 07/14/2006 | 6 | NOTICE of Attorney Appearance by Elizabeth L DeRieux on behalf of Rembrandt Technologies, LP (DeRieux, Elizabeth) (Entered: 07/14/2006) |
| 07/19/2006 | 7 | NOTICE of Designation of Attorney in Charge to Samuel Franklin Baxter on behalf of Rembrandt Technologies, LP (Baxter, Samuel) |

| | | (Entered: 07/19/2006) |
|---|---|---|
| 07/19/2006 | 8 | NOTICE of Attorney Appearance by Bradley Wayne Caldwell on behalf of Rembrandt Technologies, LP (Caldwell, Bradley) (Entered: 07/19/2006) |
| 07/19/2006 | 9 | NOTICE of Attorney Appearance by Jeffrey A Carter on behalf of Rembrandt Technologies, LP (Carter, Jeffrey) (Entered: 07/19/2006) |
| 07/19/2006 | 10 | NOTICE of Attorney Appearance by Travis Gordon White on behalf of Rembrandt Technologies, LP (White, Travis) (Entered: 07/19/2006) |
| 07/19/2006 | 11 | NOTICE of Attorney Appearance by John Franklin Garvish, II on behalf of Rembrandt Technologies, LP (Garvish, John) (Entered: 07/19/2006) |
| 07/21/2006 | 12 | NOTICE of Attorney Appearance by Collin Michael Maloney on behalf of Rembrandt Technologies, LP (Maloney, Collin) (Entered: 07/21/2006) |
| 07/25/2006 | 13 | NOTICE of Attorney Appearance by James Patrick Kelley on behalf of Rembrandt Technologies, LP (Kelley, James) (Entered: 07/25/2006) |
| 07/27/2006 | 14 | MOTION for Extension of Time to File Answer re 1 Complaint *[Unopposed]* by Time Warner Cable Inc.,. (Attachments: # 1 Text of Proposed Order)(Jones, Michael) (Entered: 07/27/2006) |
| 07/28/2006 | 15 | ORDER granting 14 Motion for Extension of Time to Answer or otherwise respond. The deadline for Warner Cable Inc to answer or otherwise respond to pla's complaint is extended and including 8/23/06 . Signed by Judge Leonard Davis on 7/28/06. (djh, ) (Entered: 07/31/2006) |
| 08/21/2006 | 16 | NOTICE of Attorney Appearance by Andrew Wesley Spangler on behalf of Rembrandt Technologies, LP (Spangler, Andrew) (Entered: 08/21/2006) |
| 08/23/2006 | 17 | ANSWER to Complaint *and*, COUNTERCLAIM against Rembrandt Technologies, LP by Time Warner Cable Inc.,.(Jones, Michael) (Entered: 08/23/2006) |
| 08/23/2006 | 18 | CORPORATE DISCLOSURE STATEMENT filed by Time Warner Cable Inc., identifying Adelphia Communications Corporation and Time Warner Inc. as Corporate Parent. (Jones, Michael) (Entered: 08/23/2006) |
| 09/01/2006 | 19 | Notice of Scheduling Conference, Proposed Discovery Order and Proposed Dates for Docket Control Order Scheduling Conference set |

| | | |
|---|---|---|
| · | | for 9/20/2006 10:30 AM in (Tyler) before Judge Leonard Davis.. Signed by Judge Leonard Davis on 9/1/06. (ch, ) (Entered: 09/01/2006) |
| 09/06/2006 | 20 | MOTION to Continue *Rule 26(f) Conference (Agreed)* by Rembrandt Technologies, LP, Time Warner Cable Inc.,. (Attachments: # 1 Text of Proposed Order)(DeVasto, Diane) (Entered: 09/06/2006) |
| 09/07/2006 | 21 | ORDER granting 20 Agreed Motion to Continue Rule 26(f) Conference by plaintiff & defendant. ORDER that the Rule 26(f) Conference is hereby rescheduled to September 14, 2006. Signed by Judge Leonard Davis on 9/7/06. (poa, ) Modified on 9/7/2006 (poa, ). (Entered: 09/07/2006) |
| 09/08/2006 | 22 | CORPORATE DISCLOSURE STATEMENT filed by Rembrandt Technologies, LP (Baxter, Samuel) (Entered: 09/08/2006) |
| 09/11/2006 | 23 | ANSWER to Counterclaim by Rembrandt Technologies, LP.(Baxter, Samuel) (Entered: 09/11/2006) |
| 09/15/2006 | 24 | ***WITHDRAWN PER ORDER # 36**** MOTION to Consolidate Cases *pursuant to FRCP 42 and CV 42*, MOTION to Continue *September 20, 2006 Scheduling Conference* by Time Warner Cable Inc.,. (Attachments: # 1 Text of Proposed Order) (DeVasto, Diane) Modified on 9/26/2006 (ch, ). (Entered: 09/15/2006) |
| 09/15/2006 | 25 | NOTICE by Rembrandt Technologies, LP *JOINT NOTICE OF CONFERENCE REGARDING PROPOSED DISCOVERY ORDER* (Attachments: # 1 Text of Proposed Order)(Baxter, Samuel) (Entered: 09/15/2006) |
| 09/15/2006 | 26 | NOTICE by Rembrandt Technologies, LP *JOINT NOTICE OF CONFERENCE REGARDING PROPOSED DOCKET CONTROL ORDER* (Attachments: # 1 Text of Proposed Order)(Baxter, Samuel) (Entered: 09/15/2006) |
| 09/18/2006 | 27 | ***ORDER VACATED PER ORDER 32***ORDER - The court orders Rembrandt Technologies to respond to Time Warner Cable Inc's Motion to Consolidate with 2:06-cv-223 24 by 5 p.m. Friday, 9/22/06. Time Warner may file a reply no later than noon on Tuesday, 9/26/06. The court will hear this motion at 9 a.m. 9/27/06. The court also Reschedules the scheduling conference for that time. Signed by Judge Leonard Davis on 9/18/06. (ch, ) Modified on 9/22/2006 (ch, ). (Entered: 09/18/2006) |
| 09/18/2006 | | Set Deadlines/Hearings: Scheduling Conference set for 9/27/2006 9:00 AM before Judge Leonard Davis. (ch, ) (Entered: 09/18/2006) |
| | | |

| 09/20/2006 | 28 | ORDER - the court transfers this case to the Honorable T. John Ward. Signed by Judge Leonard Davis on 9/20/06. (ch, ) (Entered: 09/20/2006) |
|---|---|---|
| 09/20/2006 | 33 | APPLICATION to Appear Pro Hac Vice by Attorney Michael A Rogoff for Time Warner Cable Inc.. (ch, ) (Entered: 09/25/2006) |
| 09/20/2006 | | Pro Hac Vice Filing fee paid by Rogoff; Fee: $25, receipt number: 2-1-1886 (ch, ) (Entered: 09/25/2006) |
| 09/20/2006 | 34 | APPLICATION to Appear Pro Hac Vice by Attorney David S Benyacar for Time Warner Cable Inc.. (ch, ) (Entered: 09/25/2006) |
| 09/20/2006 | | Pro Hac Vice Filing fee paid by Benyacar; Fee: $25, receipt number: 2-1-1886 (ch, ) (Entered: 09/25/2006) |
| 09/21/2006 | 29 | NOTICE of Attorney Appearance by Robert Christopher Bunt on behalf of Rembrandt Technologies, LP (Bunt, Robert) (Entered: 09/21/2006) |
| 09/21/2006 | 30 | NOTICE of Attorney Appearance by Charles Ainsworth on behalf of Rembrandt Technologies, LP (Ainsworth, Charles) (Entered: 09/21/2006) |
| 09/21/2006 | 31 | Consent MOTION to Vacate 19 Order, Set Deadlines/Hearings *UNOPPOSED MOTION TO VACATE ORDER SETTING SCHEDULING CONFERENCE AND EXPEDITED BRIEFING ON MOTION TO CONSOLIDATE* by Rembrandt Technologies, LP. (Attachments: # 1 Text of Proposed Order)(Baxter, Samuel) (Entered: 09/21/2006) |
| 09/22/2006 | 32 | ORDER - the court vacates Judge Davis 9/18/06 order 27, as a result of the transfer of case to Judge Ward. The hearing set for 9/27/06 on Time Warner Cable Inc Motion to consolidate and the scheduling conference is hereby canceled. The response to Time Warner Cable, Inc. motion to consolidate 24 will be due in accordance with the local rules. Signed by Judge T. John Ward on 9/22/06. (ch, ) (Entered: 09/22/2006) |
| 09/25/2006 | 35 | MOTION to Withdraw 24 MOTION to Consolidate Cases *pursuant to FRCP 42 and CV 42* MOTION to Continue *September 20, 2006 Scheduling Conference (Unopposed)* by Time Warner Cable Inc.,. (Attachments: # 1 Text of Proposed Order)(DeVasto, Diane) (Entered: 09/25/2006) |
| 09/26/2006 | 36 | ORDER granting 35 Time Warner Cable Inc. Unopposed Motion to Withdrawn its motion to Consolidate this action with No. 2:06-cv-223 Pursuant to FRCP 42 and CV 42 and Motion to Continue the September 20, 2006 Scheduling Conference . Signed by Judge T. |

| | | |
|---|---|---|
| . | | John Ward on 9/26/06. (ch, ) (Entered: 09/26/2006) |
| 09/29/2006 | 37 | NOTICE of Attorney Appearance by Franklin Jones, Jr on behalf of Rembrandt Technologies, LP (Jones, Franklin) (Entered: 09/29/2006) |
| 02/23/2007 | 38 | MOTION to Amend/Correct 1 Complaint by Rembrandt Technologies, LP. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Text of Proposed Order)(Baxter, Samuel) (Entered: 02/23/2007) |
| 03/02/2007 | 39 | MOTION to Consolidate Cases by Time Warner Cable Inc.,. (Attachments: # 1 Text of Proposed Order)(DeVasto, Diane) (Entered: 03/02/2007) |
| 03/08/2007 | 40 | NOTICE of Hearing: Scheduling Conference set for 4/3/2007 at 2:30 PM in Ctrm 106 (Marshall) before Judge T. John Ward. (shd, ) (Entered: 03/08/2007) |
| 03/09/2007 | 41 | NOTICE by Coxcom, Inc., *of Filing Motion for Transfer and Consolidation of Rembrandt Technologies, LP Patent Litigation Pursuant to 28 U.S.C. 1407* (Attachments: # 1 MDL Motion for Transfer and Consolidation# 2 Motion Exhibit A# 3 Motion Ex. B# 4 MDL Memorandum# 5 MDL Exhibit List# 6 MDL Notice of Appearance# 7 MDL Corporate Disclosure# 8 MDL Certificate of Service)(Stockwell, Mitchell) (Entered: 03/09/2007) |
| 03/09/2007 | 42 | Additional Attachments to Main Document: 41 Notice (Other), Notice (Other).. (Attachments: # 1 MDL Ex. 1# 2 MDL Ex. 2# 3 MDL Ex. 3# 4 MDL Ex. 4# 5 MDL Ex. 5# 6 MDL Ex. 6# 7 MDL Ex. 7# 8 MDL Ex. 8# 9 MDL Ex. 9# 10 MDl Ex. 10# 11 MDL Ex. 11# 12 MDL Ex. 12# 13 MDL Ex. 13# 14 MDL Ex. 14# 15 MDL Ex. 15# 16 MDL Ex. 16# 17 MDL Ex. 17# 18 MDl Ex. 18# 19 MDL Ex. 19# 20 MDL Ex. 20# 21 MDL EX. 21# 22 MDL Ex. 22# 23 MDL Ex. 23# 24 MDL EX. 24# 25 MDl Ex. 25# 26 MDL Ex. 26# 27 MDL Ex. 27# 28 MDL Ex. 28# 29 MDL Ex. 29# 30 MDL Ex. 30# 31 MDL Ex. 31# 32 MDL Ex. 32# 33 MDL Ex. 33# 34 MDL Ex. 34# 35 MDL Ex. 35# 36 MDL Ex. 36# 37 MDL Ex. 37# 38 MDL Ex. 38# 39 MDL Ex. 38# 40 MDL Ex. 40# 41 MDL Ex. 41# 42 MDL. Ex. 42# 43 MDL Ex. 43)(Stockwell, Mitchell) (Entered: 03/09/2007) |
| 03/12/2007 | 43 | NOTICE OF NON-OPPOSITION by Time Warner Cable Inc., re 38 MOTION to Amend/Correct 1 Complaint (DeVasto, Diane) Modified on 3/12/2007 (sm, ). (Entered: 03/12/2007) |
| 03/14/2007 | 44 | ORDER granting 38 Motion for leave to Amend Original Complaint.. Signed by Judge T. John Ward on 3/14/07. (poa, ) (Entered: 03/14/2007) |

| 03/14/2007 | 45 | NOTICE of scheduling conference, proposed deadlines for docket control order and discovery order. Scheduling Conference set for 4/3/2007 02:30 PM before Judge T. John Ward in Marshall, Tx. (djh, ) (Entered: 03/14/2007) |
| 03/14/2007 | 46 | AMENDED COMPLAINT against Time Warner Cable LLC, Time Warner Entertainment Company, L.P., Time Warner Entertainment-Advance/Newhouse Partnership, Time Warner New York Cable LLC, Time Warner Cable Inc.,, filed by Rembrandt Technologies, LP.(Baxter, Samuel) (Entered: 03/14/2007) |
| 03/19/2007 | 47 | RESPONSE in Opposition re 39 MOTION to Consolidate Cases *filed by Rembrandt Technologies, LP*. (Baxter, Samuel) (Entered: 03/19/2007) |
| 03/19/2007 |  | E-GOV SEALED SUMMONS Issued as to Time Warner Cable LLC, Time Warner Entertainment Company, L.P., Time Warner Entertainment-Advance/Newhouse Partnership, Time Warner New York Cable LLC. (ehs, ) (Entered: 03/20/2007) |
| 03/26/2007 | 48 | Consent MOTION for Leave to File Excess Pages by Time Warner Cable Inc.,. (Attachments: # 1 Text of Proposed Order # 2 Exhibit 1) (DeVasto, Diane) (Entered: 03/26/2007) |
| 03/28/2007 | 49 | ORDER granting 48 Unopposed Motion for leave to exceed page limit concerning Dft's Reply Memorandum in Support of Motion to Consolidate Cases for Pretrial Proceedings . Signed by Judge T. John Ward on 3/28/07. (ch, ) (Entered: 03/28/2007) |
| 03/28/2007 | 50 | REPLY to Response to Motion re 39 MOTION to Consolidate Cases *filed by Time Warner Cable Inc.,*. (DeVasto, Diane) (Entered: 03/28/2007) |
| 03/29/2007 | 51 | NOTICE by Time Warner Cable Inc., *of Developments in Related Cases* (Attachments: # 1 Order Staying Civil Actions)(Jones, Michael) (Entered: 03/29/2007) |
| 03/30/2007 | 52 | NOTICE by Rembrandt Technologies, LP *Joint Notice of Conference Regarding Proposed Discovery Order and Docket Control Order* (Attachments: # 1 Text of Proposed Order Discovery Order and Docket Control Order)(Carter, Jeffrey) (Entered: 03/30/2007) |
| 04/02/2007 | 53 | Consent MOTION for Extension of Time to File Answer re 46 Amended Complaint, *or Otherwise Respond* by Time Warner Cable Inc.,. (Attachments: # 1 Text of Proposed Order)(DeVasto, Diane) (Entered: 04/02/2007) |
| 04/02/2007 | 54 | ORDER REFERRING CASE to Magistrate Judge Charles |

| | | Everingham to conduct pre-trial proceedings pursuant to 28 USC 636. Signed by Judge T. John Ward on 4/2/07. (djh, ) (Entered: 04/03/2007) |
|---|---|---|
| 04/03/2007 | 55 | ORDER granting 53 Motion for Extension of Time to Answer. Deadline for Time Warner Cable Inc. is 4/9/07 . Signed by Judge T. John Ward on 4/3/07. (ch, ) (Entered: 04/03/2007) |
| 04/03/2007 | | Answer Due Deadline Updated for Time Warner Cable Inc., to 4/9/2007. (ch, ) (Entered: 04/03/2007) |
| 04/03/2007 | 56 | E-GOV SEALED SUMMONS Returned Executed by Rembrandt Technologies, LP. Time Warner Entertainment-Advance/Newhouse Partnership served by Process Server on 3/21/2007, answer due 4/10/2007. (ch, ) (Entered: 04/04/2007) |
| 04/03/2007 | 57 | E-GOV SEALED SUMMONS Returned Executed by Rembrandt Technologies, LP. Time Warner New York Cable LLC served by Process Server on 3/21/2007, answer due 4/10/2007. (ch, ) (Entered: 04/04/2007) |
| 04/03/2007 | 58 | E-GOV SEALED SUMMONS Returned Executed by Rembrandt Technologies, LP. Time Warner Entertainment Company, L.P. served by Process Server on 3/21/2007, answer due 4/10/2007. (ch, ) (Entered: 04/04/2007) |
| 04/03/2007 | 59 | E-GOV SEALED SUMMONS Returned Executed by Rembrandt Technologies, LP. Time Warner Cable Inc., served by Process Server on 3/21/2007, answer due 4/10/2007. (ch, ) (Entered: 04/04/2007) |
| 04/05/2007 | 60 | NOTICE by Rembrandt Technologies, LP *NOTICE OF FILING OPPOSITION TO COXCOM'S MOTION FOR TRANSFER AND CONSOLIDATION OF REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION* (Attachments: # 1 Reasons Why Oral Argument Should be Heard in Opposition to CoxCom's Motion for Transfer and Consolidation# 2 Response to CoxCom's Motion to Transfer and Consolidation# 3 Rembrandt's Brief in Opposition to CoxCom's Motion for Transfer and Consolidation# 4 Exhibit List# 5 Exhibit 1# 6 Exhibit 2# 7 Exhibit 3# 8 Exhibit 4# 9 Exhibit 5# 10 Exhibit 6# 11 Exhibit 7# 12 Exhibit 8# 13 Exhibit 9# 14 Exhibit 10# 15 Exhibit 11# 16 Exhibit 12# 17 Exhibit 13# 18 Proof of Service) (Baxter, Samuel) (Entered: 04/05/2007) |
| 04/06/2007 | 61 | MOTION for Extension of Time to File Answer *Time Warner Cable Defendants' Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's First Amended Complaint* by Time Warner Cable LLC, Time Warner Entertainment Company, L.P., Time Warner Entertainment-Advance/Newhouse Partnership, Time Warner New York Cable LLC, Time Warner Cable Inc.,, Time |

| | | |
|---|---|---|
| | • | Warner Cable Inc.,. (Attachments: # 1 Text of Proposed Order) (Gardner, Allen) (Entered: 04/06/2007) |
| 04/09/2007 | 62 | ***FILED IN ERROR. WRONG DOCUMENT ATTACHED. PLEASE IGNORE***<br><br>Consent MOTION for Extension of Time to File Response/Reply as to 39 MOTION to Consolidate Cases by Rembrandt Technologies, LP. (Attachments: # 1 Text of Proposed Order)(Baxter, Samuel) Modified on 4/9/2007 (ch, ). (Entered: 04/09/2007) |
| 04/09/2007 | 63 | Consent MOTION for Extension of Time to File Response/Reply as to 39 MOTION to Consolidate Cases by Rembrandt Technologies, LP. (Attachments: # 1 Text of Proposed Order)(Baxter, Samuel) (Entered: 04/09/2007) |
| 04/10/2007 | 64 | NOTICE of Attorney Appearance by Allen Franklin Gardner on behalf of Time Warner Cable Inc., (Gardner, Allen) (Entered: 04/10/2007) |
| 04/12/2007 | 65 | RESPONSE to 41 Notice (Other), Notice (Other) *Response to the Motion to Consolidate Cases* by Comcast Cable Communications, LLC, Comcast Corporation, Comcast of Plano, LP. (Doan, Jennifer) Amended Certificate of Service added on 4/13/2007 (mpv, ). Modified on 4/13/2007 (mpv, ). (Entered: 04/12/2007) |
| 04/12/2007 | 66 | SUR-REPLY to Reply to Response to Motion re 39 MOTION to Consolidate Cases *filed by Rembrandt Technologies, LP*. (Baxter, Samuel) (Entered: 04/12/2007) |
| 04/18/2007 | 67 | NOTICE by Coxcom, Inc.,, Time Warner Cable Inc., *Notice of Development* (Attachments: # 1 Notice of Hearing)(Gardner, Allen) (Entered: 04/18/2007) |
| 04/19/2007 | 68 | ORDER - REGARDING THE PROTECTIVE ORDER AND DOCUMENT PRODUCTION. Signed by Judge Charles Everingham on 4/19/07. (ch, ) (Entered: 04/19/2007) |
| 04/19/2007 | 69 | DOCKET CONTROL ORDER Respond to Amended Pleadings 11/30/07. Amended Pleadings due by 11/16/2007. Discovery due by 5/14/2008. Joinder of Parties due by 5/3/2007. Claims Construction Hearing set for 2/13/2008 - 2/14/08 9:00 AM before Judge T. John Ward. Motions in limine due by 7/21/2008. Proposed Pretrial Order due by 7/21/2008. Jury Selection set for 8/4/2008 9:00AM before Judge T. John Ward. Pretrial Conference set for 7/24/2008 9:30 AM before Judge T. John Ward. Privilege Logs to be exchanged by parties 6/4/07. All other deadlines are set forth herein. Signed by Judge Charles Everingham on 4/19/07. (ch, ) (Entered: 04/19/2007) |

| 04/24/2007 | 70 | NOTICE by Rembrandt Technologies, LP *NOTICE REGARDING THE PROTECTIVE ORDER* (Attachments: # 1 Attachment A) (Baxter, Samuel) CORRECTED PROPOSED PROTECTIVE ORDER added on 4/25/2007 (mpv, ). Modified on 4/25/2007 (mpv, ). (Entered: 04/24/2007) |
| --- | --- | --- |
| 04/24/2007 | 71 | NOTICE by Rembrandt Technologies, LP *NOTICE REGARDING ELECTRONIC PRODUCTION* (Baxter, Samuel) (Entered: 04/24/2007) |
| 04/25/2007 | | NOTICE re 70 Notice (Other) CORRECTED PROPOSED PROTECTIVE ORDER NOW ATTACHED BY CLERK (mpv, ) (Entered: 04/25/2007) |
| 04/30/2007 | 72 | Minute Entry for proceedings held before Judge Charles Everingham : Scheduling Conference held on 4/30/2007. (Court Reporter Debbie Latham.)(delat, ) (Entered: 04/30/2007) |
| 05/03/2007 | 74 | NOTICE by Rembrandt Technologies, LP *PLAINTIFF REMBRANDT TECHNOLOGIES, LP'S NOTICE OF COMPLIANCE WITH PATENT RULES 3-1 AND 3-2* (Baxter, Samuel) (Entered: 05/03/2007) |
| 05/03/2007 | | TRANSCRIPT of Proceedings held on 4/3/07 before Judge Chad Everingham. Court Reporter: Transcriber/Susan Simmons. (lss) (Entered: 05/03/2007) |
| 05/03/2007 | 75 | NOTICE by Time Warner Cable LLC, Time Warner Entertainment Company, L.P., Time Warner Entertainment-Advance/Newhouse Partnership, Time Warner New York Cable LLC, Time Warner Cable Inc., *of Initial Disclosures* (Gardner, Allen) (Entered: 05/03/2007) |
| 05/04/2007 | 76 | NOTICE of Disclosure by Rembrandt Technologies, LP (Baxter, Samuel) (Entered: 05/04/2007) |
| 05/04/2007 | 77 | PROTECTIVE ORDER. Signed by Judge Charles Everingham on 5/4/07. (ehs, ) (Entered: 05/04/2007) |
| 05/16/2007 | 78 | *TWC's* ANSWER to Amended Complaint *and*, COUNTERCLAIM against Rembrandt Technologies, LP by Time Warner Cable LLC, Time Warner Entertainment Company, L.P., Time Warner Entertainment-Advance/Newhouse Partnership, Time Warner New York Cable LLC, Time Warner Cable Inc.,.(Gardner, Allen) (Entered: 05/16/2007) |
| 05/16/2007 | 79 | CORPORATE DISCLOSURE STATEMENT filed by Time Warner Cable LLC, Time Warner Entertainment Company, L.P., Time Warner Entertainment-Advance/Newhouse Partnership, Time |

| | | |
|---|---|---|
| • | | Warner New York Cable LLC, Time Warner Cable Inc., identifying Time Warner Cable Inc. and Time Warner Inc. as Corporate Parent. (Gardner, Allen) (Entered: 05/16/2007) |
| 05/18/2007 | 80 | NOTICE of Disclosure by Rembrandt Technologies, LP (Baxter, Samuel) (Entered: 05/18/2007) |
| 06/04/2007 | 81 | Joint MOTION to Amend/Correct *the Docket Control Order to Move the Date for Exchanging Privilege Logs* by Rembrandt Technologies, LP. (Attachments: # 1 Text of Proposed Order)(Carter, Jeffrey) (Entered: 06/04/2007) |
| 06/06/2007 | 82 | ORDER granting 81 Motion to Amend/Correct. Docket Control Order is amended to move date for parties to exchange privilege logs to 7/10/07. Signed by Judge Charles Everingham on 6/5/07. (ch, ) (Entered: 06/06/2007) |
| 06/08/2007 | 83 | NOTICE of Attorney Appearance by Thomas Guy Fasone, III on behalf of Rembrandt Technologies, LP (Fasone, Thomas) (Entered: 06/08/2007) |
| 06/08/2007 | 84 | ANSWER to Counterclaim by Rembrandt Technologies, LP.(Baxter, Samuel) (Entered: 06/08/2007) |
| 06/12/2007 | 85 | NOTICE of Disclosure by Rembrandt Technologies, LP (Baxter, Samuel) (Entered: 06/12/2007) |
| 06/14/2007 | 86 | NOTICE of Disclosure by Time Warner Cable LLC, Time Warner Entertainment Company, L.P., Time Warner Entertainment-Advance/Newhouse Partnership, Time Warner New York Cable LLC, Time Warner Cable Inc., (Attachments: # 1 Exhibit A) (Gardner, Allen) (Entered: 06/14/2007) |
| 06/15/2007 | 87 | APPLICATION to Appear Pro Hac Vice by Attorney Daniel Reisner for Time Warner Entertainment-Advance/Newhouse Partnership, Time Warner New York Cable LLC, Time Warner Cable LLC, Time Warner Entertainment Company, L.P., Time Warner Cable Inc.,. (FEE PAID) 6-1-10082 (ehs, ) (Entered: 06/15/2007) |
| 06/21/2007 | 88 | NOTICE by Time Warner Cable Inc., *of Multi-District Litigation Developments Pursuant to Local Rule CV-42* (Attachments: # 1 Exhibit A)(Gardner, Allen) (Entered: 06/21/2007) |
| 06/25/2007 | 89 | Interdistrict transfer to the District of Delaware, Wilmington, DE. Pursuant to letter Elizabeth Dinan was notified. Certified copy of Docket Sheet, Complaint, Transfer Order and letter were mailed to the Federal Blding, Lockbox 18, 844 N. King Street Wilmington, DE (ch, ) Additional attachment(s) added on 6/28/2007 (ch, ). Modified on 6/28/2007 (ch, ). (Entered: 06/27/2007) |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CASE NO. 2:06-cv-224 [TJW/CE] |
| | § | JURY DEMANDED |
| TIME WARNER CABLE INC., *et al.* | § | |

## TIME WARNER CABLE DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S FIRST AMENDED COMPLAINT

The Time Warner Cable Defendants ("Time Warner"), respectfully move the Court for an extension of time to answer or otherwise respond to Plaintiff Rembrandt Technologies, LP's First Amended Complaint, and would respectfully show the Court as follows:

1.      Plaintiff, Rembrandt Technologies, LP ("Rembrandt"), filed its Amended Complaint against Time Warner on or about March 14, 2007 [Dkt. 46].

2.      In a related case brought by Rembrandt pending before the Court, *Rembrandt Technologies, LP v. Time Warner Cable, Inc.* (No. 2:06-cv-369 [TJW/CE]), Plaintiff Rembrandt moved to amend its Original Complaint on February 23, 2007 [Dkt. 16]. Although the Court has not yet granted Rembrandt leave in the '369 case, the motion is not opposed by Time Warner in that case.

3.      Time Warner respectfully requests an extension of time to answer or otherwise respond to Rembrandt's First Amended Complaint in this case until and through the date that the Time Warner Defendants are required to move or otherwise respond to Rembrandt's First Amended Complaint in the '369 case.

4.      Plaintiff is not opposed to this Motion for extension of time to answer or otherwise respond.

{A48\7477\0002\W0323522.1 }

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the Court grant this Motion for Extension of Time by extending the time period for the Time Warner Defendants to answer or otherwise respond to Plaintiff's First Amended Complaint until and through the date that the Time Warner Defendants are required to answer or otherwise respond to the Plaintiff's First Amended Complaint in the '369 case.

Dated: April 6, 2007

Respectfully submitted,

By:_/s/ Allen F. Gardner_
      Michael E. Jones
      State Bar No. 10929400
      Allen F. Gardner
      State Bar No. 24043679

POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, Texas 75710
(903) 597 8311
(903) 593 0846 (Facsimile)
mikejones@potterminton.com
allengardner@potterminton.com

David S. Benyacar
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

**ATTORNEYS FOR THE TIME WARNER CABLE INC. DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 6, 2007.  Any other counsel of record will be served by facsimile transmission and first class mail.

*/s/ Allen F. Gardner*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CASE NO. 2:06-cv-224 [TJW/CE] |
| | § | JURY DEMANDED |
| TIME WARNER CABLE INC. | § | |

### ORDER GRANTING TIME WARNER CABLE DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S FIRST AMENDED COMPLAINT

ON THIS DAY, came on to be heard the Time Warner Cable Defendants' Unopposed Motion for Extension of Time to Answer or Otherwise Respond to the First Amended Complaint of Plaintiff, Rembrandt Technologies, LP in the above-styled and numbered cause. After considering said Motion, and the entire record in this cause, it is hereby ORDERED that said Motion shall be in all things GRANTED; and it is FURTHER ORDERED that the Time Warner Defendants deadline to answer or otherwise respond to Plaintiff's First Amended Complaint in this action is extended until and through the date that the Time Warner Defendants are required to answer or otherwise respond to the Plaintiff's First Amended Complaint in the 2:06-cv-369 [TJW/CE] case pending before this Court.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:06-CV-224 [TJW] |
| | § | |
| TIME WARNER CABLE, INC., | § | **JURY TRIAL REQUESTED** |
| | § | |
| Defendant. | § | |

## UNOPPOSED MOTION TO EXTEND SUR-REPLY DATE

On March 02, 2007, Time Warner Inc. ("Time Warner"), moved to consolidate this case for pretrial proceedings (Docket no. 39) with *Rembrandt Technologies, LP, v. Comcast Corporation, et al.,* Case No. 2:05-cv-443 (the "Comcast Case"), also pending before this Court. On the same day, the Defendants in *Rembrandt Technologies, LP, v. Charter Communications, Inc., et al.,* Case No. 2:06-cv-223 (the "Charter Case"), likewise moved to consolidate the Charter Case with the Comcast Case. Subsequently, Rembrandt Technologies, LP ("Rembrandt") filed responses in this case (Docket no. 47) and the Charter Case opposing the respective motions, and Time Warner in this case (Docket no. 68) and the Defendants in the Charter Case filed reply briefs. Rembrandt's sur-reply is due in this case on April 09, 2007 and due in the Charter Case on April 12, 2007. Rembrandt moves for leave to file its sur-reply in this case on April 12, 2007, the same date its sur-reply is due in the Charter Case. Time Warner does not oppose this motion.

DATED:  April 9, 2007                    Respectfully submitted,


                                         /s/ Sam Baxter_____
                                         Sam Baxter
                                         State Bar No. 01938000
                                         **McKOOL SMITH, P.C.**
                                         505 E. Travis, Suite 105
                                         Marshall, Texas  75670
                                         Telephone:  (903) 927-2111
                                         Telecopier:  (903) 927-2622
                                         sbaxter@mckoolsmith.com

                                         Jeffrey A. Carter
                                         State Bar No. 03919400
                                         **McKOOL SMITH, P.C.**
                                         300 Crescent Court, Suite 1500
                                         Dallas, Texas  75201
                                         Telephone:  (214) 978-4006
                                         Telecopier:  (214) 978-4044
                                         jcarter@mckoolsmith.com

                                         Travis Gordon White
                                         State Bar No. 21333000
                                         **McKOOL SMITH, P.C.**
                                         300 W. 6th Street, Suite 1700
                                         Austin, Texas  78701
                                         Telephone:  (512) 692-8700
                                         Telecopier:  (512) 692-8744
                                         gwhite@mckoolsmith.com

                                         Robert M. Parker
                                         State Bar No. 15498000
                                         Robert Christopher Bunt
                                         State Bar No. 00787165
                                         **PARKER & BUNT, P.C.**
                                         100 E. Ferguson, Suite 1114
                                         Tyler, Texas  75702
                                         Telephone:  (903) 531-3535
                                         Telecopier:  (903) 533-9687
                                         cbunt@cox-internet.com
                                         rmparker@cox-internet.com

Otis Carroll
State Bar No. 03895700
Patrick Kelley
State Bar No. 11202500
Collin Maloney
State Bar No. 00794219
**IRELAND, CARROLL & KELLEY, P.C.**
6101 S. Broadway, Suite 500
Tyler, Texas  75703
Telephone:  (903) 561-1600
Telecopier:  (903) 581-1071
Fedserv@icklaw.com

Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Andrew W. Spangler
State Bar No. 24041960
**BROWN McCARROLL LLP**
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas  75601-5157
Telephone:  (903) 236-9800
Telecopier:  (903) 236-8787
ccapshaw@mailbmc.com
ederieux@mailbmc.com
aspangler@mailbmc.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

# CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 9th day of April, 2007.

/s/ Sam Baxter
Sam Baxter

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:06-CV-224 [TJW] |
| | § | |
| TIME WARNER CABLE, INC., | § | **JURY TRIAL REQUESTED** |
| | § | |
| Defendant. | § | |

## ORDER GRANTING UNOPPOSED MOTION
## FOR LEAVE TO EXTEND SUR-REPLY DATE

Rembrandt Technologies, LP ("Rembrandt"), has moved the Court to extend its date for filing a sur-reply to the Motion to Consolidate for Pretrial Proceedings filed by Time Warner, Inc. ("Time Warner") (Docket no. 39) . Rembrandt's sur-reply is presently due on April 9, 2007. Rembrandt seeks leave to file its sur-reply on April 12, 2007, the same date its sur-reply to a similar motion filed in *Rembrandt Technologies, LP, v. Charter Communications, Inc., et al.,* Case No. 2:06-cv-223 is due. Time Warner does not oppose the requested extension. The Court finds good cause to extend the date for Rembrandt to file its sur-reply in this case to April 12, 2007, and **ORDERS** that Rembrandt has until April 12, 2007 to file its sur-reply to the Motion to Consolidate for Pretrial Proceedings.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:06-CV-224 [TJW] |
| | § | |
| TIME WARNER CABLE, INC., | § | **JURY TRIAL REQUESTED** |
| | § | |
| Defendant. | § | |

## UNOPPOSED MOTION TO EXTEND SUR-REPLY DATE

On March 02, 2007, Time Warner Cable, Inc. ("Time Warner"), moved to consolidate this case for pretrial proceedings (Docket no. 39) with *Rembrandt Technologies, LP, v. Comcast Corporation, et al.,* Case No. 2:05-cv-443 (the "Comcast Case"), also pending before this Court. On the same day, the Defendants in *Rembrandt Technologies, LP, v. Charter Communications, Inc., et al.,* Case No. 2:06-cv-223 (the "Charter Case"), likewise moved to consolidate the Charter Case with the Comcast Case. Subsequently, Rembrandt Technologies, LP ("Rembrandt") filed responses in this case (Docket no. 47) and the Charter Case opposing the respective motions, and Time Warner in this case (Docket no. 50) and the Defendants in the Charter Case filed reply briefs. Rembrandt's sur-reply is due in this case on April 09, 2007 and due in the Charter Case on April 12, 2007. Rembrandt moves for leave to file its sur-reply in this case on April 12, 2007, the same date its sur-reply is due in the Charter Case. Time Warner does not oppose this motion.

DATED:  April 9, 2007                          Respectfully submitted,


                                               /s/ Sam Baxter_____
                                               Sam Baxter
                                               State Bar No. 01938000
                                               **McKOOL SMITH, P.C.**
                                               505 E. Travis, Suite 105
                                               Marshall, Texas  75670
                                               Telephone:  (903) 927-2111
                                               Telecopier:  (903) 927-2622
                                               sbaxter@mckoolsmith.com

                                               Jeffrey A. Carter
                                               State Bar No. 03919400
                                               **McKOOL SMITH, P.C.**
                                               300 Crescent Court, Suite 1500
                                               Dallas, Texas  75201
                                               Telephone:  (214) 978-4006
                                               Telecopier:  (214) 978-4044
                                               jcarter@mckoolsmith.com

                                               Travis Gordon White
                                               State Bar No. 21333000
                                               **McKOOL SMITH, P.C.**
                                               300 W. 6th Street, Suite 1700
                                               Austin, Texas  78701
                                               Telephone:  (512) 692-8700
                                               Telecopier:  (512) 692-8744
                                               gwhite@mckoolsmith.com

                                               Robert M. Parker
                                               State Bar No. 15498000
                                               Robert Christopher Bunt
                                               State Bar No. 00787165
                                               **PARKER & BUNT, P.C.**
                                               100 E. Ferguson, Suite 1114
                                               Tyler, Texas  75702
                                               Telephone:  (903) 531-3535
                                               Telecopier:  (903) 533-9687
                                               cbunt@cox-internet.com
                                               rmparker@cox-internet.com

Otis Carroll
State Bar No. 03895700
Patrick Kelley
State Bar No. 11202500
Collin Maloney
State Bar No. 00794219
**IRELAND, CARROLL & KELLEY, P.C.**
6101 S. Broadway, Suite 500
Tyler, Texas  75703
Telephone:  (903) 561-1600
Telecopier:  (903) 581-1071
Fedserv@icklaw.com

Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Andrew W. Spangler
State Bar No. 24041960
**BROWN McCARROLL LLP**
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas  75601-5157
Telephone:  (903) 236-9800
Telecopier:  (903) 236-8787
ccapshaw@mailbmc.com
ederieux@mailbmc.com
aspangler@mailbmc.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

# CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 9th day of April, 2007.

/s/ Sam Baxter
Sam Baxter

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:06-CV-224 [TJW] |
| | § | |
| TIME WARNER CABLE, INC., | § | **JURY TRIAL REQUESTED** |
| | § | |
| Defendant. | § | |

## ORDER GRANTING UNOPPOSED MOTION
## FOR LEAVE TO EXTEND SUR-REPLY DATE

Rembrandt Technologies, LP ("Rembrandt"), has moved the Court to extend its date for filing a sur-reply to the Motion to Consolidate for Pretrial Proceedings filed by Time Warner Cable, Inc. ("Time Warner") (Docket no. 39) .  Rembrandt's sur-reply is presently due on April 9, 2007.  Rembrandt seeks leave to file its sur-reply on April 12, 2007, the same date its sur-reply to a similar motion filed in *Rembrandt Technologies, LP, v. Charter Communications, Inc., et al.,* Case No. 2:06-cv-223 is due.  Time Warner does not oppose the requested extension.  The Court finds good cause to extend the date for Rembrandt to file its sur-reply in this case to April 12, 2007, and **ORDERS** that Rembrandt has until April 12, 2007 to file its sur-reply to the Motion to Consolidate for Pretrial Proceedings.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF TEXAS
MARSHALL DIVISION

REMBRANDT TECHNOLOGIES, LP      §
                                   §
v.                                      §         CASE NO. 2:06-cv-224 [TJW]
                                     §         JURY DEMANDED
TIME WARNER CABLE INC.       §

## NOTICE OF APPEARANCE OF ADDITIONAL COUNSEL
## FOR MOVANT TIME WARNER CABLE INC.

       Movant, Time Warner Cable Inc., files this Notice of Appearance of Additional Counsel,

and hereby notifies the Court that Allen F. Gardner of the law firm Potter Minton, A Professional

Corporation, 110 N. College, Suite 500, Tyler, Texas 75702, is appearing as additional counsel

for Time Warner Cable Inc. in the above-referenced matter. All pleadings, discovery,

correspondence and other material should be served upon counsel at the address referenced

above.

Dated: April 10, 2007             Respectfully submitted,


                                       */s/ Allen F. Gardner*
                                       Allen F. Gardner
                                       State Bar No. 24043679
                                       allengardner@potterminton.com
                                       POTTER MINTON
                                       A Professional Corporation
                                       110 N. College, Suite 500
                                       Tyler, Texas 75702
                                       903/597-8311
                                       903/593-0846 Facsimile

                                       ATTORNEYS FOR
                                       TIME WARNER CABLE INC.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 10th of April, 2007. Any other counsel of record will be served by first class mail.

<u>/s/Allen F. Gardner</u>

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| Plaintiff | § | Civil Action No. 2:05-cv-443 |
| | § | |
| v. | § | Judge T. John Ward |
| | § | Jury |
| COMCAST CORPORATION, et al. | § | |
| | § | |
| Defendants | § | |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| Plaintiff | § | |
| | § | Civil Action No. 2:06-cv-223 |
| v. | § | |
| | § | Judge T. John Ward |
| CHARTER COMMUNICATIONS, INC., et al. | § | Jury |
| | § | |
| Defendants | § | |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| Plaintiff | § | |
| | § | Civil Action No. 2:05-cv-224 |
| v. | § | |
| | § | Judge T. John Ward |
| TIME WARNER CABLE, LLC, et al. | § | Jury |
| | § | |
| Defendants | § | |

## COMCAST'S RESPONSE TO THE MOTION TO CONSOLIDATE CASES

Comcast Corporation, Comcast Cable Communications, LLC, and Comcast of Plano, LP (collectively, "Comcast"), notes that Defendants Time Warner Cable, LLC, Time Warner Entertainment Company, LP, Time Warner Entertainment-Advance/Newhouse Partnership, Time Warner New York Cable, LLC, Coxcom, Inc., Charter Communications, Inc., Charter Communications Operating, LLC, CSC Holdings, Inc., and Cablevision Systems Corporation have moved to consolidate for pre-trial purposes only Civil Action No. 2:06-cv-223 (the "223 Case") and Civil Action No. 2:06-cv-224 (the "224 Case") with Civil Action No. 2:05-cv-443 (the "443 Case").  Comcast does not object to the consolidation of the 223 Case and the 224 Case with the 443 Case for pre-trial purposes.

Respectfully submitted,

_____/s/ Jennifer Haltom Doan_____
Jennifer Haltom Doan
Texas Bar No. 08809050
John Peyton Perkins, III
Texas Bar No. 24043457
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone:  903-255-1000
Facsimile:  903-255-0800

Brian Ferrall
Leo Lam
Asim M. Bhansali
Matthias A. Kamber
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111-1704
Telephone:  415-676-2235
Facsimile:  415-397-7188

**ATTORNEYS FOR DEFENDANTS
COMCAST CORPORATION, COMCAST
CABLE COMMUNICATIONS, LLC, and
COMCAST OF PLANO, LP**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this 11th day of April, 2007.


                              _____/s/  Jennifer Haltom Doan_____
                              Jennifer Haltom Doan

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| Plaintiff | § | Civil Action No. 2:05-cv-443 |
| | § | |
| v. | § | Judge T. John Ward |
| | § | Jury |
| COMCAST CORPORATION, et al. | § | |
| | § | |
| Defendants | § | |

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| Plaintiff | § | |
| | § | Civil Action No. 2:06-cv-223 |
| v. | § | |
| | § | Judge T. John Ward |
| CHARTER COMMUNICATIONS, INC., et al. | § | Jury |
| | § | |
| Defendants | § | |

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| Plaintiff | § | |
| | § | Civil Action No. 2:06-cv-224 |
| v. | § | |
| | § | Judge T. John Ward |
| TIME WARNER CABLE, LLC, et al. | § | Jury |
| | § | |
| Defendants | § | |

**COMCAST'S RESPONSE TO THE MOTION TO CONSOLIDATE CASES**

**AMENDED CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this 12th day of April, 2007.

_____/s/  Jennifer Haltom Doan_____
Jennifer Haltom Doan

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

REMBRANDT TECHNOLOGIES, LP,

          Plaintiff,

vs.

TIME WARNER CABLE, INC.,

        Defendant.

Case No. 2:06-CV-224 [TJW]

**PLAINTIFF'S SUR-REPLY IN OPPOSITION
TO DEFENDANT'S MOTION TO CONSOLIDATE**

## I.    INTRODUCTION

Plaintiff Rembrandt respectfully submits this sur-reply in response to Defendants' reply to their motion to consolidate.  [*See* TWC Dkt. Nos. 39, 47 ("Resp."), 50 ("Reply")].  Because there is no dispute that consolidation at this late stage would substantially delay resolution of the Comcast case, because Defendants were in no way prevented from moving for consolidation at an earlier date, and because proceeding with the Comcast case as planned would cause Defendants no unfair prejudice, the motion to consolidate should be denied.

## II.    ARGUMENT

### A.    Defendants Do Not Dispute That Consolidation at This Late Stage Would Substantially Delay the Comcast Case.  The Court Can and Should Deny the Motion on That Ground.

The parties to the Comcast case will be ready to proceed with their *Markman* hearing, at the Court's convenience, before the month is out.  [Resp. at 3; Comcast Dkt. No. 151].  In fact, that hearing would have been held in February if not for the disqualification of Fish & Richardson ("F&R").  [Resp. at 3].  The TWC and Charter cases, by great contrast, have their *Markman* hearing scheduled *ten months* from now, in February of 2008.  [*See* Charter Dkt. Nos. 67, 71].  And those cases are scheduled for trial beginning six months after that hearing, in August of 2008.  [*See id.*].  Even with the interruption caused by F&R's disqualification, the Comcast case should be ready for trial this year.  There is thus no question that consolidating that case with the TWC and Charter cases at this late date would result in an additional and substantial delay in the resolution of the Comcast case.

Indeed, TWC and Charter do not dispute that granting their motion would cause a substantial delay in the Comcast case.  They simply urge the Court, with precious little supporting caselaw, to treat that inevitable delay as an inconsequential factor—if a factor at all— in its consolidation calculus.    [Reply at 5-6].    Notwithstanding the accusations of "misstate[ments]," "mischaracterizations," and "false" assertions, [*id.* at 1, 5], the caselaw fully supports Rembrandt's position in this case:  the different stages of preparedness for trial *can* be

1

the dispositive factor, and *should* be the dispositive factor here, [Resp. at 3]. *See*, *e.g.*, *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 762 (5th Cir. 1989) ("Consolidation may properly be denied in instances where the cases are at different stages of preparedness for trial."). This is because, as explained in Rembrandt's response, [Resp. at 3-4], a central purpose of the rule permitting consolidation is to "avoid unnecessary . . . delay." *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973); *see also* FED. R. CIV. P. 42(a). Defendants' motion should be denied precisely because it would cause the delay that consolidation is supposed to prevent.

In its response, Rembrandt distinguished each of Defendants' cases, and demonstrated that only *one* of those—an unpublished opinion from a district court in Minnesota—suggested that granting consolidation could be appropriate when the cases are at different stages. [Resp. at 5]. Rembrandt then cited more than a dozen of its own cases—including two from the Fifth Circuit—in support of its position that denying consolidation is appropriate when the cases are at different stages, and consolidation would delay the more procedurally advanced case. [Resp. at 3-5, 4 n.1]. In their reply, TWC and Charter selectively address two of Rembrandt's cases— *Liqui-Box Corp. v. Reid Valve Co., Inc.*, No. 85-CV-2355, 1989 U.S. Dist. LEXIS 17189, at *4 (W.D. Penn. Sept. 15, 1989), and *In re Enron Corp. Sec., Derivative "ERISA" Litig.*, No. MDL-1446, 2007 U.S. Dist. LEXIS 8812, at *34 (S.D. Tex. Feb. 7, 2007)—and reurge two more cited in their initial briefing—*Russo v. Alamosa Holdings, Inc.*, No. 5:03-CV-312, 2004 WL 579378, at *1 (N.D. Tex. Feb. 27, 2004), and *3M Co. v. Moldex-Metric, Inc.*, No. 06-CV-4044, 2006 WL 3759758, at *2 (D. Minn. Dec. 21, 2006). [Reply at 6]. Not one of these four cases supports Defendants' position.

First, *Russo* in no way suggests that consolidation is appropriate when cases are at different stages of preparedness. In fact, one of the opinion's principal supporting citations is to *St. Bernard Gen. Hosp., Inc. v. Hosp. Servs. Ass'n of New Orleans, Inc.*, 712 F.2d 978 (5th Cir. 1983), in which the Fifth Circuit held that it was proper to deny consolidation in such circumstances. *See Russo*, 2004 WL 579378, at *1; *St. Bernard*, 712 F.2d at 990. Second, while

the court in *Liqui-Box* did consider a number of other factors in its consolidation analysis, it concluded with this:  "*More importantly*, these cases are at widely different stages of preparation. . . . 'Proper judicial administration does not recommend consolidation where two actions are at such widely separate stages of preparation.'"  1989 U.S. Dist. LEXIS 17189, at *4 (emphasis added).  Third, contrary to Defendants' suggestion, the court in *Enron* did not deny consolidation as a means to punish certain parties; it denied the motion because it found that "the procedural tracks of the cases are too disparate for consolidation."  2007 U.S. Dist. LEXIS 8812, at *34.

Defendants' fourth case is *3M*:  the only cited case in which consolidation was granted even though the cases were at different stages of preparedness.  As explained in Rembrandt's response, however, [Resp. at 5], the actions consolidated in *3M* involved the same plaintiff, the same defendant, and the same products.  Additionally, and critically, the Minnesota court also found that, notwithstanding their different stages of preparedness, consolidation would result in a quicker resolution of both cases.  2006 WL 3759758, at *2.  TWC and Charter suggest in a footnote—without supporting citation—that "the proper way to measure delay is not by considering one case in isolation, but rather by considering the impact on all of the cases in combination."  [Reply at 6 n.5].  Multiple cases cited in Rembrandt's response, however, hold directly to the contrary.  [*See* Resp. at 4 n.1].  According to these cases, if consolidation would delay the more procedurally advanced case, then consolidation should be denied.  [*See id.*].[1]
And that is why the Court should deny this motion to consolidate.

---

[1]  *E.g.*, *Servants of the Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1573 (D.N.M. 1994) ("Federal courts have declined to consolidate cases involving common questions of law or fact where the cases were at different stages of preparedness for trial and where consolidation would delay the case ready for disposition."); *Henderson v. Nat'l R.R. Passenger Corp.*, 118 F.R.D. 440, 441 (N.D. Ill. 1987) ("Consolidation with a recently filed case in which discovery is just beginning will obviously entail further delay. As a result, both litigants in [the first case] will suffer unnecessary delay in seeking judicial resolution of their dispute. Under such circumstances, consolidation . . . is inappropriate."); *Transeastern Shipping Corp. v India Supply Mission*, 53 F.R.D. 204, 206 (S.D.N.Y. 1971) ("If the court were to order consolidation now, the cases which were ready for or close to trial would have to be held up pending completion of pretrial in the other cases.  Such a result would delay rather than expedite the disposition of those cases which are now prepared for trial.  In such a situation courts have consistently denied consolidation.").

**B.      Defendants Were Not Prevented From Filing for Consolidation at an Earlier Date.**

Rembrandt brought suit against TWC and Charter in June of 2006.  [Resp. at 2].  The Comcast case's scheduling order was entered that same month, setting the *Markman* hearing for February of 2007.  [*Id.* at 2].  TWC moved to consolidate its case with the Charter case in September of 2006, but abandoned the motion later that same month when its case was transferred to this Court.  [*Id.*].  Defendants have thus long been fully aware of the potential risks associated with proceeding separately in the same Court, yet waited until March of 2007 to seek consolidation with the Comcast case.  [*Id.* at 9-10].

Rembrandt pointed out this fact in its response, and in reply Defendants allege—for the first time—that TWC could not have moved for consolidation prior to the disqualification of F&R because that "would have required TWC to litigate directly against its own law firm." [Reply at 1].  For at least three reasons, however, this argument is a red herring.  First, TWC's later-abandoned motion to consolidate was filed one month *after* its August 2006 motion to intervene in the Comcast case to seek the disqualification of F&R.  [Resp. at 2].  Therefore, contrary to TWC's suggestion, a motion to consolidate with the Comcast case would have created no new conflict with F&R in September of 2006.  Second, F&R's representation of TWC in the *Digital Packet* case—which created the underlying conflict—was completely wrapped up by June of 2006.  [Comcast Dkt. No. 144 at 2].  That representation thus could not have prevented TWC from moving to consolidate with the Comcast case at any point thereafter. Third, none of the Charter Defendants—also moving for consolidation—claims F&R as counsel. Thus, even if the argument had some merit as to TWC—which it does not—it would provide no justification for their delay in seeking consolidation with the Comcast case.

**C.      Defendants Will Not Be Prejudiced By the Denial of Their Motion.**

Defendants' reply suggests that it would be unfair to proceed as planned with the *Markman* hearing in the Comcast case because F&R was Rembrandt's lead counsel when the claim construction issues were briefed in that case.  [Reply at 5].  The Court should reject this

4

argument as well. The Defendants have made no showing that the *Markman* briefing was in any way based on, or influenced by, any TWC confidential information. Perhaps more importantly, claim construction is an issue of law based on the intrinsic patent record. *See, e.g., Tex. Instruments v. Linear Techs.*, 182 F. Supp. 2d 580, 586-87 (E.D. Tex. 2002). The briefing before the Court thus addresses matters in the public domain, including the claims, specification, and file history of Rembrandt's patents, along with references to other widely available publications. With this in mind, it comes as no surprise that, when the Court disqualified F&R in the Comcast case, it did not direct that the *Markman* briefing be redone. [Comcast Dkt. No. 140]. In fact, to the contrary, the Court offered Rembrandt the option of proceeding with the *Markman* hearing on February 8, 2007, as already set and fully briefed. [*See id.*].

Defendants also accuse Rembrandt of mischaracterizing the "nature of [its] allegations" with respect to the industry standards implicated in these cases. [Reply at 1, 4]. The complaint in the Comcast case, however, speaks for itself: it seeks relief for infringement by Comcast's products and services. [Comcast Dkt. No. 1-1]. The industry standards are important, as they are highly relevant to determining whether those products and services infringe Rembrandt's patents. But Rembrandt's complaint does not seek a determination that the standards themselves infringe its patents. [Resp. at 7-8; Comcast Dkt. No. 1-1]. The *Markman* ruling in the Comcast case will bind neither the TWC nor the Charter Defendants. [Resp. at 8].

## III.   CONCLUSION

For the foregoing reasons, Rembrandt respectfully requests that the Court deny the motion to consolidate the Comcast, TWC, and Charter cases.

DATED:  April 12, 2007                    Respectfully submitted,


          /s/ Sam Baxter

Sam Baxter
State Bar No. 01938000
**McKOOL SMITH, P.C.**
505 E. Travis, Suite 105
Marshall, Texas  75670
Telephone:  (903) 927-2111
Telecopier:  (903) 927-2622
sbaxter@mckoolsmith.com

Jeffrey A. Carter
State Bar No. 03919400
**McKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas  75201
Telephone:  (214) 978-4006
Telecopier:  (214) 978-4044
jcarter@mckoolsmith.com

Travis Gordon White
State Bar No. 21333000
**McKOOL SMITH, P.C.**
300 W. 6th Street, Suite 1700
Austin, Texas  78701
Telephone:  (512) 692-8700
Telecopier:  (512) 692-8744
gwhite@mckoolsmith.com

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas  75702
Telephone:  (903) 531-3535
Telecopier:  (903) 533-9687
cbunt@cox-internet.com
rmparker@cox-internet.com

Otis Carroll
State Bar No. 03895700
Patrick Kelley
State Bar No. 11202500
Collin Maloney
State Bar No. 00794219
**IRELAND, CARROLL & KELLEY, P.C.**
6101 S. Broadway, Suite 500
Tyler, Texas  75703
Telephone:  (903) 561-1600
Telecopier:  (903) 581-1071
Fedserv@icklaw.com

Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Andrew W. Spangler
State Bar No. 24041960
**BROWN McCARROLL LLP**
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas  75601-5157
Telephone:  (903) 236-9800
Telecopier:  (903) 236-8787
ccapshaw@mailbmc.com
ederieux@mailbmc.com
aspangler@mailbmc.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service, both in the captioned case and in *Rembrandt v. Comcast Corp.*, Case No. 2:05-CV-443 [TJW], are being served this 12th day of April, 2007, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 12th day of April, 2007.

_____ /s/ Sam Baxter _____
Sam Baxter

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:05-CV-443-TJW |
| | ) | |
| COMCAST CORPORATION, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:06-CV-506-TJW |
| | ) | |
| COMCAST CORPORATION, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:06-CV-369-TJW |
| | ) | |
| TIME WARNER CABLE, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:06-CV-224-TJW |
| | ) | |
| TIME WARNER CABLE, INC. | ) | |

|   |   |
|---|---|
| | ) |
| Defendant. | ) |
| _____ | ) |
| | |
| REMBRANDT TECHNOLOGIES, LP | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHARTER COMMUNICATIONS, INC., | ) |
| ET AL. | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |
| | |
| REMBRANDT TECHNOLOGIES, LP | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHARTER COMMUNICATIONS, INC., | ) |
| ET AL. | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Case No. 2:06-CV-507-TJW

Case No. 2:06-CV-223-TJW

## <u>NOTICE OF DEVELOPMENT</u>

Defendants Charter Communications, Inc., Charter Communications Operating, LLC., CoxCom, Inc., and Time Warner Cable, Inc. provide this notice of development. Attached is a Notice of Hearing issued by the Judicial Panel on Multidistrict Litigation, calendaring for hearing on May 31, 2007, the motion of CoxCom, Inc. for transfer and consolidation of the Rembrandt Technologies, LP, patent litigation pursuant to 28 U.S.C. §1407.

Dated: April 18th, 2007.

Respectfully Submitted

*/s/ Allen F. Gardner*
Michael E. Jones
Texas State Bar No. 10929400
mikejones@potterminton.com
Diane V. DeVasto
Texas State Bar No. 05784100
dianedevasto@potterminton.com
Allen F. Gardner
Texas State Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON, P.C.
110 North College
500 Plaza Tower
Tyler, Texas 75702
Telephone:    (903) 597-8311
Facsimile:    (903) 593-0846

**ATTORNEYS FOR CHARTER
COMMUNICATIONS, INC., LLP,
CHARTER COMMUNICATIONS
OPERATING, LLC, COXCOM, INC.,
AND TIME WARNER CABLE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the following counsel of record who are deemed to have consented to electronic service are being served this 18th day of April, 2007, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by first class mail on this same date.

*/s/ Allen F. Gardner*
Allen F. Gardner

US2000 9929402.1 C8490-331049

# UNITED STATES OF AMERICA
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:         [202] 502-2888

http://www.jpml.uscourts.gov

April 12, 2007

## NOTICE OF HEARING SESSION

Dear Counsel:

Pursuant to the order of the Judicial Panel on Multidistrict Litigation filed today, you are hereby notified that a hearing session has been scheduled to consider various matters pursuant to 28 U.S.C. § 1407.

DATE OF HEARING SESSION:          May 31, 2007

LOCATION OF HEARING SESSION:     Lloyd D. George United States Courthouse
                                 Courtroom 7C, 7th Floor
                                 333 Las Vegas Boulevard South
                                 Las Vegas, Nevada  89101

TIME OF HEARING SESSION:  In those matters designated for oral argument, counsel presenting oral argument must be present at **8:30 a.m.** in order for the Panel to allocate the amount of time for oral argument.  Oral argument will commence at **9:30 a.m.**

Please direct your attention to the enclosed Hearing Session Order and Schedule of Matters for Hearing Session for a listing of the matters scheduled for consideration at this hearing session.

- Section A of this Schedule lists the matters designated for oral argument.
- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument,** pursuant to Rule 16.1(c), R.P.J.P.M.L., 199 F.R.D. 425, 439 (2001).

For those matters listed on Section A of the Schedule, the enclosed blue "Notice of Presentation or Waiver of Oral Argument" must be returned to this office no later than **May 14, 2007.**  Note the procedures governing Panel oral argument which are outlined on the enclosed "Procedures for Oral Argument before the Judicial Panel on Multidistrict Litigation."  These procedures are strictly adhered to and your cooperation is appreciated.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

c:  Clerk, U.S. District Court for the District of Nevada

| JUDICIAL PANEL ON MULTIDISTRICT LITIGATION FILED |
| --- |
| **APRIL 12, 2007** |
| JEFFERY N. LÜTHI CLERK OF THE PANEL |

# *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

## HEARING SESSION ORDER

IT IS ORDERED that on May 31, 2007, a hearing session will be held in Las Vegas, Nevada, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that at said hearing session the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that at said hearing session the matters listed on Section A of the attached Schedule shall be designated for oral argument.

IT IS FURTHER ORDERED that at said hearing session the matters listed on Section B of the attached Schedule shall be considered without oral argument, pursuant to Rule 16.1(c), R.P.J.P.M.L., 199 F.R.D. 425, 439 (2001). The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 16.1(b), to issue a subsequent notice designating any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

SCHEDULE OF MATTERS FOR HEARING SESSION
May 31, 2007 -- Las Vegas, Nevada

## SECTION A
## MATTERS DESIGNATED FOR ORAL ARGUMENT

MDL-1835 -- In re Brian L. Roberts Litigation

Motion of plaintiff Brian L. Roberts for centralization of the following actions in the
United States District Court for the Southern District of New York:

Southern District of New York

*Brian L. Roberts v. Sony Corp., et al.*, C.A. No. 1:06-6337

District of Utah

*Brian L. Roberts v. Sony, et al.*, C.A. No. 2:04-673

MDL-1836 -- In re Mirapex Products Liability Litigation

Motion of defendants Boehringer Ingelheim Pharmaceuticals, Inc., and Pfizer Inc. for
centralization of the following actions in the United States District Court for the Southern
District of New York or, in the alternative, the United States District Court for the District of
Connecticut or other suitable United States district court:

Northern District of California

*Therese Bottiglieri v. Pfizer Inc., et al.*, C.A. No. 3:06-3248

District of Maryland

*William David Livingston, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*,
C.A. No. 1:06-1887

District of Minnesota

*Gary Selinsky, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*,
C.A. No. 0:06-873
*Robert M. Zwayer, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*,
C.A. No. 0:06-874

MDL-1836 (Continued)


District of Minnesota (Continued)

*Michael A. Dubaich, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*,
   C.A. No. 0:06-875
*Donald J. Nelsen v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*,
   C.A. No. 0:06-876
*Larry Webb, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*,
   C.A. No. 0:06-898
*Timothy Harms v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*, C.A. No. 0:06-899
*Timothy L. Estep v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*,
   C.A. No. 0:06-900
*Mary Conway v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*, C.A. No. 0:06-901
*Dennis M. Scharpen, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*,
   C.A. No. 0:06-1206
*Gary E. Charbonneau, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*,
   C.A. No. 0:06-1215
*Todd R. Cain v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*, C.A. No. 0:06-1582
*Manuel A. Quintela, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*,
   C.A. No. 0:06-1675
*Thaddeus R. Fayard v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*,
   C.A. No. 0:06-2144
*Hylton H. Dodd v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*,
   C.A. No. 0:06-2145
*Michael W. Averitt, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*,
   C.A. No. 0:06-2194
*William F. Courtney, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*,
   C.A. No. 0:06-2546
*Richard I. Bloom, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*,
   C.A. No. 0:06-2577
*Joyce A. Anderson v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*,
   C.A. No. 0:06-2578
*Kathleen R. Frye, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*,
   C.A. No. 0:06-2662
*Cynthia Harris, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*,
   C.A. No. 0:06-3009

Schedule of Matters for Hearing Session, Section A             p. 3
Las Vegas, Nevada

MDL-1836 (Continued)

District of Minnesota (Continued)

*Daniel M. Hayward, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-3180
*Daniel F. Neal v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,* C.A. No. 0:06-3182
*Peggy J. Bronson v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-3254
*Theresa R. Seaman, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-3255
*Madeline J. Vingers v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-3284
*Irene M. Conejo v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-3519
*Melody S. Erickson v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-3526
*Alan Kite, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-3527
*George P. Wagner v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-3537
*Gordon J. Haughey, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-3539
*Stella C. Rush, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-3544
*Carl M. Milam, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-3778
*Floyd Wayne Kanuch v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-3839
*Rick James Berger v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-4358
*Mark Mayer v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,* C.A. No. 0:06-4366
*Resa King, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-4502
*George Konrad v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-4699
*Steven Purser, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-4783

Schedule of Matters for Hearing Session, Section A                    p. 4
Las Vegas, Nevada

MDL-1836 (Continued)

### District of Minnesota (Continued)

*Barbara Goldman, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-4784
*James Holmes, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-4785
*Florene D. Saracco v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-4827
*Greg Stutz v. Boehringer Ingelheim Pharmaceuticals, Inc., et al., C.A. No. 0:06-4828*
*Thomas M. Celorie v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-4868
*Maryann J. Deleo, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-4869
*William Chamberlain, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-4870
*Ronald P. Markel, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-4871
*Hilarie Pearce v. Boehringer Ingelheim Pharmaceuticals, Inc., et al., C.A. No. 0:06-4944*
*Linda Michels, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-4945
*David Emery, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-4946
*Richard Scott Brown v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-4947
*William Gage, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-4948
*Carolyn Paulette Shows, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-4949
*Michele C. Glancy, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:06-5123
*Tza Ping Aliya Lee, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 0:07-39

Schedule of Matters for Hearing Session, Section A                    p. 5
Las Vegas, Nevada


MDL-1836 (Continued)


### Western District of Missouri

*Wayne Jackson, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,*
   C.A. No. 4:06-969

### Western District of Washington

*Matthew Andresen, et al. v. Pfizer Inc., et al.*, C.A. No. 2:06-1413


## MDL-1837 -- In re BMW Subframe Marketing and Sales Practices Litigation

Motion of plaintiff Scott Halperin for centralization of the following actions in the United States District Court for the District of New Jersey:

### Central District of California

*Eric Bacca, et al. v. BMW of North America, LLC*, C.A. No. 2:06-6753

### Middle District of Florida

*Frances Perrone v. BMW of North America, LLC*, C.A. No. 8:06-2045

### Southern District of Mississippi

*Jaime Moore v. BMW of North America, LLC*, C.A. No. 4:06-139

### District of New Jersey

*Lyndsay Alpert, et al. v. BMW of North America, LLC*, C.A. No. 2:06-5198

## MDL-1838 -- In re TJX Companies, Inc., Customer Data Security Breach Litigation

Motion of plaintiffs Julie Buckley, et al., for centralization of the following actions in the United States District Court for the District of Massachusetts:

### Northern District of Alabama

*Jo Wood, et al. v. TJX, Inc., et al.*, C.A. No. 2:07-147

### District of Massachusetts

*Paula G. Mace v. TJX Companies, Inc.*, C.A. No. 1:07-10162
*Amerifirst Bank v. TJX Companies, Inc., et al.*, C.A. No. 1:07-10169
*Julie Buckley, et al. v. TJX Companies, Inc.*, C.A. No. 1:07-10209
*Thomas J. Gaydos v. TJX Companies, Inc., et al.*, C.A. No. 1:07-10217

### District of Puerto Rico

*Patricia Miranda, et al. v. TJX, Inc., et al.*, C.A. No. 3:07-1075

## MDL-1839 -- In re Pro Tem Partners, Inc., and Semico Research Corp. Contract Litigation

Motion of Pro Tem Partners, Inc., for centralization of the following actions in the United States District Court for the District of Massachusetts:

### District of Arizona

*Semico Research Corp. v. Jan-Charles Fine, et al.*, C.A. No. 2:06-2475

### District of Massachusetts

*Pro Tem Partners, Inc. v. Semico Research Corp.*, C.A. No. 1:05-11822

Schedule of Matters for Hearing Session, Section A                    p. 7
Las Vegas, Nevada


MDL-1840 -- In re Motor Fuel Temperature Sales Practices Litigation

     Motion of defendants Exxon Mobil Corp.; Hess Corp.; and Motiva Enterprises LLC for centralization of the following actions in the United States District Court for the District of New Jersey:

     Northern District of California

*Mark Rushing, et al. v. Alon USA, Inc., et al.*, C.A. No. 3:06-7621

     District of Kansas

*Zachary Wilson, et al. v. Ampride, Inc., et al.*, C.A. No. 2:06-2582
*American Fiber & Cabling LLC., et al. v. BP Corp. North America, Inc., et al.*,
  C.A. No. 2:07-2053

     Western District of Kentucky

*Keen Exploration, LLC, et al. v. Amoco Oil Co., et al.*, C.A. No. 5:07-14

     Western District of Missouri

*Victor VanDyne v. Murphy Oil USA, Inc., et al.*, C.A. No. 2:06-4302
*Ditzfeld Transfer, Inc. v. Pilot Travel Centers, LLC., et al.*, C.A. No. 2:07-4025
*James Vanderbilt v. BP Corp. North America, Inc., et al.*, C.A. No. 4:06-1052
*Brent Donaldson, et al. v. BP Corp. North America, Inc., et al.*, C.A. No. 4:07-93

     District of New Jersey

*Richard Galauski, et al. v. Amerada Hess Corp., et al.*, C.A. No. 3:06-6005

     Western District of Oklahoma

*Craig Massey, et al. v. BP Corp. North America, Inc., et al.*, C.A. No. 5:07-102
*Cynthia J. Cary, et al. v. BP Corp. North America, Inc., et al.*, C.A. No. 5:07-155

     Western District of Tennessee

*Diane Foster, et al. v. BP North America Petroleum, Inc., et al.*, C.A. No. 2:07-2059

MDL-1841 -- In re Wells Fargo Loan Processor Overtime Pay Litigation

Motion of defendant Wells Fargo Home Mortgage for centralization of the following actions in the United States District Court for the District of Kansas:

Northern District of California

*Mary Basore, et al. v. Wells Fargo Home Mortgage, et al.*, C.A. No. 3:07-461

District of Kansas

*Trudy Bowne, et al. v. Wells Fargo Home Mortgage*, C.A. No. 2:06-2020

MDL-1842 -- In re Kugel Mesh Hernia Patch Products Liability Litigation

Motion of plaintiffs Sonia Montiel, et al., for centralization of certain of the following actions in the United States District Court for the District of Rhode Island and motion of plaintiffs Lilyan Kathleen Hall, et al., for centralization of the following actions in the United States District Court for the Northern District of Alabama:

Northern District of Alabama

*Lilyan Kathleen Hall, et al. v. Davol, Inc., et al.*, C.A. No. 3:07-480

Eastern District of Arkansas

*Carolene Jean Carter v. Davol, Inc., et al.*, C.A. No. 4:06-1012

Western District of Arkansas

*Mary Jane Campbell v. Davol, Inc., et al.*, C.A. No. 5:06-5154

Eastern District of California

*Daniel Poston, et al. v. Davol, Inc.*, C.A. No. 2:07-32

Northern District of Florida

*Jane R. Wilson v. Davol, Inc., et al.*, C.A. No. 3:06-541

MDL-1842 (Continued)

### Central District of Illinois

*James Daniel Mathien v. Davol, Inc., et al.*, C.A. No. 2:07-2031

### Eastern District of Missouri

*Timothy J. Edgar v. Davol, Inc.*, C.A. No. 4:06-1471

### District of New Jersey

*Jenine Von Essen v. C.R. Bard, Inc., et al.*, C.A. No. 2:06-4786

### Eastern District of New York

*Thomas D. Hyland, et al. v. Davol, Inc., et al.*, C.A. No. 2:07-1054

### Southern District of New York

*Sophia Katechis, et al. v. Davol, Inc., et al.*, C.A. No. 1:07-2098

### Northern District of Ohio

*Richard H. Sayler, et al. v. Davol, Inc., et al.*, C.A. No. 1:07-765

### District of Rhode Island

*Sonia Montiel, et al. v. Davol, Inc., et al.*, C.A. No. 1:07-64

### Middle District of Tennessee

*George Andrew Luffman v. C.R. Bard, Inc., et al.*, C.A. No. 3:07-243

Schedule of Matters for Hearing Session, Section A                    p. 10
Las Vegas, Nevada


MDL-1843 -- In re Schering Marketing and Sales Practices Litigation

Motion of plaintiff United American Insurance Company for centralization of the
following actions in the United States District Court for the Eastern District of Pennsylvania:

District of New Jersey

*International Brotherhood of Teamsters Local No. 331 Health & Welfare Trust Fund v.
Schering-Plough Corp.*, C.A. No. 2:06-5774

Eastern District of Pennsylvania

*Blue Cross & Blue Shield of Alabama v. Schering-Plough Corp., et al.*,
C.A. No. 2:07-568
*United American Insurance Co. v. Schering-Plough Corp., et al.*, C.A. No. 2:07-702


MDL-1844 -- In re Air Crash Near Peixoto de Azeveda, Brazil, on September 29, 2006

Motion of plaintiff Zita Swensson de Mattos for centralization of the following actions in
a single United States district court:

Central District of California

*Maria Jose Miranda Bermudes Abreu, et al. v. ExcelAire Service, Inc., et al.*,
C.A. No. 2:07-1296

Middle District of Florida

*Suely de Castro Alves Miranda, etc. v. Joseph Lepore, et al.*, C.A. No. 6:07-283

Eastern District of Missouri

*Bianca Pi Hancock, etc. v. ExcelAire Services, Inc., et al.*, C.A. No. 4:07-372

Eastern District of New York

*Patricia Abrahim Barbosa Garcia, et al. v. ExcelAire Service, Inc., et al.*,
C.A. No. 1:06-5964
*Mario De Abreu Lleras, et al. v. ExcelAire Service, Inc., et al.*, C.A. No. 2:06-6083

Schedule of Matters for Hearing Session, Section A         p. 11
Las Vegas, Nevada

MDL-1844 (Continued)


<u>Southern District of New York</u>

*Zita Swensson de Mattos, etc. v. ExcelAire Services, Inc., et al.*, C.A. No. 1:07-948


MDL-1845 -- <u>In re ConAgra Peanut Butter Products Liability Litigation</u>

Motion of plaintiffs Grady Ware, et al., for centralization of certain of the following actions in the United States District Court for the Northern District of Georgia; motion of plaintiffs Thomas B. Price, Annie Blackwell, and Jamie S. Jeffords for centralization of certain of the following actions in the United States District Court for the District of South Carolina; and motion of plaintiff Pamela Gateley, etc., for centralization of certain of the following actions in a single United States district court:

<u>Middle District of Florida</u>

*Marion Caldarera v. ConAgra Foods, Inc., et al.*, C.A. No. 8:07-384

<u>Southern District of Florida</u>

*Charles Stafford v. ConAgra Foods, Inc.*, C.A. No. 9:07-80178

<u>Middle District of Georgia</u>

*Karen Klepsig, et al. v. ConAgra Foods, Inc.*, C.A. No. 1:07-37
*Geoffrey Midler v. ConAgra Foods, Inc.*, C.A. No. 1:07-42

<u>Northern District of Georgia</u>

*Anne Cease, et al. v. ConAgra Foods, Inc.*, C.A. No. 1:07-425
*John Harper v. ConAgra Foods, Inc.*, C.A. No. 1:07-538
*Grady Ware, et al. v. ConAgra Foods, Inc.*, C.A. No. 4:07-40

<u>Northern District of Mississippi</u>

*Pamela Gateley, etc. v. ConAgra Foods, Inc.*, C.A. No. 2:07-35

MDL-1845 (Continued)

### Western District of Missouri

*Brian Cox, et al. v. ConAgra Foods, Inc.*, C.A. No. 5:07-6027

### Western District of New York

*Mark Avalone, et al. v. ConAgra Foods, Inc.*, C.A. No. 6:07-6084

### Eastern District of Oklahoma

*Irene Clandord v. ConAgra Foods, Inc.*, C.A. No. 6:07-56

### Eastern District of Pennsylvania

*Lucille A. Knight v. ConAgra Foods, Inc.*, C.A. No. 2:07-818

### Middle District of Pennsylvania

*Kathleen Nieves, et al. v. ConAgra Foods, Inc.*, C.A. No. 3:07-327

### District of South Carolina

*Annie Blackwell v. ConAgra Foods, Inc.*, C.A. No. 0:07-529
*Thomas B. Price v. ConAgra Foods, Inc.*, C.A. No. 3:07-536
*Jerry Shawn Medford v. ConAgra Foods, Inc.*, C.A. No. 3:07-611
*Jamie S. Jeffords v. ConAgra Foods, Inc.*, C.A. No. 4:07-530
*Jennifer Ann Hoey, et al. v. ConAgra Foods, Inc.*, C.A. No. 7:07-544

### Eastern District of Tennessee

*Cynthia Woodlee, et al. v. ConAgra Foods, Inc.*, C.A. No. 4:07-15

### Western District of Washington

*James Winston Daniels, II, et al. v. ConAgra, Inc.*, C.A. No. 2:07-259

Schedule of Matters for Hearing Session, Section A                    p. 13
Las Vegas, Nevada


## MDL-1846 -- In re Trade Partners, Inc., Investors Litigation

Motion of defendants Macatawa Bank Corp. and Macatawa Bank for centralization of the following actions in the United States District Court for the Western District of Michigan or, in the alternative, the United States District Court for the Western District of Oklahoma:

### Central District of California

*James Lee, et al. v. Macatawa Bank Corp., et al.*, C.A. No. 2:06-8009

### Western District of Michigan

*Forrest W. Jenkins, et al. v. Macatawa Bank Corp., et al.*, C.A. No. 1:03-321

### Western District of Oklahoma

*Steven M. Adamson, et al. v. Macatawa Bank Corp., et al.*, C.A. No. 5:06-1267
*Eddie Elkins, et al. v. Macatawa Bank Corp.*, C.A. No. 5:07-109

### Northern District of Texas

*Frank V. Bailey, et al. v. Macatawa Bank Corp.*, C.A. No. 3:06-2193


## MDL-1847 -- In re Tayssoun Transportation, Inc., and Dallas & Mavis Specialized Carrier Co., LLC, Contract Litigation

Motion of plaintiff Tayssoun Transportation, Inc., for centralization of the following actions in the United States District Court for the Southern District of Texas:

### Northern District of Texas

*Dallas & Mavis Specialized Carrier Co., LLC v. Pacific Motor Transport Co., et al.*,
  C.A. No. 3:06-1922

### Southern District of Texas

*Tayssoun Transportation, Inc. v. Dallas & Mavis Specialized Carrier Co., LLC*,
  C.A. No. 4:06-3463

Schedule of Matters for Hearing Session, Section A                     p. 14
Las Vegas, Nevada


MDL-1848 -- In re Rembrandt Technologies, LP, Patent Litigation

     Motion of defendant CoxCom, Inc., for centralization of the following actions in the United States District Court for the District of Delaware:

     District of Delaware

*Rembrandt Technologies, LP v. Cablevision Systems Corp., et al.*, C.A. No. 1:06-635
*Coxcom, Inc. v. Rembrandt Technologies, LP*, C.A. No. 1:06-721
*Rembrandt Technologies, LP v. CBS Corp.*, C.A. No. 1:06-727
*Rembrandt Technologies, LP v. NBC Universal, Inc.*, C.A. No. 1:06-729
*Rembrandt Technologies, LP v. ABC, Inc.*, C.A. No. 1:06-730
*Rembrandt Technologies, LP v. Fox Entertainment Group, Inc., et al.*, C.A. No. 1:06-731

     Southern District of New York

*Rembrandt Technologies, LP v. Adelphia Communications Corp., et al.*,
   Bky. Advy. No. 1:06-1739
*Rembrandt Technologies, LP v. Adelphia Communications Corp.*, C.A. No. 1:07-214

     Eastern District of Texas

*Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:05-443
*Rembrandt Technologies, LP v. Sharp Corp., et al.*, C.A. No. 2:06-47
*Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-223
*Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-224
*Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-369
*Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:06-506
*Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-507


MDL-1849 -- In re C.H. Robinson Worldwide, Inc., Overtime Pay Litigation

     Motion of plaintiffs for centralization of the following actions in the United States District Court for the Northern District of Illinois or, in the alternative, the United States District Court for the District of Minnesota:

     Northern District of Alabama

*Donna Eddy, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 2:06-4926

Schedule of Matters for Hearing Session, Section A          p. 15
Las Vegas, Nevada

MDL-1849 (Continued)

### Central District of California

*Mimi Vuong v. C.H. Robinson Worldwide, Inc.*, C.A. No. 2:07-1428
*Nancy Austin, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 8:07-301

### Eastern District of California

*Gladys Garcia, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:07-157

### Northern District of California

*Kimberly Elam, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 4:07-475

### Northern District of Georgia

*Terri Kuvach, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:07-328

### Northern District of Illinois

*Evelyn Sparks, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6461
*Cheryl D. Braithwaite, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6462
*Lynn A. Amorose, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6463
*Angela L. Jacobson v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6465
*Scott D. Hyder, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6503
*Anne K. Ciaglia, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6507
*Joann M. McGill, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6510
*Richard Cahn, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6512
*Jason K. Bergquist, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6515
*Craig Bowen, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6516
*Christopher L. Sims, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6520
*Shannon D. Anderson, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6527
*Nora Hageman, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6530
*Brenda Mitchell, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6538
*Lynette DiNova, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6545
*Joanna Elke, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6552

MDL-1849 (Continued)

### Northern District of Illinois (Continued)

*Roy Rogenic, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6553
*LaToya R. McCants, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6556
*Michael Blackburn v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6563
*Sharon K. Dodson-McDonald, et al. v. C.H. Robinson Worldwide, Inc.*,
  C.A. No. 1:06-6564
*Patricia A. Parrish, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6568
*Brendan M. Clarke, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6581
*Amber Vandersommen, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6582
*Leslie Nemelka, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6623
*Kari S. Johnson, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6629
*Ariel B. Crotty, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6630
*Wendy L. Ferger, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6632
*Laura J. Jeneault, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6634
*Heidi Michelle Poepsel v. C.H. Robinson Worldwide, Inc.*, C.A. No. 1:06-6664

### Southern District of Indiana

*Catherine A. Wilcox v. C.H. Robinson Worldwide, Inc.*, C.A. No. 3:06-197

### District of Kansas

*Kimberly K. Bethel, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 2:07-2129
*Lisa M. Quigley, et al v. C.H. Robinson Worldwide, Inc.*, C.A. No. 6:07-1063

### Eastern District of Louisiana

*Morgan J. Wood, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 2:07-1269

### Eastern District of Michigan

*Carla M. Strugala v. C.H. Robinson Worldwide, Inc.*, C.A. No. 5:07-10767

Schedule of Matters for Hearing Session, Section A                    p. 17
Las Vegas, Nevada


MDL-1849 (Continued)


#### District of Minnesota

*Jamie L. Benner, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4640
*Justin Accola, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4643
*Jeffrey Cichosz, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4644
*William F. Holmberg, Jr. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4645
*Elizabeth Marianne Buck, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4646
*Penny M. Cantazaro, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4647
*Kathy Cota, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4648
*Jill K. East, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4649
*Kathleen L. Hambleton, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4650
*Elizabeth Hopp v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4651
*Joann F. Larson v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4652
*Kelley S. Lyons, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4653
*Kimberly M. Martineau, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4654
*Sandra Steinmetz, et al. v.C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4655
*John Gino Giovannoni v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:06-4960
*Sally J. Dowden, et al., C.H. Robinson Worldwide, Inc.*, C.A. No. 0:07-89
*Amelia M. Alfaro, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:07-90
*Jennifer L. Alfano, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:07-251
*Claudia Alicia Martinez, et al. v.C.H. Robinson Worldwide, Inc.*, C.A. No. 0:07-542
*Jennifer N. Mcinnis v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:07-544
*Beth Shaw, et al v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:07-595
*Shannon Davis v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:07-1119
*Esther Nevarez, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 0:07-1563


#### Eastern District of Missouri

*Heather Lee Markle, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 4:07-428


#### Northern District of Ohio

*Julie Gallagher, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 5:07-846

Schedule of Matters for Hearing Session, Section A                    p. 18
Las Vegas, Nevada


MDL-1849 (Continued)


### Western District of Oklahoma

*Timothy J. Bumgarner, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 5:07-278

### District of Oregon

*Allison M. Cassie, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 3:07-333

### District of South Carolina

*Rodney Brewer, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 3:06-3595

### District of South Dakota

*Angela K. Smoot v. C.H. Robinson Worldwide, Inc.*, C.A. No. 4:07-4038

### Eastern District of Tennessee

*Carolyn Baker Hall, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 3:07-46

### Eastern District of Texas

*Aaron Smith, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 4:07-1

### Northern District of Texas

*Stephanie Smith, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 3:07-409

### Western District of Texas

*Adelita Dickson, et al. v. C.H. Robinson Worldwide, Inc.*, C.A. No. 5:07-186

### Eastern District of Wisconsin

*Kelly K. Hoell v. C.H. Robinson Worldwide, Inc.*, C.A. No. 2:07-267

Schedule of Matters for Hearing Session, Section A                    p. 19
Las Vegas, Nevada

## MDL-1850 -- In re Pet Food Products Liability Litigation

Motion of plaintiff Shirley Sexton for centralization of certain of the following actions in the United States District Court for the Central District of California; motion of plaintiff Christina Troiano for centralization of certain of the following actions in the United States District Court for the Southern District of Florida; and motion of plaintiffs Tom Whaley; Stacey Heller, et al.; Audrey Kornelius, et al.; Suzanne E. Johnson, et al.; and Michele Suggett, et al., for centralization of the following actions in the United States District Court for the Western District of Washington:

### Western District of Arkansas

*Charles Ray Sims, et al. v. Menu Foods Income Fund, et al.*, C.A. No. 5:07-5053
*Richard Scott Widen, et al. v. Menu Foods, Inc., et al.*, C.A. No. 5:07-5055

### Central District of California

*Shirley Sexton v. Menu Foods Income Fund, et al.*, C.A. No. 2:07-1958

### District of Connecticut

*Lauri A. Osborne v. Menu Foods, Inc.*, C.A. No. 3:07-469

### Southern District of Florida

*Christina Troiano v. Menu Foods, Inc., et al.*, C.A. No. 0:07-60428

### Northern District of Illinois

*Dawn Majerczyk v. Menu Foods, Inc.*, C.A. No. 1:07-1543

### District of New Jersey

*Jared Workman, et al. v. Menu Foods Ltd., et al.*, C.A. No. 1:07-1338

### Eastern District of Tennessee

*Lizajean Holt v. Menu Foods, Inc.*, C.A. No. 3:07-94

Schedule of Matters for Hearing Session, Section A                    p. 20
Las Vegas, Nevada


MDL-1850 (Continued)


## Western District of Washington

*Tom Whaley v. Menu Foods, Inc., et al.*, C.A. No. 2:07-411
*Stacey Heller, et al. v. Menu Foods*, C.A. No. 2:07-453
*Audrey Kornelius, et al. v. Menu Foods*, C.A. No. 2:07-454
*Suzanne E. Johnson, et al. v. Menu Foods*, C.A. No. 2:07-455
*Michele Suggett, et al. v. Menu Foods, et al.*, C.A. No. 2:07-457

Schedule of Matters for Hearing Session, Section B                    p. 21
Las Vegas, Nevada


## SECTION B
## MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT


MDL-875 -- In re Asbestos Products Liability Litigation (No. VI)

    Oppositions of plaintiffs and defendant Rowan Companies, Inc., to transfer of their respective following actions to the United States District Court for the Eastern District of Pennsylvania:

      Western District of Arkansas

*Eddie Joe Wooten, et al. v. CertainTeed Corp., et al.*, C.A. No. 2:07-2004

      Northern District of California

*Carla Groce, et al. v. Todd Shipyards Corp., et al.*, C.A. No. 3:07-241
*Geraldine Burton, et al. v. A.W. Chesterton Co., et al.*, C.A. No. 3:07-702

      Southern District of Illinois

*Jack Franklin v. CSX Transportation, Inc.*, C.A. No. 3:06-1058

      Eastern District of Louisiana

*Melvin Raymond v. Borden, Inc., et al.*, C.A. No. 2:06-11140

      Middle District of Louisiana

*Teressa Bell, etc. v. Rowan Companies, Inc., et al.*, C.A. No. 3:06-785
*Aurelie Breau Waguespack, et al. v. Anco Insulations, Inc., et al.*, C.A. No. 3:06-965

      Western District of Louisiana

*Daniel Jarrell v. Franks Petroleum, Inc., et al.*, C.A. No. 6:06-2190

MDL-875 (Continued)

### District of Maryland

*Linda Hudson, et al. v. Rapid-American Corp., et al.*, C.A. No. 1:06-3319

### Southern District of New York

*Talbot P. Frawley, et al. v. General Electric Co., et al.*, C.A. No. 1:06-15395

### MDL-1335 -- In re Tyco International, Ltd., Securities, Derivative & "ERISA" Litigation

Opposition of plaintiffs Scott Davis, et al., to transfer of the following action to the United States District Court for the District of New Hampshire:

### Northern District of Illinois

*Scott Davis, et al. v. Dennis Kozlowski, et al.*, C.A. No. 1:07-227

### MDL-1373 -- In re Bridgestone/Firestone, Inc., Tires Products Liability Litigation

Opposition of plaintiff Leonie Moise, etc., to transfer of the following action to the United States District Court for the Southern District of Indiana:

### Middle District of Florida

*Leonie Moise, etc. v. Bridgestone/Firestone North American Tire, LLC,*
    C.A. No. 2:06-675

MDL-1373 (Continued)


Oppositions of defendants Bridgestone Firestone North American Tire, LLC and Ford Motor Company to remand, under 28 U.S.C. § 1407(a), of the following action to the United States District Court for the Western District of Arkansas:

Southern District of Indiana

*Susan Janssen, etc. v. Bridgestone/Firestone North American Tire, LLC, et al.*, C.A. No. 1:04-5811 (W.D. Arkansas, C.A. No. 2:04-2164)


MDL-1409 -- In re Currency Conversion Fee Antitrust Litigation

Opposition of plaintiff Kyle Sandera to transfer of the following action to the United States District Court for the Southern District of New York:

Northern District of California

*Kyle Sandera v. Bank of America Corp., et al.*, C.A. No. 3:07-34


MDL-1456 -- In re Pharmaceutical Industry Average Wholesale Price Litigation

Opposition of plaintiff The State of Idaho to transfer of the following action to the United States District Court for the District of Massachusetts:

District of Idaho

*State of Idaho v. Abbott Laboratories*, C.A. No. 1:07-93

MDL-1566 -- In re Western States Wholesale Natural Gas Antitrust Litigation

      Motion of defendant Reliant Energy Services, Inc., to transfer the following action to the United States District Court for the District of Nevada:

        Western District of Wisconsin

    *Arandell Corp., et al. v. Xcel Energy, Inc., et al.*, C.A. No. 3:07-76


MDL-1596 -- In re Zyprexa Products Liability Litigation

      Motions of defendant Eli Lilly & Company to transfer the following actions to the United States District Court for the Eastern District of New York:

        District of South Carolina

    *Samuel Davis v. Eli Lilly & Co.*, C.A. No. 3:06-2312
    *Kimberly J. Johnson, et al. v. Ricardo Jose Fermo, M.D., et al.*, C.A. No. 4:06-2994


MDL-1604 -- In re Ocwen Federal Bank FSB Mortgage Servicing Litigation

      Oppositions of plaintiffs Mary Brown; Linda Fleshman; David Waters, Sr., et al.; Donald Moden, et al.; Annette Miranda; and Stanley C. Beardslee, et al., to transfer of their respective following actions to the United States District Court for the Northern District of Illinois:

        Eastern District of Texas

    *Mary Brown v. Ocwen Loan Servicing, LLC, et al.*, C.A. No. 1:07-92

        Northern District of Texas

    *Linda Fleshman v. Ocwen Loan Servicing, LLC, et al.*, C.A. No. 4:07-108

        Western District of Texas

    *David Waters, Sr., et al. v. Ocwen Financial Corp., et al.*, C.A. No. 1:07-61
    *Donald Moden, et al. v. Ocwen Financial Corp., et al.*, C.A. No. 1:07-62

Schedule of Matters for Hearing Session, Section B                          p. 25
Las Vegas, Nevada


MDL-1604 (Continued)


### Western District of Texas (Continued)

*Annette Miranda v. Ocwen Financial Corp., et al.*, C.A. No. 5:07-34
*Stanley C. Beardslee, et al. v. Ocwen Loan Servicing, LLC, et al.*, C.A. No. 5:07-137


## MDL-1626 -- In re Accutane Products Liability Litigation

Opposition of defendant Hoffman-La Roche, Inc., to transfer of the following action to the United States District Court for the Middle District of Florida:

### Eastern District of Pennsylvania

*Darrell W. Borum, Jr. v. Hoffmann-La Roche, Inc., et al.*, C.A. No. 2:07-94


## MDL-1657 -- In re Vioxx Marketing, Sales Practices and Products Liability Litigation

Oppositions of plaintiffs to transfer of their respective following actions to the United States District Court for the Eastern District of Louisiana:

### Central District of California

*Ruby Lois Moore Estate, etc. v. Merck & Co., Inc.*, C.A. No. 2:06-7548

### Eastern District of California

*Mosetta Bernstine v. Merck & Co., Inc., et al.*, C.A. No. 2:07-34
*Katherine Harrison v. Merck & Co., Inc., et al.*, C.A. No. 2:07-42
*James Daniels, Jr. v. Merck & Co., Inc., et al.*, C.A. No. 2:07-48
*Barbara Ford-Daniels v. Merck & Co., Inc., et al.*, C.A. No. 2:07-51
*Lynn Franklin v. Merck & Co., Inc., et al.*, C.A. No. 2:07-57
*Irma Franklin v. Merck & Co., Inc., et al.*, C.A. No. 2:07-58
*Carolyn Lee Wilson v. Merck & Co., Inc., et al.*, C.A. No. 2:07-61
*Mary Ann Harris v. Merck & Co., Inc., et al.*, C.A. No. 2:07-67
*John Wilson v. Merck & Co., Inc., et al.*, C.A. No. 2:07-68

Schedule of Matters for Hearing Session, Section B         p. 26
Las Vegas, Nevada

MDL-1657 (Continued)

### Eastern District of California (Continued)

*Ishmael Haqq v. Merck & Co., Inc., et al.*, C.A. No. 2:07-73
*David Tenn, etc. v. Merck & Co., Inc., et al.*, C.A. No. 2:07-75
*Estate of Juanita Battle v. Merck & Co., Inc., et al.*, C.A. No. 2:07-77
*Denise Denison v. Merck & Co., Inc., et al.*, C.A. No. 2:07-79

### Northern District of California

*Dorothy Shanks v. Merck & Co., Inc., et al.*, C.A. No. 3:07-65
*Stanford Johnson v. Merck & Co., Inc., et al.*, C.A. No. 3:07-67
*Estate of Robert Badke, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:07-69
*Fred Hardin v. Merck & Co., Inc., et al.*, C.A. No. 3:07-75
*Jeffrey Nielsen v. Merck & Co., Inc., et al.*, C.A. No. 3:07-76
*Juliana Nielsen v. Merck & Co., Inc., et al.*, C.A. No. 3:07-77
*Jacquelyn Johnson v. Merck & Co., Inc., et al.*, C.A. No. 3:07-78
*Arthur Shanks v. Merck & Co., Inc., et al.*, C.A. No. 4:07-68
*Earnestine Hardin v. Merck & Co., Inc., et al.*, C.A. No. 4:07-70
*Shahla Jaferian v. Merck & Co., Inc., et al.*, C.A. No. 5:07-66
*Estate of Sandra Ellis v. Merck & Co., Inc.*, C.A. No. 5:07-74
*Nader Jaferian v. Merck & Co., Inc., et al.*, C.A. No. 5:07-79
*Randolph Dossett v. Merck & Co., Inc., et al.*, C.A. No. 5:07-80
*Suzanne Dante v. Merck & Co., Inc., et al.*, C.A. No. 5:07-81

### Southern District of California

*Genevieve Tadman v. Merck & Co., Inc., et al.*, C.A. No. 3:06-2151
*Del Rorer v. Merck & Co., Inc., et al.*, C.A. No. 3:07-10
*Carol Krepp v. Merck & Co., Inc., et al.*, C.A. No. 3:07-11
*Charles Krepp v. Merck & Co., Inc., et al.*, C.A. No. 3:07-12
*Teresa Rorer v. Merck & Co., Inc., et al.*, C.A. No. 3:07-14
*Arlene Purvis v. Merck & Co., Inc., et al.*, C.A. No. 3:07-15

### Northern District of West Virginia

*Helen Jean Anderson, etc. v. Merck & Co., Inc., et al.*, C.A. No. 5:06-151

Schedule of Matters for Hearing Session, Section B                    p. 27
Las Vegas, Nevada


MDL-1657 (Continued)


### Southern District of West Virginia

*Paul Noe, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1004
*Leota Faye Dickens v. Merck & Co., Inc., et al.*, C.A. No. 2:06-1005
*Madonna Armentrout, etc. v. Rite Aid of West Virginia, Inc.*, C.A. No. 3:06-1058


### MDL-1657 -- In re Vioxx Marketing, Sales Practices and Products Liability Litigation
### MDL-1699 -- In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation

Oppositions of plaintiffs to transfer of their respective following actions to the United States District Court for the Eastern District of Louisiana in MDL-1657 and to the United States District Court for the Northern District of California in MDL-1699:

### Northern District of Alabama

*William D. McCluskey, etc. v. Merck & Co., Inc., et al.*, C.A. No. 2:07-232

### Eastern District of California

*Carol Ann Davies, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2768
*Lois Hornsby, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2776
*Bertha Townsend, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2780
*Arthur Bluett, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2787
*Lisa Mathews, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2807
*Geneva Styles, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2812
*Ali Muhilddine, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2814
*Elizabeth A. Cochran v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2817
*Kevin L. Chaney v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2826
*Wendel Vantine, etc. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2851
*Barry Dohner, etc. v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2853
*Jerry Strange v. Merck & Co., Inc., et al.*, C.A. No. 2:06-2875

### Southern District of Illinois

*Robert J. Smith, Jr., etc. v. Merck & Co., Inc., et al.*, C.A. No. 3:06-964
*Wilburn Williamson, etc. v. Merck & Co., Inc., et al.*, C.A. No. 3:06-1023

MDL-1700 -- In re FedEx Ground Package System, Inc., Employment Practices Litigation (No. II)

    Opposition of plaintiff Carlos Quintin Gonzalez to transfer of the following action to the United States District Court for the Northern District of Indiana:

    Southern District of Florida

    *Carlos Quintin Gonzalez v. FedEx Home Delivery, et al.*, C.A. No. 1:06-22964


MDL-1708 -- In re Guidant Corp. Implantable Defibrillators Products Liability Litigation

    Oppositions of plaintiffs Mary Alice Miller, etc., and Estefana Silva, et al., to transfer of their respective following actions to the United States District Court for the District of Minnesota:

    Middle District of Florida

    *Mary Alice Miller, etc. v. Guidant Corp., et al.*, C.A. No. 3:07-41

    Southern District of Texas

    *Estefana Silva, et al. v. Guidant Corp., et al.*, C.A. No. 7:07-2


MDL-1715 -- In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation

    Oppositions of plaintiffs Rodney S. Means and David L. Murphy, et al., and defendants Dream House Mortgage Corp., Northwest Title & Escrow Corp., and Litton Loan Servicing LP to transfer of their respective following actions to the United States District Court for the Northern District of Illinois:

    Northern District of Indiana

    *Rodney S. Means v. Ameriquest Mortgage Co., et al.*, C.A. No. 2:06-409

    District of Massachusetts

    *Kelly Ann I. Graham, et al. v. Ameriquest Mortgage Co., et al.*, C.A. No. 4:06-40195

Schedule of Matters for Hearing Session, Section B                    p. 29
Las Vegas, Nevada


MDL-1715 (Continued)


### Eastern District of Missouri

*Paul W. Derda, et al. v. Ameriquest Mortgage Co., et al.*, C.A. No. 4:06-1649

### Eastern District of Texas

*David L. Murphy, et al. v. Argent Mortgage Co., LLC*, C.A. No. 1:06-781


## MDL-1718 -- In re Ford Motor Co. Speed Control Deactivation Switch Products Liability Litigation

Oppositions of plaintiffs Florida Farm Bureau Casualty Insurance Company, etc.; David Giorgini, et al.; and Oscar Reyes, et al., to transfer of their respective following actions to the United States District Court for the Eastern District of Michigan:

### Middle District of Florida

*Florida Farm Bureau Casualty Insurance Co., etc. v. Ford Motor Co., Inc.*, C.A. No. 8:06-2307

### Eastern District of Pennsylvania

*David Giorgini, et al. v. Ford Motor Co.*, C.A. No. 2:06-968

### Southern District of Texas

*Oscar Reyes, et al. v. Ford Motor Co., et al.*, C.A. No. 4:07-165

Schedule of Matters for Hearing Session, Section B                    p. 30
Las Vegas, Nevada


MDL-1726 -- In re Medtronic, Inc., Implantable Defibrillators Products Liability Litigation

     Oppositions of plaintiff Patricia Kavalir and defendant Medtronic, Inc., to transfer of their respective following actions to the United States District Court for the District of Minnesota:

       Middle District of Florida

  *Hazel E. Ricciotti, etc. v. Medtronic, Inc.*, C.A. No. 8:07-233

       Northern District of Georgia

  *Claudeena Watt-Austin, et al. v. Boston Scientific Corp., et al.*, C.A. No. 1:07-293

       Northern District of Illinois

  *Patricia Kavalir v. Medtronic, Inc.*, C.A. No. 1:07-835


MDL-1742 -- In re Ortho Evra Products Liability Litigation

     Opposition of plaintiffs Jacci Morrison, et al., to transfer of the following action to the United States District Court for the Northern District of Ohio:

       Northern District of California

  *Jacci Morrison, et al. v. Ortho-McNeil Corp., et al.*, C.A. No. 3:07-8


MDL-1760 -- In re Aredia and Zometa Products Liability Litigation

     Oppositions of plaintiffs Joan LeCompte, et al., and Beatrice Rios to transfer of their respective following actions to the United States District Court for the Middle District of Tennessee:

       District of New Jersey

  *Joan LeCompte, et al. v. Novartis Pharmaceuticals Corp.*, C.A. No. 2:07-357

       Southern District of Texas

  *Beatrice Rios v. Novartis Pharmaceuticals Corp., et al.*, C.A. No. 6:07-2

MDL-1763 -- In re Human Tissue Products Liability Litigation

Opposition of plaintiff Sherryl Jean Thornton to transfer of the following action to the United States District Court for the District of New Jersey:

Northern District of Alabama

*Sherryl Jean Thornton v. Michael Mastromarino, et al.*, C.A. No. 1:06-4899

MDL-1781 -- In re Cintas Corp. Overtime Pay Arbitration Litigation

Opposition of respondents in all actions to remand, under 28 U.S.C. § 1407(a), of the following actions to their respective transferor courts:

Northern District of California

*Cintas Corp. v. Randall M. Cornelius, et al.*, C.A. No. 4:06-5078 (M.D. Alabama,
 C.A. No. 2:06-227)
*Cintas Corp. v. Darren Mitchell Anderson, et al.*, C.A. No. 4:06-5079 (N.D. Alabama,
 C.A. No. 2:06-492)
*Cintas Corp. v. Ramon J. Baudier, Jr., et al.*, C.A. No. 4:06-5080 (S.D. Alabama,
 C.A. No. 1:06-148)
*Cintas Corp. v. Robert J. Abel, et al.*, C.A. No. 4:06-5081 (D. Arizona,
 C.A. No. 2:06-693)
*Cintas Corp. v. Roberto Carlos Alegria, et al.*, C.A. No. 4:06-5082 (C.D. California,
 C.A. No. 2:06-1750)
*Cintas Corp. v. Ronald Arvizu, et al.*, C.A. No. 4:06-5083 (E.D. California,
 C.A. No. 2:06-611)
*Cintas Corp. v. Daniel E. Ainsworth, et al.*, C.A. No. 4:06-5084 (S.D. California,
 C.A. No. 3:06-632)
*Cintas Corp. v. John D. Bickham, et al.*, C.A. No. 4:06-5085 (D. Colorado,
 C.A. No. 1:06-427)
*Cintas Corp. v. Eugene Christensen, et al.*, C.A. No. 4:06-5086 (D. Connecticut,
 C.A. No. 3:06-360)
*Cintas Corp. v. Charles Leroy Gray, et al.*, C.A. No. 4:06-5087 (D. Delaware,
 C.A. No. 1:06-162)
*Cintas Corp. v. Alice Allen, et al.*, C.A. No. 4:06-5088 (M.D. Florida, C.A. No. 8:06-400)
*Cintas Corp. v. Joseph Frazier, et al.*, C.A. No. 4:06-5089 (N.D. Florida,
 C.A. No. 3:06-103)

Schedule of Matters for Hearing Session, Section B                    p. 32
Las Vegas, Nevada


MDL-1781 (Continued)


      Northern District of California (Continued)

*Cintas Corp. v. David J. Abrahamsen, et al.*, C.A. No. 4:06-5090 (S.D. Florida,
   C.A. No. 0:06-60310)
*Cintas Corp. v. Matthew J. DeFelix, et al.*, C.A. No. 4:06-5091 (M.D. Georgia,
   C.A. No. 1:06-38)
*Cintas Corp. v. Jeffrey Aybar, et al.*, C.A. No. 4:06-5092 (N.D. Georgia,
   C.A. No. 1:06-569)
*Cintas Corp. v. Joe L. Banks, et al.*, C.A. No. 4:06-5093 (S.D. Georgia,
   C.A. No. 1:06-35)
*Cintas Corp. v. David DeBilzan, et al.*, C.A. No. 4:06-5094 (D. Idaho,
   C.A. No. 1:06-104)
*Cintas Corp. v. James Allen Burress, et al.*, C.A. No. 4:06-5095 (C.D. Illinois,
   C.A. No. 1:06-1068)
*Cintas Corp. v. Vince Agozzino, et al.*, C.A. No. 4:06-5096 (N.D. Illinois,
   C.A. No. 1:06-1343)
*Cintas Corp. v. James Atkins, et al.*, C.A. No. 4:06-5097 (N.D. Indiana,
   C.A. No. 2:06-85)
*Cintas Corp. v. Ryan Albright, et al.*, C.A. No. 4:06-5098 (S.D. Indiana,
   C.A. No. 1:06-401)
*Cintas Corp. v. Donald Allen Griffin, et al.*, C.A. No. 4:06-5099 (S.D. Iowa,
   C.A. No. 4:06-91)
*Cintas Corp. v. Matthew L. Blackman, et al.*, C.A. No. 4:06-5100 (D. Kansas,
   C.A. No. 2:06-2091)
*Cintas Corp. v. Danny L. Brown, et al.*, C.A. No. 4:06-5101 (E.D. Kentucky,
   C.A. No. 2:06-52)
*Cintas Corp. v. Jason Agostini, et al.*, C.A. No. 4:06-5102 (W.D. Kentucky,
   C.A. No. 3:06-131)
*Cintas Corp. v. Jack Addison, et al.*, C.A. No. 4:06-5103 (E.D. Louisiana,
   C.A. No. 2:06-1247)
*Cintas Corp. v. Gustave Fontenot, Jr., et al.*, C.A. No. 4:06-5104 (M.D. Louisiana,
   C.A. No. 3:06-188)
*Cintas Corp. v. Ivan Edward Avery, et al.*, C.A. No. 4:06-5105 (W.D. Louisiana,
   C.A. No. 6:06-391)
*Cintas Corp. v. Randall Bowles, et al.*, C.A. No. 4:06-5106 (D. Maine, C.A. No. 2:06-55)

MDL-1781 (Continued)

Northern District of California (Continued)

*Cintas Corp. v. Joe Andrews, et al.*, C.A. No. 4:06-5107 (D. Maryland,
   C.A. No. 8:06-641)
*Cintas Corp. v. Philip Daniel Blaisdell, et al.*, C.A. No. 4:06-5108 (D. Massachusetts,
   C.A. No. 1:06-10442)
*Cintas Corp. v. Brandon Alioto, et al.*, C.A. No. 4:06-5109 (E.D. Michigan,
   C.A. No. 2:06-11043)
*Cintas Corp. v. Travis M. Ault, et al.*, C.A. No. 4:06-5110 (W.D. Michigan,
   C.A. No. 1:06-180)
*Cintas Corp. v. John Callahan, et al.*, C.A. No. 4:06-5111 (D. Minnesota,
   C.A. No. 0:06-1012)
*Cintas Corp. v. Gregory Cole Bigbee, et al.*, C.A. No. 4:06-5112 (S.D. Mississippi,
   C.A. No. 3:06-137)
*Cintas Corp. v. Relton Barnes, et al.*, C.A. No. 4:06-5113 (E.D. Missouri,
   C.A. No. 4:06-450)
*Cintas Corp. v. Randall Adams, et al.*, C.A. No. 4:06-5114 (W.D. Missouri,
   C.A. No. 4:06-208)
*Cintas Corp. v. Jeffrey Anderson, et al.*, C.A. No. 4:06-5115 (D. Nebraska,
   C.A. No. 8:06-262)
*Cintas Corp. v. Anthony Dean Hamby, et al.*, C.A. No. 4:06-5116 (D. Nevada,
   C.A. No. 2:06-300)
*Cintas Corp. v. Joseph Allen, et al.*, C.A. No. 4:06-5117 (D. New Jersey,
   C.A. No. 2:06-1164)
*Cintas Corp. v. Tony L. Bostick, et al.*, C.A. No. 4:06-5119 (D. New Mexico,
   C.A. No. 1:06-185)
*Cintas Corp. v. Troy Amott, et al.*, C.A. No. 4:06-5120 (E.D. New York,
   C.A. No. 1:06-1105)
*Cintas Corp. v. Hugh J. Kingsley, et al.*, C.A. No. 4:06-5121 (N.D. New York,
   C.A. No. 5:06-311)
*Cintas Corp. v. Louis Alves, et al.*, C.A. No. 4:06-5122 (S.D. New York,
   C.A. No. 1:06-1933)
*Cintas Corp. v. Robert F. Bowles, Jr., et al.*, C.A. No. 4:06-5123 (W.D. New York,
   C.A. No. 6:06-6147)
*Cintas Corp. v. Matthew Anderson, et al.*, C.A. No. 4:06-5124 (E.D. North Carolina,
   C.A. No. 5:06-113)

Schedule of Matters for Hearing Session, Section B          p. 34
Las Vegas, Nevada


MDL-1781 (Continued)


### Northern District of California (Continued)

*Cintas Corp. v. Gus Aranegui, et al.*, C.A. No. 4:06-5126 (M.D. North Carolina,
  C.A. No. 1:06-225)
*Cintas Corp. v. Jonathan Allred, et al.*, C.A. No. 4:06-5127 (W.D. North Carolina,
  C.A. No. 3:06-114)
*Cintas Corp. v. Bradley Agler, et al.*, C.A. No. 4:06-5128 (N.D. Ohio,
  C.A. No. 3:06-7083)
*Cintas Corp. v. Donald Adkins, et al.*, C.A. No. 4:06-5129 (S.D. Ohio,
  C.A. No. 1:06-126)
*Cintas Corp. v. Robert Hall, et al.*, C.A. No. 4:06-5130 (E.D. Oklahoma,
  C.A. No. 6:06-97)
*Cintas Corp. v. Brent Berna, et al.*, C.A. No. 4:06-5131 (N.D. Oklahoma,
  C.A. No. 4:06-148)
*Cintas Corp. v. Raymond Mac Harris, Jr., et al.*, C.A. No. 4:06-5132 (W.D. Oklahoma,
  C.A. No. 5:06-247)
*Cintas Corp. v. Dennis Bassett, et al.*, C.A. No. 4:06-5133 (D. Oregon,
  C.A. No. 6:06-335)
*Cintas Corp v. Kenneth W. Baptist, et al.*, C.A. No. 4:06-5134 (E.D. Pennsylvania,
  C.A. No. 2:06-1053)
*Cintas Corp. v. Brian Ash, et al.*, C.A. No. 4:06-5135 (M.D. Pennsylvania,
  C.A. No. 3:06-517)
*Cintas Corp. v. Christopher Derenzo, et al.*, C.A. No. 4:06-5136 (W.D. Pennsylvania,
  C.A. No. 2:06-324)
*Cintas Corp. v. Joseph E. Edwards, et al.*, C.A. No. 4:06-5137 (D. Rhode Island,
  C.A. No. 1:06-112)
*Cintas Corp. v. Thomas Eugene Alert, et al.*, C.A. No. 4:06-5138 (D. South Carolina,
  C.A. No. 3:06-762)
*Cintas Corp. v. Stephen Barlow, et al.*, C.A. No. 4:06-5139 (E.D. Texas,
  C.A. No. 1:06-137)
*Cintas Corp. v. Bryan Armstrong, et al.*, C.A. No. 4:06-5140 (N.D. Texas,
  C.A. No. 3:06-432)
*Cintas Corp. v. Judd Allen, et al.*, C.A. No. 4:06-5141 (S.D. Texas, C.A. No. 4:06-824)
*Cintas Corp. v. Issac Anaya, et al.*, C.A. No. 4:06-5142 (W.D. Texas, C.A. No. 5:06-216)
*Cintas Corp. v. Wade Bell, et al.*, C.A. No. 4:06-5143 (D. Utah, C.A. No. 2:06-205)

Schedule of Matters for Hearing Session, Section B                    p. 35
Las Vegas, Nevada


MDL-1781 (Continued)


### Northern District of California (Continued)

*Cintas Corp. v. John O. Ansink, Jr., et al.*, C.A. No. 4:06-5144 (E.D. Virginia,
   C.A. No. 1:06-267)
*Cintas Corp. v. Nelson Carter, Jr.*, C.A. No. 4:06-5145 (W.D. Virginia,
   C.A. No. 5:06-23)
*Cintas Corp. v. Scott Burgess, et al.*, C.A. No. 4:06-5146 (E.D. Washington,
   C.A. No. 2:06-3023)
*Cintas Corp. v. Michael Anderson, et al.*, C.A. No. 4:06-5147 (W.D. Washington,
   C.A. No. 2:06-332)
*Cintas Corp. v. Nathan J. Andree, et al.*, C.A. No. 4:06-5148 (E.D. Wisconsin,
   C.A. No. 2:06-303)
*Cintas Corp. v. Chris Brown, et al.*, C.A. No. 4:06-5149 (W.D. Wisconsin,
   C.A. No. 3:06-133)


### MDL-1789 -- In re Fosamax Products Liability Litigation

Opposition of plaintiff Mary Ellen Potgieter to transfer of the following action to the
United States District Court for the Southern District of New York:

### District of New Jersey

*Mary Ellen Potgieter v. Merck & Co., Inc.*, C.A. No. 2:07-2

PROCEDURES FOR ORAL ARGUMENT BEFORE THE
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

All oral argument is governed by the provisions of Rule 16.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation (effective April 2, 2001). Rule 16.1(g) allows a maximum of twenty minutes for oral argument in each matter. In most cases, however, less time is necessary for the expression of all views and the Panel reserves the prerogative of reducing the time requested by counsel. Accordingly, counsel should be careful not to overstate the time requested for oral argument.

The Panel insists that counsel limit all oral argument to the appropriate criteria. See generally In re "East of the Rockies" Concrete Pipe Antitrust Cases, 302 F. Supp. 244, 255-56 (J.P.M.L. 1969) (concurring opinion) (discussion concerning criteria for transfer).

Rule 16.1 is duplicated in its entirety hereafter for your convenience.

RULE 16.1:   HEARING SESSIONS AND ORAL ARGUMENT

(a)      Hearing sessions of the Panel for the presentation of oral argument and consideration of matters taken under submission without oral argument shall be held as ordered by the Panel. The Panel shall convene whenever and wherever desirable or necessary in the judgment of the Chairman. The Chairman shall determine which matters shall be considered at each hearing session and the Clerk of the Panel shall give notice to counsel for all parties involved in the litigation to be so considered of the time, place and subject matter of such hearing session.

(b)      Each party filing a motion or a response to a motion or order of the Panel under Rules 7.2, 7.3, 7.4 or 7.6 of these Rules may file simultaneously therewith a separate statement limited to one page setting forth reasons why oral argument should, or need not, be heard.  Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard," and shall be filed and served in conformity with Rules 5.12 and 5.2 of these Rules.

(c)      No transfer or remand determination regarding any action pending in the district court shall be made by the Panel when any party timely opposes such transfer or remand unless a hearing session has been held for the presentation of oral argument except that the Panel may dispense with oral argument if it determines that:

   (i)    the dispositive issue(s) have been authoritatively decided; or
   (ii)   the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

Unless otherwise ordered by the Panel, all other matters before the Panel, such as a motion for reconsideration, shall be considered and determined upon the basis of the papers filed.

(d)      In those matters in which oral argument is not scheduled by the Panel, counsel shall be promptly advised.  If oral argument is scheduled in a matter the Clerk of the Panel may require counsel for all parties who wish to make or to waive oral argument to file and serve notice to that effect within a stated time in conformity with Rules 5.12 and 5.2 of these Rules.  Failure to do so shall be deemed a waiver of oral argument by that party. If oral argument is scheduled but not attended by a party, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision by the Panel on the basis of the papers filed.

(e)      Except for leave of the Panel on a showing of good cause, only those parties to actions scheduled for oral argument who have filed a motion or written response to a motion or order shall be permitted to appear before the Panel and present oral argument.

(f)      Counsel for those supporting transfer or remand under Section 1407 and counsel for those opposing such transfer or remand are to confer separately prior to the oral argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication.

(g)      Unless otherwise ordered by the Panel, a maximum of twenty minutes shall be allotted for oral argument in each matter.  The time shall be divided equally among those with varying viewpoints.  Counsel for the moving party or parties shall generally be heard first.

- 2 -

(h)     So far as practicable and consistent with the purposes of Section 1407, the offering of oral testimony before the Panel shall be avoided.  Accordingly, oral testimony shall not be received except upon notice, motion and order of the Panel expressly providing for it.

(i)     After an action or group of actions has been set for a hearing session, consideration of such action(s) may be continued only by order of the Panel on good cause shown.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |

**ORDER**
**REGARDING**
**THE PROTECTIVE ORDER AND DOCUMENT PRODUCTION**

At the Scheduling Conference in the above five captioned cases, the Parties informed the Court that they were continuing to discuss the form of protective order to be entered in all five cases as well as the form of production for documents produced electronically and requested additional time to reach agreement or inform the Court of their disagreements.  Pursuant to the Parties request, the Court hereby grants the Parties twenty-one (21) days from the date of Scheduling Conference, which is until Tuesday, April 24, 2007, to:

1.  file an agreed upon Protective Order with the Court or inform the Court of the provisions in a proposed Protective Order on which the Parties cannot reach agreement and

2.  inform the Court that the Parties have reached agreement on the form of production for documents produced electronically or inform the Court of the Parties' disagreements regarding electronic production.

SIGNED this 19th day of April, 2007.

CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| | § | |
| CHARTER COMMUNICATIONS, INC., | § | |
|  ET AL. | § | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., | § | |
| ET AL. | § | |

## DOCKET CONTROL ORDER

| | |
|---|---|
| **Monday,**<br>**August 4, 2008** | Jury Selection - 9:00 a.m. in **Marshall, Texas** for the initial case to be tried. |
| **July 24, 2008** | Pretrial Conference - 9:30 a.m. in **Marshall, Texas** |
| **July 21, 2008** | Joint Pretrial Order, Joint Proposed Jury Instructions and Form of the Verdict. |
| **July 21, 2008** | **Motions in Limine (due three days before final Pre-Trial Conference).**<br>Three (3) days prior to the pre-trial conference provided for herein, the parties shall furnish a copy of their respective Motions in Limine to the Court by facsimile transmission, **903/935-2295**. The parties are directed to confer and advise the Court on or before 3:00 o'clock p.m. the day before the pre-trial conference which paragraphs are agreed to and those that need to be addressed at the pre-trial conference. **The parties shall limit their motions in limine to those issues which, if improperly introduced into the trial of the cause, would be so prejudicial that the Court could not alleviate the prejudice with appropriate instruction(s).** |
| **July 14, 2008** | Response to Dispositive Motions (including *Daubert* motions) |
| **July 7, 2008** | **Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings.** If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Susan Simmons, at lssimmons@yahoo.com. |
| **June 27, 2008** | For Filing Dispositive Motions and any other motions that may require a hearing (including *Daubert* motions) **Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e). Motions for Summary Judgment shall comply with Local Rule CV56.** |

2

| | |
|---|---|
| **May 28, 2008** | Defendants to Identify Trial Witnesses |
| **May 14, 2008** | Plaintiff to Identify Trial Witnesses |
| **May 14, 2008** | Discovery Deadline |
| **April 15, 2008** | Conference to determine the case that will be tried August 4, 2008, the order in which the remainder of the cases will be tried and, if possible, a trial setting for the remaining cases. |
| **April 7, 2008** | or **30** Days after the claim construction ruling, whichever occurs later, Designate Rebuttal Expert Witnesses other than claims construction Expert witness report due Refer to Discovery Order for required information. |
| **April 3, 2008** | Status Report to Court in lieu of mediation |
| _____ | **15** Days after claim construction ruling Comply with P.R. 3-8. |
| **March 24, 2008** | or **15** Days after claim construction ruling, whichever occurs later, Party with the burden of proof to designate Expert Witnesses other than claims construction Expert witness report due Refer to Discovery Order for required information. |
| **February 13 and 14, 2008** | Claim construction hearing or hearings 9:00 a.m., **Marshall, Texas**. |
| **February 1, 2008** | Parties submit technology tutorials to the Court. |

3

**January 21, 2008**              Comply with P.R. 4-5(c).

**January 11, 2008**              Comply with P.R. 4-5(b).

**December 24, 2007**             Comply with P.R. 4-5(a).

**December 7, 2007**              Discovery deadline-claims construction issues

**November 30, 2007**             Respond to Amended Pleadings

**November 16, 2007**             Amend Pleadings
                                  **(It is not necessary to file a Motion for Leave to Amend
                                  before the deadline to amend pleadings except to the
                                  extent the amendment seeks to add a new patent in suit.
                                  It is necessary to file a Motion for Leave to Amend after
                                  November 16, 2007).**

**November 16, 2007**             Comply with P.R. 4-3.

**October 16, 2007**              Comply with P.R. 4-2.

**September 26, 2007**            Comply with P.R. 4-1.

**August 3, 2007**                Letter to the Court stating that there are no
                                  disputes as to claims of privileged documents.

**June 11, 2007**                 Comply with Paragraph 3(b) of the Discovery Order

**June 4, 2007**                  Privilege Logs to be exchanged by parties

**June 11, 2007**                 Comply with P.R. 3-3.

4

| | |
|---|---|
| **May 3, 2007** | Join Additional Parties |
| **April 28, 2007** | Comply with P.R. 3-1 |
| **April 3, 2007** | Scheduling Conference (All attorneys are directed to Local Rule CV-16 for scope of the Scheduling Conference). |

The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the court will assume that the party has no opposition." Local Rule CV-7(e) provides that a party opposing a motion has **12 days, in addition to any added time permitted under Fed. R. Civ. P. 6(e)**, in which to serve and file a response and any supporting documents, after which the court will consider the submitted motion for decision.

## OTHER LIMITATIONS

1.     All depositions to be read into evidence as part of the parties' case-in-chief shall be **EDITED** so as to exclude all unnecessary, repetitious, and irrelevant testimony; **ONLY** those portions which are relevant to the issues in controversy shall be read into evidence.

2.     The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter. See Eastern District of Texas Local Rule CV-7(h).

3.     The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

    (a)     The fact that there are motions for summary judgment or motions to dismiss pending;

    (b)     The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

    (c)     The failure to complete discovery prior to trial, unless the parties can

demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

SIGNED this 19th day of April, 2007.


CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |

## <u>NOTICE REGARDING THE PROTECTIVE ORDER</u>

At the Scheduling Conference, the Parties requested an additional three weeks to work on

reaching an agreement with respect to a Protective Order in this case. In its April 19, 2007 Order

Regarding Protective Order and Document Production (Doc. No. 68), the Court gave the parties

three weeks to reach agreement on a Protective Order or inform the Court of any remaining disputes regarding the Protective Order.  The Parties have reached agreement on a Protective Order and respectfully request that the Court enter the agreed upon Protective Order, which is attached hereto as Attachment A.

DATED: April 24, 2007                                Respectfully submitted,


                                                     /s/ Sam Baxter
                                                     Sam Baxter
                                                     State Bar No. 01938000
                                                     **McKOOL SMITH, P.C.**
                                                     505 E. Travis, Suite 105
                                                     Marshall, Texas  75670
                                                     Telephone:  (903) 927-2111
                                                     Telecopier:  (903) 927-2622
                                                     sbaxter@mckoolsmith.com

                                                     Jeffrey A. Carter
                                                     State Bar No. 03919400
                                                     **McKOOL SMITH, P.C.**
                                                     300 Crescent Court, Suite 1500
                                                     Dallas, Texas  75201
                                                     Telephone:  (214) 978-4006
                                                     Telecopier:  (214) 978-4044
                                                     jcarter@mckoolsmith.com

                                                     Travis Gordon White
                                                     State Bar No. 21333000
                                                     **McKOOL SMITH, P.C.**
                                                     300 W. 6th Street, Suite 1700
                                                     Austin, Texas  78701
                                                     Telephone:  (512) 692-8700
                                                     Telecopier:  (512) 692-8744
                                                     gwhite@mckoolsmith.com

/s/ Brooke A. M. Taylor
Max L. Tribble, Jr.
State Bar No. 20213950
Tibor L. Nagy
State Bar 24041562
Email: mtribble@susmangodfrey.com
Email: tnagy@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Tel: 713-651-9366
Fax: 713-654-6666

**OF COUNSEL:**
Edgar Sargent
WA State Bar No. 28283
Email: esargent@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: 206-516-3880
Fax: 206-516-3883

Brooke A.M. Taylor
WA State Bar No. 33190
Email: btaylor@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: 206-516-3880
Fax: 206-516-3883

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687
cbunt@cox-internet.com
rmparker@cox-internet.com

Otis Carroll
State Bar No. 03895700
Patrick Kelley
State Bar No. 11202500
**IRELAND, CARROLL & KELLEY, P.C.**
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Telecopier: (903) 581-1071
Fedserv@icklaw.com

Calvin Capshaw
State Bar No. 03783900
Andrew W. Spangler
State Bar No. 24041960
**BROWN McCARROLL LLP**
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Telecopier: (903) 236-8787
ccapshaw@mailbmc.com
aspangler@mailbmc.com

Franklin Jones, Jr.
State Bar No. 00000055
**JONES & JONES, INC.**
201 W. Houston Street
P. O. Drawer 1249
Marshall, TX 75670
Telephone: 903-938-4395
Telecopier: 903-938-3360
maizieh@millerfirm.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

/s/ Michael E. Jones
Michael E. Jones
State Bar No. 10929400
Diane DeVasto
**POTTER MINTON, P.C.**
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, Texas 75710
Telephone:  (903) 597-8311
Telecopier:  (903) 593-0846
mikejones@potterminton.com

David S. Benyacar
Michael A. Rogoloff
**KAYE SCHOLER**
425 Park Avenue
New York, NY 10022
Tel: 212-836-8000
Fax: 212-836-8689
dbenyacar@kayescholer.com

**ATTORNEYS FOR DEFENDANT
TIME WARNER CABLE INC.**

/s/ Jennifer Haltom Doan
Jennifer Haltom Doan
Texas Bar No. 08809050
John Peyton Perkins, III
Texas Bar No. 24043457
**HALTOM & DOAN, LLP**
6500 N. Summerhill Road, Suite 1A
P. O. Box 6227
Texarkana, TX 75505-6227
Tel: 903-255-1000
Fax: 903-255-0800

Brian Ferral
Leo Lam
Asim M. Bhansali
Matthias A. Kamber
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 9411-1704
Tel: 415-676-2235
Fax: 415-397-7188

**ATTORNEYS FOR DEFENDANTS
COMCAST CORPORATION,
COMCAST CABLE,
COMMUNICATIONS, LLC, and
COMCAST OF PLANO, LP**

/s/ Michael E. Jones
Bradford P. Lyerla, Attorney in Charge
blyerla@marshallip.com
Kevin D. Hogg
khogg@marshallip.com
William J. Kramer
wkramer@marhsllip.com
Paul B. Stephens
pstephens@marshallip.com
**MARSHALL, GERSTEIN & BORUN LLP**
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
Tel: 312-474-6300
Fax: 312-474-0448

Michael E. Jones
State Bar No. 10929400
**POTTER MINTON, PC**
110 North College
500 Plaza Tower
Tyler, TX 75702
Tel: 903-597-8311
Fax: 903-593-0846
mikejones@potterminton.com

**ATTORNEYS FOR DEFENDANTS
CHARTER COMMUNICATIONS, INC.
CHARTER COMMUNICATIONS
OPERATING, LLC**

/s/ Michael E. Jones
Mitchell G. Stockwell
Lead Attorney
Georgia Bar No. 682912
**KILPATRICK STOCKTON LLP**
1100 Peachtree Street NE
Suite 2800
Atlanta, GA 30309-4530
Tel: 404-815-6214
Fax: 404-815-6555

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
**POTTER MINTON, P.C.**
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, TX 75710
Tel: 903-597-8311
Fax: 903-593-0846

**ATTORNEYS FOR DEFENDANT
COXCOM, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 24th day of April 2007.

/s/  Sam Baxter
Sam Baxter

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 24th day of April 2007.

/s/ Brooke A.M. Taylor
Brooke A.M. Taylor

# Attachment A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |

## PROTECTIVE ORDER

WHEREAS, Plaintiff Rembrandt Technologies, LP ("Rembrandt"), and Defendants

Charter Communications, Inc., Charter Communications Operating, LLC (collectively,

"Charter"), and CoxCom, Inc. ("CoxCom") in the 223 and 507 cases, Defendants Time Warner

Cable, Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner

Entertainment Company, L.P., and Time Warner Entertainment-Advance/Newhouse Partnership (collectively, "Time Warner") in the 224 and 369 cases, and Defendants Comcast Corporation, Comcast Cable Communications, LLC, and Comcast of Plano LP (collectively, "Comcast") in the 506 case, through counsel, stipulate to entry of this Protective Order ("Order") in their respective case or cases pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or dissemination of confidential information; and

WHEREAS, Rembrandt, Charter, CoxCom, Time Warner, and Comcast are collectively referred to herein as the "parties;" and

WHEREAS, the parties recognize that confidential information is being produced for use in this civil action;

IT IS HEREBY ORDERED that the following provisions of this Order shall govern the treatment of confidential information produced by a party ("Producing Party")[1] to any other party ("Receiving Party") in the course of this civil action:

1.      The term "Confidential Information" as used in this Order includes all information and tangible things that constitute or disclose trade secrets or other confidential or proprietary information of one of the parties. Confidential Information may be contained in discovery information or materials produced or obtained in this action by or through any means and by or through any person or entity. The Confidential Information contained therein and all copies, recordings, abstracts, excerpts, analyses or other writings that contain, reveal or otherwise disclose such Confidential Information shall also be deemed Confidential Information.

---

[1] The parties agree that all references to "Producing Party" in this Protective Order be construed to include third parties producing documents in one or more of these cases.

2.      Confidential Information shall be disclosed, disseminated and used by the Receiving Party only for purposes of litigation between the parties to this action.  Except with the prior written consent of the Producing Party or upon prior order of this Court, Confidential Information shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Order

3**.**      Produced documents, interrogatory responses, responses to requests for admission and other documents containing "Confidential Information" shall be marked by conspicuously affixing a legend, which includes the words "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY", as appropriate, on each page containing Confidential Information at the time such documents are produced or such information is disclosed (or on the cover or container of computer storage media, such as discs or tapes).  The parties may designate material other than the produced documents as containing Confidential Information in the following manner:

(a)      Testimony or information disclosed at a deposition that contains Confidential Information or Highly Confidential Information may be designated by indicating on the record at the deposition the portions of the testimony which contain such information that is to be made subject to the provisions of this Order.  Alternatively, a Producing Party may designate testimony or information disclosed at a deposition, including exhibits, that contains Confidential Information or Highly Confidential Information by notifying all parties in writing, within fifteen (15) days after the Producing Party's receipt of the transcript, of the specific pages and lines of the transcript that contain such information.  Whether or not designation is made at the time of a deposition, accessibility to each transcript (and the information contained therein) of any deposition in its entirety shall be limited to outside counsel of record and designated in-

3

house counsel only, from the taking of the deposition until fifteen (15) days after the actual receipt of the transcript by the Producing Party, or until receipt of the notice referred to in this paragraph, whichever occurs sooner.  At the expiration of the said fifteen (15) day period, unless notice hereunder to the contrary is given at the time of the deposition or prior to the expiration of said period, the entire transcript shall be deemed non-confidential.

(b)      Confidential Information or Highly Confidential Information contained in any affidavits, briefs, memoranda or other papers filed with the Court in this action may be designated as Confidential Information or Highly Confidential Information by indicating on the face of such documents that one or more parties considers them to contain such information.

4.      The parties may designate as HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY any materials that qualify for protection under the standards developed under Fed. R. Civ. P. 26(c), but not including those materials which qualify for the designation "CONFIDENTIAL" under paragraph 5.  Subject to the provisions of paragraphs 6 and 7 herein, material designated as HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY, and any summary, description or report of the information contained in such materials, may be disclosed only to the following persons:

(a)      the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(b)      technical and damages consultants and experts who are not current employees of any party in this matter and who have been retained by counsel to provide assistance in this action, with disclosure only to the extent necessary to perform such work;

(c)     graphics, translation, design and/or trial consulting services, including mock jurors, retained by a party;

(d)     source code escrow agents, photocopy, document imaging and database services, and consultants retained by counsel to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases;

(e)     John Meli, Executive Vice President and General Counsel of Rembrandt, and one in-house counsel for each of Charter, CoxCom, Time Warner, and Comcast (following identification of each in-house counsel to each of the other parties and approval by the other parties, such approval not to be unreasonably withheld); and two (2) paralegals and/or clerical employees assisting each of the identified in-house counsel; and

(f)     the parties' outside counsel of record in this action as specifically set forth below and any other counsel for a party that appears in this action, and their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action. Any individual outside counsel of record who receives information designated HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY may not participate in patent prosecution for the Receiving Party, and the individual outside counsel who receives any such information may not discuss the information with anyone involved in patent prosecution for the Receiving Party.  Outside counsel of record for the parties are as follows:

**For Rembrandt in the 223 case**:

McKool Smith P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

Jones & Jones, Inc., P.C.
201 West Houston St., Drawer 1249
Marshall, Texas 75671-1249

**For Rembrandt in the 224 case**:

McKool Smith P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

Ireland, Carroll & Kelly, P.C.
61101 S. Broadway, Suite 500
Tyler, Texas 75703

Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157

**For Rembrandt in the 369 Case:**

Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX  77002-5096

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

Ireland, Carroll & Kelly, P.C.
61101 S. Broadway, Suite 500
Tyler, Texas 75703

Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157

**For Rembrandt in the 506 Case:**

Susman Godfrey LLP

6

1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096

Ireland, Carroll & Kelly, P.C.
61101 S. Broadway, Suite 500
Tyler, Texas 75703

Jones & Jones, Inc., P.C.
201 West Houston St., Drawer 1249
Marshall, Texas 75671-1249

Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

**For Rembrandt in the 507 Case:**

Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

Jones & Jones, Inc., P.C.
201 West Houston St., Drawer 1249
Marshall, Texas 75671-1249

**For Charter in the 223 and 507 cases:**

Marshall, Gerstein & Borun LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606-6357

Potter Minton, PC
1100 North College
500 Plaza Tower
Tyler, Texas 75702

Dallas 236804v1

**For Coxcom in the 223 and 507 cases:**

>   Kilpatrick Stockton LLP
>   1100 Peachtree Street NE, Suite 2800
>   Atlanta, Georgia 30309-4530
>
>   Potter Minton, PC
>   1100 North College
>   500 Plaza Tower
>   Tyler, Texas 75702

**For Time Warner in the 224 and 369 cases:**

>   Kaye Scholer
>   425 Park Avenue
>   New York, New York 10022
>
>   Potter Minton, PC
>   1100 North College
>   500 Plaza Tower
>   Tyler, Texas 75702

**For Comcast in the 506 case:**

>   Keker & Van Nest, LLP
>   710 Sansome Street
>   San Francisco, California 94111-1704
>
>   Halton & Doan, LLP
>   6500 N. Summerhill Road, Suite 1A
>   P.O. Box 6227
>   Texarkana, Texas 75505-6277

5.   The parties may designate as CONFIDENTIAL any materials of a financial or accounting nature that qualify for protection under the standards developed under Fed. R. Civ. P. 26(c). Subject to the provisions of paragraphs 6 and 7 herein, material designated as CONFIDENTIAL, and any summary, description or report of the information contained in such materials, may be disclosed only to the following persons:

8

(a)    the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(b)    technical and damages consultants and experts who are not current employees of any party in this matter and who have been retained by counsel to provide assistance in this action, with disclosure only to the extent necessary to perform such work;

(c)    graphics, translation, design and/or trial consulting services, including mock jurors, retained by a party;

(d)    photocopy, document imaging and database services and consultants retained by counsel to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases;

(e)    John Meli,  and Paul Schneck, Chief Executive Officer of Rembrandt, one in-house counsel and one other employee for each of Charter, CoxCom, Time Warner, and Comcast (following identification of each in-house counsel and each other employee to each of the other parties and approval by the other parties, such approval not to be unreasonably withheld); and two (2) clerical employees assisting each party's in-house counsel and other employee; and

(f)    the parties' outside counsel of record in this action and any other counsel for a party that appears in this action, and their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action

6.    (a)    A party may exclude from a deposition any person who is not entitled to view Confidential Information or Highly Confidential Information when such information is the subject of examination.

9

(b)     No Confidential Information or Highly Confidential Information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in subparagraphs 4(b)-(f) and 5(b)-(f) until that individual has been given a copy of this Order and has duly completed and signed an undertaking in the form attached hereto as Exhibit A, the original of which shall be retained, until the conclusion of this action including all appeals, by counsel for each party who intends to or does disclose to such individual any Confidential Information or Highly Confidential Information.

(c)     Before individuals under subparagraphs 4(b) and 5(b) may have access to Confidential Information or Highly Confidential Information, the Receiving Party must submit to the Producing Party the individual's signed undertaking as well as the individual's curriculum vitae setting forth his or her name, address, qualifications and relevant work experience, including, but not limited to, the identity of any company in the telecommunications industry for whom said individual has consulted or worked during the last five (5) years.  If the Producing Party does not object in writing, within five (5) business days from receipt of the undertaking, Confidential Information or Highly Confidential Information may then be disclosed to the retained consultant or former employee. If timely objection is made, the parties shall attempt in good faith to resolve the disclosure issue.  If the issue cannot be resolved, the Producing Party has fifteen (15) days from receipt of the undertaking to bring a motion to preclude the retained consultant or former employee from viewing the Producing Party's Confidential Information or Highly Confidential Information.  If the Producing Party does not bring such a timely motion, Confidential Information or Highly Confidential Information may be disclosed to the retained consultant or former employee.

(d)     Pursuant to subparagraph 6(c), the disclosure of the identity of a consulting expert will not be a waiver of any privilege or right to withhold from production that applies to communications or work product.  Furthermore, the parties agree that by stipulating to the entry of this Protective Order; the parties do not intend to modify in any way the normal discovery rules applicable to consulting experts, or other agreements reached between the parties regarding such discovery.

7.     In addition to the terms set forth in paragraphs 4 through 6 herein governing the disclosure of Confidential Information or Highly Confidential Information, information or materials that contain, embody, or otherwise reflect source code of a party or a third party subpoenaed for such source code in one or more of the above captioned cases shall be provided the following further protections:

(a)     Any and all such source code, except for hard (non-electronic) copies, shall be stored and viewed only at the offices of one (1) agreed-upon source code custodian ("Source Code Custodian").  The source code shall initially be deposited at a facility in the Los Angeles metropolitan region.  After 45 days, the source code shall be transferred to a facility in the Dallas metropolitan region.  Where source code is deposited by a third party, this subparagraph may be modified by written agreement of the parties and the third party depositing source code; in all other cases, this subparagraph may be modified by written agreement of the parties.

(b)     Subject to subparagraphs (c) and (d), any source code produced in electronic form shall be stored and viewed only at the offices of the Source Code Custodian and shall be maintained in a secured, locked area.  No electronic copies of source code shall be made.  Any such source code shall only be viewed or analyzed on a stand-alone computer (a

11

computer that is not connected to any internal or external computer or computer network) located within the above-described locations.  The Source Code Custodian shall maintain a Source Code Access Log identifying, for each and every time any source code is viewed, accessed or analyzed: (1) the name of each person who accessed the code; (2) the date and time of access; (3) the length of time of access; and (4) whether any hard (non-electronic) copies of any portion of the code were copied and the portion of the code copied.  The Receiving Party reviewing source code shall be allowed to make hard (non-electronic) copies of material that they, in good faith, consider relevant.  The parties shall negotiate reasonable limitations on the amount of source code that is released by Producing Party at any given time.

(c)     Any hard (non-electronic) copies of source code shall be stored and viewed only within the United States at:

(i)     a secured, locked area in one of the offices of the Source Code Custodian, each such location within the United States, provided the hard (non-electronic) copies are marked with the designation "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY";

(ii)    the Court;

(iii)   the site where any deposition relating to the source code is taken;

(iv)    any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to the deposition.)

(d)     For each and every hard (non-electronic) copy of any source code, or any portion of any source code, the Source Code Custodian shall maintain a log detailing the location of the copy.  Excessive reproduction of source code should be avoided.

12

(e)     Prior to the Receiving Party taking possession of a hard (non-electronic) copy of source code as provided for under this paragraph, the Receiving Party shall inform the Producing Party as to specifically what portions of source code it plans to take into its possession.  The Producing Party shall then have twenty-four (24) hours if informed on a weekday, or seventy two (72) hours if informed on a weekend in which to object in writing to the Receiving Party as to the extent or relevance of the source code the reviewing party seeks to possess.  If objection is made, the parties shall meet and confer in good faith within three (3) business days and attempt to resolve the objection.  If the objection is not resolved, the Producing Party shall have five (5) business days after the conference to file a motion with the Court for relief from production of the subject portions of source code.  The subject portions of source code shall be retained by the Producing Party, pending the court's resolution of the motion.

(f)     To the extent any source code becomes an exhibit to a deposition, one copy of the exhibit may be maintained at the U.S. office of outside counsel of record for each party in a secure, locked area.  Counsel shall not designate source code as an exhibit solely for authentication purposes and shall only designate as an exhibit that portion of source code reasonably necessary for questioning.

8.     Designation of confidential Information or Highly Confidential Information as "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" shall constitute a representation that such information has been reviewed by an attorney for the Producing Party and that there is a valid basis for such designation.  Subject to the conditions set forth in Paragraph 7, Confidential Information or Highly Confidential Information shall be maintained by the Receiving Party under the overall supervision of outside counsel.  The

13

attorneys of record for the parties shall exercise best efforts to ensure that the information and

documents governed by this Protective order are (i) used only for the purposes set forth herein,

and (ii) disclosed only to authorized persons.  Moreover, any person in possession of

Confidential Information or Highly Confidential Information shall exercise reasonably

appropriate care with regard to the storage, custody or use of such Confidential Information or

Highly Confidential Information in order to ensure that the confidential or restricted nature of

the same is maintained.

9.      It is the intention of this Protective Order that the following categories of

information shall not be and should therefore not be designated as Confidential Information or

Highly Confidential Information: (a) any information that at the time of its disclosure in this

action is part of the public domain by reason of publication or otherwise; (b) any information

that after its disclosure in this action has become part of the public domain by reason of

publication or otherwise though no act, omission or fault of the Receiving Party; (c) any

information that at the time of its disclosure in this action is rightfully in the possession of the

Receiving Party, its trial counsel or any expert retained by or, for the Receiving Party under no

obligations of confidence to any third party with respect to that information; or (d) any

information that after its disclosure in this action is rightfully received by the Receiving Party, its

trial counsel or any expert retained by or for the Receiving Party under no obligations of

confidence or otherwise from any third party having the right to make such disclosure.  During

the pendency of this action, any disputes as to whether information is confidential under the

terms of this Order shall be resolved according to the procedure set forth in paragraph 10 hereof.

10.     If a party disagrees with any Confidential Information or Highly Confidential

Information designation, such party shall first make its objection known to the Producing Party

14

and request a change of designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court no sooner than five (5) days following the service of a written notice of disagreement. The burden of proving that information has been properly designated as Confidential Information or Highly Confidential Information is on the party making such designation. Until a determination by the Court, the information in issue shall be treated as Confidential Information or Highly Confidential Information and subject to the terms of this Order. Any failure to object to any material being designated as Confidential Information or Highly Confidential Information shall not be construed as an admission by any non-designating party that the material constitutes or contains a trade secret or other confidential information.

11.     During the course of preparing for a deposition or testimony, unless otherwise entitled to access under this Protective Order, a fact deponent/witness may be shown Confidential Information or Highly Confidential Information from another party's documents strictly limited to those documents which on their face reveal that they were authored or received by the deponent/witness in the normal course of business and outside the context of this litigation. This shall not preclude a Producing Party from showing documents that it has produced to its own witnesses and deponents, regardless whether the Producing Party has designated the document(s) it produced as Confidential and regardless whether such person was the author or a recipient of the document.

12.     At the deposition of a third party or former employee of a Producing Party, such third party or former employee of a Producing Party may be shown documents designated as

Confidential only if the document was authored by or received by that third party or former employee.

13.    Any person receiving Confidential Information or Highly Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Order.  If Confidential Information or Highly Confidential Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure will inform counsel for the Producing Party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to receive such material and to prevent further disclosure by the person who received such information.

14.    Written material constituting or revealing Confidential Information or Highly Confidential Information, when filed with the Court in this action for any reason, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, a designation in the form set forth in paragraphs 4 or 5 hereof, and a statement substantially in the following form:

> HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY
> FILED UNDER SEAL PURSUANT TO COURT ORDER
> Civil Action No. [appropriate case number][TJW ]

15.    The Clerk of the Court is directed to place and maintain under seal in accordance with this Order any such pleading or other document filed with or delivered to this Court pursuant to Paragraph 14 or any other provision thereof.

16.    Nothing herein shall prevent disclosure beyond the terms of this Order if the party producing Confidential Information or Highly Confidential Information consents in writing to

such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure

17.     The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim or privilege or protection including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the Producing Party shall promptly notify the Receiving Party in writing when inadvertent production is discovered. Upon receiving written notice from the Producing Party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to counsel for the Producing Party and the Receiving Party shall not use such information for any purpose until further Order of the Court.

18.     Any violation of the terms of this Protective Order shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

19.     Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

20.     Third parties who produce information in this action may avail themselves of the provisions of this Protective Order, and discovery materials produced by third parties shall then be treated by the parties in conformance with this Protective Order.

21.     By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that such information may be relevant and subject to disclosure in another case.  Any person or party subject to this order that may be subject to a motion to disclose another party's information designated Confidential or Highly Confidential pursuant to this order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

22.     In the event that any of the parties (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose discovery material that is designated as Confidential by another party, the party subpoenaed or served in accordance with this paragraph shall object to production of the Confidential material and shall give prompt written notice to the Producing Party.   Should the person seeking access to the Confidential material take action against the party covered by this Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Order.  Nothing in this Order shall be construed as requiring production of Confidential material covered by this Order

23.     (a)     Within sixty (60) days after filing of the final judgment in this action, or if such judgment is appealed from, entry of a mandate affirming such final judgment, all Confidential Information or Highly Confidential Information shall be destroyed by all Receiving Parties or shall be returned to the Producing Party at the written election of the Producing Party which election shall be made within twenty days of the filing of the aforementioned final

judgment or mandate.  If any Receiving Party destroys any such Confidential Information or Highly Confidential Information, that party shall inform the Producing Party in writing.

(b)     Notwithstanding the foregoing, one designated outside counsel of record for each party may maintain in its files one copy of each affidavit, affirmation, certification, declaration, brief, record on appeal, notice of motion, deposition transcript, exhibit to a deposition or affidavit (or the like), exhibit at a hearing or trial, pleading, discovery request, stipulation, correspondence between counsel for the parties, written response to a discovery request or any other document filed with the Court and the court transcript, consisting of or containing Confidential Information or Highly Confidential Information. The Receiving Party shall be entitled to retain one copy, and outside counsel of record for each party shall be entitled to retain copies of any expert report containing any Confidential Information or Highly Confidential Information of the Producing Party, which is not in the public docket file. All such material shall remain subject to the terms of this Order.

24.     This Order may be amended with leave of the Court by the agreement of counsel for the parties in the form of a stipulation that shall be filed in this action.

25.     This Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties or by an Order of the Court.

26.     At the conclusion of the present action, the Court shall retain jurisdiction to enforce the terms of this Order.

SO ORDERED this _____ day of _____, 2007.

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |

I, _____, hereby declare that:

1.      I have carefully read and understand the foregoing Protective Order (the "Order") of the United States District Court for the Eastern District of Texas, in the above-captioned matters.

1

2.       I agree that I will be bound by and will comply with all of the provisions of this Order and I will make no disclosures of Confidential Information or Highly Confidential Information to any person who is not permitted to have access to such Confidential Information or Highly Confidential Information by this Order, as applicable.

3.       Upon final determinant of this action, I will destroy all Confidential Information or Highly Confidential Information received by me within sixty (60) days after filing of the final order or mandate as described in paragraph 21(a), or I will return such Confidential Information or Highly Confidential Information within sixty (60) days to the Producing Party.  If I destroy such Confidential Information or Highly Confidential Information, I agree to send a letter to the Producing Party confirming the same.

4.       I understand that a violation of this undertaking is punishable as a contempt of court and hereby submit to the jurisdiction of this Court for the purpose of enforcement of this order.

Dallas 236804v1

5.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on:  _____

                                                                         _____

                                                                         [signature]

                                                                         _____

                                                                          [print or type name]

:

                                                                          Title:

                                                                          Business Affiliation

                                                                          Address:

                                                                          Phone:

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |

## PROTECTIVE ORDER

WHEREAS, Plaintiff Rembrandt Technologies, LP ("Rembrandt"), and Defendants

Charter Communications, Inc., Charter Communications Operating, LLC (collectively,

"Charter"), and CoxCom, Inc. ("CoxCom") in the 223 and 507 cases, Defendants Time Warner

Cable Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner

Entertainment Company, L.P., and Time Warner Entertainment-Advance/Newhouse Partnership (collectively, "Time Warner") in the 224 and 369 cases, and Defendants Comcast Corporation, Comcast Cable Communications, LLC, and Comcast of Plano LP (collectively, "Comcast") in the 506 case, through counsel, stipulate to entry of this Protective Order ("Order") in their respective case or cases pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or dissemination of confidential information; and

WHEREAS, Rembrandt, Charter, CoxCom, Time Warner, and Comcast are collectively referred to herein as the "parties;" and

WHEREAS, the parties recognize that confidential information is being produced for use in this civil action;

IT IS HEREBY ORDERED that the following provisions of this Order shall govern the treatment of confidential information produced by a party ("Producing Party")[1] to any other party ("Receiving Party") in the course of this civil action:

1. The term "Confidential Information" as used in this Order includes all information and tangible things that constitute or disclose trade secrets or other confidential or proprietary information of one of the parties. Confidential Information may be contained in discovery information or materials produced or obtained in this action by or through any means and by or through any person or entity. The Confidential Information contained therein and all copies, recordings, abstracts, excerpts, analyses or other writings that contain, reveal or otherwise disclose such Confidential Information shall also be deemed Confidential Information.

---

[1] The parties agree that all references to "Producing Party" in this Protective Order be construed to include third parties producing documents in one or more of these cases.

2.      Confidential Information shall be disclosed, disseminated and used by the Receiving Party only for purposes of litigation between the parties to this action.  Except with the prior written consent of the Producing Party or upon prior order of this Court, Confidential Information shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Order

3**.**      Produced documents, interrogatory responses, responses to requests for admission and other documents containing "Confidential Information" shall be marked by conspicuously affixing a legend, which includes the words "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY", as appropriate, on each page containing Confidential Information at the time such documents are produced or such information is disclosed (or on the cover or container of computer storage media, such as discs or tapes).  The parties may designate material other than the produced documents as containing Confidential Information in the following manner:

(a)      Testimony or information disclosed at a deposition that contains Confidential Information or Highly Confidential Information may be designated by indicating on the record at the deposition the portions of the testimony which contain such information that is to be made subject to the provisions of this Order.  Alternatively, a Producing Party may designate testimony or information disclosed at a deposition, including exhibits, that contains Confidential Information or Highly Confidential Information by notifying all parties in writing, within fifteen (15) days after the Producing Party's receipt of the transcript, of the specific pages and lines of the transcript that contain such information.  Whether or not designation is made at the time of a deposition, accessibility to each transcript (and the information contained therein) of any deposition in its entirety shall be limited to outside counsel of record and designated in-

3

house counsel only, from the taking of the deposition until fifteen (15) days after the actual receipt of the transcript by the Producing Party, or until receipt of the notice referred to in this paragraph, whichever occurs sooner. At the expiration of the said fifteen (15) day period, unless notice hereunder to the contrary is given at the time of the deposition or prior to the expiration of said period, the entire transcript shall be deemed non-confidential.

(b)     Confidential Information or Highly Confidential Information contained in any affidavits, briefs, memoranda or other papers filed with the Court in this action may be designated as Confidential Information or Highly Confidential Information by indicating on the face of such documents that one or more parties considers them to contain such information.

4.     The parties may designate as HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY any materials that qualify for protection under the standards developed under Fed. R. Civ. P. 26(c) and which comprises (a) technical information that the producing party reasonably deems highly confidential, including but not limited to proprietary technical information and trade secrets; or (b) business or financial information that the producing party reasonably deems highly confidential, such as, for example, business plans or forecasts, cost or pricing information, sales volume or revenue information, profit margin information, marketing plans or strategy, the identity of current or potential customers or suppliers, accounting information not of public record, information subject to a confidentiality agreement with a third party, or the like. The foregoing categories are by way of example only and shall not limit the categories of information a party may designate HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY under this order; provided, however, that any such designation must be made by the producing party in good faith and with reasonable justification. Subject to the provisions of paragraphs 6 and 7 herein, material designated as HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY,

4

and any summary, description or report of the information contained in such materials, may be

disclosed only to the following persons:

        (a)     the Court, persons employed by the Court, and stenographers transcribing

the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

        (b)     technical and damages consultants and experts who are not current

employees of any party in this matter and who have been retained by counsel to provide

assistance in this action, with disclosure only to the extent necessary to perform such work;

        (c)     graphics, translation, design and/or trial consulting services, including

mock jurors, retained by a party;

        (d)     source code escrow agents, photocopy, document imaging and database

services, and consultants retained by counsel to set up**,** maintain and/or operate computer

systems, litigation databases or to convert data for inclusion in such databases;

        (e)     John Meli, Executive Vice President and General Counsel of Rembrandt,

Andrew T. Block, Esq. of Time Warner, Kirill Y. Abramov, Esq. of Charter, Marcus Delgado,

Esq. of CoxCom and David Marcus, Esq. of Comcast; and two (2) paralegals and/or clerical

employees assisting each of the identified in-house counsel; and

        (f)     the parties' outside counsel of record in this action as specifically set forth

below and any other counsel for a party that appears in this action, and their paralegal assistants,

law clerks, stenographic and clerical employees who are assisting in the prosecution, defense

and/or appeal of this action. Any individual outside counsel of record who receives information

designated HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY may not participate in

patent prosecution for the Receiving Party, and the individual outside counsel who receives any

5

such information may not discuss the information with anyone involved in patent prosecution for

the Receiving Party.  Outside counsel of record for the parties are as follows:

**For Rembrandt in the 223 case**:

>    McKool Smith P.C.
>    300 Crescent Court, Suite 1500
>    Dallas, Texas 75201
>
>    Parker & Bunt
>    100 E. Ferguson, Suite 1114
>    Tyler, Texas 75702
>
>    Jones & Jones, Inc., P.C.
>    201 West Houston St., Drawer 1249
>    Marshall, Texas 75671-1249

**For Rembrandt in the 224 case**:

>    McKool Smith P.C.
>    300 Crescent Court, Suite 1500
>    Dallas, Texas 75201
>
>    Parker & Bunt
>    100 E. Ferguson, Suite 1114
>    Tyler, Texas 75702
>
>    Ireland, Carroll & Kelly, P.C.
>    61101 S. Broadway, Suite 500
>    Tyler, Texas 75703
>
>    Brown McCarroll LLP
>    1127 Judson Road, Suite 220
>    P.O. Box 3999 (75606-3999)
>    Longview, Texas 75601-5157

**For Rembrandt in the 369 Case:**

>    Susman Godfrey LLP
>    1000 Louisiana Street, Suite 5100
>    Houston, TX  77002-5096
>
>    Parker & Bunt
>    100 E. Ferguson, Suite 1114
>    Tyler, Texas 75702

Dallas 236804v1

Ireland, Carroll & Kelly, P.C.
61101 S. Broadway, Suite 500
Tyler, Texas 75703

Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157

**For Rembrandt in the 506 Case:**

Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096

Ireland, Carroll & Kelly, P.C.
61101 S. Broadway, Suite 500
Tyler, Texas 75703

Jones & Jones, Inc., P.C.
201 West Houston St., Drawer 1249
Marshall, Texas 75671-1249

Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

**For Rembrandt in the 507 Case:**

Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

Jones & Jones, Inc., P.C.
201 West Houston St., Drawer 1249
Marshall, Texas 75671-1249

7

**For Charter in the 223 and 507 cases:**

      Marshall, Gerstein & Borun LLP
      6300 Sears Tower
      233 South Wacker Drive
      Chicago, Illinois 60606-6357

      Potter Minton, PC
      1100 North College
      500 Plaza Tower
      Tyler, Texas 75702

**For Coxcom in the 223 and 507 cases:**

      Kilpatrick Stockton LLP
      1100 Peachtree Street NE, Suite 2800
      Atlanta, Georgia 30309-4530

      Potter Minton, PC
      1100 North College
      500 Plaza Tower
      Tyler, Texas 75702

**For Time Warner in the 224 and 369 cases:**

      Kaye Scholer LLP
      425 Park Avenue
      New York, New York 10022

      Potter Minton, PC
      1100 North College
      500 Plaza Tower
      Tyler, Texas 75702

**For Comcast in the 506 case:**

      Keker & Van Nest, LLP
      710 Sansome Street
      San Francisco, California 94111-1704

      Halton & Doan, LLP
      6500 N. Summerhill Road, Suite 1A
      P.O. Box 6227
      Texarkana, Texas 75505-6277

8

Gillam & Smith LLP
303 South Washington Avenue
Marshall, TX  75670


5.    The parties may designate as CONFIDENTIAL any materials that qualify for

protection under the standards developed under Fed. R. Civ. P. 26(c).  Subject to the provisions

of paragraphs 6 and 7 herein, material designated as CONFIDENTIAL, and any summary,

description or report of the information contained in such materials, may be disclosed only to the

following persons:

(a)    the Court, persons employed by the Court, and stenographers transcribing

the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(b)    technical and damages consultants and experts who are not current

employees of any party in this matter and who have been retained by counsel to provide

assistance in this action, with disclosure only to the extent necessary to perform such work;

(c)    graphics, translation, design and/or trial consulting services, including

mock jurors, retained by a party;

(d)    photocopy, document imaging and database services and consultants

retained by counsel to set up, maintain and/or operate computer systems, litigation databases or

to convert data for inclusion in such databases;

(e)    John Meli,  and Paul Schneck, Chief Executive Officer of Rembrandt,

Andrew T. Block, Esq. of Time Warner, Kirill Y. Abramov, Esq. of Charter, Marcus Delgado,

Esq. of CoxCom and David Marcus, Esq. of Comcast and one other employee for each of

Charter, CoxCom, Time Warner, and Comcast (following identification of each other employee

9

to each of the other parties and approval by the other parties, such approval not to be unreasonably withheld); and two (2) clerical employees assisting each party's in-house counsel and other employee; and

(f)     the parties' outside counsel of record in this action and any other counsel for a party that appears in this action, and their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action

6.     (a)     A party may exclude from a deposition any person who is not entitled to view Confidential Information or Highly Confidential Information when such information is the subject of examination.

(b)     No Confidential Information or Highly Confidential Information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in subparagraphs 4(b)-(e) and 5(b)-(e) until that individual has been given a copy of this Order and has duly completed and signed an undertaking in the form attached hereto as Exhibit A, the original of which shall be retained, until the conclusion of this action including all appeals, by counsel for each party who intends to or does disclose to such individual any Confidential Information or Highly Confidential Information.

(c)     Before individuals under subparagraphs 4(b) and 5(b) may have access to Confidential Information or Highly Confidential Information, the Receiving Party must submit to the Producing Party the individual's signed undertaking as well as the individual's curriculum vitae setting forth his or her name, address, qualifications and relevant work experience, including, but not limited to, the identity of any company in the telecommunications industry for whom said individual has consulted or worked during the last five (5) years.  If the Producing Party does not object in writing, within five (5) business days from receipt of the undertaking,

10

Confidential Information or Highly Confidential Information may then be disclosed to the retained consultant or former employee. If timely objection is made, the parties shall attempt in good faith to resolve the disclosure issue.  If the issue cannot be resolved, the Producing Party has fifteen (15) days from receipt of the undertaking to bring a motion to preclude the retained consultant or former employee from viewing the Producing Party's Confidential Information or Highly Confidential Information.  If the Producing Party does not bring such a timely motion, Confidential Information or Highly Confidential Information may be disclosed to the retained consultant or former employee.

(d)     Pursuant to subparagraph 6(c), the disclosure of the identity of a consulting expert will not be a waiver of any privilege or right to withhold from production that applies to communications or work product.  Furthermore, the parties agree that by stipulating to the entry of this Protective Order; the parties do not intend to modify in any way the normal discovery rules applicable to consulting experts, or other agreements reached between the parties regarding such discovery.

7.     In addition to the terms set forth in paragraphs 4 through 6 herein governing the disclosure of Confidential Information or Highly Confidential Information, information or materials that contain, embody, or otherwise reflect source code of a party or a third party subpoenaed for such source code in one or more of the above captioned cases shall be provided the following further protections:

(a)     Any and all such source code, except for hard (non-electronic) copies, shall be stored and viewed only at the offices of one (1) agreed-upon source code custodian ("Source Code Custodian").  The source code shall initially be deposited at a facility in the Los Angeles metropolitan region.  After 45 days, the source code shall be transferred to a facility in

11

the Dallas metropolitan region.  Where source code is deposited by a third party, this subparagraph may be modified by written agreement of the parties and the third party depositing source code; in all other cases, this subparagraph may be modified by written agreement of the parties.

(b)     Subject to subparagraphs (c) and (d), any source code produced in electronic form shall be stored and viewed only at the offices of the Source Code Custodian and shall be maintained in a secured, locked area.  No electronic copies of source code shall be made.  Any such source code shall only be viewed or analyzed on a stand-alone computer (a computer that is not connected to any internal or external computer or computer network) located within the above-described locations.  The Source Code Custodian shall maintain a Source Code Access Log identifying, for each and every time any source code is viewed, accessed or analyzed: (1) the name of each person who accessed the code; (2) the date and time of access; (3) the length of time of access; and (4) whether any hard (non-electronic) copies of any portion of the code were copied and the portion of the code copied.  The Receiving Party reviewing source code shall be allowed to make hard (non-electronic) copies of material that they, in good faith, consider relevant.  The parties shall negotiate reasonable limitations on the amount of source code that is released by Producing Party at any given time.

(c)     Any hard (non-electronic) copies of source code shall be stored and viewed only within the United States at:

(i)     a secured, locked area in one of the offices of the Source Code Custodian, each such location within the United States, provided the hard (non-electronic) copies are marked with the designation "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY";

(ii)    the Court;

12

(iii)    the site where any deposition relating to the source code is taken;

(iv)    any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to the deposition.)

(d)    For each and every hard (non-electronic) copy of any source code, or any portion of any source code, the Source Code Custodian shall maintain a log detailing the location of the copy.  Excessive reproduction of source code should be avoided.

(e)    Prior to the Receiving Party taking possession of a hard (non-electronic) copy of source code as provided for under this paragraph, the Receiving Party shall inform the Producing Party as to specifically what portions of source code it plans to take into its possession.  The Producing Party shall then have twenty-four (24) hours if informed on a weekday, or seventy two (72) hours if informed on a weekend in which to object in writing to the Receiving Party as to the extent or relevance of the source code the reviewing party seeks to possess.  If objection is made, the parties shall meet and confer in good faith within three (3) business days and attempt to resolve the objection.  If the objection is not resolved, the Producing Party shall have five (5) business days after the conference to file a motion with the Court for relief from production of the subject portions of source code.  The subject portions of source code shall be retained by the Producing Party, pending the court's resolution of the motion.

(f)    To the extent any source code becomes an exhibit to a deposition, one copy of the exhibit may be maintained at the U.S. office of outside counsel of record for each party in a secure, locked area.  Counsel shall not designate source code as an exhibit solely for authentication purposes and shall only designate as an exhibit that portion of source code reasonably necessary for questioning.

13

8. Designation of confidential Information or Highly Confidential Information as "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" shall constitute a representation that such information has been reviewed by an attorney for the Producing Party and that there is a valid basis for such designation. Subject to the conditions set forth in Paragraph 7, Confidential Information or Highly Confidential Information shall be maintained by the Receiving Party under the overall supervision of outside counsel. The attorneys of record for the parties shall exercise best efforts to ensure that the information and documents governed by this Protective order are (i) used only for the purposes set forth herein, and (ii) disclosed only to authorized persons. Moreover, any person in possession of Confidential Information or Highly Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Confidential Information or Highly Confidential Information in order to ensure that the confidential or restricted nature of the same is maintained.

9. It is the intention of this Protective Order that the following categories of information shall not be and should therefore not be designated as Confidential Information or Highly Confidential Information: (a) any information that at the time of its disclosure in this action is part of the public domain by reason of publication or otherwise; (b) any information that after its disclosure in this action has become part of the public domain by reason of publication or otherwise though no act, omission or fault of the Receiving Party; (c) any information that at the time of its disclosure in this action is rightfully in the possession of the Receiving Party, its trial counsel or any expert retained by or for the Receiving Party under no obligations of confidence to any third party with respect to that information; or (d) any information that after its disclosure in this action is rightfully received by the Receiving Party, its

trial counsel or any expert retained by or for the Receiving Party under no obligations of confidence or otherwise from any third party having the right to make such disclosure. During the pendency of this action, any disputes as to whether information is confidential under the terms of this Order shall be resolved according to the procedure set forth in paragraph 10 hereof.

10.     If a party disagrees with any Confidential Information or Highly Confidential Information designation, such party shall first make its objection known to the Producing Party and request a change of designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court no sooner than five (5) days following the service of a written notice of disagreement. The burden of proving that information has been properly designated as Confidential Information or Highly Confidential Information is on the party making such designation. Until a determination by the Court, the information in issue shall be treated as Confidential Information or Highly Confidential Information and subject to the terms of this Order. Any failure to object to any material being designated as Confidential Information or Highly Confidential Information shall not be construed as an admission by any non-designating party that the material constitutes or contains a trade secret or other confidential information.

11.     During the course of preparing for a deposition or testimony, unless otherwise entitled to access under this Protective Order, a fact deponent/witness may be shown Confidential Information or Highly Confidential Information from another party's documents strictly limited to those documents which on their face reveal that they were authored or received by the deponent/witness in the normal course of business and outside the context of this litigation. This shall not preclude a Producing Party from showing documents that it has

15

produced to its own witnesses and deponents, regardless whether the Producing Party has designated the document(s) it produced as Confidential and regardless whether such person was the author or a recipient of the document.

12.     At the deposition of a third party or former employee of a Producing Party, such third party or former employee of a Producing Party may be shown documents designated as Confidential only if the document was authored by or received by that third party or former employee.

13.     Any person receiving Confidential Information or Highly Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Order.  If Confidential Information or Highly Confidential Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure will inform counsel for the Producing Party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to receive such material and to prevent further disclosure by the person who received such information.

14.     Written material constituting or revealing Confidential Information or Highly Confidential Information, when filed with the Court in this action for any reason, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, a designation in the form set forth in paragraphs 4 or 5 hereof, and a statement substantially in the following form:

> HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY
> FILED UNDER SEAL PURSUANT TO COURT ORDER

Civil Action No. [appropriate case number][TJW ]

15.     The Clerk of the Court is directed to place and maintain under seal in accordance with this Order any such pleading or other document filed with or delivered to this Court pursuant to Paragraph 14 or any other provision thereof.

16.     Nothing herein shall prevent disclosure beyond the terms of this Order if the party producing Confidential Information or Highly Confidential Information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure

17.     The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim or privilege or protection including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the Producing Party shall promptly notify the Receiving Party in writing when inadvertent production is discovered. Upon receiving written notice from the Producing Party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to counsel for the Producing Party and the Receiving Party shall not use such information for any purpose until further Order of the Court.

18.     Any violation of the terms of this Protective Order shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

17

19.    Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

20.    Third parties who produce information in this action may avail themselves of the provisions of this Protective Order, and discovery materials produced by third parties shall then be treated by the parties in conformance with this Protective Order.

21.    By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that such information may be relevant and subject to disclosure in another case.  Any person or party subject to this order that may be subject to a motion to disclose another party's information designated Confidential or Highly Confidential pursuant to this order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

22.    In the event that any of the parties (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose discovery material that is designated as Confidential by another party, the party subpoenaed or served in accordance with this paragraph shall object to production of the Confidential material and shall give prompt written notice to the Producing Party.   Should the person seeking access to the Confidential material take action against the party covered by this Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Order.  Nothing in this Order shall be construed as requiring production of Confidential material covered by this Order

18

23.    (a)    Within sixty (60) days after filing of the final judgment in this action, or if such judgment is appealed from, entry of a mandate affirming such final judgment, all Confidential Information or Highly Confidential Information shall be destroyed by all Receiving Parties or shall be returned to the Producing Party at the written election of the Producing Party which election shall be made within twenty days of the filing of the aforementioned final judgment or mandate.  If any Receiving Party destroys any such Confidential Information or Highly Confidential Information, that party shall inform the Producing Party in writing.

(b)    Notwithstanding the foregoing, one designated outside counsel of record for each party may maintain in its files one copy of each affidavit, affirmation, certification, declaration, expert report, brief, record on appeal, notice of motion, deposition transcript, exhibit to a deposition or affidavit (or the like), exhibit at a hearing or trial, pleading, discovery request, stipulation, correspondence between counsel for the parties, written response to a discovery request or any other document filed with the Court and the court transcript, consisting of or containing Confidential Information or Highly Confidential Information.

24.    This Order may be amended with leave of the Court by the agreement of counsel for the parties in the form of a stipulation that shall be filed in this action.

25.    This Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties or by an Order of the Court.

26.    At the conclusion of the present action, the Court shall retain jurisdiction to enforce the terms of this Order.

SO ORDERED this _____ day of _____, 2007.

19

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |

     I, _____, hereby declare that:

     1.    I have carefully read and understand the foregoing Protective Order (the "Order") of the United States District Court for the Eastern District of Texas, in the above-captioned matters.

2.      I agree that I will be bound by and will comply with all of the provisions of this Order and I will make no disclosures of Confidential Information or Highly Confidential Information to any person who is not permitted to have access to such Confidential Information or Highly Confidential Information by this Order, as applicable.

3.      Upon final determinant of this action, I will destroy all Confidential Information or Highly Confidential Information received by me within sixty (60) days after filing of the final order or mandate as described in paragraph 21(a), or I will return such Confidential Information or Highly Confidential Information within sixty (60) days to the Producing Party.  If I destroy such Confidential Information or Highly Confidential Information, I agree to send a letter to the Producing Party confirming the same.

4.      I understand that a violation of this undertaking is punishable as a contempt of court and hereby submit to the jurisdiction of this Court for the purpose of enforcement of this order.

Dallas 236804v1

5.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
[signature]

_____
[print or type name]

Title:

:

Business Affiliation

Address:

Phone:

3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |

## NOTICE REGARDING ELECTRONIC PRODUCTION

At the Scheduling Conference, the Parties requested an additional three weeks to reach an

agreement on the form of production for documents produced electronically.  In its April 19,

2007 Order Regarding Protective Order and Document Production (Doc. No. 68), the Court gave

the parties three weeks to reach agreement on the form of electronic production or inform the

Court of any remaining disputes.  The Parties have reached agreement on how they will produce

documents electronically.

DATED: April 24, 2007                          Respectfully submitted,


                                               /s/ Brooke A.M. Taylor
                                               Max L. Tribble, Jr.
                                               State Bar No. 20213950
                                               Tibor L. Nagy
                                               State Bar 24041562
                                               Email: mtribble@susmangodfrey.com
                                               Email: tnagy@susmangodfrey.com
                                               **SUSMAN GODFREY L.L.P.**
                                               1000 Louisiana Street, Suite 5100
                                               Houston, TX 77002
                                               Tel: 713-651-9366
                                               Fax: 713-654-6666

                                               **OF COUNSEL:**
                                               Edgar Sargent
                                               WA State Bar No. 28283
                                               Email: esargent@susmangodfrey.com
                                               **SUSMAN GODFREY L.L.P.**
                                               1201 Third Avenue, Suite 3800
                                               Seattle, WA 98101-3000
                                               Tel: 206-516-3880
                                               Fax: 206-516-3883

                                               Brooke A.M. Taylor
                                               WA State Bar No. 33190
                                               Email: btaylor@susmangodfrey.com
                                               **SUSMAN GODFREY L.L.P.**
                                               1201 Third Avenue, Suite 3800
                                               Seattle, WA 98101-3000
                                               Tel: 206-516-3880
                                               Fax: 206-516-3883

Dallas 237132v1

/s/ Sam Baxter
Sam Baxter
State Bar No. 01938000
**McKOOL SMITH, P.C.**
505 E. Travis, Suite 105
Marshall, Texas  75670
Telephone:  (903) 927-2111
Telecopier:  (903) 927-2622
sbaxter@mckoolsmith.com

Jeffrey A. Carter
State Bar No. 03919400
**McKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas  75201
Telephone:  (214) 978-4006
Telecopier:  (214) 978-4044
jcarter@mckoolsmith.com

Travis Gordon White
State Bar No. 21333000
**McKOOL SMITH, P.C.**
300 W. 6th Street, Suite 1700
Austin, Texas  78701
Telephone:  (512) 692-8700
Telecopier:  (512) 692-8744
gwhite@mckoolsmith.com

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas  75702
Telephone:  (903) 531-3535
Telecopier:  (903) 533-9687
cbunt@cox-internet.com
rmparker@cox-internet.com

3

Otis Carroll
State Bar No. 03895700
Patrick Kelley
State Bar No. 11202500
**IRELAND, CARROLL & KELLEY, P.C.**
6101 S. Broadway, Suite 500
Tyler, Texas  75703
Telephone:  (903) 561-1600
Telecopier:  (903) 581-1071
Fedserv@icklaw.com

Calvin Capshaw
State Bar No. 03783900
Andrew W. Spangler
State Bar No. 24041960
**BROWN McCARROLL LLP**
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas  75601-5157
Telephone:  (903) 236-9800
Telecopier:  (903) 236-8787
ccapshaw@mailbmc.com
aspangler@mailbmc.com

Franklin Jones, Jr.
State Bar No. 00000055
**JONES & JONES, INC.**
201 W. Houston Street
P. O. Drawer 1249
Marshall, TX  75670
Telephone:  903-938-4395
Telecopier:  903-938-3360
maizieh@millerfirm.com


**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

4

<u>/s/ Michael E. Jones</u>
Michael E. Jones
State Bar No. 10929400
Diane DeVasto
**POTTER MINTON, P.C.**
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, Texas 75710
Telephone:  (903) 597-8311
Telecopier:  (903) 593-0846
mikejones@potterminton.com

David S. Benyacar
Michael A. Rogoloff
**KAYE SCHOLER**
425 Park Avenue
New York, NY 10022
Tel: 212-836-8000
Fax: 212-836-8689
dbenyacar@kayescholer.com

**ATTORNEYS FOR DEFENDANT
TIME WARNER CABLE INC.**

5

/s/ Jennifer Haltom Doan
Jennifer Haltom Doan
Texas Bar No. 08809050
John Peyton Perkins, III
Texas Bar No. 24043457
**HALTOM & DOAN, LLP**
6500 N. Summerhill Road, Suite 1A
P. O. Box 6227
Texarkana, TX 75505-6227
Tel: 903-255-1000
Fax: 903-255-0800

Brian Ferral
Leo Lam
Asim M. Bhansali
Matthias A. Kamber
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 9411-1704
Tel: 415-676-2235
Fax: 415-397-7188

**ATTORNEYS FOR DEFENDANTS
COMCAST CORPORATION,
COMCAST CABLE,
COMMUNICATIONS, LLC, and
COMCAST OF PLANO, LP**

6

/s/ Michael E. Jones
Bradford P. Lyerla, Attorney in Charge
blyerla@marshallip.com
Kevin D. Hogg
khogg@marshallip.com
William J. Kramer
wkramer@marhsllip.com
Paul B. Stephens
pstephens@marshallip.com
**MARSHALL, GERSTEIN & BORUN LLP**
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
Tel: 312-474-6300
Fax: 312-474-0448

Michael E. Jones
State Bar No. 10929400
**POTTER MINTON, PC**
110 North College
500 Plaza Tower
Tyler, TX 75702
Tel: 903-597-8311
Fax: 903-593-0846
mikejones@potterminton.com

**ATTORNEYS FOR DEFENDANTS
CHARTER COMMUNICATIONS, INC.
CHARTER COMMUNICATIONS
OPERATING, LLC**

/s/ Michael E. Jones
Mitchell G. Stockwell
Lead Attorney
Georgia Bar No. 682912
**KILPATRICK STOCKTON LLP**
1100 Peachtree Street NE
Suite 2800
Atlanta, GA 30309-4530
Tel: 404-815-6214
Fax: 404-815-6555

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
**POTTER MINTON, P.C.**
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, TX 75710
Tel: 903-597-8311
Fax: 903-593-0846

**ATTORNEYS FOR DEFENDANT
COXCOM, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 24th day of April 2007.

/s/ Brooke A.M. Taylor
Brooke A.M. Taylor

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 24th day of April 2007.


/s/ Sam Baxter
Sam Baxter

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| **REMBRANDT TECHNOLOGIES, L.P.** | § | |
| | § | |
| | § | |
| **V.** | § | **CIVIL NO. 2:06-CV-223(TJW)** |
| | § | |
| **CHARTER COMMUNICATIONS,** | § | |
| **ET AL.,** | § | |

| | | |
|---|---|---|
| **REMBRANDT TECHNOLOGIES, L.P.** | § | |
| | § | |
| | § | |
| **V.** | § | **CIVIL NO. 2:06-CV-224(TJW)** |
| | § | |
| **CHARTER COMMUNICATIONS,** | § | |
| **ET AL.,** | § | |

| | | |
|---|---|---|
| **REMBRANDT TECHNOLOGIES, L.P.** | § | |
| | § | |
| | § | |
| **V.** | § | **CIVIL NO. 2:06-CV-369(TJW)** |
| | § | |
| **CHARTER COMMUNICATIONS,** | § | |
| **ET AL.,** | § | |

| | | |
|---|---|---|
| **REMBRANDT TECHNOLOGIES, L.P.** | § | |
| | § | |
| | § | |
| **V.** | § | **CIVIL NO. 2:06-CV-506(TJW)** |
| | § | |
| **CHARTER COMMUNICATIONS,** | § | |
| **ET AL.,** | § | |

REMBRANDT TECHNOLOGIES, L.P. §
§
§
V. §     CIVIL NO. 2:06-CV-507(TJW)
§
CHARTER COMMUNICATIONS, §
ET AL ., §

---

### Status Conference Minutes
### April 3, 2007

**OPEN:**   1:50 pm                  **ADJOURN:**   2:15 pm

---

**ATTORNEYS FOR PLAINTIFF:**      (See attached sign-in sheet)

**ATTORNEYS FOR DEFENDANT:**      (See attached sign-in sheet)

**LAW CLERK:**      Mike Benefield

**COURTROOM DEPUTY:**      Debbie Latham

Court opened. The attorneys announced ready.

The proposed dates and consolidation of the cases were discussed.

Court Adjourned.

# SIGN IN – Please Print

CASE NO.  2:06cv223

STYLE:  Rembrandt v. Charter

| Name of party | Name of attorney |
|---|---|
| Charter | Mike Jones |
| " | Diane DeVasto |
| " | Allen Gardner |
| " | Bradford Lyerla |
| Rembrandt | Sam Baxter – 223, 224 |
| " | Jeff Carter    "    " |
| " | Brooke Taylor 369, 506, 507 |
| " | Max Tribble 369, 506, 507 |
| " | Franklin Jones  223, 224  369, 506, 507 |
| " | Charley Ainsworth |
| | GORDON WHITE – 223, 224 |
| | |
| | |
| | |
| | |
| | |
| | |

# SIGN IN – Please Print

CASE NO. 2:06cv224

STYLE: Rembrandt v. Time Warner

| Name of party | Name of attorney |
|---|---|
| Time Warner, Inc | Mike Jones |
| " | Diane DeVasto |
| " | Allen Gardner |
| " | David Benyacar |
| Rembrandt | GORDON WHITE 223-224 |
| " | FRANKLIN JONES-223-224-369-506-507 |
| " | Sam Baxter |
| " | Jeff Carter |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# SIGN IN – Please Print

CASE NO. ___2:06 cv 369___

STYLE: ___Rembrandt v. Time Warner___

| Name of party | Name of attorney |
|---|---|
| Time Warner | Mike Jones |
| " " | Diane DeVasto |
| " " | Allen Gardner |
| " " | David Benyacar |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

SIGN IN

CASE NO  2:06-CV-506

Style  Rembrandt v. Comcast Corporation

| Name of Party | Name of Attorney |
|---|---|
| Comcast Corp. entities | Jennifer Doan } (Haltom + Doan)<br>John Perkins |
| '' | Gil Gilham — Gilham + Smith |
| Rembrandt | Max Tribble — Susman Godfrey<br>Brooke Taylor —  "  " |

2.06 CV - 507

Name of Party
_____

Rembrandt

Charter Comm.

Brooke Taylor
(Susman)

Brad ~~Kath~~ Lyerla
Mike Jones
Drain DeVasto
Allen Gardner

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 2:06-CV-224 [TJW] |
| v. | § | JURY TRIAL REQUESTED |
| | § | |
| TIME WARNER CABLE  INC., et al. | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF REMBRANDT TECHNOLOGIES, LP'S NOTICE OF COMPLIANCE
WITH PATENT RULES 3-1 AND 3-2**

Pursuant to the Court's Docket Control Discovery Order dated April 19, 2007 [Docket # 69] and this Court's Local Patent Rules, Plaintiff, Rembrandt Technologies, LP hereby files this Notice to inform the Court that it has served its Preliminary Infringement Contentions, required by Patent Rule 3-1, and produced those documents required by Patent Rule 3-2 on counsel for Defendant Time Warner Cable Inc., Time Warner Cable LLC, Time Warner Entertainment Company, LP, Time Warner Entertainment-Advance/Newhouse Partnership, and Time Warner New York Cable LLC.

DATED:  May 3, 2007                                Respectfully submitted,


    /s/ Sam Baxter
Sam Baxter
State Bar No. 01938000
**McKOOL SMITH, P.C.**
505 E. Travis, Suite 105
Marshall, Texas  75670
Telephone:  (903) 927-2111
Telecopier:  (903) 927-2622
sbaxter@mckoolsmith.com

Jeffrey A. Carter
State Bar No. 03919400
**McKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas  75201
Telephone:  (214) 978-4006
Telecopier:  (214) 978-4044
jcarter@mckoolsmith.com

Travis Gordon White
State Bar No. 21333000
**McKOOL SMITH, P.C.**
300 W. 6th Street, Suite 1700
Austin, Texas  78701
Telephone:  (512) 692-8700
Telecopier:  (512) 692-8744
gwhite@mckoolsmith.com

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas  75702
Telephone:  (903) 531-3535
Telecopier:  (903) 533-9687
cbunt@cox-internet.com
rmparker@cox-internet.com

2

Otis Carroll
State Bar No. 03895700
Patrick Kelley
State Bar No. 11202500
Collin Maloney
State Bar No. 00794219
**IRELAND, CARROLL & KELLEY, P.C.**
6101 S. Broadway, Suite 500
Tyler, Texas  75703
Telephone:  (903) 561-1600
Telecopier:  (903) 581-1071
Fedserv@icklaw.com

Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Andrew W. Spangler
State Bar No. 24041960
**BROWN McCARROLL LLP**
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas  75601-5157
Telephone:  (903) 236-9800
Telecopier:  (903) 236-8787
ccapshaw@mailbmc.com
ederieux@mailbmc.com
aspangler@mailbmc.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 3rd  day of May, 2007.

   /s/ Sam Baxter   
Sam Baxter

Austin 36561v3

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | |
| | § | |
| TIME WARNER CABLE INC., TIME | § | |
| WARNER CABLE LLC, TIME WARNER | § | CIVIL NO. 2:06-CV-224(TJW) |
| ENTERTAINMENT COMPANY, L.P., TIME | § | |
| WARNER ENTERTAINMENT-ADVANCE/ | § | |
| NEWHOUSE PARTNERSHIP, AND TIME | § | |
| WARNER NEW YORK CABLE LLC | § | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | |
| | § | |
| TIME WARNER CABLE INC., TIME | § | |
| WARNER CABLE LLC, TIME WARNER | § | CIVIL NO. 2:06-CV-369(TJW) |
| ENTERTAINMENT COMPANY, L.P., TIME | § | |
| WARNER ENTERTAINMENT-ADVANCE/ | § | |
| NEWHOUSE PARTNERSHIP, AND TIME | § | |
| WARNER NEW YORK CABLE LLC | § | |

## THE TIME WARNER CABLE DEFENDANTS' NOTICE OF DISCLOSURES

The Time Warner Cable Defendants hereby give notice that their initial disclosures were served on all counsel of record on May 3, 2007.

The Time Warner Cable Defendants respectfully reserve their right to amend, modify, or supplement the disclosures to the extent permitted by the Local Rules and the FEDERAL RULES OF CIVIL PROCEDURE.

Dated: May 3, 2007                                        Respectfully Submitted,

By:    */s/ Allen F. Gardner*

        Michael E. Jones
        Texas State Bar No. 10929400
        mikejones@potterminton.com
        Allen F. Gardner
        State Bar No. 24043679
        allengardner@potterminton.com
        POTTER MINTON, P.C.
        110 North College
        500 Plaza Tower
        Tyler, Texas 75702
        Telephone: (903) 597-8311
        Fax: (903) 593-0846

        David S. Benyacar
        Daniel L. Reisner
        KAYE SCHOLER LLP
        425 Park Avenue
        New York, NY  10022-3598
        (212) 836-8000

        *Attorneys for The Time Warner Cable Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 3RD day of May, 2007. Any other counsel of record will be served by First Class U.S. Mail on this same date.

        */s/ Allen F. Gardner*
        Allen F. Gardner

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 2:06-CV-224 [TJW] |
| v. | § | JURY TRIAL REQUESTED |
| | § | |
| TIME WARNER CABLE  INC., et al. | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF REMBRANDT TECHNOLOGIES, LP'S NOTICE OF DISCLOSURES**

Plaintiff Rembrandt Technologies, LP hereby files this Notice to inform the Court that, pursuant to Paragraph 1 of the proposed Discovery Order submitted jointly in this case, on May 3, 2007, Rembrandt served its Initial Disclosures on counsel for Defendants Time Warner Cable Inc., Time Warner Cable LLC, Time Warner Entertainment Company, LP, Time Warner Entertainment-Advance/Newhouse Partnership, and Time Warner New York Cable LLC.

DATED:  May 4, 2007                          Respectfully submitted,


   /s/ Sam Baxter
Sam Baxter
State Bar No. 01938000
**McKOOL SMITH, P.C.**
505 E. Travis, Suite 105
Marshall, Texas  75670
Telephone:  (903) 927-2111
Telecopier:  (903) 927-2622
sbaxter@mckoolsmith.com

Jeffrey A. Carter
State Bar No. 03919400
**McKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas  75201
Telephone:  (214) 978-4006
Telecopier:  (214) 978-4044
jcarter@mckoolsmith.com

Travis Gordon White
State Bar No. 21333000
**McKOOL SMITH, P.C.**
300 W. 6th Street, Suite 1700
Austin, Texas  78701
Telephone:  (512) 692-8700
Telecopier:  (512) 692-8744
gwhite@mckoolsmith.com

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas  75702
Telephone:  (903) 531-3535
Telecopier:  (903) 533-9687
cbunt@cox-internet.com
rmparker@cox-internet.com

2

Otis Carroll
State Bar No. 03895700
Patrick Kelley
State Bar No. 11202500
Collin Maloney
State Bar No. 00794219
**IRELAND, CARROLL & KELLEY, P.C.**
6101 S. Broadway, Suite 500
Tyler, Texas  75703
Telephone:  (903) 561-1600
Telecopier:  (903) 581-1071
Fedserv@icklaw.com

Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Andrew W. Spangler
State Bar No. 24041960
**BROWN McCARROLL LLP**
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas  75601-5157
Telephone:  (903) 236-9800
Telecopier:  (903) 236-8787
ccapshaw@mailbmc.com
ederieux@mailbmc.com
aspangler@mailbmc.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 4th day of May, 2007.

    /s/ Sam Baxter
Sam Baxter

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |

## **PROTECTIVE ORDER**

WHEREAS, Plaintiff Rembrandt Technologies, LP ("Rembrandt"), and Defendants

Charter Communications, Inc., Charter Communications Operating, LLC (collectively,

"Charter"), and CoxCom, Inc. ("CoxCom") in the 223 and 507 cases, Defendants Time Warner

Cable Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner

Entertainment Company, L.P., and Time Warner Entertainment-Advance/Newhouse Partnership

(collectively, "Time Warner") in the 224 and 369 cases, and Defendants Comcast Corporation,

Comcast Cable Communications, LLC, and Comcast of Plano LP (collectively, "Comcast") in

the 506 case, through counsel, stipulate to entry of this Protective Order ("Order") in their

respective case or cases pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or

dissemination of confidential information; and

      **WHEREAS**, Rembrandt, Charter, CoxCom, Time Warner, and Comcast are collectively

referred to herein as the "parties;" and

      **WHEREAS,** the parties recognize that confidential information is being produced for

use in this civil action;

      IT IS HEREBY ORDERED that the following provisions of this Order shall govern the

treatment of confidential information produced by a party ("Producing Party")[1] to any other

party ("Receiving Party") in the course of this civil action:

      1.     The term "Confidential Information" as used in this Order includes all

information and tangible things that constitute or disclose trade secrets or other confidential or

proprietary information of one of the parties. Confidential Information may be contained in

discovery information or materials produced or obtained in this action by or through any means

and by or through any person or entity. The Confidential Information contained therein and all

copies, recordings, abstracts, excerpts, analyses or other writings that contain, reveal or

otherwise disclose such Confidential Information shall also be deemed Confidential Information.

---

[1] The parties agree that all references to "Producing Party" in this Protective Order be construed to include third
parties producing documents in one or more of these cases.

Dallas 236804v1

2.     Confidential Information shall be disclosed, disseminated and used by the Receiving Party only for purposes of litigation between the parties to this action.  Except with the prior written consent of the Producing Party or upon prior order of this Court, Confidential Information shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Order

3**.**     Produced documents, interrogatory responses, responses to requests for admission and other documents containing "Confidential Information" shall be marked by conspicuously affixing a legend, which includes the words "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY", as appropriate, on each page containing Confidential Information at the time such documents are produced or such information is disclosed (or on the cover or container of computer storage media, such as discs or tapes).  The parties may designate material other than the produced documents as containing Confidential Information in the following manner:

(a)     Testimony or information disclosed at a deposition that contains Confidential Information or Highly Confidential Information may be designated by indicating on the record at the deposition the portions of the testimony which contain such information that is to be made subject to the provisions of this Order.  Alternatively, a Producing Party may designate testimony or information disclosed at a deposition, including exhibits, that contains Confidential Information or Highly Confidential Information by notifying all parties in writing, within fifteen (15) days after the Producing Party's receipt of the transcript, of the specific pages and lines of the transcript that contain such information.  Whether or not designation is made at the time of a deposition, accessibility to each transcript (and the information contained therein) of any deposition in its entirety shall be limited to outside counsel of record and designated in-

3

house counsel only, from the taking of the deposition until fifteen (15) days after the actual receipt of the transcript by the Producing Party, or until receipt of the notice referred to in this paragraph, whichever occurs sooner.  At the expiration of the said fifteen (15) day period, unless notice hereunder to the contrary is given at the time of the deposition or prior to the expiration of said period, the entire transcript shall be deemed non-confidential.

> (b)     Confidential Information or Highly Confidential Information contained in any affidavits, briefs, memoranda or other papers filed with the Court in this action may be designated as Confidential Information or Highly Confidential Information by indicating on the face of such documents that one or more parties considers them to contain such information.

4.     The parties may designate as HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY any materials that qualify for protection under the standards developed under Fed. R. Civ. P. 26(c) and which comprises (a) technical information that the producing party reasonably deems highly confidential, including but not limited to proprietary technical information and trade secrets; or (b) business or financial information that the producing party reasonably deems highly confidential, such as, for example, business plans or forecasts, cost or pricing information, sales volume or revenue information, profit margin information, marketing plans or strategy, the identity of current or potential customers or suppliers, accounting information not of public record, information subject to a confidentiality agreement with a third party, or the like. The foregoing categories are by way of example only and shall not limit the categories of information a party may designate HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY under this order; provided, however, that any such designation must be made by the producing party in good faith and with reasonable justification.  Subject to the provisions of paragraphs 6 and 7 herein, material designated as HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY,

4

and any summary, description or report of the information contained in such materials, may be

disclosed only to the following persons:

(a)     the Court, persons employed by the Court, and stenographers transcribing

the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(b)     technical and damages consultants and experts who are not current

employees of any party in this matter and who have been retained by counsel to provide

assistance in this action, with disclosure only to the extent necessary to perform such work;

(c)     graphics, translation, design and/or trial consulting services, including

mock jurors, retained by a party;

(d)     source code escrow agents, photocopy, document imaging and database

services, and consultants retained by counsel to set up, maintain and/or operate computer

systems, litigation databases or to convert data for inclusion in such databases;

(e)     John Meli, Executive Vice President and General Counsel of Rembrandt,

Andrew T. Block, Esq. of Time Warner, Kirill Y. Abramov, Esq. of Charter, Marcus Delgado,

Esq. of CoxCom and David Marcus, Esq. of Comcast; and two (2) paralegals and/or clerical

employees assisting each of the identified in-house counsel; and

(f)     the parties' outside counsel of record in this action as specifically set forth

below and any other counsel for a party that appears in this action, and their paralegal assistants,

law clerks, stenographic and clerical employees who are assisting in the prosecution, defense

and/or appeal of this action. Any individual outside counsel of record who receives information

designated HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY may not participate in

patent prosecution for the Receiving Party, and the individual outside counsel who receives any

5

such information may not discuss the information with anyone involved in patent prosecution for the Receiving Party.  Outside counsel of record for the parties are as follows:

**For Rembrandt in the 223 case**:

> McKool Smith P.C.
> 300 Crescent Court, Suite 1500
> Dallas, Texas 75201
>
> Parker & Bunt
> 100 E. Ferguson, Suite 1114
> Tyler, Texas 75702
>
> Jones & Jones, Inc., P.C.
> 201 West Houston St., Drawer 1249
> Marshall, Texas 75671-1249

**For Rembrandt in the 224 case**:

> McKool Smith P.C.
> 300 Crescent Court, Suite 1500
> Dallas, Texas 75201
>
> Parker & Bunt
> 100 E. Ferguson, Suite 1114
> Tyler, Texas 75702
>
> Ireland, Carroll & Kelly, P.C.
> 61101 S. Broadway, Suite 500
> Tyler, Texas 75703
>
> Brown McCarroll LLP
> 1127 Judson Road, Suite 220
> P.O. Box 3999 (75606-3999)
> Longview, Texas 75601-5157

**For Rembrandt in the 369 Case:**

> Susman Godfrey LLP
> 1000 Louisiana Street, Suite 5100
> Houston, TX  77002-5096
>
> Parker & Bunt
> 100 E. Ferguson, Suite 1114
> Tyler, Texas 75702

Ireland, Carroll & Kelly, P.C.
61101 S. Broadway, Suite 500
Tyler, Texas 75703

Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157

**For Rembrandt in the 506 Case:**

Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX  77002-5096

Ireland, Carroll & Kelly, P.C.
61101 S. Broadway, Suite 500
Tyler, Texas 75703

Jones & Jones, Inc., P.C.
201 West Houston St., Drawer 1249
Marshall, Texas 75671-1249

Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

**For Rembrandt in the 507 Case:**

Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX  77002-5096

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

Jones & Jones, Inc., P.C.
201 West Houston St., Drawer 1249
Marshall, Texas 75671-1249

7

**For Charter in the 223 and 507 cases:**

      Marshall, Gerstein & Borun LLP
      6300 Sears Tower
      233 South Wacker Drive
      Chicago, Illinois 60606-6357

      Potter Minton, PC
      1100 North College
      500 Plaza Tower
      Tyler, Texas 75702

**For Coxcom in the 223 and 507 cases:**

      Kilpatrick Stockton LLP
      1100 Peachtree Street NE, Suite 2800
      Atlanta, Georgia 30309-4530

      Potter Minton, PC
      1100 North College
      500 Plaza Tower
      Tyler, Texas 75702

**For Time Warner in the 224 and 369 cases:**

      Kaye Scholer LLP
      425 Park Avenue
      New York, New York 10022

      Potter Minton, PC
      1100 North College
      500 Plaza Tower
      Tyler, Texas 75702

**For Comcast in the 506 case:**

      Keker & Van Nest, LLP
      710 Sansome Street
      San Francisco, California 94111-1704

      Halton & Doan, LLP
      6500 N. Summerhill Road, Suite 1A
      P.O. Box 6227
      Texarkana, Texas 75505-6277

Gillam & Smith LLP
303 South Washington Avenue
Marshall, TX  75670


5.	The parties may designate as CONFIDENTIAL any materials that qualify for

protection under the standards developed under Fed. R. Civ. P. 26(c).  Subject to the provisions

of paragraphs 6 and 7 herein, material designated as CONFIDENTIAL, and any summary,

description or report of the information contained in such materials, may be disclosed only to the

following persons:

	(a)	the Court, persons employed by the Court, and stenographers transcribing

the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

	(b)	technical and damages consultants and experts who are not current

employees of any party in this matter and who have been retained by counsel to provide

assistance in this action, with disclosure only to the extent necessary to perform such work;

	(c)	graphics, translation, design and/or trial consulting services, including

mock jurors, retained by a party;

	(d)	photocopy, document imaging and database services and consultants

retained by counsel to set up, maintain and/or operate computer systems, litigation databases or

to convert data for inclusion in such databases;

	(e)	John Meli,  and Paul Schneck, Chief Executive Officer of Rembrandt,

Andrew T. Block, Esq. of Time Warner, Kirill Y. Abramov, Esq. of Charter, Marcus Delgado,

Esq. of CoxCom and David Marcus, Esq. of Comcast and one other employee for each of

Charter, CoxCom, Time Warner, and Comcast (following identification of each other employee

9

to each of the other parties and approval by the other parties, such approval not to be
unreasonably withheld); and two (2) clerical employees assisting each party's in-house counsel
and other employee; and

        (f)      the parties' outside counsel of record in this action and any other counsel
for a party that appears in this action, and their paralegal assistants, law clerks, stenographic and
clerical employees who are assisting in the prosecution, defense and/or appeal of this action

      6.      (a)      A party may exclude from a deposition any person who is not entitled to
view Confidential Information or Highly Confidential Information when such information is the
subject of examination.

        (b)      No Confidential Information or Highly Confidential Information shall be
revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in
subparagraphs 4(b)-(e) and 5(b)-(e) until that individual has been given a copy of this Order and
has duly completed and signed an undertaking in the form attached hereto as Exhibit A, the
original of which shall be retained, until the conclusion of this action including all appeals, by
counsel for each party who intends to or does disclose to such individual any Confidential
Information or Highly Confidential Information.

        (c)      Before individuals under subparagraphs 4(b) and 5(b) may have access to
Confidential Information or Highly Confidential Information, the Receiving Party must submit
to the Producing Party the individual's signed undertaking as well as the individual's curriculum
vitae setting forth his or her name, address, qualifications and relevant work experience,
including, but not limited to, the identity of any company in the telecommunications industry for
whom said individual has consulted or worked during the last five (5) years.  If the Producing
Party does not object in writing, within five (5) business days from receipt of the undertaking,

10

Confidential Information or Highly Confidential Information may then be disclosed to the retained consultant or former employee. If timely objection is made, the parties shall attempt in good faith to resolve the disclosure issue. If the issue cannot be resolved, the Producing Party has fifteen (15) days from receipt of the undertaking to bring a motion to preclude the retained consultant or former employee from viewing the Producing Party's Confidential Information or Highly Confidential Information. If the Producing Party does not bring such a timely motion, Confidential Information or Highly Confidential Information may be disclosed to the retained consultant or former employee.

(d)     Pursuant to subparagraph 6(c), the disclosure of the identity of a consulting expert will not be a waiver of any privilege or right to withhold from production that applies to communications or work product. Furthermore, the parties agree that by stipulating to the entry of this Protective Order; the parties do not intend to modify in any way the normal discovery rules applicable to consulting experts, or other agreements reached between the parties regarding such discovery.

7.     In addition to the terms set forth in paragraphs 4 through 6 herein governing the disclosure of Confidential Information or Highly Confidential Information, information or materials that contain, embody, or otherwise reflect source code of a party or a third party subpoenaed for such source code in one or more of the above captioned cases shall be provided the following further protections:

(a)     Any and all such source code, except for hard (non-electronic) copies, shall be stored and viewed only at the offices of one (1) agreed-upon source code custodian ("Source Code Custodian"). The source code shall initially be deposited at a facility in the Los Angeles metropolitan region. After 45 days, the source code shall be transferred to a facility in

11

the Dallas metropolitan region. Where source code is deposited by a third party, this subparagraph may be modified by written agreement of the parties and the third party depositing source code; in all other cases, this subparagraph may be modified by written agreement of the parties.

(b)     Subject to subparagraphs (c) and (d), any source code produced in electronic form shall be stored and viewed only at the offices of the Source Code Custodian and shall be maintained in a secured, locked area. No electronic copies of source code shall be made. Any such source code shall only be viewed or analyzed on a stand-alone computer (a computer that is not connected to any internal or external computer or computer network) located within the above-described locations. The Source Code Custodian shall maintain a Source Code Access Log identifying, for each and every time any source code is viewed, accessed or analyzed: (1) the name of each person who accessed the code; (2) the date and time of access; (3) the length of time of access; and (4) whether any hard (non-electronic) copies of any portion of the code were copied and the portion of the code copied. The Receiving Party reviewing source code shall be allowed to make hard (non-electronic) copies of material that they, in good faith, consider relevant. The parties shall negotiate reasonable limitations on the amount of source code that is released by Producing Party at any given time.

(c)     Any hard (non-electronic) copies of source code shall be stored and viewed only within the United States at:

(i)     a secured, locked area in one of the offices of the Source Code Custodian, each such location within the United States, provided the hard (non-electronic) copies are marked with the designation "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY";

(ii)     the Court;

12

(iii)     the site where any deposition relating to the source code is taken;

(iv)     any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to the deposition.)

(d)     For each and every hard (non-electronic) copy of any source code, or any portion of any source code, the Source Code Custodian shall maintain a log detailing the location of the copy. Excessive reproduction of source code should be avoided.

(e)     Prior to the Receiving Party taking possession of a hard (non-electronic) copy of source code as provided for under this paragraph, the Receiving Party shall inform the Producing Party as to specifically what portions of source code it plans to take into its possession. The Producing Party shall then have twenty-four (24) hours if informed on a weekday, or seventy two (72) hours if informed on a weekend in which to object in writing to the Receiving Party as to the extent or relevance of the source code the reviewing party seeks to possess. If objection is made, the parties shall meet and confer in good faith within three (3) business days and attempt to resolve the objection. If the objection is not resolved, the Producing Party shall have five (5) business days after the conference to file a motion with the Court for relief from production of the subject portions of source code. The subject portions of source code shall be retained by the Producing Party, pending the court's resolution of the motion.

(f)     To the extent any source code becomes an exhibit to a deposition, one copy of the exhibit may be maintained at the U.S. office of outside counsel of record for each party in a secure, locked area. Counsel shall not designate source code as an exhibit solely for authentication purposes and shall only designate as an exhibit that portion of source code reasonably necessary for questioning.

13

8.     Designation of confidential Information or Highly Confidential Information as "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" shall constitute a representation that such information has been reviewed by an attorney for the Producing Party and that there is a valid basis for such designation.  Subject to the conditions set forth in Paragraph 7, Confidential Information or Highly Confidential Information shall be maintained by the Receiving Party under the overall supervision of outside counsel.  The attorneys of record for the parties shall exercise best efforts to ensure that the information and documents governed by this Protective order are (i) used only for the purposes set forth herein, and (ii) disclosed only to authorized persons.  Moreover, any person in possession of Confidential Information or Highly Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Confidential Information or Highly Confidential Information in order to ensure that the confidential or restricted nature of the same is maintained.

9.     It is the intention of this Protective Order that the following categories of information shall not be and should therefore not be designated as Confidential Information or Highly Confidential Information: (a) any information that at the time of its disclosure in this action is part of the public domain by reason of publication or otherwise; (b) any information that after its disclosure in this action has become part of the public domain by reason of publication or otherwise though no act, omission or fault of the Receiving Party; (c) any information that at the time of its disclosure in this action is rightfully in the possession of the Receiving Party, its trial counsel or any expert retained by or for the Receiving Party under no obligations of confidence to any third party with respect to that information; or (d) any information that after its disclosure in this action is rightfully received by the Receiving Party, its

14

trial counsel or any expert retained by or for the Receiving Party under no obligations of confidence or otherwise from any third party having the right to make such disclosure. During the pendency of this action, any disputes as to whether information is confidential under the terms of this Order shall be resolved according to the procedure set forth in paragraph 10 hereof.

10.     If a party disagrees with any Confidential Information or Highly Confidential Information designation, such party shall first make its objection known to the Producing Party and request a change of designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court no sooner than five (5) days following the service of a written notice of disagreement. The burden of proving that information has been properly designated as Confidential Information or Highly Confidential Information is on the party making such designation. Until a determination by the Court, the information in issue shall be treated as Confidential Information or Highly Confidential Information and subject to the terms of this Order. Any failure to object to any material being designated as Confidential Information or Highly Confidential Information shall not be construed as an admission by any non-designating party that the material constitutes or contains a trade secret or other confidential information.

11.     During the course of preparing for a deposition or testimony, unless otherwise entitled to access under this Protective Order, a fact deponent/witness may be shown Confidential Information or Highly Confidential Information from another party's documents strictly limited to those documents which on their face reveal that they were authored or received by the deponent/witness in the normal course of business and outside the context of this litigation. This shall not preclude a Producing Party from showing documents that it has

15

produced to its own witnesses and deponents, regardless whether the Producing Party has designated the document(s) it produced as Confidential and regardless whether such person was the author or a recipient of the document.

12.     At the deposition of a third party or former employee of a Producing Party, such third party or former employee of a Producing Party may be shown documents designated as Confidential only if the document was authored by or received by that third party or former employee.

13.     Any person receiving Confidential Information or Highly Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Order.  If Confidential Information or Highly Confidential Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure will inform counsel for the Producing Party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to receive such material and to prevent further disclosure by the person who received such information.

14.     Written material constituting or revealing Confidential Information or Highly Confidential Information, when filed with the Court in this action for any reason, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, a designation in the form set forth in paragraphs 4 or 5 hereof, and a statement substantially in the following form:

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY
FILED UNDER SEAL PURSUANT TO COURT ORDER

Civil Action No. [appropriate case number][TJW ]

15.     The Clerk of the Court is directed to place and maintain under seal in accordance with this Order any such pleading or other document filed with or delivered to this Court pursuant to Paragraph 14 or any other provision thereof.

16.     Nothing herein shall prevent disclosure beyond the terms of this Order if the party producing Confidential Information or Highly Confidential Information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure

17.     The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim or privilege or protection including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the Producing Party shall promptly notify the Receiving Party in writing when inadvertent production is discovered. Upon receiving written notice from the Producing Party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to counsel for the Producing Party and the Receiving Party shall not use such information for any purpose until further Order of the Court.

18.     Any violation of the terms of this Protective Order shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

19.     Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

20.     Third parties who produce information in this action may avail themselves of the provisions of this Protective Order, and discovery materials produced by third parties shall then be treated by the parties in conformance with this Protective Order.

21.     By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that such information may be relevant and subject to disclosure in another case.  Any person or party subject to this order that may be subject to a motion to disclose another party's information designated Confidential or Highly Confidential pursuant to this order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

22.     In the event that any of the parties (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose discovery material that is designated as Confidential by another party, the party subpoenaed or served in accordance with this paragraph shall object to production of the Confidential material and shall give prompt written notice to the Producing Party.   Should the person seeking access to the Confidential material take action against the party covered by this Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Order.  Nothing in this Order shall be construed as requiring production of Confidential material covered by this Order

18

23.  (a)  Within sixty (60) days after filing of the final judgment in this action, or if such judgment is appealed from, entry of a mandate affirming such final judgment, all Confidential Information or Highly Confidential Information shall be destroyed by all Receiving Parties or shall be returned to the Producing Party at the written election of the Producing Party which election shall be made within twenty days of the filing of the aforementioned final judgment or mandate.  If any Receiving Party destroys any such Confidential Information or Highly Confidential Information, that party shall inform the Producing Party in writing.

(b)  Notwithstanding the foregoing, one designated outside counsel of record for each party may maintain in its files one copy of each affidavit, affirmation, certification, declaration, expert report, brief, record on appeal, notice of motion, deposition transcript, exhibit to a deposition or affidavit (or the like), exhibit at a hearing or trial, pleading, discovery request, stipulation, correspondence between counsel for the parties, written response to a discovery request or any other document filed with the Court and the court transcript, consisting of or containing Confidential Information or Highly Confidential Information.

24.  This Order may be amended with leave of the Court by the agreement of counsel for the parties in the form of a stipulation that shall be filed in this action.

25.  This Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties or by an Order of the Court.

26.  At the conclusion of the present action, the Court shall retain jurisdiction to enforce the terms of this Order.

SIGNED this 4th day of May, 2007.

_Charles Everingham_

19    CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |

I, _____, hereby declare that:

1.      I have carefully read and understand the foregoing Protective Order (the "Order") of the United States District Court for the Eastern District of Texas, in the above-captioned matters.

2. I agree that I will be bound by and will comply with all of the provisions of this Order and I will make no disclosures of Confidential Information or Highly Confidential Information to any person who is not permitted to have access to such Confidential Information or Highly Confidential Information by this Order, as applicable.

3. Upon final determinant of this action, I will destroy all Confidential Information or Highly Confidential Information received by me within sixty (60) days after filing of the final order or mandate as described in paragraph 21(a), or I will return such Confidential Information or Highly Confidential Information within sixty (60) days to the Producing Party. If I destroy such Confidential Information or Highly Confidential Information, I agree to send a letter to the Producing Party confirming the same.

4. I understand that a violation of this undertaking is punishable as a contempt of court and hereby submit to the jurisdiction of this Court for the purpose of enforcement of this order.

Dallas 236804v1

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____     _____

                                                  [signature]

                                       _____

                                                  [print or type name]

                                                  Title:

:                                                     Business Affiliation

                                                  Address:

                                                  Phone:

3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CASE NO. 2:06-cv-224 |
| | § | [TJW/CE] |
| | § | |
| TIME WARNER CABLE INC., TIME | § | **JURY TRIAL REQUESTED** |
| WARNER CABLE LLC, TIME | § | |
| WARNER NEW YORK CABLE LLC, TIME | § | |
| WARNER ENTERTAINMENT | § | |
| COMPANY, L.P., and TIME WARNER | § | |
| ENTERTAINMENT-ADVANCE/NEWHOUSE | § | |
| PARTNERSHIP, | § | |
| | § | |
| Defendants. | § | |

**TWC'S ANSWER TO REMBRANDT'S FIRST
AMENDED COMPLAINT AND COUNTERCLAIMS**

Time Warner Cable Inc., Time Warner Cable LLC, Time Warner New York

Cable LLC, Time Warner Entertainment Company, L.P., and Time Warner Entertainment-

Advance/Newhouse Partnership (collectively, "TWC"), by its undersigned counsel,

respond to the allegations asserted in the First Amended Complaint (the "Complaint") of

Rembrandt Technologies, LP ("Rembrandt") as follows:

1.  TWC lacks knowledge or information sufficient to form a belief as to the

truth of the allegations made in paragraph 1 of the Complaint, and on that basis denies

those allegations.

2.  TWC admits the allegations of paragraph 2 of the Complaint that

Defendant Time Warner Cable Inc. is a Delaware corporation with its principle place of

business at 290 Harbor Drive, Stamford, Connecticut 06902, that its "registered agent for

service of process in Texas is CT Corporation System, 350 North St. Paul Street, Dallas,

Texas 75201," and that it answered the original Complaint and asserted counterclaims.

    3.  TWC admits the allegations of paragraph 3 of the Complaint that

Defendant Time Warner Cable LLC is a Delaware limited liability company with its

principle place of business at 290 Harbor Drive, Stamford, Connecticut 06902 and that its

"registered agent for service of process is the Corporation Trust Company, Corporation

Trust Center, 1209 Orange Street, Wilmington, Delaware 19801."

    4.  TWC admits the allegations of paragraph 4 of the Complaint that

Defendant Time Warner New York Cable LLC is a Delaware limited liability company

with its principle place of business at 290 Harbor Drive, Stamford, Connecticut 06902 and

that its "registered agent for service of process in Texas is CT Corporation System, 350

North St. Paul Street, Dallas, Texas 75201."

    5.  TWC admits the allegations of paragraph 5 of the Complaint that

Defendant Time Warner Entertainment Company, L.P. is a Delaware limited partnership

with its principle place of business at 290 Harbor Drive, Stamford, Connecticut 06902 and

that its "registered agent for service of process in Texas is CT Corporation System, 1021

Main Street, Suite 1150, Houston, Texas 77002."

    6.  TWC admits the allegations of paragraph 6 of the Complaint that

Defendant Time Warner Entertainment-Advance/Newhouse Partnership is a New York

partnership with its principle place of business at 290 Harbor Drive, Stamford, Connecticut

06902 and that its "registered agent for service of process in Texas is CT Corporation

System, 350 N. St. Paul Street, Dallas, Texas 75201."

7. TWC admits that Time Warner Cable Inc. is the direct or indirect parent of each of Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner Entertainment Company, L.P., and Time Warner Entertainment-Advance/Newhouse Partnership. TWC admits that through one or more of its subsidiaries, affiliates, partners, or other related parties, Time Warner Cable Inc. owns and/or operates cable systems throughout the United States and in the State of Texas. TWC admits that Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner Entertainment Company, L.P., and Time Warner Entertainment-Advance/Newhouse Partnership each directly or through one or more subsidiaries, affiliates, partners, or other related parties own and operate cable systems in Texas and elsewhere. TWC denies the remaining allegations of paragraph 7 of the Complaint. TWC is not infringing, and has not in the past infringed, any of the patents identified in the Complaint.

8. Paragraph 8 of the Complaint sets forth legal conclusions for which no response is required. To the extent paragraph 8 contains factual allegations to which a response is required, those allegations are denied.

9. TWC admits the allegations of paragraph 9 of the Complaint that this Court has personal jurisdiction over all named Defendants, and that Defendants, either directly or through one or more subsidiaries, affiliates, partners, or other related parties, have conducted and continue to conduct business in the State of Texas and within this district. TWC denies the remaining allegations of paragraph 9 of the Complaint. TWC is not infringing, and has not in the past infringed, any of the patents identified in the Complaint.

10. Paragraph 10 of the Complaint sets forth legal conclusions for which no response is required.  To the extent paragraph 10 contains factual allegations to which a response is required, those allegations are denied.

## COUNT I

11. TWC restates and realleges its responses to paragraphs 1-10 of the Complaint and incorporates them herein by reference.

12. TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 12 of the Complaint, and on that basis denies those allegations.

13. TWC admits that U.S. Patent No. 5,243,627 (the "'627 patent") was issued by the United States Patent and Trademark Office ("the PTO") on September 7, 1993.  TWC denies the remaining allegations made in paragraph 13 of the Complaint.

14. TWC admits that it, either directly or through one or more subsidiaries, affiliates, partners, or other related parties, operates cable television systems in the United States and in Texas.  TWC denies the remaining allegations of paragraph 14 of the Complaint.

15. TWC denies the allegations of paragraph 15 of the Complaint.

16. TWC denies the allegations of paragraph 16 of the Complaint.

## COUNT II

17. TWC restates and realleges its responses to paragraphs 1-16 of the Complaint and incorporates them herein by reference.

18.  TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 18 of the Complaint, and on that basis denies those allegations.

19.  TWC admits that U.S. Patent No. 5,852,631 (the "'631 patent") was issued by the PTO on December 22, 1998.  TWC denies the remaining allegations made in paragraph 19 of the Complaint.

20.  TWC admits that it, either directly or through one or more subsidiaries, affiliates, partners, operates cable television systems and is an Internet service provider in the United States and in Texas.  TWC denies the remaining allegations of paragraph 20 of the Complaint.

21.  TWC denies the allegations of paragraph 21 of the Complaint.

22.  TWC denies the allegations of paragraph 22 of the Complaint.

## COUNT III

23.  TWC restates and realleges its responses to paragraphs 1-22 of the Complaint and incorporates them herein by reference.

24.  TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 24 of the Complaint, and on that basis denies those allegations.

25.  TWC admits that U.S. Patent No. 5,719,858 (the "'858 patent") was issued by the PTO on February 17, 1998.  TWC denies the remaining allegations made in paragraph 25 of the Complaint.

26.  TWC admits that it, either directly or through one or more subsidiaries, affiliates, partners, operates cable television systems and is an Internet service provider in

the United States and in Texas. TWC denies the remaining allegations of paragraph 26 of the Complaint.

27. TWC denies the allegations of paragraph 27 of the Complaint.

28. TWC denies the allegations of paragraph 28 of the Complaint.

## COUNT IV

29. TWC restates and realleges its responses to paragraphs 1-28 of the Complaint and incorporates them herein by reference.

30. TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 30 of the Complaint, and on that basis denies those allegations.

31. TWC admits that U.S. Patent No. 4,937,819 (the "'819 patent") was issued by the PTO on June 26, 1990. TWC denies the remaining allegations made in paragraph 31 of the Complaint.

32. TWC admits that it, either directly or through one or more subsidiaries, affiliates, partners, operates cable television systems and is an Internet service provider in the United States and in Texas. TWC denies the remaining allegations of paragraph 32 of the Complaint.

33. TWC denies the allegations of paragraph 33 of the Complaint.

34. TWC denies the allegations of paragraph 34 of the Complaint.

## PRAYER FOR RELIEF

TWC denies that Plaintiff is entitled to the relief requested in its prayer, and to the extent that such prayer contains factual allegations, such allegations are denied.

## AFFIRMATIVE AND OTHER DEFENSES

TWC sets forth the following affirmative and other defenses.  TWC does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff Rembrandt bears the burden.

### FIRST DEFENSE

35.  Each of the claims of the '627, '631, '858 and '819 patents are invalid for failure to satisfy the provisions of one or more of sections 101, 102, 103, and/or 112 of Title 35 of the United States Code.

### SECOND DEFENSE

36.  TWC does not manufacture, use, offer for sale, sell, or import into the United States any product or method that infringes any claim of the '627, '631, '858  or '819 patents and it has not done so in the past.  TWC also does not contribute to or induce infringement of the '627, '631, '858 or '819 patents and it has not done so in the past. TWC does not infringe, and has not in the past infringed, either directly or indirectly, the '627, '631, '858 or '819 patents.

### THIRD DEFENSE

37.  The Complaint's claims are barred by the doctrine of estoppel.

### FOURTH DEFENSE

38.  The Complaint's claims are barred by the doctrine of laches.

### COUNTERCLAIMS

### PARTIES

1.  Counterclaimant Time Warner Cable Inc. is a Delaware corporation having its corporate headquarters at 290 Harbor Drive, Stamford, CT 06902.

2.   Counterclaimant Time Warner Cable LLC is a Delaware limited liability company having its corporate headquarters at 290 Harbor Drive, Stamford, CT 06902.

3.   Counterclaimant Time Warner New York Cable LLC is a Delaware limited liability company having its corporate headquarters at 290 Harbor Drive, Stamford, CT 06902.

4.   Counterclaimant Time Warner Entertainment Company, L.P. is a Delaware limited partnership having its corporate headquarters at 290 Harbor Drive, Stamford, CT 06902.

5.   Counterclaimant Time Warner Entertainment-Advance/Newhouse Partnership is a New York partnership having its corporate headquarters at 290 Harbor Drive, Stamford, CT 06902.

6.   Counterclaim defendant Rembrandt Technologies, LP ("Rembrandt") purports to be a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 815, Bala Cynwyd, PA 19004.

### JURISDICTION AND VENUE

7.   These counterclaims seek a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

8.   This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

9.   Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400.

10. A justiciable controversy exists between Counterclaimants and Rembrandt with respect to the invalidity and noninfringement of the claims of U.S. Patent Nos. 5,243,627 (the "'627 patent"), 5,852,631 (the "'631 patent"), 5,719,858 (the "'858 patent"), and 4,937,819 (the "'819 patent").

## FIRST COUNTERCLAIM

11. Counterclaimants hereby repeat and reiterate the allegations made in paragraphs 1-10 of these Counterclaims as if fully set forth herein.

12. Each of the claims of the '627, '631, '858 and '819 patents are invalid for failure to satisfy the provisions of one or more of sections 101, 102, 103, and/or 112 of Title 35 of the United States Code.

## SECOND COUNTERCLAIM

13. Counterclaimants hereby repeat and reiterate the allegations made in paragraphs 1-12 of these Counterclaims as if fully set forth herein.

14. Counterclaimants do not manufacture, use, offer for sale, sell, or import into the United States any product or method that infringes any claim of the '627, '631, '858 or '819 patents and Counterclaimants have not done so in the past. Counterclaimants also do not contribute to or induce infringement of the '627, '631, '858 or '819 patents and Counterclaimants have not done so in the past. Counterclaimants do not infringe, and have not in the past infringed, either directly or indirectly, the '627, '631, '858 or '819 patents.

## PRAYER FOR RELIEF

WHEREFORE, Defendants and Counterclaimants pray that:

a)  The Court dismiss all of Rembrandt's claims against Counterclaimants with prejudice;

b)  The Court declare invalid each of the claims of the '627, '631, '858 and '819 patents;

c)  The Court declare that Counterclaimants do not manufacture, use, offer for sale, sell, or import into the United States any product or method that infringes any of the claims of the '627, '631, '858 or '819 patents and have not done so in the past, and that Counterclaimants therefore and otherwise do not directly infringe the '627, '631, '858 or '819 patents and have not done so in the past;

d)  The Court declare that Counterclaimants do not contribute to or induce infringement of the '627, '631, '858 or '819 patents and Counterclaimants have not done so in the past, and that Counterclaimants therefore and otherwise does not indirectly infringe the '627, '631, '858 or '819 patents and have not done so in the past;

e)  Counterclaimants be awarded their costs in this action;

f)  Counterclaimants be awarded their attorneys fees pursuant to 35 U.S.C. § 285; and

g)  Counterclaimants be awarded such other and further relief as this Court deems is just and proper.

Respectfully submitted,


By:   /s/ Allen F. Gardner
       Michael E. Jones
       Texas State Bar No. 10929400
       mikejones@potterminton.com
       Allen F. Gardner
       State Bar No. 24043679
       allengardner@potterminton.com
       **POTTER MINTON, P.C.**
       110 North College
       500 Plaza Tower
       Tyler, Texas 75702
       Telephone: (903) 597-8311
       Fax: (903) 593-0846

*Of Counsel:*

David S. Benyacar
Daniel L. Reisner
**KAYE SCHOLER LLP**
425 Park Avenue
New York, NY  10022-3598
(212) 836-8000


*Attorneys for Time Warner Cable, Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner Entertainment Company, L.P., Time Warner Entertainment-Advance/Newhouse Partnership*


Dated: May 16, 2007

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 16th day of May, 2007. Any other counsel of record will be served by first class U.S. mail on this same date.

*/s/ Allen F. Gardner*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP, | |
| Plaintiff, | |
| v. | CASE NO. 2:06-CV-224 [TJW/CE] |
| TIME WARNER CABLE INC., TIME WARNER CABLE LLC, TIME WARNER NY CABLE LLC, TIME WARNER ENTERTAINMENT COMPANY, L.P., and TIME WARNER ENTERTAINMENT-ADVANCE/NEWHOUSE PARTNERSHIP, | |
| Defendants. | |

## DEFENDANTS' RULE 7.1 DISCLOSURE STATEMENT

Pursuant to FRCP Rule 7.1, defendants state the following:

1.     Time Warner Cable Inc. states that it is a publicly held company.  Time Warner Inc., a publicly held company, indirectly owns more than 10% of Time Warner Cable Inc.'s stock.

2.     Time Warner Cable LLC states that it is a Delaware limited liability company, which is owned by Time Warner Cable Inc.  Time Warner Cable LLC is owned indirectly by Time Warner Inc.  Time Warner Cable Inc. and Time Warner Inc. are publicly held companies.

3.     Time Warner NY Cable LLC states that it is a Delaware limited liability company, which is owned by TW NY Cable Holding Inc.  Time Warner NY Cable LLC is owned indirectly by Time Warner Cable Inc. and Time Warner Inc., which are publicly held companies.

4.     Time Warner Entertainment Company, L.P. states that it is a Delaware limited partnership, which is owned by Time Warner NY Cable LLC and, through indirect subsidiaries,

by Time Warner Cable LLC. Time Warner Entertainment Company, L.P. is owned indirectly by Time Warner Cable Inc. and Time Warner Inc., which are publicly held companies.

     5.     Time Warner Entertainment-Advance/Newhouse Partnership states that it is a New York partnership, which is owned by Time Warner NY Cable LLC and, through indirect subsidiaries, by Time Warner Entertainment Company, L.P. Time Warner Entertainment-Advance/Newhouse Partnership is owned indirectly by Time Warner Cable Inc. and Time Warner Inc., which are publicly held companies.

Date: May 16, 2007          By:    /s/ Allen F. Gardner
                                Michael E. Jones
                                Texas State Bar No. 10929400
                                mikejones@potterminton.com
                                Allen F. Gardner
                                State Bar No. 24043679
                                allengardner@potterminton.com
                                **POTTER MINTON, P.C.**
                                110 North College
                                500 Plaza Tower
                                Tyler, Texas 75702
                                Telephone: (903) 597-8311
                                Fax: (903) 593-0846

*Of Counsel:*

David S. Benyacar
Daniel L. Reisner
**KAYE SCHOLER LLP**
425 Park Avenue
New York, NY 10022-3598
(212) 836-8000

                                *Attorneys for Time Warner Cable, Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner Entertainment Company, L.P., Time Warner Entertainment-Advance/Newhouse Partnership*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 16th day of May, 2007.  Any other counsel of record will be served by first class U.S. mail on this same date.


*/s/ Allen F. Gardner*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 2:06-CV-224 [TJW] |
| v. | § | JURY TRIAL REQUESTED |
| | § | |
| TIME WARNER CABLE  INC., et al. | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF REMBRANDT TECHNOLOGIES, LP'S NOTICE OF DISCLOSURE**

Plaintiff Rembrandt Technologies, LP hereby files this Notice to inform the Court that on May 18, 2007, Rembrandt served its Disclosure pursuant to Paragraph 3(c) of the Discovery Order entered in this case on counsel for Defendants Time Warner Cable Inc., Time Warner Cable LLC, Time Warner Entertainment Company, LP, Time Warner Entertainment-Advance/Newhouse Partnership, and Time Warner New York Cable LLC.

DATED:  May 18, 2007                                 Respectfully submitted,


　　/s/ Sam Baxter_____
Sam Baxter
State Bar No. 01938000
**McKOOL SMITH, P.C.**
505 E. Travis, Suite 105
Marshall, Texas  75670
Telephone:  (903) 927-2111
Telecopier:  (903) 927-2622
sbaxter@mckoolsmith.com

Jeffrey A. Carter
State Bar No. 03919400
**McKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas  75201
Telephone:  (214) 978-4006
Telecopier:  (214) 978-4044
jcarter@mckoolsmith.com

Travis Gordon White
State Bar No. 21333000
**McKOOL SMITH, P.C.**
300 W. 6th Street, Suite 1700
Austin, Texas  78701
Telephone:  (512) 692-8700
Telecopier:  (512) 692-8744
gwhite@mckoolsmith.com

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas  75702
Telephone:  (903) 531-3535
Telecopier:  (903) 533-9687
cbunt@cox-internet.com
rmparker@cox-internet.com

2

Otis Carroll
State Bar No. 03895700
Patrick Kelley
State Bar No. 11202500
Collin Maloney
State Bar No. 00794219
**IRELAND, CARROLL & KELLEY, P.C.**
6101 S. Broadway, Suite 500
Tyler, Texas  75703
Telephone:  (903) 561-1600
Telecopier:  (903) 581-1071
Fedserv@icklaw.com

Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Andrew W. Spangler
State Bar No. 24041960
**BROWN McCARROLL LLP**
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas  75601-5157
Telephone:  (903) 236-9800
Telecopier:  (903) 236-8787
ccapshaw@mailbmc.com
ederieux@mailbmc.com
aspangler@mailbmc.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 18th day of May, 2007.

   /s/ Sam Baxter
Sam Baxter

3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |

**JOINT MOTION
TO AMEND DOCKET CONTROL ORDER
TO MOVE THE DATE FOR EXCHANGING PRIVILEGE LOGS**

The Docket Control Order in each of the above styled cases is the same. Currently, the

Docket Control Orders require that the parties exchange privilege logs on June 4, 2007, but not

produce documents until June 11, 2007. The parties in each case jointly move the Court to

1

amend the Docket Control Order in each case to move the date for exchanging privilege logs from June 4 to July 10, 2007. Moving the date for the parties to exchange privilege logs will not affect the Markman hearing dates or the initial trial setting.

DATED: June 4, 2007                             Respectfully submitted,

/s/ Sam Baxter
Sam Baxter
State Bar No. 01938000
**McKOOL SMITH, P.C.**
505 E. Travis, Suite 105
Marshall, Texas 75670
Telephone: (903) 927-2111
Telecopier: (903) 927-2622
sbaxter@mckoolsmith.com

Jeffrey A. Carter
State Bar No. 03919400
**McKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4006
Telecopier: (214) 978-4044
jcarter@mckoolsmith.com

Travis Gordon White
State Bar No. 21333000
**McKOOL SMITH, P.C.**
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744
gwhite@mckoolsmith.com

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687
cbunt@cox-internet.com
rmparker@cox-internet.com

Otis Carroll
State Bar No. 03895700
Patrick Kelley
State Bar No. 11202500
**IRELAND, CARROLL & KELLEY, P.C.**
6101 S. Broadway, Suite 500
Tyler, Texas  75703
Telephone:  (903) 561-1600
Telecopier:  (903) 581-1071
Fedserv@icklaw.com

Calvin Capshaw
State Bar No. 03783900
Andrew W. Spangler
State Bar No. 24041960
**BROWN McCARROLL LLP**
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas  75601-5157
Telephone:  (903) 236-9800
Telecopier:  (903) 236-8787
ccapshaw@mailbmc.com
aspangler@mailbmc.com

Franklin Jones, Jr.
State Bar No. 00000055
**JONES & JONES, INC.**
201 W. Houston Street
P. O. Drawer 1249
Marshall, TX  75670
Telephone:  903-938-4395
Telecopier:  903-938-3360
maizieh@millerfirm.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

Dallas 239161v1

/s/ Michael E. Jones
Michael E. Jones
State Bar No. 10929400
Diane DeVasto
**POTTER MINTON, P.C.**
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, Texas 75710
Telephone:  (903) 597-8311
Telecopier:  (903) 593-0846
mikejones@potterminton.com

David S. Benyacar
Michael A. Rogoloff
**KAYE SCHOLER**
425 Park Avenue
New York, NY 10022
Tel: 212-836-8000
Fax: 212-836-8689
dbenyacar@kayescholer.com

**ATTORNEYS FOR DEFENDANT
TIME WARNER CABLE INC.**

4

/s/ Michael E. Jones
Bradford P. Lyerla, Attorney in Charge
blyerla@marshallip.com
Kevin D. Hogg
khogg@marshallip.com
William J. Kramer
wkramer@marhsllip.com
Paul B. Stephens
pstephens@marshallip.com
**MARSHALL, GERSTEIN & BORUN LLP**
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
Tel: 312-474-6300
Fax: 312-474-0448

Michael E. Jones
State Bar No. 10929400
**POTTER MINTON, PC**
110 North College
500 Plaza Tower
Tyler, TX 75702
Tel: 903-597-8311
Fax: 903-593-0846
mikejones@potterminton.com

**ATTORNEYS FOR DEFENDANTS
CHARTER COMMUNICATIONS, INC.
CHARTER COMMUNICATIONS
OPERATING, LLC**

<u>/s/ Michael E. Jones</u>
Mitchell G. Stockwell
Lead Attorney
Georgia Bar No. 682912
**KILPATRICK STOCKTON LLP**
1100 Peachtree Street NE
Suite 2800
Atlanta, GA 30309-4530
Tel: 404-815-6214
Fax: 404-815-6555

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
**POTTER MINTON, P.C.**
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, TX 75710
Tel: 903-597-8311
Fax: 903-593-0846

**ATTORNEYS FOR DEFENDANT
COXCOM, INC.**

6

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 4th day of June 2007.


/s/ Sam Baxter
Sam Baxter

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |

**ORDER GRANTING JOINT MOTION
TO AMEND DOCKET CONTROL ORDER
TO MOVE THE DATE FOR EXCHANGING PRIVILEGE LOGS**

The parties in each of the above styled cases have moved the Court to amend the Docket

Control Order in each case and change the date for exchanging privilege logs from June 4, 2007

1

to July 10, 2007. The Court finds good cause for amending the Docket Control Order in this respect. The Court, therefore,

ORDERS that the Docket Control Order in each case be and is hereby amended to move the date for the parties to exchange privilege logs from the current date of June 4, 2007 to July 10, 2007.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC., ET AL. | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC., ET AL. | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |

**ORDER GRANTING JOINT MOTION
TO AMEND DOCKET CONTROL ORDER
TO MOVE THE DATE FOR EXCHANGING PRIVILEGE LOGS**

The parties in each of the above styled cases have moved the Court to amend the Docket

Control Order in each case and change the date for exchanging privilege logs from June 4, 2007

1

to July 10, 2007. The Court finds good cause for amending the Docket Control Order in this respect. The Court, therefore,

ORDERS that the Docket Control Order in each case be and is hereby amended to move the date for the parties to exchange privilege logs from the current date of June 4, 2007 to July 10, 2007.

SIGNED this 5th day of June, 2007.

CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **REMBRANDT TECHNOLOGIES, LP** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Case No. 2:06-CV-224 LED** |
| | § | |
| **TIME WARNER CABLE, INC.** | § | **JURY TRIAL REQUESTED** |
| | § | |
| **Defendant.** | § | |

## NOTICE OF APPEARANCE

Notice is hereby given that the undersigned attorney, Thomas G. Fasone III, Texas State

Bar No. 00785382, enters his appearance in this matter for Plaintiff, Rembrandt Technologies,

LP, for the purpose of representing Plaintiff and receiving notices and orders from the Court.

DATED this 8th day of June, 2007.

Respectfully submitted,

McKOOL SMITH, P.C.

/s/ Thomas G. Fasone III
Sam Baxter
State Bar No. 01938000
**McKOOL SMITH P.C.**
505 E. Travis, Suite 105
Marshall, Texas 75670
Telephone: (903) 927-2111
Telecopier: (903) 927-2622
sbaxter@mckoolsmith.com

Jeffrey A. Carter
State Bar No. 03919400
Bradley W. Caldwell
State Bar No. 24040630
Thomas G. Fasone III
State Bar No. 00785382
**McKOOL SMITH P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas  75201
Telephone:  (214) 978-4006
Telecopier:  (214) 978-4044
jcarter@mckoolsmith.com
tfasone@mckoolsmith.com

Travis Gordon White
State Bar No. 21333000
**McKOOL SMITH P.C.**
300 W. 6th Street, Suite 1700
Austin, Texas  78701
Telephone:  (512) 692-8700
Telecopier:  (512) 692-8744
gwhite@mckoolsmith.com

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas  75702
Telephone:  (903) 531-3535
Telecopier:  (903) 533-9687
cbunt@cox-internet.com
rmparker@cox-internet.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a), contemporaneously served upon all counsel who have consented to electronic service and served by first class mail on other counsel on this the 8th day of June, 2007.

/s/ Thomas G. Fasone III
Thomas G. Fasone III

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 2:06-CV-224-TJW-CE |
| v. | § | JURY TRIAL REQUESTED |
| | § | |
| TIME WARNER CABLE  INC., et al. | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S REPLY TO COUNTERCLAIMS OF DEFENDANTS

Plaintiff Rembrandt Technologies, LP ("Rembrandt") respectfully submits this Reply to

the counterclaims asserted in "TWC's Answer to Rembrandt's First Amended Complaint and

Counterclaims."

## PARTIES

1.      Admitted.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Admitted.

## JURISDICTION AND VENUE

7.      Rembrandt admits that the Defendants purport through their counterclaims to seek a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, but denies that Defendants are entitled to any relief.

8.      Admitted.

9.      Admitted.

10.     Admitted.

## FIRST COUNTERCLAIM

11.     Rembrandt repeats and re-alleges its response to paragraphs 1-10 of the Counterclaims, and further incorporates by reference its allegations in its First Amended Complaint filed April 26, 2007.

12.     Denied.

## SECOND COUNTERCLAIM

13.     Rembrandt repeats and re-alleges its response to paragraphs 1-12 of the Counterclaims, and further incorporates by reference its allegations in its First Amended Complaint filed April 26, 2007.

14.     Denied.

## PRAYER FOR RELIEF

WHEREFORE, Rembrandt prays that the Court deny in all respects Defendants' prayer for relief, that the Court enter judgment against Defendants on all of their claims, and that the Court enter on behalf of Rembrandt:

Dallas 239482v1

(a)     a judgment dismissing Defendants' counterclaims with prejudice;

(b)     a judgment that the Rembrandt patents-in-suit are valid and enforceable;

(c)     a judgment that each Defendant has infringed the Rembrandt patents-in-suit directly and/or indirectly by way of inducing infringement and/or contributing to the infringement of those patents;

(d)     a permanent injunction enjoining and restraining each Defendant and their respective agents, servants, employees, affiliates, divisions and subsidiaries, and those in association therewith, from making, using, offering to sell, selling, and importing into the United States any product, or using, offering to sell, or selling any service, which falls within the scope of any claim of the patents-in-suit;

(e)     a judgment and order requiring Defendants to pay Rembrandt damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of final judgment with an accounting as needed;

(f)     a judgment and order requiring Defendants to pay Rembrandt pre-judgment and post-judgment interest on the damages awarded;

(g)     a judgment and order finding this to be an exceptional case and requiring Defendants to pay the costs of this action (including all disbursements) and attorney's fees as provided by 35 U.S.C. § 285; and

(h)     such other and further relief as the Court deems just and equitable.

DATED: June 8, 2007.                    Respectfully submitted,


                                        ___/s/ Sam Baxter_____
                                        Sam Baxter
                                        State Bar No. 01938000
                                        **McKOOL SMITH, P.C.**
                                        505 E. Travis, Suite 105
                                        Marshall, Texas  75670
                                        Telephone:  (903) 927-2111
                                        Telecopier:  (903) 927-2622
                                        sbaxter@mckoolsmith.com

                                        Jeffrey A. Carter
                                        State Bar No. 03919400
                                        **McKOOL SMITH, P.C.**
                                        300 Crescent Court, Suite 1500
                                        Dallas, Texas  75201
                                        Telephone:  (214) 978-4006
                                        Telecopier:  (214) 978-4044
                                        jcarter@mckoolsmith.com

                                        Travis Gordon White
                                        State Bar No. 21333000
                                        **McKOOL SMITH, P.C.**
                                        300 W. 6th Street, Suite 1700
                                        Austin, Texas  78701
                                        Telephone:  (512) 692-8700
                                        Telecopier:  (512) 692-8744
                                        gwhite@mckoolsmith.com

                                        Robert M. Parker
                                        State Bar No. 15498000
                                        Robert Christopher Bunt
                                        State Bar No. 00787165
                                        **PARKER & BUNT, P.C.**
                                        100 E. Ferguson, Suite 1114
                                        Tyler, Texas  75702
                                        Telephone:  (903) 531-3535
                                        Telecopier:  (903) 533-9687
                                        cbunt@cox-internet.com
                                        rmparker@cox-internet.com

4

Otis Carroll
State Bar No. 03895700
Patrick Kelley
State Bar No. 11202500
Collin Maloney
State Bar No. 00794219
**IRELAND, CARROLL & KELLEY, P.C.**
6101 S. Broadway, Suite 500
Tyler, Texas  75703
Telephone:  (903) 561-1600
Telecopier:  (903) 581-1071
Fedserv@icklaw.com

Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Andrew W. Spangler
State Bar No. 24041960
**BROWN McCARROLL LLP**
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas  75601-5157
Telephone:  (903) 236-9800
Telecopier:  (903) 236-8787
ccapshaw@mailbmc.com
ederieux@mailbmc.com
aspangler@mailbmc.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 8th day of June, 2007.

    /s/ Sam Baxter
Sam Baxter

5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 2:06-CV-224 [TJW] |
| v. | § | JURY TRIAL REQUESTED |
| | § | |
| TIME WARNER CABLE  INC., et al. | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF REMBRANDT TECHNOLOGIES, LP'S NOTICE OF DISCLOSURES**

Plaintiff Rembrandt Technologies, LP hereby files this Notice to inform the Court that, pursuant to Paragraph 3(b) of the proposed Discovery Order submitted jointly in this case, on June 11, 2007, Rembrandt served on counsel for Defendants Time Warner Cable Inc., Time Warner Cable LLC, Time Warner Entertainment Company, LP, Time Warner Entertainment-Advance/Newhouse Partnership, and Time Warner New York Cable LLC a copy of all documents, data compilations, and tangible things in its possession, custody, or control that are relevant to the case, except as provided in said Paragraph 3(b).

DATED:  June 12, 2007                    Respectfully submitted,


                                         __/s/ Sam Baxter_____
                                         Sam Baxter
                                         State Bar No. 01938000
                                         **McKOOL SMITH, P.C.**
                                         505 E. Travis, Suite 105
                                         Marshall, Texas  75670
                                         Telephone:  (903) 927-2111
                                         Telecopier:  (903) 927-2622
                                         sbaxter@mckoolsmith.com

                                         Jeffrey A. Carter
                                         State Bar No. 03919400
                                         **McKOOL SMITH, P.C.**
                                         300 Crescent Court, Suite 1500
                                         Dallas, Texas  75201
                                         Telephone:  (214) 978-4006
                                         Telecopier:  (214) 978-4044
                                         jcarter@mckoolsmith.com

                                         Travis Gordon White
                                         State Bar No. 21333000
                                         **McKOOL SMITH, P.C.**
                                         300 W. 6th Street, Suite 1700
                                         Austin, Texas  78701
                                         Telephone:  (512) 692-8700
                                         Telecopier:  (512) 692-8744
                                         gwhite@mckoolsmith.com

                                         Robert M. Parker
                                         State Bar No. 15498000
                                         Robert Christopher Bunt
                                         State Bar No. 00787165
                                         **PARKER & BUNT, P.C.**
                                         100 E. Ferguson, Suite 1114
                                         Tyler, Texas  75702
                                         Telephone:  (903) 531-3535
                                         Telecopier:  (903) 533-9687
                                         cbunt@cox-internet.com
                                         rmparker@cox-internet.com

Austin 37876v1

Otis Carroll
State Bar No. 03895700
Patrick Kelley
State Bar No. 11202500
Collin Maloney
State Bar No. 00794219
**IRELAND, CARROLL & KELLEY, P.C.**
6101 S. Broadway, Suite 500
Tyler, Texas  75703
Telephone:  (903) 561-1600
Telecopier:  (903) 581-1071
Fedserv@icklaw.com

Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Andrew W. Spangler
State Bar No. 24041960
**BROWN McCARROLL LLP**
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas  75601-5157
Telephone:  (903) 236-9800
Telecopier:  (903) 236-8787
ccapshaw@mailbmc.com
ederieux@mailbmc.com
aspangler@mailbmc.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 12th day of June, 2007.

    /s/ Sam Baxter
Sam Baxter

3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CASE NO. 2:06-cv-224 |
| | § | |
| TIME WARNER CABLE INC., TIME | § | (TJW/CE) |
| WARNER CABLE LLC, TIME | § | |
| WARNER NEW YORK CABLE LLC, TIME | § | |
| WARNER ENTERTAINMENT | § | |
| COMPANY, L.P., and TIME WARNER | § | |
| ENTERTAINMENT-ADVANCE/NEWHOUSE | § | |
| PARTNERSHIP, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' NOTICE OF DISCLOSURES

Time Warner Cable Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner Entertainment Company, L.P., and Time Warner Entertainment-Advance/Newhouse Partnership ("the Time Warner Defendants") respectfully notify the Court and all counsel herein that pursuant to P.R. 3-3, P.R. 3-4 and the Court's Docket Control Order dated April 19, 2007, their Invalidity Contentions and accompanying documents were served on June 11, 2007. Defendants also notify the Court and all counsel herein that on June 11, 2007 they provided applicable information as previously discussed between the parties and as outlined in Paragraph 3 of the Court's Discovery Order. The Time Warner Defendants, due to the substantial amount of production required and anticipated, are continuing to produce relevant documents post-June 11, 2007 as reflected in the attached correspondence, which is hereby incorporated by reference.

Dated:  June 14, 2007                    Respectfully Submitted,


                                         */s/ Allen F. Gardner*
                                         Michael E. Jones
                                         Texas State Bar No. 10929400
                                         mikejones@potterminton.com
                                         Diane V. DeVasto
                                         Texas State Bar No. 05784100
                                         dianedevasto@potterminton.com
                                         Allen F. Gardner
                                         Texas State Bar No. 24043679
                                         allengardner@potterminton.com
                                         POTTER MINTON, P.C.
                                         110 North College
                                         500 Plaza Tower
                                         Tyler, Texas 75702
                                         Telephone:  (903) 597-8311
                                         Facsimile:   (903) 593-0846

                                         ATTORNEYS FOR TIME WARNER CABLE,
                                         INC., TIME WARNER CABLE LLC, TIME
                                         WARNER NEW YORK CABLE LLC, TIME
                                         WARNER ENTERTAINMENT COMPANY, L.P.,
                                         TIME WARNER ENTERTAINMENT-
                                         ADVANCE/NEWHOUSE PARTNERSHIP




## CERTIFICATE OF SERVICE

I hereby certify that the following counsel of record who are deemed to have consented to electronic service are being served on June 14, 2007 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by First Class U.S. mail on this same date.


                                         */s/ Allen F. Gardner*

Appendix K

Revised 11/14/07

FILED CLERK
U.S. DISTRICT COURT

2007 JUN 15 PM 3: 56

TEXAS EASTERN

BY_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION
APPLICATION TO APPEAR PRO HAC VICE

1. This application is being made for the following: Case # __2:06-cv-224 (TJW)__

Style: __Rembrandt Technologies, LP v. Time Warner Cable, Inc.__

2. Applicant is representing the following party/ies: __Time Warner entities__

3. Applicant was admitted to practice in __NY__ (state) on __5/95__ (date).

4. Applicant is in good standing and is otherwise eligible to practice law before this court.

5. Applicant is not currently suspended or disbarred in any other court.

6. Applicant has/(has not) had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.

7. Applicant has/(has not) ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page.

8. Applicant has/(has not) been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle). If so, give complete information on a separate page.

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you. Omit minor traffic offenses.

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts:

____New York, S.D.N.Y., E.D.N.Y., Federal Circuit____

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d)).

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

**Application Oath:**

I, ____Daniel Reisner____ do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date __6/13/07__          Signature _____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

APPLICATION TO APPEAR PRO HAC VICE (Continued)

Name (please print) __Daniel Reisner__

State Bar Number _2685543  (NYS Atty. Registration No.)_

Firm Name: ___KAYE SCHOLER LLP___

Address/P.O. Box: _425 Park Avenue_

City/State/Zip: ___New York, NY  10022___

Telephone #: ___212-836-8132___

Fax #: ___212-836-6432___

E-mail Address: ___dreisner@kayescholer.com___

Secondary E-Mail Address: _____

Applicant is authorized to enter an appearance as counsel for the party/parties listed above. This

application has been approved for the court on: _____

_____
David J. Maland, Clerk
U.S. District Court, Eastern District of Texas

By _____
Deputy Clerk

IN THE DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CIVIL NO. 2:06-CV-223 (TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC. ET AL., | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CIVIL NO. 2:06-CV-224 (TJW) |
| | § | |
| TIME WARNER CABLE, INC., ET AL | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CIVIL NO. 2:06-CV-369 (TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CIVIL NO. 2:06-CV-506 (TJW) |
| | § | |
| COMCAST CORPORATION, ET AL | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CIVIL NO. 2:06-CV-507 (TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |

## NOTICE OF MULTI-DISTRICT LITIGATION DEVELOPMENTS PURSUANT TO LOCAL RULE CV-42

All Defendants in the above-referenced actions respectfully provide this notice of developments in related cases, specifically of action by the Judicial Panel on MultiDistrict Litigation.

Please see the attached Transfer Order issued by the Judicial Panel on MultiDistrict

Litigation (Exhibit A).  Please be advised that the Judicial Panel on MultiDistrict Litigation has transferred the above referenced actions to the District of Delaware, and with the consent of that Court, assigned such actions to the Honorable Gregory M. Sleet for coordinated or consolidated pretrial proceedings (Exhibit A).

Please also see the attached file-stamped copy indicating that the Transfer Order has been filed in the United States District Court for the District of Delaware (Exhibit A).

 Dated: June 21, 2007                               Respectfully submitted,


                                                    */s/ Allen F. Gardner*
                                                    Michael E. Jones
                                                    Texas State Bar No. 10929400
                                                    mikejones@potterminton.com
                                                    Diane V. DeVasto
                                                    Texas State Bar No. 05784100
                                                    dianedevasto@potterminton.com
                                                    Allen F. Gardner
                                                    Texas State Bar No. 24043679
                                                    allengardner@potterminton.com
                                                    POTTER MINTON, P.C.
                                                    110 North College
                                                    500 Plaza Tower
                                                    Tyler, Texas 75702
                                                    Telephone:  (903) 597-8311
                                                    Facsimile:   (903) 593-0846

                                                    **ATTORNEYS FOR CHARTER
                                                    COMMUNICATIONS, INC., LLP,
                                                    CHARTER COMMUNICATIONS
                                                    OPERATING, LLC, COXCOM, INC.,
                                                    AND TIME WARNER CABLE INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 21, 2007. Any other counsel of record will be served by first class on this same date.

*/s/ Allen F. Gardner*_____

A CERTIFIED TRUE COPY

JUN. 2 0 2007

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 8 2007

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1848*

07-md-1848

# *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE REMBRANDT TECHNOLOGIES, LP, PATENT LITIGATION*

### *BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR.,[*] KATHRYN H. VRATIL DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

### *TRANSFER ORDER*

This litigation presently consists of the fifteen actions listed on Schedule A and pending in three districts as follows: seven actions in the Eastern District of Texas, six actions in the District of Delaware, and two actions in the Southern District of New York. Before the Panel is a motion, brought by CoxCom, Inc., pursuant to 28 U.S.C. § 1407, seeking centralization of all actions in the District of Delaware. The owner of the patents, Rembrandt Technologies, LP (Rembrandt), opposes centralization but, alternatively, suggests transfer to the Eastern District of Texas, if the Panel deems centralization appropriate. All other responding defendants expressing a position regarding centralization[1] support centralization in the District of Delaware. Two groups of defendants propose alternative transferee for a – the Southern District of New York[2] or the Eastern District of Pennsylvania,[3] should the Panel decide against centralization in the District of Delaware.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization in the District of Delaware will

---

[*] Judge Miller took no part in the decision of this matter.

[1] The following debtor defendants expressed no opinion regarding whether the actions should be centralized: Adelphia Communications Corp.; Century-TCI California, LP; Century-TCI California Communications, LP; Century-TCI Distribution Co., LLC; Century-TCI Holdings, LLC; Parnassos, LP; Parnassos Communications, LP; Parnassos Distribution Co. I, LLC; Parnassos Distribution Co. II, LLC; Parnassos Holdings, LLC; and Western NY Cablevision, LP (collectively the Adelphia defendants).

Nevertheless, if the Panel decides that centralization is appropriate, the Adelphia defendants support transfer to the District of Delaware as their primary preference, as do the following defendants: Cablevision Systems Corp. and CSC Holdings, Inc. (collectively Cablevision); Charter Communications, Inc., and Charter Communications Operating, LLC; Comcast Corp., Comcast Communications, LLP, and Comcast of Plano, LP; Sharp Corp. and Sharp Electronics Corp.; and ABC, Inc., CBS Corp., NBC Universal, Inc., Fox Broadcasting Co., and Fox Entertainment Group, Inc.

[2] Alternatively supporting transfer to the Southern District of New York are the Adelphia defendants and Cablevision.

[3] Cablevision alternatively supports transfer to the Eastern District of Pennsylvania.

FILED

JUN 2 1 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

- 2 -


A CERTIFIED TRUE COPY

serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The nine patents involved in these actions relate to the provision of high-speed internet and related services using certain cable modems and equipment and the receipt and transmission of certain digital broadcast signals. Each of the fifteen MDL-1848 actions involves allegations of infringement and/or invalidity of one or more of the patents; specifically, each action involves allegations that compliance with one of two technical standards relating to cable high-speed internet technology and digital broadcasting – respectively, the Data-Over-Cable Service Interface Specifications and the Advanced Television Systems Committee Digital Television Standard – infringes certain Rembrandt patents. All actions can thus be expected to share factual questions concerning such matters as the technology underlying the patents, prior art, claim construction and/or issues of infringement involving the patents. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

In opposing centralization, Rembrandt variously argues that inconsistent rulings are unlikely to arise in the actions, unique questions of fact relating to each patent will predominate over common factual questions among these actions, and that cooperation among the parties is a preferable alternative to centralization. We are not persuaded by these arguments. Transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer. Centralization will permit all actions to proceed before a single transferee judge who can structure pretrial proceedings in a streamlined manner to consider all parties' legitimate discovery needs, while ensuring that common parties and witnesses are not subjected to duplicative discovery demands. The transferee court will be able to formulate a pretrial program that allows any unique discovery in these actions to proceed concurrently on separate tracks with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976). The Panel is aware that proceedings in the first-filed MDL-1848 action (*Comcast I*) are somewhat further advanced than those in the other actions. It may well be that *Comcast I*, or other MDL-1848 actions, may be ready for trial in advance of the remaining MDL-1848 actions. If such is the case, nothing in the nature of Section 1407 centralization will impede the transferee court, whenever it deems appropriate, from recommending Section 1407 remand. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436-38 (2001); *In re Acacia Media Technologies Corp. Patent Litigation*, 360 F.Supp.2d 1337 (J.P.M.L. 2005).

We are persuaded that this litigation should be centralized in the District of Delaware. By centralizing this litigation before Judge Gregory M. Sleet, who presides over all Delaware actions, we are assigning this litigation to a seasoned jurist in a readily accessible district with the capacity to handle this litigation.

- 3 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Delaware are transferred to the District of Delaware and, with the consent of that court, assigned to the Honorable Gregory M. Sleet for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

MDL-1848 -- In re Rembrandt Technologies, LP, Patent Litigation

### District of Delaware

*Rembrandt Technologies, LP v. Cablevision Systems Corp., et al.*, C.A. No. 1:06-635
*Coxcom, Inc. v. Rembrandt Technologies, LP*, C.A. No. 1:06-721
*Rembrandt Technologies, LP v. CBS Corp.*, C.A. No. 1:06-727
*Rembrandt Technologies, LP v. NBC Universal, Inc.*, C.A. No. 1:06-729
*Rembrandt Technologies, LP v. ABC, Inc.*, C.A. No. 1:06-730
*Rembrandt Technologies, LP v. Fox Entertainment Group, Inc., et al.*, C.A. No. 1:06-731

### Southern District of New York

*Rembrandt Technologies, LP v. Adelphia Communications Corp., et al.*,
  Bky. Advy. No. 1:06-1739
*Rembrandt Technologies, LP v. Adelphia Communications Corp.*, C.A. No. 1:07-214

### Eastern District of Texas

*Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:05-443
*Rembrandt Technologies, LP v. Sharp Corp., et al.*, C.A. No. 2:06-47
*Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-223
*Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-224
*Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-369
*Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:06-506
*Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-507

CERTIFIED: 6|21|07
AS A TRUE COPY:
ATTEST:
PETER T. DALLEO, CLERK
BY ~Beth Dunn
Deputy Clerk

A CERTIFIED TRUE COPY

JUN 20 2007

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUN 25 2007

DAVID J. MALAND, CLERK
DEPUTY _____

RELEASED FOR PUBLICATION

DOCKET NO. 1848

07-md-1848

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

# IN RE REMBRANDT TECHNOLOGIES, LP, PATENT LITIGATION

## BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR.,* KATHRYN H. VRATIL DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation presently consists of the fifteen actions listed on Schedule A and pending in three districts as follows: seven actions in the Eastern District of Texas, six actions in the District of Delaware, and two actions in the Southern District of New York. Before the Panel is a motion, brought by CoxCom, Inc., pursuant to 28 U.S.C. § 1407, seeking centralization of all actions in the District of Delaware. The owner of the patents, Rembrandt Technologies, LP (Rembrandt), opposes centralization but, alternatively, suggests transfer to the Eastern District of Texas, if the Panel deems centralization appropriate. All other responding defendants expressing a position regarding centralization[1] support centralization in the District of Delaware. Two groups of defendants propose alternative transferee fora – the Southern District of New York[2] or the Eastern District of Pennsylvania,[3] should the Panel decide against centralization in the District of Delaware.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization in the District of Delaware will

---

* Judge Miller took no part in the decision of this matter.

[1] The following debtor defendants expressed no opinion regarding whether the actions should be centralized: Adelphia Communications Corp.; Century-TCI California, LP; Century-TCI California Communications, LP; Century-TCI Distribution Co., LLC; Century-TCI Holdings, LLC; Parnassos, LP; Parnassos Communications, LP; Parnassos Distribution Co. I, LLC; Parnassos Distribution Co. II, LLC; Parnassos Holdings, LLC; and Western NY Cablevision, LP (collectively the Adelphia defendants).

Nevertheless, if the Panel decides that centralization is appropriate, the Adelphia defendants support transfer to the District of Delaware as their primary preference, as do the following defendants: Cablevision Systems Corp. and CSC Holdings, Inc. (collectively Cablevision); Charter Communications, Inc., and Charter Communications Operating, LLC; Comcast Corp., Comcast Communications, LLP, and Comcast of Plano, LP; Sharp Corp. and Sharp Electronics Corp.; and ABC, Inc., CBS Corp., NBC Universal, Inc., Fox Broadcasting Co., and Fox Entertainment Group, Inc.

[2] Alternatively supporting transfer to the Southern District of New York are the Adelphia defendants and Cablevision.

[3] Cablevision alternatively supports transfer to the Eastern District of Pennsylvania.

FILED

JUN 21 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE



- 2 -

serve the convenience of the parties and witnesses and promote the just and efficient conduct of their litigation. The nine patents involved in these actions relate to the provision of high-speed internet and related services using certain cable modems and equipment and the receipt and transmission of certain digital broadcast signals. Each of the fifteen MDL-1848 actions involves allegations of infringement and/or invalidity of one or more of the patents; specifically, each action involves allegations that compliance with one of two technical standards relating to cable high-speed internet technology and digital broadcasting – respectively, the Data-Over-Cable Service Interface Specifications and the Advanced Television Systems Committee Digital Television Standard – infringes certain Rembrandt patents. All actions can thus be expected to share factual questions concerning such matters as the technology underlying the patents, prior art, claim construction and/or issues of infringement involving the patents. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

In opposing centralization, Rembrandt variously argues that inconsistent rulings are unlikely to arise in the actions, unique questions of fact relating to each patent will predominate over common factual questions among these actions, and that cooperation among the parties is a preferable alternative to centralization. We are not persuaded by these arguments. Transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer. Centralization will permit all actions to proceed before a single transferee judge who can structure pretrial proceedings in a streamlined manner to consider all parties' legitimate discovery needs, while ensuring that common parties and witnesses are not subjected to duplicative discovery demands. The transferee court will be able to formulate a pretrial program that allows any unique discovery in these actions to proceed concurrently on separate tracks with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976). The Panel is aware that proceedings in the first-filed MDL-1848 action (*Comcast I*) are somewhat further advanced than those in the other actions. It may well be that *Comcast I*, or other MDL-1848 actions, may be ready for trial in advance of the remaining MDL-1848 actions. If such is the case, nothing in the nature of Section 1407 centralization will impede the transferee court, whenever it deems appropriate, from recommending Section 1407 remand. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436-38 (2001); *In re Acacia Media Technologies Corp. Patent Litigation*, 360 F.Supp.2d 1337 (J.P.M.L. 2005).

We are persuaded that this litigation should be centralized in the District of Delaware. By centralizing this litigation before Judge Gregory M. Sleet, who presides over all Delaware actions, we are assigning this litigation to a seasoned jurist in a readily accessible district with the capacity to handle this litigation.

- 3 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Delaware are transferred to the District of Delaware and, with the consent of that court, assigned to the Honorable Gregory M. Sleet for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

MDL-1848 -- In re Rembrandt Technologies, LP, Patent Litigation

### District of Delaware

*Rembrandt Technologies, LP v. Cablevision Systems Corp., et al.*, C.A. No. 1:06-635
*Coxcom, Inc. v. Rembrandt Technologies, LP*, C.A. No. 1:06-721
*Rembrandt Technologies, LP v. CBS Corp.*, C.A. No. 1:06-727
*Rembrandt Technologies, LP v. NBC Universal, Inc.*, C.A. No. 1:06-729
*Rembrandt Technologies, LP v. ABC, Inc.*, C.A. No. 1:06-730
*Rembrandt Technologies, LP v. Fox Entertainment Group, Inc., et al.*, C.A. No. 1:06-731

### Southern District of New York

*Rembrandt Technologies, LP v. Adelphia Communications Corp., et al.*,
  Bky. Advy. No. 1:06-1739
*Rembrandt Technologies, LP v. Adelphia Communications Corp.*, C.A. No. 1:07-214

### Eastern District of Texas

*Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:05-443
*Rembrandt Technologies, LP v. Sharp Corp., et al.*, C.A. No. 2:06-47
*Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-223
*Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-224
*Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-369
*Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:06-506
*Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-507

CERTIFIED: 6/21/07
AS A TRUE COPY:
ATTEST:
PETER T. DALLEO, CLERK
BY _____
Deputy Clerk

OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

Peter T. Dalleo
CLERK

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

June 21, 2007

David Maland
Clerk, U.S. District Court
United States District Court
211 West Ferguson Street
Room 106
Tyler, TX 75702

RE:   **In Re Rembrandt Technologies LP Patent Litigation- MDL 1848**
      CA 07-401 GMS (D/DE)
      CA 2:06-224 (ED/TX)

Dear Mr. Maland:

In accordance with 28 U.S.C. §1407, enclosed is a certified copy of the *Order of Transfer* issued by the Judicial Panel on Multidistrict Litigation which references the above-captioned case in your District. Kindly forward the complete original file, together with a certified copy of the docket sheet, to the District of Delaware at the following address:

Clerk, U.S. District Court
Federal Building, Lockbox 18
844 N. King Street
Wilmington, DE 19801

If your case file is maintained in electronic format in CM/ECF, please contact Elizabeth Dinan at 302-573-4539.

RECEIVED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUN 2 5 2007

DAVID J. MALAND, CLERK

Sincerely,

Peter T. Dalleo, Clerk

By: _Elizabeth Dinan_
Elizabeth Dinan
Deputy Clerk

Enc.
cc:   Jeffrey N. Luthi, Clerk of the Panel