IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED CLERK
U.S. DISTRICT COURT
2006 JUN -1 PM 4: 43
TEXAS EASTERN
BY_____

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP<br><br>Plaintiff,<br><br>v.<br><br>TIME WARNER CABLE INC.,<br><br>Defendant. | Case No. 2:06cv224<br><br>JURY TRIAL REQUESTED |

# COMPLAINT

Rembrandt Technologies, LP ("Rembrandt") files this complaint for infringement of United States Patent Nos. 5,243,627; 5,852,631; 5,719,858; and 4,937,819 under 35 U.S.C. § 271, and in support thereof would respectfully show the Court the following:

## THE PARTIES

1. Plaintiff Rembrandt is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 815, Bala Cynwyd, PA 19004.

2. Defendant Time Warner Cable Inc. ("TWC") is a corporation organized under the laws of the state of Delaware with its principal place of business at 7910 Crescent Executive Drive, Suite 56, Charlotte, North Carolina 28217. TWC's registered agent for service of process in Texas is CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201. TWC regularly conducts and transacts business in Texas and within this judicial district itself (both as Time Warner Cable and/or Road Runner) and through one or more subsidiaries, affiliates, partners, or other related parties, and as set forth in Paragraphs 6-29 below, has committed, and

continues to commit tortious acts of patent infringement within and outside of Texas and within this judicial district.

## JURISDICTION AND VENUE

3. This is an action for patent infringement, arising under the patent laws of the United States, Tile 35, United States Code. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant TWC. TWC has conducted and does conduct business with the State of Texas. TWC, directly or through subsidiaries or intermediaries, offers for sale, sells, advertises, and markets products and services that infringe the patents-in-suit as described more specifically below. Therefore, because TWC has committed acts of patent infringement in this district, or is otherwise present or doing business in this district, this Court has personal jurisdiction over TWC.

5. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,243,627

6. Rembrandt refers to and incorporates herein the allegations of Paragraphs 1-5 above.

7. Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 5,243,627, entitled "Signal Point Interleaving Technique" ("the '627 patent.")

2

8. The '627 patent was duly and legally issued by the United States Patent and Trademark Office on September 7, 1993, after full and fair examination.

9. Defendant TWC is the operator of cable television systems throughout the United States.

10. Defendant has directly or indirectly infringed, and is continuing to directly or indirectly infringe, the '627 patent by practicing or causing others to practice (by inducement and contributorily) the inventions claimed in the '627 patent, in this district or otherwise within the United States. For example, Defendant has infringed and continues to infringe the '627 patent by their receipt and retransmission over their cable television systems of digital terrestrial broadcast signals that comply with the ATSC Digital Television Standard.

11. Upon information and belief, Defendant will continue to infringe the '627 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

### COUNT II – INFRINGEMENT OF U.S. PATENT NO. 5,852,631

12. Rembrandt refers to and incorporates herein the allegations of Paragraphs 1-11 above.

13. Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 5,852,631, entitled "System and Method for Establishing Link Layer Parameters Based on Physical Layer Modulation" ("the '631 patent.")

3

14. The '631 patent was duly and legally issued by the United States Patent and Trademark Office on December 22, 1998, after full and fair examination.

15. Defendant TWC is the operator of cable systems and provider of Internet service throughout the United States.

16. Defendant has directly or indirectly infringed, and is continuing to directly or indirectly infringe, the '631 patent by practicing or causing others to practice (by inducement and contributorily) the inventions claimed in the '631 patent, in this district or otherwise within the United States. For example, Defendant has infringed and continues to infringe the '631 patent by providing high speed internet service to subscribers.

17. Upon information and belief, Defendant will continue to infringe the '631 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 5,719,858

18. Rembrandt refers to and incorporates herein the allegations of Paragraphs 1-17 above.

19. Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 5,719,858, entitled "Time-Division Multiple-Access Method for Packet Transmission on Shared Synchronous Serial Busses" ("the '858 patent.")

4

20. The '858 patent was duly and legally issued by the United States Patent and Trademark Office on February 17, 1998, after full and fair examination.

21. Defendant TWC is the operator of cable systems and provider of Internet service throughout the United States.

22. Defendant has directly or indirectly infringed, and is continuing to directly or indirectly infringe, the '858 patent by practicing or causing others to practice (by inducement and contributorily) the inventions claimed in the '858 patent, in this district or otherwise within the United States. For example, Defendant has infringed and continues to infringe the '858 patent by its provision of high speed internet services, including such services as Voice over IP (VoIP) to subscribers.

23. Upon information and belief, Defendant will continue to infringe the '858 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 4,937,819

24. Rembrandt refers to and incorporates herein the allegations of Paragraphs 1-23 above.

25. Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 4,937,819, entitled "Time Orthogonal Multiple Virtual DCE for Use in Analog and Digital Networks" ("the '819 patent.")

5

26. The '819 patent was duly and legally issued by the United States Patent and Trademark Office on June 26, 1990, after full and fair examination.

27. Defendant TWC is the operator of cable systems and provider of Internet service throughout the United States.

28. Defendant is directly or indirectly infringed, and is continuing to directly or indirectly infringe, the '819 patent by practicing or causing others to practice (by inducement and contributorily) the inventions claimed in the '819 patent, in this district or otherwise within the United States. For example, Defendant has infringed and continues to infringe the '819 patent by its provision of high speed internet services, such as Voice over IP (VoIP) services, to cable television subscribers.

29. Upon information and belief, Defendant will continue to infringe the '819 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

**PRAYER FOR RELIEF**

WHEREFORE, Rembrandt prays that it have judgment against Defendant TWC for the following:

(1) An order that TWC has infringed the patents-in-suit;

(2) A permanent injunction enjoining and restraining TWC and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association therewith, from making, using, offering to sell, selling, and importing into the United States any product, or using, offering to sell, or selling any service, which falls within the scope of any claim of the patents-in-suit;

6

(3) An award of damages;

(4) An award of increased damages pursuant to 35 U.S.C. § 284;

(5) An award of all costs of this action, including attorneys' fees and interest; and

(6) Such other and further relief, at law or in equity, to which Rembrandt is justly entitled.

## JURY DEMAND

Rembrandt hereby demands a jury trial on all issues appropriately triable by a jury.

DATED: June 1, 2006

Respectfully submitted,

Robert M. Parker *by permission* Carrillo
Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
903/531-3535
903/533-9687 - Facsimile
E-mail: cbunt@cox-internet.com
E-mail: rmparker@cox-internet.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

7