IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CASE NO. 2:06-cv-224 [LED] |
| | § | JURY DEMANDED |
| TIME WARNER CABLE INC. | § | |

**TIME WARNER CABLE INC.'S ANSWER AND COUNTERCLAIMS**

Defendant Time Warner Cable Inc. ("TWC"), by its undersigned counsel, responds to the allegations asserted in the Complaint of Rembrandt Technologies, LP ("Rembrandt") as follows:

1. TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 1 of the Complaint, and on that basis denies those allegations.

2. TWC admits the allegations of paragraph 2 of the Complaint that it is a Delaware corporation, that its "registered agent for service of process in Texas is CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201," and that it conducts business in Texas and within this judicial district. TWC denies the remaining allegations made in paragraph 2 of the Complaint. TWC is not infringing, and has not in the past infringed, any of the patents identified in the Complaint.

3. Paragraph 3 of the Complaint sets forth legal conclusions for which no response is required. To the extent paragraph 3 contains factual allegations to which a response is required, those allegations are denied.

1

4. TWC admits the allegations of paragraph 4 of the Complaint that this Court has personal jurisdiction over it, and that "TWC has conducted and does conduct business within the State of Texas." TWC denies the remaining allegations of paragraph 4 of the Complaint. TWC is not infringing, and has not in the past infringed, any of the patents identified in the Complaint.

5. Paragraph 5 of the Complaint sets forth legal conclusions for which no response is required. To the extent paragraph 5 contains factual allegations to which a response is required, those allegations are denied.

## COUNT I

6. TWC restates and realleges its responses to paragraphs 1-5 of the Complaint and incorporates them herein by reference.

7. TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 7 of the Complaint, and on that basis denies those allegations.

8. TWC admits that U.S. Patent No. 5,243,627 (the "'627 patent") was issued by the United States Patent and Trademark Office ("the PTO") on September 7, 1993. TWC denies the remaining allegations made in paragraph 8 of the Complaint.

9. TWC admits that it operates cable television systems in the United States. TWC denies the remaining allegations of paragraph 9 of the Complaint.

10. TWC denies the allegations of paragraph 10 of the Complaint.

11. TWC denies the allegations of paragraph 11 of the Complaint.

## COUNT II

12. TWC restates and realleges its responses to paragraphs 1-11 of the Complaint and incorporates them herein by reference.

13. TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 13 of the Complaint, and on that basis denies those allegations.

14. TWC admits that U.S. Patent No. 5,852,631 (the "'631 patent") was issued by the PTO on December 22, 1998. TWC denies the remaining allegations made in paragraph 14 of the Complaint.

15. TWC admits that it operates cable television systems and is an Internet service provider in the United States. TWC denies the remaining allegations of paragraph 15 of the Complaint.

16. TWC denies the allegations of paragraph 16 of the Complaint.

17. TWC denies the allegations of paragraph 17 of the Complaint.

## COUNT III

18. TWC restates and realleges its responses to paragraphs 1-17 of the Complaint and incorporates them herein by reference.

19. TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 19 of the Complaint, and on that basis denies those allegations.

20. TWC admits that U.S. Patent No. 5,719,858 (the "'858 patent") was issued by the PTO on February 17, 1998. TWC denies the remaining allegations made in paragraph 20 of the Complaint.

Case 2:07-cv-00244-TCM-CE  Document 17    Filed 06/28/2006    Page 3 of 8

21. TWC admits that it operates cable television systems and is an Internet service provider in the United States. TWC denies the remaining allegations of paragraph 21 of the Complaint.

22. TWC denies the allegations of paragraph 22 of the Complaint.

23. TWC denies the allegations of paragraph 23 of the Complaint.

## COUNT IV

24. TWC restates and realleges its responses to paragraphs 1-23 of the Complaint and incorporates them herein by reference.

25. TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 25 of the Complaint, and on that basis denies those allegations.

26. TWC admits that U.S. Patent No. 4,937,819 (the "'819 patent") was issued by the PTO on June 26, 1990. TWC denies the remaining allegations made in paragraph 26 of the Complaint.

27. TWC admits that it operates cable television systems and is an Internet service provider in the United States. TWC denies the remaining allegations of paragraph 27 of the Complaint.

28. TWC denies the allegations of paragraph 28 of the Complaint.

29. TWC denies the allegations of paragraph 29 of the Complaint.

## PRAYER FOR RELIEF

TWC denies that Plaintiff is entitled to the relief requested in its prayer, and to the extent that such prayer contains factual allegations, such allegations are denied.

## AFFIRMATIVE AND OTHER DEFENSES

TWC sets forth the following affirmative and other defenses. TWC does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff Rembrandt bears the burden.

### FIRST DEFENSE

30. Each of the claims of the '627, '631, '858 and '819 patents is invalid for failure to satisfy the provisions of one or more of sections 101, 102, 103, and/or 112 of Title 35 of the United States Code.

### SECOND DEFENSE

31. TWC does not manufacture, use, offer for sale, sell, or import into the United States any product or method that infringes any claim of the '627, '631, '858 or '819 patents and it has not done so in the past. TWC also does not contribute to or induce infringement of the '627, '631, '858 or '819 patents and it has not done so in the past. TWC does not infringe, and has not in the past infringed, either directly or indirectly, the '627, '631, '858 or '819 patents.

### THIRD DEFENSE

32. The Complaint's claims are barred by the doctrine of estoppel.

### FOURTH DEFENSE

**33.** The Complaint's claims are barred by the doctrine of laches.

### COUNTERCLAIMS

### PARTIES

1. Counterclaimant Time Warner Cable Inc. ("TWC") is a Delaware corporation having its corporate headquarters at 290 Harbor Drive, Stamford, CT 06902.

2. Counterclaim defendant Rembrandt Technologies, LP ("Rembrandt") purports to be a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 815, Bala Cynwyd, PA 19004.

## JURISDICTION AND VENUE

3. These counterclaims seek a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

5. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400.

6. A justiciable controversy exists between Counterclaimant TWC and Rembrandt with respect to the invalidity and noninfringement of the claims of U.S. Patent Nos. 5,243,627 (the "'627 patent"), 5,852,631 (the "'631 patent"), 5,719,858 (the "'858 patent"), and 4,937,819 (the "'819 patent").

## FIRST COUNTERCLAIM

7. TWC hereby repeats and reiterates the allegations made in paragraphs 1-6 of these Counterclaims as if fully set forth herein.

8. Each of the claims of the '627, '631, '858 and '819 patents is invalid for failure to satisfy the provisions of one or more of sections 101, 102, 103, and/or 112 of Title 35 of the United States Code.

## SECOND COUNTERCLAIM

9. TWC hereby repeats and reiterates the allegations made in paragraphs 1-8 of these Counterclaims as if fully set forth herein.

6

10. TWC does not manufacture, use, offer for sale, sell, or import into the United States any product or method that infringes any claim of the '627, '631, '858 or '819 patents and it has not done so in the past. TWC also does not contribute to or induce infringement of the '627, '631, '858 or '819 patents and it has not done so in the past. TWC does not infringe, and has not in the past infringed, either directly or indirectly, the '627, '631, '858 or '819 patents.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant and Counterclaimant TWC prays that:

a) The Court dismiss all of Rembrandt's claims against TWC with prejudice;

b) The Court declare invalid each of the claims of the '627, '631, '858 and '819 patents;

c) The Court declare that TWC does not manufacture, use, offer for sale, sell, or import into the United States any product or method that infringes any of the claims of the '627, '631, '858 or '819 patents and has not done so in the past, and that TWC therefore and otherwise does not directly infringe the '627, '631, '858 or '819 patents and has not done so in the past;

a. The Court declare that TWC does not contribute to or induce infringement of the '627, '631, '858 or '819 patents and it has not done so in the past, and that TWC therefore and otherwise does not indirectly infringe the '627, '631, '858 or '819 patents and has not done so in the past;

b. TWC be awarded its costs in this action;

c. TWC be awarded its attorneys fees pursuant to 35 U.S.C. § 285; and

TWC be awarded such other and further relief as this Court deems is just and proper.

7

Date: August 23, 2006                     Respectfully submitted,

                                                               POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
P.O. Box 359
Tyler, Texas 75710
(903) 597-8311
(903) 593-0846 (facsimile)

By: */s/ Michael E. Jones*
       MICHAEL E. JONES
       State Bar No. 10929400
       mikejones@potterminton.com

*ATTORNEYS FOR TIME WARNER CABLE INC.*

## CERTIFICATE OF SERVICE

     I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 23rd day of August, 2006. Any other counsel of record will be served by first class U.S. mail on this same date.

                                               */s/ Michael E. Jones*