IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 2:06-CV-224 [TJW] |
| TIME WARNER CABLE, INC., | § § | **JURY TRIAL REQUESTED** |
| Defendant. | § § | |

## FIRST AMENDED COMPLAINT

Rembrandt Technologies, LP ("Rembrandt") files this First Amended Complaint for infringement of United States Patent Nos. 5,243,627; 5,852,631; 5,719,858; and 4,937,819 under 35 U.S.C. § 271, and in support thereof would respectfully show the Court the following:

## THE PARTIES

1. Plaintiff Rembrandt is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 815, Bala Cynwyd, PA 19004.

2. Defendant Time Warner Cable Inc. ("TWC") is a corporation organized under the laws of the state of Delaware with its principal place of business at 290 Harbor Drive, Stamford, Connecticut 06092. TWC's registered agent for service of process in Texas is CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201. TWC answered the original Complaint and asserted counterclaims.

3. Defendant Time Warner Cable LLC ("TWCL"), is a corporation organized under the laws of the state of Delaware with its principal place of business at 290 Harbor Drive,

1

Dallas 232443v3

Stamford, Connecticut 06902.  TWCL's registered agent for service of process is the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4.     Defendant Time Warner New York Cable LLC ("TWNY") is a corporation organized under the laws of the state of Delaware with its principal place of business at 290 Harbor Drive, Stamford, Connecticut 06902.  TWNY's registered agent for service of process in Texas is CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

5.     Defendant Time Warner Entertainment Company, L.P. ("TWE") is a limited partnership organized under the laws of the state of Delaware with its principal place of business at 290 Harbor Drive, Stamford, Connecticut 06902 in care of Time Warner Cable.  TWE's registered agent for service of process in Texas is CT Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002.

6.     Defendant Time Warner Entertainment-Advance/Newhouse Partnership ("TWE/AN") is a partnership organized under the laws of the state of New York with its principal place of business at 290 Harbor Drive, Stamford, Connecticut 06902 in care of Time Warner Cable.  TWE/AN's registered agent for service of process in Texas is CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

7.     TWC is the direct or indirect parent of each of TWCL, TWNY, TWE, and TWE-A/N.  Through one or more of its subsidiaries, affiliates, partners, or other related parties, TWC owns and/or operates cable systems throughout the United States and in the State of Texas (as Time Warner Cable and/or Road Runner).  TWCL, TWNY, TWE, and TWE-A/N, each directly or through one or more subsidiaries, affiliates, partners, or other related parties own and operate

cable systems in Texas and elsewhere (as Time Warner Cable and/or Road Runner). TWC, TWCL, TWNY, TWE, and TWE-A/N (collectively, the "Defendants"), directly or through one or more subsidiaries, affiliates, partners, or other related parties, as set forth herein, have each committed and continue to commit tortuous acts of patent infringement within and outside of Texas and within this judicial district.

## JURISDICTION AND VENUE

8. This is an action for patent infringement, arising under the patent laws of the United States, Title 35, United States Code. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over all named Defendants. Defendants have conducted and continue to conduct business in the State of Texas and within this district. Defendants, directly or through subsidiaries or intermediaries, offer for sale, sell, advertise, and market products and services that infringe the patents-in-suit as described more specifically below. Therefore, because Defendants have committed acts of patent infringement in this state and district, or are otherwise present or doing business in this state and district, this Court has personal jurisdiction over Defendants.

10. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## COUNT I -- INFRINGEMENT OF U.S. PATENT NO. 5,243,627

11. Rembrandt refers to and incorporates herein the allegations of Paragraphs 1-10 above.

3

12. Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 5,243,627, entitled "Signal Point Interleaving Technique" ("the '627 patent").

13. The '627 patent was duly and legally issued by the United States Patent and Trademark Office on September 7, 1993, after full and fair examination.

14. Defendants operate cable television systems throughout the United States and in Texas.

15. Defendants have directly or indirectly infringed, and are continuing to infringe, directly or indirectly, the '627 patent by practicing or causing others to practice (by inducement and contributorily) the inventions claimed in the '627 patent, in this district or otherwise within the United States. For example, Defendants have infringed and continue to infringe the '627 patent by their receipt and retransmission over their cable television systems of digital terrestrial broadcast signals that comply with the ATSC Digital Television Standard.

16. Upon information and belief, Defendants will continue to infringe the '627 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

**COUNT II -- INFRINGEMENT OF U.S. PATENT NO. 5,852,631**

17. Rembrandt refers to and incorporates herein the allegations of Paragraphs 1-16 above.

18. Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 5,852,631, entitled "System and Method for Establishing Link Layer Parameters Based on Physical Layer Modulation ("the '631 patent").

19. The '631 patent was duly and legally issued by the United Stats Patent and Trademark Office on December 22, 1998, after full and fair examination.

20. Defendants operate cable systems and provide Internet service throughout the United States and in Texas.

21. Defendants have directly or indirectly infringed, and are continuing to infringe, directly or indirectly, the '631 patent by practicing or causing others to practice (by inducement and contributorily) the inventions claimed in the '631 patent, in this district or otherwise within the United States. For example, Defendants have infringed and continue to infringe the '631 patent by providing high speed internet service to subscribers.

22. Upon information and belief, Defendants will continue to infringe the '631 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

**COUNT III -- INFRINGEMENT OF U.S. PATENT NO. 5,719,858**

23. Rembrandt refers to and incorporates herein the allegations of Paragraphs 1-22 above.

Dallas 232443v3

24. Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 5,719,858, entitled "Time-Division Multiple-Access Method for Packet Transmission on Shared Synchronous Serial Busses" (the '858 patent").

25. The '858 patent was duly and legally issued by the United Stats Patent and Trademark Office on February 17, 1998, after full and fair examination.

26. Defendants operate cable systems and provide Internet service throughout the United States and in Texas.

27. Defendants have directly or indirectly infringed, and are continuing to infringe directly or indirectly, the '858 patent by practicing or causing others to practice (by inducement and contributorily) the inventions claimed in the '858 patent, in this district or otherwise within the United States. For example, Defendants have infringed and continue to infringe the '858 patent by provision of high speed internet services, including such services as Voice over IP (VoIP) to subscribers.

28. Upon information and belief, Defendants will continue to infringe the '858 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

**COUNT IV -- INFRINGEMENT OF U.S. PATENT NO. 4,937,819**

29. Rembrandt refers to and incorporates herein the allegations of Paragraphs 1-28 above.

6

30. Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 4,937,819, entitled "Time Orthogonal Multiple Virtual DCE for Use in Analog and Digital Networks" (the '819 patent").

31. The '819 patent was duly and legally issued by the United Stats Patent and Trademark Office on June 26, 1990, after full and fair examination.

32. Defendants operate cable systems and provide Internet service throughout the United States and in Texas.

33. Defendants have directly or indirectly infringed, and are continuing to infringe directly or indirectly, the '819 patent by practicing or causing others to practice (by inducement and contributorily) the inventions claimed in the '819 patent, in this district or otherwise within the United States. For example, Defendants have infringed and continue to infringe the '819 patent by provision of high speed internet services, such as Voice over IP (VoIP) services, to cable television subscribers.

34. Upon information and belief, Defendants will continue to infringe the '819 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

**PRAYER FOR RELIEF**

WHEREFORE, Rembrandt prays that it have judgment against Defendants TWC, TWCL, TWNY, TWE, and TWE-A/N for the following:

(1) An order that each Defendant has infringed the patents-in-suit;

(2) A permanent injunction enjoining and restraining each Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association therewith, from making, using, offering to sell, selling, and importing into the United States any product, or using, offering to sell, or selling any service, which falls within the scope of any claim of the patents-in-suit;

(3) An award of damages;

(4) An award of increased damages pursuant to 35 U.S.C. § 284;

(5) An award of all costs of this action, including attorneys' fees and interest; and

(6) Such other and further relief, at law or in equity, to which Rembrandt is justly entitled.

## JURY DEMAND

Rembrandt hereby demands a jury trial on all issues appropriately triable by a jury.

DATED: March 14, 2007                             Respectfully submitted,

/s/ Sam Baxter
Sam Baxter
State Bar No. 01938000
**McKOOL SMITH, P.C.**
505 E. Travis, Suite 105
Marshall, Texas 75670
Telephone: (903) 927-2111
Telecopier: (903) 927-2622
sbaxter@mckoolsmith.com

Jeffrey A. Carter
State Bar No. 03919400
**McKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4006
Telecopier: (214) 978-4044
jcarter@mckoolsmith.com

Travis Gordon White
State Bar No. 21333000
**McKOOL SMITH, P.C.**
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744
gwhite@mckoolsmith.com

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687
cbunt@cox-internet.com
rmparker@cox-internet.com

Otis Carroll
State Bar No. 03895700
Patrick Kelley
State Bar No. 11202500
Collin Maloney
State Bar No. 00794219
**IRELAND, CARROLL & KELLEY, P.C.**
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Telecopier: (903) 581-1071
Fedserv@icklaw.com

9

        Calvin Capshaw
        State Bar No. 03783900
        Elizabeth L. DeRieux
        State Bar No. 05770585
        Andrew W. Spangler
        State Bar No. 24041960
        **BROWN McCARROLL LLP**
        1127 Judson Road, Suite 220
        P.O. Box 3999 (75606-3999)
        Longview, Texas 75601-5157
        Telephone: (903) 236-9800
        Telecopier: (903) 236-8787
        ccapshaw@mailbmc.com
        ederieux@mailbmc.com
        aspangler@mailbmc.com

        **ATTORNEYS FOR PLAINTIFF**
        **REMBRANDT TECHNOLOGIES, LP**

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 14th day of March, 2007.

        /s/ Sam Baxter_____
        Sam Baxter

Case 2:07-cv-00240-TJW-CE Document 46 Filed 06/28/2007 Page 10 of 10