IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP § <br> § <br> Plaintiff, § <br> v. § <br> § <br> § <br> TIME WARNER CABLE INC., TIME § <br> WARNER CABLE LLC, TIME § <br> WARNER NEW YORK CABLE LLC, TIME § <br> WARNER ENTERTAINMENT § <br> COMPANY, L.P., and TIME WARNER § <br> ENTERTAINMENT-ADVANCE/NEWHOUSE § <br> PARTNERSHIP, § <br> § <br> Defendants. § | CASE NO. 2:06-cv-224 <br> [TJW/CE] <br><br> **JURY TRIAL REQUESTED** |

**TWC'S ANSWER TO REMBRANDT'S FIRST
AMENDED COMPLAINT AND COUNTERCLAIMS**

Time Warner Cable Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner Entertainment Company, L.P., and Time Warner Entertainment-Advance/Newhouse Partnership (collectively, "TWC"), by its undersigned counsel, respond to the allegations asserted in the First Amended Complaint (the "Complaint") of Rembrandt Technologies, LP ("Rembrandt") as follows:

1. TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 1 of the Complaint, and on that basis denies those allegations.

2. TWC admits the allegations of paragraph 2 of the Complaint that Defendant Time Warner Cable Inc. is a Delaware corporation with its principle place of business at 290 Harbor Drive, Stamford, Connecticut 06902, that its "registered agent for

service of process in Texas is CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201," and that it answered the original Complaint and asserted counterclaims.

3. TWC admits the allegations of paragraph 3 of the Complaint that Defendant Time Warner Cable LLC is a Delaware limited liability company with its principle place of business at 290 Harbor Drive, Stamford, Connecticut 06902 and that its "registered agent for service of process is the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801."

4. TWC admits the allegations of paragraph 4 of the Complaint that Defendant Time Warner New York Cable LLC is a Delaware limited liability company with its principle place of business at 290 Harbor Drive, Stamford, Connecticut 06902 and that its "registered agent for service of process in Texas is CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201."

5. TWC admits the allegations of paragraph 5 of the Complaint that Defendant Time Warner Entertainment Company, L.P. is a Delaware limited partnership with its principle place of business at 290 Harbor Drive, Stamford, Connecticut 06902 and that its "registered agent for service of process in Texas is CT Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002."

6. TWC admits the allegations of paragraph 6 of the Complaint that Defendant Time Warner Entertainment-Advance/Newhouse Partnership is a New York partnership with its principle place of business at 290 Harbor Drive, Stamford, Connecticut 06902 and that its "registered agent for service of process in Texas is CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201."

7. TWC admits that Time Warner Cable Inc. is the direct or indirect parent of each of Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner Entertainment Company, L.P., and Time Warner Entertainment-Advance/Newhouse Partnership. TWC admits that through one or more of its subsidiaries, affiliates, partners, or other related parties, Time Warner Cable Inc. owns and/or operates cable systems throughout the United States and in the State of Texas. TWC admits that Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner Entertainment Company, L.P., and Time Warner Entertainment-Advance/Newhouse Partnership each directly or through one or more subsidiaries, affiliates, partners, or other related parties own and operate cable systems in Texas and elsewhere. TWC denies the remaining allegations of paragraph 7 of the Complaint. TWC is not infringing, and has not in the past infringed, any of the patents identified in the Complaint.

8. Paragraph 8 of the Complaint sets forth legal conclusions for which no response is required. To the extent paragraph 8 contains factual allegations to which a response is required, those allegations are denied.

9. TWC admits the allegations of paragraph 9 of the Complaint that this Court has personal jurisdiction over all named Defendants, and that Defendants, either directly or through one or more subsidiaries, affiliates, partners, or other related parties, have conducted and continue to conduct business in the State of Texas and within this district. TWC denies the remaining allegations of paragraph 9 of the Complaint. TWC is not infringing, and has not in the past infringed, any of the patents identified in the Complaint.

10. Paragraph 10 of the Complaint sets forth legal conclusions for which no response is required. To the extent paragraph 10 contains factual allegations to which a response is required, those allegations are denied.

## COUNT I

11. TWC restates and realleges its responses to paragraphs 1-10 of the Complaint and incorporates them herein by reference.

12. TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 12 of the Complaint, and on that basis denies those allegations.

13. TWC admits that U.S. Patent No. 5,243,627 (the "'627 patent") was issued by the United States Patent and Trademark Office ("the PTO") on September 7, 1993. TWC denies the remaining allegations made in paragraph 13 of the Complaint.

14. TWC admits that it, either directly or through one or more subsidiaries, affiliates, partners, or other related parties, operates cable television systems in the United States and in Texas. TWC denies the remaining allegations of paragraph 14 of the Complaint.

15. TWC denies the allegations of paragraph 15 of the Complaint.

16. TWC denies the allegations of paragraph 16 of the Complaint.

## COUNT II

17. TWC restates and realleges its responses to paragraphs 1-16 of the Complaint and incorporates them herein by reference.

18. TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 18 of the Complaint, and on that basis denies those allegations.

19. TWC admits that U.S. Patent No. 5,852,631 (the "'631 patent") was issued by the PTO on December 22, 1998. TWC denies the remaining allegations made in paragraph 19 of the Complaint.

20. TWC admits that it, either directly or through one or more subsidiaries, affiliates, partners, operates cable television systems and is an Internet service provider in the United States and in Texas. TWC denies the remaining allegations of paragraph 20 of the Complaint.

21. TWC denies the allegations of paragraph 21 of the Complaint.

22. TWC denies the allegations of paragraph 22 of the Complaint.

**COUNT III**

23. TWC restates and realleges its responses to paragraphs 1-22 of the Complaint and incorporates them herein by reference.

24. TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 24 of the Complaint, and on that basis denies those allegations.

25. TWC admits that U.S. Patent No. 5,719,858 (the "'858 patent") was issued by the PTO on February 17, 1998. TWC denies the remaining allegations made in paragraph 25 of the Complaint.

26. TWC admits that it, either directly or through one or more subsidiaries, affiliates, partners, operates cable television systems and is an Internet service provider in

the United States and in Texas.  TWC denies the remaining allegations of paragraph 26 of the Complaint.

27.  TWC denies the allegations of paragraph 27 of the Complaint.

28.  TWC denies the allegations of paragraph 28 of the Complaint.

## COUNT IV

29.  TWC restates and realleges its responses to paragraphs 1-28 of the Complaint and incorporates them herein by reference.

30.  TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 30 of the Complaint, and on that basis denies those allegations.

31.  TWC admits that U.S. Patent No. 4,937,819 (the "'819 patent") was issued by the PTO on June 26, 1990.  TWC denies the remaining allegations made in paragraph 31 of the Complaint.

32.  TWC admits that it, either directly or through one or more subsidiaries, affiliates, partners, operates cable television systems and is an Internet service provider in the United States and in Texas.  TWC denies the remaining allegations of paragraph 32 of the Complaint.

33.  TWC denies the allegations of paragraph 33 of the Complaint.

34.  TWC denies the allegations of paragraph 34 of the Complaint.

## PRAYER FOR RELIEF

TWC denies that Plaintiff is entitled to the relief requested in its prayer, and to the extent that such prayer contains factual allegations, such allegations are denied.

## AFFIRMATIVE AND OTHER DEFENSES

TWC sets forth the following affirmative and other defenses. TWC does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff Rembrandt bears the burden.

### FIRST DEFENSE

35. Each of the claims of the '627, '631, '858 and '819 patents are invalid for failure to satisfy the provisions of one or more of sections 101, 102, 103, and/or 112 of Title 35 of the United States Code.

### SECOND DEFENSE

36. TWC does not manufacture, use, offer for sale, sell, or import into the United States any product or method that infringes any claim of the '627, '631, '858 or '819 patents and it has not done so in the past. TWC also does not contribute to or induce infringement of the '627, '631, '858 or '819 patents and it has not done so in the past. TWC does not infringe, and has not in the past infringed, either directly or indirectly, the '627, '631, '858 or '819 patents.

### THIRD DEFENSE

37. The Complaint's claims are barred by the doctrine of estoppel.

### FOURTH DEFENSE

38. The Complaint's claims are barred by the doctrine of laches.

### COUNTERCLAIMS

### PARTIES

1. Counterclaimant Time Warner Cable Inc. is a Delaware corporation having its corporate headquarters at 290 Harbor Drive, Stamford, CT 06902.

Case 2:07-cv-00244-TGM-SE Document 78 Filed 06/28/2007 Page 7 of 12

2. Counterclaimant Time Warner Cable LLC is a Delaware limited liability company having its corporate headquarters at 290 Harbor Drive, Stamford, CT 06902.

3. Counterclaimant Time Warner New York Cable LLC is a Delaware limited liability company having its corporate headquarters at 290 Harbor Drive, Stamford, CT 06902.

4. Counterclaimant Time Warner Entertainment Company, L.P. is a Delaware limited partnership having its corporate headquarters at 290 Harbor Drive, Stamford, CT 06902.

5. Counterclaimant Time Warner Entertainment-Advance/Newhouse Partnership is a New York partnership having its corporate headquarters at 290 Harbor Drive, Stamford, CT 06902.

6. Counterclaim defendant Rembrandt Technologies, LP ("Rembrandt") purports to be a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 815, Bala Cynwyd, PA 19004.

**JURISDICTION AND VENUE**

7. These counterclaims seek a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

8. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

9. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400.

10. A justiciable controversy exists between Counterclaimants and Rembrandt with respect to the invalidity and noninfringement of the claims of U.S. Patent Nos. 5,243,627 (the "'627 patent"), 5,852,631 (the "'631 patent"), 5,719,858 (the "'858 patent"), and 4,937,819 (the "'819 patent").

### FIRST COUNTERCLAIM

11. Counterclaimants hereby repeat and reiterate the allegations made in paragraphs 1-10 of these Counterclaims as if fully set forth herein.

12. Each of the claims of the '627, '631, '858 and '819 patents are invalid for failure to satisfy the provisions of one or more of sections 101, 102, 103, and/or 112 of Title 35 of the United States Code.

### SECOND COUNTERCLAIM

13. Counterclaimants hereby repeat and reiterate the allegations made in paragraphs 1-12 of these Counterclaims as if fully set forth herein.

14. Counterclaimants do not manufacture, use, offer for sale, sell, or import into the United States any product or method that infringes any claim of the '627, '631, '858 or '819 patents and Counterclaimants have not done so in the past. Counterclaimants also do not contribute to or induce infringement of the '627, '631, '858 or '819 patents and Counterclaimants have not done so in the past. Counterclaimants do not infringe, and have not in the past infringed, either directly or indirectly, the '627, '631, '858 or '819 patents.

### PRAYER FOR RELIEF

WHEREFORE, Defendants and Counterclaimants pray that:

    a) The Court dismiss all of Rembrandt's claims against Counterclaimants with prejudice;

    b) The Court declare invalid each of the claims of the '627, '631, '858 and '819 patents;

    c) The Court declare that Counterclaimants do not manufacture, use, offer for sale, sell, or import into the United States any product or method that infringes any of the claims of the '627, '631, '858 or '819 patents and have not done so in the past, and that Counterclaimants therefore and otherwise do not directly infringe the '627, '631, '858 or '819 patents and have not done so in the past;

    d) The Court declare that Counterclaimants do not contribute to or induce infringement of the '627, '631, '858 or '819 patents and Counterclaimants have not done so in the past, and that Counterclaimants therefore and otherwise does not indirectly infringe the '627, '631, '858 or '819 patents and have not done so in the past;

    e) Counterclaimants be awarded their costs in this action;

    f) Counterclaimants be awarded their attorneys fees pursuant to 35 U.S.C. § 285; and

    g) Counterclaimants be awarded such other and further relief as this Court deems is just and proper.

                                                  Respectfully submitted,

By:   /s/ Allen F. Gardner
       Michael E. Jones
       Texas State Bar No. 10929400
       mikejones@potterminton.com
       Allen F. Gardner
       State Bar No. 24043679
       allengardner@potterminton.com
       **POTTER MINTON, P.C.**
       110 North College
       500 Plaza Tower
       Tyler, Texas 75702
       Telephone: (903) 597-8311
       Fax: (903) 593-0846

*Of Counsel:*

David S. Benyacar
Daniel L. Reisner
**KAYE SCHOLER LLP**
425 Park Avenue
New York, NY 10022-3598
(212) 836-8000

                                        *Attorneys for Time Warner Cable, Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner Entertainment Company, L.P., Time Warner Entertainment-Advance/Newhouse Partnership*

Dated: May 16, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 16th day of May, 2007.  Any other counsel of record will be served by first class U.S. mail on this same date.

*/s/ Allen F. Gardner*